1  MORGAN, LEWIS & BOCKIUS LLP
   Eric Meckley, Bar No. 168181
2  Ashley A. Baltazar, Bar No. 284921
   One Market
3  Spear Street Tower
   San Francisco, CA  94105-1596
4  Tel:     +1.415.442.1000
   Fax:    +1.415.442.1001
5  eric.meckley@morganlewis.com
   ashley.baltazar@morganlewis.com
6
   Attorneys for Defendant
7  BOEHRINGER INGELHEIM
   PHARMACEUTICALS, INC. (erroneously
8  sued as "BOEHRINGER-INGELHEIM
   PHARMACEUTICAL")
9

10            UNITED STATES DISTRICT COURT

11            NORTHERN DISTRICT OF CALIFORNIA

12

13 | BRENDA PERRY, an Individual, | Case No: |

14 | Plaintiff, | **NOTICE OF REMOVAL BY DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.; EXHIBITS A-S THERETO** |

15 | vs. | |

16 | ASHFIELD HEALTHCARE, LLC, a business entity; BOEHRINGER-INGELHEIM PHARMACEUTICAL, a business entity; NATE STYLES, an individual; and DOES 1-25, inclusive, | [28 U.S.C. §§ 1332, 1441, and 1446] |

17 | | |

18 | Defendants. | |

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF'S NOTICE OF REMOVAL

DB1/ 110418312.1

**TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE THAT Defendant Boehringer Ingelheim Pharmaceuticals, Inc. (erroneously sued as Boehringer-Ingelheim Pharmaceutical) (hereinafter "BI" or "Defendant") hereby removes the above-entitled action from the Superior Court of the State of California, County of San Mateo, to the United States District Court for the Northern District of California, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. This removal is based on the following grounds:

**I.    PROCEDURAL BACKGROUND**

1.    On October 22, 2018, Plaintiff Brenda Perry ("Plaintiff") filed a civil action in the Superior Court of the State of California for the County of San Mateo, entitled *Brenda Perry v. Ashfield Healthcare, LLC, a business entity; BOEHRINGER-INGELHEIM PHARMACEUTICAL, a business entity; NATE STYLES, an individual; and DOES 1-25, inclusive,* Case No. 18CIV05717, which purports to allege causes of action for sexual harassment, age discrimination, retaliation, wrongful termination in violation of public policy, and intentional infliction of emotional distress.

2.    The Summons and Complaint were served on BI on October 24, 2018, via personal service through its registered agent for service of process. True and correct copies of the Summons and Complaint are attached hereto as **Exhibit A.**

3.    On October 22, 2018, Plaintiff also filed a Civil Case Cover Sheet and the Court issued a Notice of Case Management Conference. Plaintiff did not serve BI with a copy of the Civil Case Cover Sheet or the Notice of Case Management Conference. A true and correct copy of the Civil Case Cover Sheet and the Notice of Case Management Conference is attached hereto as **Exhibit B.**

4.    On or about November 21, 2018, BI filed a Notice of Removal in the United States District Court for the Northern District of California, which was assigned case number 3:18-cv-07105. *See* Dkt. 1. BI removed the case on the basis of diversity of citizenship jurisdiction. Specifically, BI alleged that the corporate entity defendants, BI and Ashfield, were diverse. *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1

DEF.'S NOTICE OF REMOVAL

DB1/ 110418312.1

BI separately alleged that the citizenship of individual defendant Nate Styles, the only non-diverse defendant, should be disregarded because he was a sham and fraudulent defendant. *Id.* BI alleged that Plaintiff attempted to avoid removal based upon diversity of citizenship jurisdiction by improperly naming "Nate Styles" ("Styles") as an individual defendant. *Id.* On or about November 26, 2018, BI filed a Notice to State Court and Plaintiff of Removal. Attached hereto as **Exhibit C**[1] is a true and correct copy of BI's Notice to State Court and Plaintiff of Removal.

5.      On or about November 29, 2018, the case was assigned to the Honorable Sallie Kim. *See* Dkt. 6. On or about November 30, 2019, BI filed a declination to proceed before a United States magistrate judge, and on or about December 3, 2018, the case was reassigned to the Honorable Edward M. Chen in the San Francisco division. *See* Dkt.8- 9.

6.      On December 10, 2019, BI filed a Motion to Dismiss Plaintiff's Complaint or, in the alternative, Motion to Partially Dismiss and Strike. *See* Dkt. 11. In response to Defendant's Motion to Dismiss, Plaintiff filed a First Amended Complaint on or about January 7, 2019. *See also* Dkt. 16. On January 22, 2019, BI filed a Motion to Dismiss Plaintiff's First Amended Complaint or, in the alternative, Motion to Partially Dismiss and to Strike. *See* Dkt. 18. On February 5, 2019, Plaintiff filed an Opposition to BI's Motion to Dismiss.

7.      On December 21, 2019, Plaintiff filed a Motion to Remand. *See* Dkt. 14. On January 4, 2019, BI filed its Opposition to Plaintiff's Motion. *See* Dkt. 15. On January 11, 2019, Plaintiff filed her Reply briefing. *See* Dkt. 17. Plaintiff's Motion to Remand came on regularly for hearing before the Court on February 8, 2019. The Court granted Plaintiff's Motion, finding that Plaintiff's "allegations of misconduct [as to Nate Styles] amount[ed] to at least a possible claim of intentional infliction of emotional distress for purposes of evaluating fraudulent joinder." *See* Dkt. 21. On February 14, 2019, the District Court filed a Notice of Remand (*see* Dkt. 22), which thereafter was filed with the Superior Court of California, County of San Mateo and the Superior Court Acknowledged Receipt of Remand. Attached hereto as **Exhibit D** is a true and

---

[1] Exhibit C does not contain the exhibits attached to BI's Notice of to State Court and Plaintiff of Removal as those Exhibits are comprised of BI's Notice of Removal, which is Dkt. 1.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 110418312.1

2

DEF.'S NOTICE OF REMOVAL

1  correct copy of the Notice of Remand and Acknowledgement of Receipt of Remand.

2      8.      On February 28, 2019, the Superior Court of San Mateo served counsel for

3  Plaintiff and BI with a Notice of Case Management Conference, scheduling the initial Case

4  Management Conference for June 27, 2019, attached hereto as **Exhibit E**.

5      9.      On March 18, 2019, BI filed an Answer to Plaintiff's First Amended Complaint.

6  A true and correct copy of BI's Answer to Plaintiff's First Amended Complaint is attached hereto

7  as **Exhibit F**.

8      10.     On June 12, 2019, BI filed a Case Management Statement ("CM Statement")

9  which informed the Superior Court that neither defendant Ashfield nor defendant Styles had been

10  served and requested that the Superior Court issue an Order to Show Cause ("OSC") regarding

11  service or dismissal of these named, yet unserved defendants.  A true and correct copy of BI's

12  CM Statement is attached hereto as **Exhibit G**.  After receiving BI's CM Statement, on or about

13  June 13, 2019, the Superior Court served counsel for Plaintiff and BI with a Notice of Continued

14  Case Management Conference, which continued the June 27, 2019 Case Management Conference

15  to August 8, 2019. A true and correct copy of the Notice of Continued Case Management

16  Conference is attached hereto as **Exhibit H**. On June 13, 2019, Plaintiff re-filed his First

17  Amended Complaint in the Superior Court of California, County of San Mateo.  A true and

18  correct copy of Plaintiff's First Amended Complaint is attached hereto as **Exhibit I.**

19      11.     On July 23, 2019, Plaintiff submitted a CM Statement in advance of the August 8,

20  2019 Case Management Conference.  A true and correct copy of Plaintiff's July 23, 2019 CM

21  Statement is attached hereto as **Exhibit J**.  On July 25, 2019, BI submitted a second CM

22  Statement, which again informed the Superior Court that neither defendant Styles nor defendant

23  Ashfield had been served and again requested that the Superior Court issue an OSC regarding

24  service or dismissal of these named, yet still unserved defendants. A true and correct copy of BI's

25  CM Statement is attached hereto as **Exhibit K**.  On August 8, 2019, counsel for Plaintiff and BI

26  appeared for the scheduled Case Management Conference.  Because Plaintiff had not served

27  defendants Ashfield or Nate Styles, the Superior Court continued the Case Management

28  Conference to October 9, 2019 to allow Plaintiff additional time to serve these Defendants. A true

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 110418312.1

3

DEF.'S NOTICE OF REMOVAL

1    and correct copy of the Superior Court's Minute Order continuing the Case Management

2    Conference is attached hereto as **Exhibit L.**

3         12.    On August 26, 2019, Plaintiff filed a Proof of Service of Summons as to

4    Defendant Ashfield, indicating that Plaintiff had personally served Ashfield Healthcare, LLC on

5    June 17, 2019.[2]  A true and correct copy of the Proof of Service of Summons as to Defendant

6    Ashfield is attached hereto as **Exhibit M**. Plaintiff never served Defendant BI with this proof of

7    service of summons, despite filing it with the Superior Court.

8         13.    On August 27, 2019, the Superior Court granted BI and Plaintiff's Stipulated

9    Protective Order Regarding Confidential Information.  Attached hereto as **Exhibit N** is a true and

10   correct copy of the Protective Order entered by the Superior Court.

11        14.    On September 25, 2019, BI submitted a CM Statement in preparation for the

12   October 9, 2019 Case Management Conference.  A true and correct copy of BI's CM Statement is

13   attached hereto as **Exhibit O.**   BI's CM Statement once again informed the Superior Court that

14   named defendant Nate Styles still had not been served, despite the fact that the original Complaint

15   had been filed almost one year prior.  BI requested that the Superior Court issue an OSC re:

16   service or dismissal as to defendant Nate Styles.  *Id.*  On September 26, 2019, Plaintiff submitted

17   a CM Statement.  A true and correct copy of Plaintiff's CM Statement is attached hereto as

18   **Exhibit P**.

19        15.    On September 27, 2019, Defendant Ashfield filed an Answer to Plaintiff's

20   Complaint.  A true and correct copy of Ashfield's Answer is attached hereto as **Exhibit Q.**   On

21   October 7, 2019, Defendant Ashfield filed a CM Statement.  Attached hereto as **Exhibit R** is a

22   true and correct copy of Ashfield's CM Statement.

23        16.    On October 9, 2019, counsel for Plaintiff, Ashfield, and BI appeared at the Case

24   Management Conference. Because individual defendant Nate Styles *still* had not been served, the

25   Superior Court continued the Case Management Conference to December 11, 2019, and ordered

26   Plaintiff to explain in her next CM Statement the efforts taken to serve defendant Styles. Attached

27

28   [2] BI believes that Defendant Ashfield will dispute that it was actually served on this date.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 110418312.1

4

DEF.'S NOTICE OF REMOVAL

1   hereto as **Exhibit S** is a true and correct copy of the Superior Court's October 9, 2019 Minute

2   Order.

3         17.     On November 14, 2019, BI filed a Motion to Compel further verified responses to

4   Request for Production No. 55 and Production of Documents.  Attached hereto as **Exhibit T** is a

5   true and correct copy of BI's Motion to Compel.

6         18.     On November 26, 2019, BI filed another CM Statement in advance of the

7   December 11, 2019 Case Management Conference.  A true and correct copy of BI's CM

8   Statement is attached hereto as **Exhibit U.**   BI's CM Statement once again informed the Superior

9   Court that individual defendant Nate Styles still had not been served and again requested that the

10  Superior Court issue an OSC regarding service or dismissal of Styles.  *Id.*

11        19.     On or about December 3, 2019, Plaintiff filed a CM Statement in advance of the

12  December 11, 2019 Case Management Conference.  A true and correct copy of Plaintiff's CM

13  Statement is attached hereto as **Exhibit V**.  Apparently, on December 3, 2019, Plaintiff filed a

14  Request for Dismissal of Nate Styles, which was executed by Plaintiff's counsel one week earlier

15  on November 26, 2019.  A true and correct copy of the Request for Dismissal is attached hereto

16  as **Exhibit W**.  Plaintiff did not notify BI that she intended to dismiss Nate Styles and in fact

17  waited nearly one additional week before actually serving BI with the Request for Dismissal.  *Id.*

18        20.     On December 9, 2019, Defendant Ashfield field a CM Statement in advance of the

19  December 11, 2019 Case Management Conference.  A true and correct copy of Ashfield's CM

20  Statement is attached hereto as **Exhibit X**.  On December 11, 2019, the Parties appeared for the

21  scheduled Case Management Conference. At that time, the Superior Court set trial for this matter

22  for October 5, 2020.  Attached hereto as **Exhibit Y** is a true and correct copy of the Court's

23  Minute Order.  On or about December 11, 2019, the Court served all Parties with the Clerk's

24  Notice of Jury Trial and Mandatory Settlement Conference.  Attached hereto as **Exhibit Z** is a

25  true and correct copy of the Clerk's Notice of Jury Trial and Mandatory Settlement Conference.

26        21.     The documents attached as **Exhibits A, E, H-J, P-R, V-X, and Z** constitute all

27  process, pleadings, and orders that have been served on BI in the Superior Court action, to BI's

28  knowledge.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 110418312.1

5                                    DEF.'S NOTICE OF REMOVAL

## II.     REMOVAL IS PROPER BASED UPON DIVERSITY JURISDICTION.

22.     This action is a civil action over which the Court has original diversity jurisdiction pursuant to 28 U.S.C. Section 1332, and this matter may be removed to this Court under the provisions of 28 U.S.C. Sections 1441(a) and (b) in that the amount in controversy exceeds $75,000, exclusive of interests and costs, and the action involves citizens of different States.

### A.     Complete Diversity of Citizenship Exists Between the Parties.

23.     Complete diversity exists under 28 U.S.C. Section 1332 between Plaintiff and Defendants because Plaintiff is a California citizen and both Ashfield Healthcare, LLC and BI are not California citizens.

### 1.     Plaintiff Is a Citizen of California.

24.     Plaintiff is a citizen of California for the purposes of diversity jurisdiction. "An individual is a citizen of the state in which he is domiciled…" *Boon v. Allstate Ins. Co.,* 229 F. Supp.2d 1016, 1019 (C.D. Cal. 2002) (citing *Kanter v. Warner-Lambert Co.,* 265 F.3d 853, 857 (9th Cir. 2001)). For purposes of diversity jurisdiction, citizenship is determined by the individual's domicile at the time that the lawsuit is filed. *Armstrong v. Church of Scientology Int'l,* 243 F.3d 546, 546 (9th Cir. 2000) (citing *Lew v. Moss,* 797 F.2d 747, 750 (9th Cir. 1986)). Evidence of continuing residence creates a presumption of domicile. *Washington v. Havensa, LLC* 652 F.3d 340, 345 (3d Cir. 2011).

25.     Here, Plaintiff alleges in her First Amended Complaint ("FAC") that "Plaintiff PERRY is, and at relevant times mentioned herein was, an individual residing in the County of San Francisco, in the State of California." Exh. H, First Amended Complaint ("FAC"), ¶ 1.  Thus, based on Plaintiff's FAC and the allegations therein, Plaintiff was and is domiciled in the State of California, and is therefore a citizen of California for the purposes of diversity jurisdiction.

### 2.     The Defendants Are Not Citizens of California.

26.     For diversity purposes, a corporation is deemed to be a citizen of any state in which it has been incorporated and of any state where it has its principal place of business. 28 U.S.C. §§ 1332(c)(1). The "principal place of business" for the purposes of determining diversity subject matter jurisdiction refers to "the place where a corporation's officers direct, control, and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 110418312.1

6

DEF.'S NOTICE OF REMOVAL

coordinate the corporation's activities…[I]n practice it should normally be the place where the corporation maintains its headquarters-provided that the headquarters is the actual center of direction, control, and coordination, i.e., the 'nerve center,' and not simply an office where the corporation holds its board meetings[.]" *See Hertz Corp. v. Friend,* 559 U.S. 77, 92-93 (2010).

### a. Ashfield Healthcare, LLC Is A Citizen of Florida And Pennsylvania.

27.     Plaintiff alleges that "Defendant ASHFIELD HEALTHCARE, LLC ("ASHFIELD") is, and at all times herein mentioned was, a corporation, whose state of incorporation is presently unknown to plaintiff…" Exh. H, FAC, ¶ 2.

28.     Ashfield Healthcare, LLC is organized under the laws of the State of Florida. Declaration of Andrew Serota in support of Notice of Removal ("Serota Decl."), ¶ 3.

29.     Ashfield's corporate headquarters and principal place of business are located in the State of Pennsylvania. Serota Decl., ¶ 4.

30.     Ashfield is not and has not been incorporated or headquartered in the State of California.  Serota Decl., ¶ 6.

31.     Ashfield Healthcare, LLC is a citizen of Florida and Pennsylvania for diversity jurisdiction purposes.  28 U.S.C. § 1332(d)(10).

### b. BI Is A Citizen of Delaware And Connecticut.

32.     BI is incorporated and organized under the laws of Delaware. Declaration of Ashley Myer in support of Notice of Removal ("Myer Decl."), ¶ 3.

33.     BI's corporate headquarters are located in the State of Connecticut, as are the majority of BI's corporate books and records and its executive and administrative functions (including but not limited to operations, corporate finance, accounting, human resources, payroll, marketing, legal, and information systems). Myer Decl., ¶ 4.  In addition, BI's corporate executives, including but not limited to its chief executive officer, chief financial officer, and corporate secretary work from the Connecticut headquarters and direct, control, and coordinate BI's corporate activities from Connecticut. Myer Decl., ¶ 5.

34.     BI is not and has not been incorporated or headquartered in the State of California.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

DEF.'S NOTICE OF REMOVAL

DB1/ 110418312.1

1    Myer Decl., ¶ 6.

2        35.    BI is a citizen of Delaware and Connecticut for diversity jurisdiction purposes. 28

3    U.S.C. § 1332(d)(10).

4            **3.  The Citizenship Of "Doe" Defendants Is Not Considered For
                 Diversity Jurisdiction Purposes.**

5

6        36.    Pursuant to 28 U.S.C. Section 1441(a), the citizenship of a defendant sued under

7    fictitious names shall be disregarded. The inclusion of "Doe" defendants in Plaintiff's state court

8    complaint has no effect on removability. *Newcombe v. Adolf Coors Co.,* 157 F.3d 686, 690-91

9    (9th Cir. 1998); 28 U.S.C. § 1441(a)(stating that for purposes of removal, the citizenship of

10   defendants sued under fictitious names shall be disregarded).  In determining whether diversity of

11   citizenship exists, only the named defendants are considered.

12       37.    Based on the foregoing analysis, complete diversity exists because Plaintiff is a

13   citizen of California and neither Ashfield Healthcare LLC nor BI are citizens of California.

14           **B.  The Amount in Controversy Exceeds $75,000.**

15       38.    Where, as here, "when a complaint filed in state court alleges on its face an

16   amount in controversy sufficient to meet the federal jurisdictional threshold, such requirement is

17   presumptively satisfied unless it appears to a 'legal certainty' that the plaintiff cannot actually

18   recover that amount." *Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007); *see*

19   *also St. Paul Mercury Indemnity Co. v. Red Cab Co.,* 303 U.S. 283, 288-89 (1938) (stating that

20   when a complaint filed pleads more than the jurisdictional amount "the sum claimed by the

21   plaintiff controls if the claim is apparently made in good faith" and that "[i]t must appear to a

22   legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal");

23   *Suruki v. Ocwen Loan Servicing, LLC,* 2016 WL 7178549, at *3 (N.D. Cal. Dec. 8, 2016)

24   ("Because Plaintiff alleges damages exceeding $75,000, the amount in controversy requirement is

25   also met.").

26       39.    In her FAC, Plaintiff expressly seeks more than $1,000,000 in damages. *See* Exh.

27   H, FAC, Prayer for Relief ¶ 1 ("For general damages in an amount to be proved at trial, but not

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

8                              DEF.'S NOTICE OF REMOVAL

DB1/ 110418312.1

1   less than $1,000,000").[3]

2       40.    Even if Plaintiff had not specified the amount of damages in her state court

3   complaint, the amount in controversy requirement would still be satisfied. In determining whether

4   the jurisdictional minimum is met, courts consider all alleged recoverable damages, including lost

5   wages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees.

6   *Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347-48 (1977) (superseded

7   by statute on other grounds); *Gibson v. Chrysler Corp.,* 261 F.3d 927, 945 (9th Cir. 2001); *Galt*

8   *G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998).

9       41.    Plaintiff seeks compensatory damages, including lost income and benefits.  Exh.

10   H, FAC ¶¶ 21, 27, 37, Prayer for Relief ¶ 1.  Plaintiff also seeks emotional distress damages. Exh.

11   H, FAC ¶¶ 21, 27, 32, 37, Prayer for Relief ¶ 2. Courts have alleged that allegations of emotional

12   distress, alone, are sufficient to satisfy the amount in controversy requirement. *See e.g., Egan v.*

13   *Premier Scales & Sys.,* 237 F.Supp.2d 774, 776 (W.D. Ky. 2002) (finding that where plaintiff

14   sought damages for embarrassment, humiliation, and willful, malicious, and outrageous conduct,

15   the defendant could "easily make the case that the claims are more likely than not to reach the

16   federal amount in controversy requirement"). Jury verdicts in FEHA age discrimination and

17   wrongful termination cases support this contention. *See e.g., Keiffer v. Bechtel Corp.,* 65

18   Cal.App.4th 893, 896 (1998) (upholding jury verdict awarding $225,000 in emotional distress

19   damages to an employee who was terminated because of his age); *Kolas v. Access Bus. Group,*

20   *LLC,* 2008 WL 496570 (L.A. Super. Ct. Jan. 14, 2008) (entering jury verdict in age

21   discrimination case in which the plaintiff received $200,000 for emotional distress damages).

22       42.    Plaintiff seeks an unspecified amount in punitive damages. Exh. H, FAC, Prayer

23   for Relief, ¶ 3. The amount in controversy includes punitive damages when they are recoverable

24   by law. *Gibson,* 261 F. 3d at 945. Punitive damages may be awarded under the FEHA and so

25   should be considered by the Court when calculating the amount in controversy. California juries

26

27   _____

[3]  BI denies any and all liability to Plaintiff.  Solely for purposes of removal, however, BI does not
dispute that it does not appear to a "legal certainty" that Plaintiff cannot actually recover that
alleged amount.

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

DB1/ 110418312.1

9

DEF.'S NOTICE OF REMOVAL

1    have returned verdicts with substantial punitive damage awards in employment discrimination

2    actions. *See Simmons v. PCR Tech.,* 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002) (highlighting

3    employment discrimination cases in which juries awarded "substantial" amounts in punitive

4    damages, thus "amply" showing "the potential for large punitive damages awards" in such cases);

5    *Wysinger v. Auto. Club of S. Cal.,* 157 Cal.App.4th 413, 429-30 (2007) (upholding jury verdict

6    awarding $1 million in punitive damages for age discrimination; *Keiffer,* 65 Cal.App.4th at 896

7    (upholding jury verdict awarding $800,000 in punitive damages to an employee who was

8    terminated because of his age); *see also Aucina v. Amoco Oil Co.,* 871 F.Supp. 332, 334 (S.D.

9    Iowa 1994) ("Because the purpose of punitive damages is to capture the defendant's attention and

10   deter others from similar conduct, it is apparent that the plaintiff's claim for punitive damages

11   alone might exceed [the jurisdictional amount].").

12          43.     Plaintiff also seeks to recover attorney's fees. Exh. H, FAC., Prayer for Relief, ¶ 4.

13   Courts have held that an award of attorney's fees, if such fees are authorized, may be considered

14   for purposes of calculating the amount in controversy. *Galt G/S,* 142 F.3d at 1155-56. Under

15   California Government Code section 12965(b), attorney's fees for cases brought under the FEHA

16   are authorized. As such, here the Court may consider attorneys' fees as part of the amount in

17   controversy.

18          44.     In sum, the amount in controversy requirement is satisfied because Plaintiff pleads

19   more than $1,000,000 in damages in her FAC.  Even if Plaintiff had not specified the amount of

20   damages she seeks, the requisite amount in controversy would still be met because the allegations

21   place more than $75,000 in controversy. Plaintiff's emotional distress allegations, her request for

22   attorneys' fees, and her claimed lost wages would exceed the $75,000 amount in controversy

23   requirement, and thus the amount Plaintiff has placed in controversy exceeds the jurisdictional

24   minimum.

25   **III.     THIS NOTICE OF REMOVAL IS TIMELY.**

26          45.     In diversity cases, a defendant generally must remove an action within one-year

27   from the commencement of the action.  28 U.S.C. § 1446(c)(1), (3)(B).  However, an exception to

28   the one-year removal deadline exists where a plaintiff engaged in bad faith to prevent a defendant

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 110418312.1

10

DEF.'S NOTICE OF REMOVAL

from removing earlier.  *Id.*  Courts routinely extend the one-year deadline where, as here, a plaintiff engages in forum manipulation by deliberately naming parties to defeat diversity without any genuine attempt to pursue judgment against them.  *See Tedford v. Warner-Lambert Co.,* 327 F.3d 423, 427 (5th Cir. 2003) (finding that plaintiff's forum manipulation justified an equitable exception to the deadline); *Kite v. Richard Wolf Med. Instruments Corp.,* 761 F.Supp. 597, 600 (SD In. 1989) (equitably extending the one-year deadline where plaintiff deliberately named parties to defeat diversity in bad faith and made no genuine attempt to purse a judgment); *Ritchey v. Upjohn Drug Co.,* 139 F.3d 1313, 1316-1317 (9th Cir. 1998); *see Davis v. Merck & Co., Inc.,* 357 F.Supp.2d 974, 978 (2005) (recognizing equitable extension of 1-year deadline); *Berrios v. The Hertz Corporation,* 2019 WL 1753995 (E.D. Cal. Apr. 19, 2019) (denying motion to remand where plaintiff ceased written discovery against the non-diverse individual defendant, agreed to permit the individual defendant not to participate in plaintiff's deposition, and did not provide a credible explanation for dismissing individual defendant shortly after one-year deadline).

46.    Here, from the very outset of this lawsuit, BI has taken the position that individual defendant Nate Styles was a sham defendant who was named for the sole purpose of destroying diversity jurisdiction.  Although BI's position was rejected by the Court in connection with the prior remand, BI's position and argument now have been validated by Plaintiff's actions post-remand.  Notably, despite Plaintiff filing her original in October 2018, she and her counsel did *absolutely nothing* to serve Nate Styles in the 13 months prior to dismissing Styles as a defendant.  BI repeatedly requested that the Superior Court issue an order to show cause as to why Nate Styles had not been served with the Complaint.  Rather than do so, the Superior Court granted Plaintiff three (3) separate continuances of the case management conference so that she could serve Nate Styles.  Not once did Plaintiff offer any explanation as to why Nate Styles had not been served.  That is not surprising given that no justifiable explanation exists; specifically, Nate Styles has either worked for BI in the Bay Area and/or resided in Northern California prior to this lawsuit being filed through the present date.  Quite simply, it was only *after* the one-year removal period expired that Plaintiff then dismissed Mr. Styles from this lawsuit.  Specifically, on November 26, 2019, only about 4-5 weeks after the one-year removal deadline expired, Plaintiff's

1   counsel *signed* the Request for Dismissal of defendant Styles.  Plaintiff then waited one-week,

2   until December 3, 2019, to actually *file* the Request for Dismissal with the Superior Court, and

3   then delayed *serving* Defendants with the Request for Dismissal for nearly another week -- all of

4   which reflects an obvious intent to prevent BI from learning of Styles' dismissal for as long as

5   possible.  Ultimately, Plaintiff made no effort to "pursue judgment" against Nate Styles and can

6   present no legitimate explanation for failing to do so, other than to avoid removal.  By any

7   reasonable and objective measure, these actions demonstrate bad faith and bring the current

8   removal within the exception to the one-year removal deadline.  Accordingly, the general one-

9   year deadline to remove this case to federal court should be equitably extended as Plaintiff's

10  behavior represents bad faith forum manipulation.

11  **IV.   <u>THE OTHER PREREQUISITES FOR REMOVAL HAVE BEEN SATISFIED</u>**

12         47.    As Plaintiff filed this action in the Superior Court of the State of California,

13  County of San Mateo, removal to the United States District Court, Northern District of California,

14  is proper under 28 U.S.C. section 1441(a).

15         48.    Generally, "[A] party is not entitled…to file a second [notice of removal *upon the*

16  *same grounds,* where, upon the first removal by the same party, the federal court declined to

17  proceed and remanded the suit…" *St. Paul & C. Ry. Co. v. McLean,* 108 US212, 217 (1883).

18  However, the ban on second removals on the "same ground" refers to *facts or events* that made

19  the action removable.  A removal is not based on the "same ground" where the defendant

20  uncovers new facts that make the action removable.  *S.W.S. Erectors, Inc. v. Infax, Inc.,* 72 F.3d

21  489, 492-493 (5th Cir. 1996) (earlier remand did not bar removal where second notice of removal

22  asserted diversity of citizenship based on newly-acquired facts); *Benson v. SI Handling Systems,*

23  *Inc.,* 188 F.3d 780, 782-783 (7th Cir. 1999) (second notice of removal proper where, after

24  remand, plaintiffs revealed they had sustained damages in excess of $75,000).  Here, this Notice

25  of Removal is not based upon the same factual grounds as the first Notice of Removal.

26  Specifically, BI's first Notice of Removal was based on the allegation that individual defendant

27  Nate Styles was a "sham" defendant whose lack of diversity should be ignored for purposes of

28  removal.  As of December 3, 2019, new facts exist – Nate Styles is no longer a named defendant

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 110418312.1

12                          DEF.'S NOTICE OF REMOVAL

party to this action and complete diversity now exists between the Parties. Accordingly, the instant Notice of Removal is based on different grounds and there is no bar to this second Notice of Removal.

49.     As required under 28 U.S.C. section 1446(d), Defendant will provide notice of this removal to Plaintiff.

50.     Defendant has obtained the consent of Ashfield Healthcare, LLC to remove this action to federal court.

51.     As required under 28 U.S.C. section 1446(d), a copy of this Notice will be filed with the Superior Court of the State of California, County of San Mateo.

52.     If any question arises as to the propriety of the removal of this action, Defendant requests the opportunity to present a brief and oral argument and additional evidence in support of its position that this case is removable to federal court.

**WHEREFORE,** Defendant Boehringer Ingelheim Pharmaceuticals, Inc. desiring to remove this case to the United States District Court for the Northern District of California, prays that the filing of this Notice of Removal shall effect the removal of the suit to this Court.

Dated: December 23, 2019                    MORGAN, LEWIS & BOCKIUS LLP


                                            By     /s/ Eric Meckley
                                                Eric Meckley
                                                Ashley A. Baltazar

                                                Attorneys for Defendant
                                                BOEHRINGER INGELHEIM
                                                PHARMACEUTICALS, INC.
                                                (erroneously sued as "BOEHRINGER-
                                                INGELHEIM PHARMACEUTICAL")

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 110418312.1

13                    DEF.'S NOTICE OF REMOVAL

# Exhibit A

1  Michael T. Welch (#122630)
   LAW OFFICES OF MICHAEL T. WELCH
2  Four Embarcadero Center, 14ᵗʰ Floor
   San Francisco, California 94111
3  Telephone:    (415)426-5691
   Facsimile:    (415)399-0445
4
   Attorneys for Plaintiff BRENDA PERRY
5

**ENDORSED FILED**
**SAN MATEO COUNTY**

OCT 2 2 2018

Clerk of the Superior Court
By **MIRNA P. RIVERA MARTINEZ**
DEPUTY CLERK

6

7

8              SUPERIOR COURT - STATE OF CALIFORNIA

9         COUNTY OF SAN MATEO - UNLIMITED CIVIL JURISDICTION

10

11  BRENDA PERRY, an Individual,              )    CASE NO.    **18 C I V 0 5 7 1 7**
                                             )
12                       Plaintiff,          )    **COMPLAINT FOR SEXUAL**
                                             )    **HARASSMENT; AGE**
13         v.                                )    **DISCRIMINATION; RETALIATION;**
                                             )    **WRONGFUL TERMINATION IN**
14  ASHFIELD HEALTHCARE, LLC, a business     )    **VIOLATION OF PUBLIC POLICY;**
    entity; BOEHRINGER-INGELHEIM            )    **INTENTIONAL INFLICTION OF**
15  PHARMACEUTICAL, a business entity;       )    **EMOTIONAL DISTRESS**
    NATE STYLES, an individual; and DOES 1-  )
16  25, inclusive,                           )    Jury Trial Demanded
                                             )
17                       Defendants.         )
                                             )
18  _____   )

19         Plaintiff BRENDA PERRY ("PERRY") alleges the following facts:

20         1. Plaintiff PERRY is, and at relevant times mentioned herein was, an individual

21  residing in the County of San Francisco, in the State of California.

22         2. Defendant ASHFIELD HEALTHCARE, LLC ("ASHFIELD") is, and at all

23  times herein mentioned was, a corporation, whose state of incorporation is presently

24  unknown to plaintiff, but which operates and maintains offices in the County of San Mateo,

25  in the State of California.

26         3. Defendant BOEHRINGER INGELHEIM PHARMACEUTICAL, INC. ("BIF"),

27  is, and at all times herein mentioned was, a corporation that conducts business in the

28
                                    -1-

                                **COMPLAINT**

1    County of Alameda, in the State of California.

2        4. Plaintiff is informed and believes, and thereon alleges, that defendant NATE

3    STYLES ("STYLES") is, and at all times herein mentioned was, a resident of the State of

4    California.

5        5.  Plaintiff is ignorant of the true names and capacities of defendants sued herein

6    as DOES 1 through 25, inclusive, and therefore sues those defendants by such fictitious

7    names. Plaintiff will amend this complaint to allege their true names and capacities when

8    they are ascertained.  Plaintiff is informed and believes and thereon alleges that each of the

9    fictitiously named defendants is responsible in some manner for the wrongful conduct

10   herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by

11   that conduct.

12       6.  At all times herein mentioned, each of the defendants discussed above was and

13   is the agent, servant, representative, and/or alter ego of each of the other defendants, and/or

14   a joint employer of plaintiff, and all of the acts alleged to have been done by said

15   defendants were done in the capacity of and as agent for each of the other defendants,

16   and/or as an employer of plaintiff.

17                    **FACTS COMMON TO ALL CAUSES OF ACTION**

18       7. Defendant ASHFIELD represents itself as "a global leader in commercialization

19   services for the healthcare industry." One such service that ASHFIELD provides to

20   healthcare and pharmaceutical companies is to recruit and assemble employees to serve as

21   sales representatives for the products and services of those companies. Defendant BI is a

22   major global pharmaceutical company that produces numerous drugs and biologic

23   medicines for medical treatment of both humans and animals.

24       8. Defendant ASHFIELD employed plaintiff as a field sales representative for

25   defendant BI in 2017, where she was assigned to the BI Diabetes Overlay team.  One of her

26   principal job responsibilities was to obtain sales of certain BI drug products to physicians

27   in the medical community within her assigned region in the San Francisco Bay Area.

28

-2-

**COMPLAINT**

1  These products included certain drug treatments for diabetes known as Jardiance

2  Combination products.

3      9. Plaintiff performed her job very well. However, defendants interfered with her

4  job performance and engaged in unlawful conduct at several levels during the summer of

5  2017, in which plaintiff was accompanied in her physician sales calls by her direct

6  manager, defendant Styles.

7      10. In one of those instances, Mr. Styles confronted plaintiff with lewd and

8  harassing sexual behavior while plaintiff was attempting to do a routine inventory of her

9  pharmaceutical sample storage locker in Mr. Styles' presence. Mr. Styles physically

10  blocked plaintiff's ability to move out of her storage locker area, and thrust and tried to

11  press his crotch area against plaintiff's face. In response to plaintiff's anguished pleas to

12  cease and to step away from her, Mr. Stiles initially laughed at plaintiff, before finally

13  relenting and moving out of her way.

14      11. Mr. Styles also engaged in illegal business practices, and instructed plaintiff to

15  do so also, on behalf of defendants in their efforts to increase sales of BI products to

16  physicians. On another occasion when Mr. Styles accompanied plaintiff on her sales calls

17  to physician accounts, Mr. Styles engaged in direct and explicit statements, actions and

18  efforts to market and sell the BI Jardiance Combination products to medical providers for

19  "off label" uses and purposes - in other words, for uses and purposes not indicated or

20  approved by United States regulatory authorities, and in violation of the laws and

21  regulations promulgated to prohibit the marketing and sales of drugs for non-approved,

22  non-indicated uses and purposes.

23      12. Mr. Styles also ordered plaintiff to adopt and use the same unlawful "off label"

24  sales actions and practices that he had engaged in with the physician accounts assigned to

25  her, to increase sales of the BI Jardiance Combination products. Plaintiff flatly refused his

26  instructions and told Mr. Styles that his "off label" sales efforts, and instructions to her to

27  engage in the same practices, were unlawful and that she would not attempt to sell or

28

-3-

**COMPLAINT**

1  market the BI products for "off label" purposes or through tactics intended to circumvent

2  legal restrictions on "off label" marketing or sales of any BI pharmaceutical products.

3      13.  Within weeks of plaintiff's stated objections to BI of its "off label" sales efforts

4  and instructions to her to engage in them as well, defendants terminated plaintiff's

5  employment, without notice or warning.  Defendants informed plaintiff that her work

6  performance was good, and insisted that the sole reason for the termination was the

7  complete elimination of her sales territory and position.  However, plaintiff is informed and

8  believes, and thereon alleges, that this stated reason for defendants' termination of

9  plaintiff's employment was false and contrived, and that only a few weeks after

10  defendants' terminated plaintiff they hired or assigned another person to the same or

11  substantially similar sales territory and position as plaintiff had before her termination.

12                                     **FIRST CAUSE OF ACTION**
                                     **(Sexual Harassment)**

13                         [Against defendants Ashfield and BI]

14      14.  Plaintiff realleges and incorporates by reference, as though fully set forth, the

15  allegations in paragraphs 1 through 13 of the Complaint.

16      15.  During her employment with defendants ASHFIELD and/or BI, plaintiff was

17  subjected to unwelcome sexually motivated physical actions and advances, including

18  impeding and blocking movement and physical interference with her work and movement,

19  based on her sex, by managers of defendants.

20      16.  Plaintiff's continued employment at ASHFIELD and/or BI, and/or the

21  avoidance of adverse working conditions or employment consequences, was impliedly

22  conditioned on her submission to, or acceptance of, these unwelcome sexual advances and

23  other comments and conduct of a sexual nature.

24      17.  The harassing conduct of these defendants was sufficiently severe so as to alter

25  the conditions of plaintiff's employment, and create an abusive and hostile work

26  environment.  This wrongful conduct, and the hostile environment that it created, finally

27  led to the termination of plaintiff's employment by and with defendants.

28

-4-

**COMPLAINT**

1     18. Within the time provided by law, plaintiff filed a complaint with the California

2  Department of Fair Employment and Housing, in compliance with Govt. Code Sec. 12940,

3  *et seq*, and received and served a right-to-sue letter.

4     19. As a direct and proximate result of the above wrongful harassment of

5  plaintiff, she has suffered and continues to suffer damage, including, without limitation,

6  losses in earnings and other employment benefits, along with extreme and severe mental

7  anguish and emotional distress.   Plaintiff is thereby entitled to general and compensatory

8  damages, in an amount to be proved at trial, but not less than $700,000.

9     20. The foregoing acts of defendants were willful, malicious and oppressive, and

10  plaintiff is therefore entitled to an award of punitive damages.  Plaintiff is also entitled to

11  an award of attorney's fees, as provided by statute.

12                  **SECOND CAUSE OF ACTION**
**(Age Discrimination)**

13                  [Against defendants Ashfield and BI]

14     21. Plaintiff realleges and incorporates by reference, as though fully set forth, the

15  allegations contained in paragraphs 1 through 20 of the Complaint.

16     22. At all relevant times herein, plaintiff was a member of a protected class under

17  Gov. Code Sec. 12940, in that she was over 40 years of age.  She performed her job duties

18  satisfactorily, and met or exceeded her performance expectations, as was confirmed by

19  defendants.

20     23. Plaintiff is informed and believes, and thereon alleges, that defendants

21  engaged in unlawful discrimination and disparate treatment toward plaintiff, and that

22  plaintiff's age was a substantial motivating factor in such discriminatory treatment and

23  adverse employment actions taken against her, including termination of her employment.

24     24. Within the time provided by law, plaintiff filed a complaint with the California

25  Department of Fair Employment and Housing, in compliance with legal requirements, and

26  obtained and served on defendant a right-to-sue letter.

27     25. As a direct and proximate result of defendant's willful discrimination against

28

COMPLAINT

1   plaintiff, plaintiff has suffered damages, including lost compensation and related benefits,

2   and severe emotional distress, in an amount to be proved at trial, but not less than

3   $700,000.

4       26.  The foregoing acts of defendant were willful, malicious, fraudulent and

5   oppressive, and plaintiff is therefore entitled to an award of punitive damages.

6                       **THIRD CAUSE OF ACTION**
                            **(Retaliation)**
7                    [Against defendants Ashfield and BI]

8       27.  Plaintiff realleges and incorporates by reference, as though fully set forth, the

9   allegations in paragraphs 1 through 26 of the Complaint.

10      28.  At relevant times herein, plaintiff engaged in one or more protected activities

11  by, among other things, complaining of and objecting to defendants' sexually harassing and

12  discriminatory conduct and statements toward her by managers, employees and/or agents of

13  defendants.

14      29.  Thereafter, and as a proximate result of plaintiff's above-stated protected

15  activities, plaintiff was subjected to adverse employment actions, and other acts of

16  retaliation, including, without limitation, threats and instances of unwarranted criticisms,

17  reprimands, denial of earned compensation, and termination by defendants.

18      30.  As a direct and proximate result of defendants' wrongful, retaliatory conduct

19  toward plaintiff, plaintiff has suffered damage, including, without limitation, severe

20  emotional distress and loss of earnings, in an amount to be proved at trial, but not less than

21  $700,000.  Plaintiff is also entitled to an award of attorney's fees as provided by statute.

22      31.  The foregoing acts of defendants were willful, malicious, fraudulent and

23  oppressive, and plaintiff is therefore entitled to an award of punitive damages.

24                       **FOURTH CAUSE OF ACTION**
              **(Wrongful Termination in Violation of Public Policy)**
25                   [Against defendants Ashfield and BI]

26      32.  Plaintiff realleges and incorporates by reference, as though fully set forth, the

27  allegations in paragraphs 1 through 31 of the Complaint.

28

---

-6-

**COMPLAINT**

1       33.   At all relevant times herein mentioned, there existed fundamental and

2  established public policies, as codified by statute, including, *inter alia*, the following

3  policies and corresponding statutes: protection of employees from discrimination,

4  harassment and retaliation based on gender and/or age, set forth in Cal. Govt. Code Sec.

5  12940, *et seq.;* prohibition of the marketing or sale of FDA-approved drugs for non-

6  approved or non-indicated uses or conditions, set forth in 21 USC Sec. 301, *et seq.* and

7  corresponding or related regulations; protection of employees from retaliation by an

8  employer for disclosing, or because the employer believes that the employee disclosed or

9  may disclose, information to a government agency if the employer has reasonable cause to

10  believe that the information discloses violation of a statute or regulation, set forth in Cal.

11  Labor Code Sec. 1102:5; protection of employees against retaliation or termination for

12  disclosing information about the employees' working conditions, set forth in Cal. Labor

13  Code Sec. 232.5; and prohibition of unfair, illegal, or fraudulent business practices, set

14  forth in Cal. Bus. & Prof. Code Sec. 17200, *et seq.*

15       34.   Defendants have violated the aforestated public policies by subjecting plaintiff

16  to adverse employment actions, including, without limitation, termination of plaintiff's

17  employment, based on one or more of the following unlawful grounds: (1) defendants

18  engaged in unlawful sexual harassment and discrimination against plaintiff; (2) plaintiff

19  reported and/or objected to sexually harassing and/or discriminatory conduct of managers

20  and agents of defendants; (3) defendants sought to deter plaintiff from, and/or retaliate

21  against plaintiff for, reporting or revealing sexually harassing and/or discriminatory

22  conduct of managers and agents of defendants; (4) plaintiff objected to defendants'

23  unlawful "off label" sales tactics in violation of U.S. law, and plaintiff refused to follow

24  defendants' directive to engage in the same unlawful conduct; and (5) defendants believed

25  that plaintiff did or would complaint to one or more government agencies regarding

26  defendants' unlawful business practices in engaging in "off label" sales of BI products,

27  including, without limitation, the Food & Drug Administration and/or the United States

28

-7-

**COMPLAINT**

1   Attorney.

2       35.   As a direct and proximate result of defendants' wrongful termination of

3   plaintiff's employment, in violation of the public policies of the State of California,

4   plaintiff has suffered damages, including past and future lost income and benefits to which

5   she was entitled in her prior position, and damages from humiliation, embarrassment,

6   severe mental and emotional distress, and discomfort, in an amount to be determined at

7   trial, but not less than $700,000.

8       36.   The foregoing acts of defendants were fraudulent, malicious, intentional and

9   oppressive, and plaintiff is therefore entitled to an award of punitive damages against

10  defendants.

11                          **FIFTH CAUSE OF ACTION**
                    **(Intentional Infliction of Emotional Distress)**
12                         [Against defendant Styles]

13      37.  Plaintiff realleges and incorporates by reference, as though fully set forth, the

14  allegations contained in paragraphs 1 through 36 of the Complaint.

15      38.  At relevant times herein, defendant Styles had actual or apparent authority over

16  plaintiff, as plaintiff's direct supervisor, including the power to discipline plaintiff, the

17  power to limit or diminish her earnings, and the power to terminate her employment and

18  threaten or take away her livelihood.

19      39.  With knowledge of his coercive authority over plaintiff, defendant Styles

20  engaged in extreme and outrageous conduct against plaintiff during an inventory of her

21  pharmaceutical samples of BI products that plaintiff kept in her secured storage unit.

22  During the course of that inventory, plaintiff was required to stoop low into her locker

23  within the confined space of her locker area, with her back to Styles, while she called out

24  information regarding the inventory, such as quantity numbers and expiration dates of the

25  sample products contained in the locker.  Defendant Styles then engaged in the outrageous

26  acts described in paragraph 10 of the Complaint, and did so with the intention to cause

27  severe emotional distress to plaintiff, or with reckless disregard for the probability that he

28

                                    -8-

1   would cause such severe emotional distress to her.  Those acts were outside the scope of

2   any risks that were a natural incident of plaintiff's employment duties.

3       40.  The foregoing wrongful acts did in fact cause severe emotional distress to

4   plaintiff, and plaintiff has suffered damages from such distress, in an amount to be proved

5   at trial.

6       WHEREFORE, plaintiff requests a jury trial, and prays for relief as follows:

7   1.  For general damages in an amount to be proved at trial, but not less than

8   $700,000;

9   2.  For consequential and special damages, in an amount to be proved at trial;

10  3.  For punitive damages;

11  4.  For attorney's fees and costs of suit;

12  5.  For such other and further relief as the Court may deem just and proper.

13

14                          LAW OFFICES OF MICHAEL T. WELCH

15
    Dated: September 30, 2018          By: _____
16                                         Michael T. Welch
                                           Attorney for Plaintiff
17                                         BRENDA PERRY

18

19

20

21

22

23

24

25

26

27

28

                                    -9-

# Exhibit B

10/29/18

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ASHFIELD HEALTHCARE, LLC, a business entity; BOEHRINGER-INGELHEIM
PHARMACEUTICAL, a business entity; NATE STYLES, an individual; and DOES 1 - 25,
inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
BRENDA PERRY, an Individual

240
P

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**ENDORSED FILED**
**SAN MATEO COUNTY**

OCT 2 2 2018

Clerk of the Superior Court
By __MIRNA P. RIVERA-MARTINEZ__
DEPUTY CLERK

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Mateo County Superior Court
400 County Center
Redwood City, CA 94063

| CASE NUMBER: |
| --- |
| *(Número del Caso):* |
| **18 C I V 05717** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael Welch, 4 Embarcadero Center, 14th Floor, San Francisco, CA 94111; Tel: (415)426-5691

DATE: **OCT 2 2 2018**
*(Fecha)*

Clerk, by **AL TANIGUCHI** **MIRNA P. RIVERA-MARTINEZ**
*(Secretario)* *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
[SEAL]
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* Boehringer-Ingelheim Pharmaceutical

under: ☒ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☒ by personal delivery on *(date):* 10/24/18

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

NOTICE OF CASE MANAGEMENT CONFERENCE

**FILED**
**SAN MATEO COUNTY** Case No: **18 C I V 0 5 7 1 7**

Perry

vs.

Ashfield Healthcare, LL

OCT 2 2 2018

Clerk of the Superior Court

By

DEPUTY CLERK

Date: **MAR 0 1 2019**

Time 9:00 a.m.

Dept. _____ --on Tuesday & Thursday
Dept. ___11___ --on Wednesday & Friday

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:

   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).

   b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.

   c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.

   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The Order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., mediation) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Conference date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes", etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person* (or through your attorney of record) at the Case Management Conference noticed above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:

   a) Referring parties to voluntary ADR and setting an ADR completion date;

   b) Dismissing or severing claims or parties;

   c) Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

18 – CIV – 05717
NCMC
Notice of Case Management Conference
1448766

For further information regarding case management policies and procedures, see the court's website at: www.sanmateocourt.org

*Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).

# Exhibit C

1 MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
2 Ashley A. Baltazar, Bar No. 284921
One Market
3 Spear Street Tower
San Francisco, California 94105-1596
4 Telephone: +1.415.442.1000
Facsimile: +1.415.442.1001
5 eric.meckley@morganlewis.com
ashley.baltazar@morganlewis.com
6
Attorney for Defendant
7 BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC. (erroneously sued as
8 BOEHRINGER-INGELHEIM PHARMACEUTICAL,
INC.)



**FILED**
SAN MATEO COUNTY

NOV 2 6 2018

Clerk of the Superior Court
By _____
DEPUTY CLERK

9
10                    SUPERIOR COURT OF THE STATE OF CALIFORNIA
11                                  COUNTY OF SAN MATEO
12

13 | BRENDA PERRY, an Individual, | Case No. 18CIV05717 |
| | |
14 | Plaintiff, | **DEFENDANT BOEHRINGER** |
| | **INGELHEIM PHARMACEUTICALS,** |
| vs. | **INC.'S NOTICE TO STATE COURT** |
15 | | **AND PLAINTIFF OF REMOVAL** |
16 | ASHFIELD HEALTHCARE, LLC, a business entity; BOEHRINGER-INGELHEIM | |
17 | PHARMACEUTICAL, a business entity; NATE STYLES, an individual; and DOES 1-25, inclusive, | Complaint Filed: October 22, 2018 |
18 | | |
19 | Defendants. | |



20
21
22
23
24
25
26
27
28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1  **TO THE CLERK OF THE SAN MATEO COUNTY SUPERIOR COURT, PLAINTIFF,**

2  **AND HER ATTORNEYS OF RECORD, AND ALL INTERESTED PARTIES:**

3      **PLEASE TAKE NOTICE** that on November 21, 2018, Defendant BOEHRINGER

4  INGELHEIM PHARMACEUTICALS, INC. (erroneously sued as BOEHRINGER-

5  INGELHEIM PHARMACEUTICAL) filed a Notice of Removal of this action to the United

6  States District Court for the Northern District of California under Federal Case No. 3:18-cv-

7  07105.  A true and correct copy of said Notice of Removal, along with all exhibits and

8  attachments, is attached to this notice as **Exhibit A** and is filed and served herewith.

9      PLEASE TAKE FURTHER NOTICE that, pursuant to 28 U.S.C. section 1446, the filing

10  of said Notice of Removal of Action in the United States District Court for the Northern District

11  of California, together with the filing of a copy of said Notice herein, effects the removal of this

12  cause of action, and the above-entitled Court may proceed no further unless and until this case is

13  remanded.

14

15  Dated: November 26, 2018                    MORGAN LEWIS & BOCKIUS, LLP

16

17                                        By: _____

18                                            Eric Meckley
                                            Ashley Baltazar
19
                                        Attorneys for Defendant
20                                        BOEHRINGER INGELHEIM
                                        PHARMACEUTICAL (erroneously sued as
21                                        BOEHRINGER-INGELHEIM
                                        PHARMACEUTICAL)
22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# Exhibit D

**OFFICE OF THE CLERK**
**UNITED STATES DISTRICT COURT**
Northern District of California

**FILED**
**SAN MATEO COUNTY**

FEB 2 7 2019

Clerk of the Superior Court

By _____
DEPUTY CLERK

**CIVIL MINUTES**

**Date:** February 8, 2019          **Time:** 10:14 – 10:46 =          **Judge:** EDWARD M. CHEN
                                             32 Minutes

**Case No.:** 18-cv-07105-EMC     **Case Name:** Perry v. Ashfield Healthcare, LLC

**Attorney for Plaintiff:** Michael Welch
**Attorney for Defendant:** Ashley Baltazar                     *18CIV05717*

**Deputy Clerk:** Angella Meuleman          **Court Reporter:** Debra Pas

**PROCEEDINGS**

[14] Motion to Remand - held.

**SUMMARY**

Parties stated appearances and proffered argument. For the reasons stated on the record, Plaintiff's motion to remand (Docket No. 14) is GRANTED. As explained, there is a presumption against fraudulent joinder. *Hamilton Material Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). Defendants bear a heavy burden in proving fraudulent joinder given it "must be proven by clear and convincing evidence." *Id.* A federal court will remand, "if there is a possibility that a state court would find that the complaint states a cause of action against any of the resident defendants." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2012). Plaintiff has alleged that the non-diverse defendant (Styles) physically blocked Plaintiff's ability to move out of a space and positioned "his crotch area" in Plaintiff's face. FAC ¶ 11. Plaintiff coupled this allegation with a claim that she was fired (in part by Styles) for "complaining of and object to defendants' sexually harassing" conduct. FAC ¶ 30. These combined allegations of misconduct amount to at least a possible claim of intentional infliction of emotional distress for purposes of evaluating fraudulent joinder. Any further evaluation of the merits is beyond the scope of the fraudulent joinder inquiry. *See Grancare, LLC v. Thrower by & through Mills*, 889 F.3d 543, 548–49 (9th Cir. 2018) ("We have declined to uphold fraudulent joinder rulings where a defendant raises a defense that requires a searching inquiry into the merits of the plaintiff's case, even if that defense, if successful, would prove fatal."). Accordingly, Defendants have not established fraudulent joinder and thus diversity jurisdiction is lacking. Case is REMANDED.

Finally, the Court rejects Plaintiff's request for attorney fees.

18 – CIV – 05717
NOREM
Notice of Remand
1671933

I hereby certify that the annexed instrument is a true and correct copy of the original on file in my office.
ATTEST:
          SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California

By   SHEILA RASH
                    Deputy Clerk
Date   FEB 1 4 2019

RECEIVED

FEB 2 1 2019

SUPERIOR COURT
CIVIL DIVISION

**FILED**
SAN MATEO COUNTY

FEB 27 2019

Clerk of the Superior Court

By _____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
450 Golden Gate Avenue
San Francisco, CA 94102

www.cand.uscourts.gov

Susan Y. Soong
Clerk of Court

General Court Number
415-522-2000

February 14, 2019

San Mateo County Superior Court
400 County Center
Redwood City, CA 94063

RE: Perry v. Ashfield Healthcare, LLC et al.
18-cv-07105-EMC

Your Case Number: 18CIV05717

Dear Clerk,

Pursuant to an order remanding the above captioned case to your court, transmitted herewith are:

(✓)   Certified copies of docket entries

(✓)   Certified copies of Remand Order

( )   Other

Please acknowledge receipt of the above documents on the attached copy of this letter.

Sincerely,

Susan Y. Soong, Clerk

by:  Sheila Rash
Case Systems Administrator

18 – CIV – 05717
ARR
Acknowledgment of Receipt of Remand
1671951

ADRMOP,CLOSED

# U.S. District Court
## California Northern District (San Francisco)
## CIVIL DOCKET FOR CASE #: 3:18-cv-07105-EMC
### Internal Use Only

Perry v. Ashfield Healthcare, LLC et al
Assigned to: Judge Edward M. Chen
Demand: $700,000
Case in other court: San Mateo County Superior Court,
    18CIV05717
Cause: 28:1332 Diversity-Employment Discrimination

Date Filed: 11/21/2018
Date Terminated: 02/08/2019
Jury Demand: Plaintiff
Nature of Suit: 442 Civil Rights: Jobs
Jurisdiction: Diversity

**Plaintiff**

**Brenda Perry**
*an individual*

represented by **Michael Timothy Welch**
Law Offices of Michael T. Welch
Four Embarcadero Center
39th Floor
San Francisco, CA 94111
415-399-1500
Fax: 415-399-0445
Email: mwelchlaw@gmail.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Ashfield Healthcare, LLC**
*a business entity*

represented by **Ashley Adrianne Baltazar**
Hanson Bridgett, LLP
425 Market Street
26th Floor
San Francisco, Ca 94105
415-995-5082
Email:
ashley.baltazar@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Boehringer-Ingelheim
Pharmaceutical**

represented by **Eric Meckley**
Morgan, Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105-1126
415-442-1000
Fax: 415-442-1001
Email: emeckley@morganlewis.com

I hereby certify that the annexed
instrument is a true and correct copy
of the original on file in my office.
ATTEST:
  SUSAN Y. SOONG
Clerk, U.S. District Court
Northern District of California

By   SHEILA RASH
             Deputy Clerk
FEB 1 4 2019

RECEIVED

FEB 2 7 2019

SUPERIOR COURT
CIVIL DIVISION

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Ashley Adrianne Baltazar**
Morgan Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105-1596
415-442-1000
Fax: 415-442-1001
Email:
ashley.baltazar@morganlewis.com
*ATTORNEY TO BE NOTICED*

<u>**Defendant**</u>

**Nate Styles**
*an individual*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/21/2018 | 1 | NOTICE OF REMOVAL from San Mateo Superior Court. Their case number is 18CIV05717, (Filing Fee: $400.00, receipt number 0971-12867925). Filed by Boehringer-Ingelheim Pharmaceuticals, Inc.. (Attachments: #(1) Declaration of Ashley Myers, #(2) Request for Judicial Notice, #(3) Civil Cover Sheet)(Meckley, Eric) (Filed on 11/21/2018) Modified on 11/29/2018 (tnS, COURT STAFF). (Entered: 11/21/2018) |
| 11/23/2018 | 2 | Case assigned to Magistrate Judge Sallie Kim.<br><br>Counsel for plaintiff or the removing party is responsible for serving the Complaint or Notice of Removal, Summons and the assigned judge's standing orders and all other new case documents upon the opposing parties. For information, visit *E-Filing A New Civil Case* at http://cand.uscourts.gov/ecf/caseopening.<br><br>Standing orders can be downloaded from the court's web page at www.cand.uscourts.gov/judges. Upon receipt, the summons will be issued and returned electronically. Counsel is required to send chambers a copy of the initiating documents pursuant to L.R. 5-1(e)(7). A scheduling order will be sent by Notice of Electronic Filing (NEF) within two business days. Consent/Declination due by 12/7/2018. (srnS, COURT STAFF) (Filed on 11/23/2018) (Entered: 11/23/2018) |
| 11/26/2018 | 3 | Certificate of Interested Entities filed by Ashfield Healthcare, LLC, Boehringer-Ingelheim Pharmaceuticals, Inc. identifying Corporate Parent Boehringer Ingelheim Pharmaceuticals, Inc. for Ashfield Healthcare, LLC, Boehringer-Ingelheim Pharmaceuticals, Inc.. (Meckley, Eric) (Filed on 11/26/2018) (Entered: 11/26/2018) |
| 11/26/2018 | 4 | CERTIFICATE OF SERVICE filed by Boehringer-Ingelheim |

|  |  | Pharmaceuticals, Inc. of re 1 Notice of Removal (Meckley, Eric) (Filed on 11/26/2018) (Entered: 11/26/2018) |
|---|---|---|
| 11/26/2018 | 5 | CERTIFICATE OF SERVICE filed by Boehringer-Ingelheim Pharmaceuticals, Inc. of re 3 Certificate of Interested Entities & *Notice of Assignment to Magistrate Judge and Standing Orders* (Meckley, Eric) (Filed on 11/26/2018) (Entered: 11/26/2018) |
| 11/29/2018 | 6 | **Initial Case Management Scheduling Order with ADR Deadlines: This case may fall within the Pilot Program for Initial Discovery Protocols for Employment Cases Alleging Adverse Action. See General Order 71. Parties and Counsel are directed to review General Order 71 to determine whether it applies to this case, and to comply with that General Order if applicable. Joint Case Management Statement du e by 2/18/2019. Initial Case Management Conference set for 2/25/2019 at 1:30 PM in San Francisco, Courtroom C, 15th Floor. (tnS, COURT STAFF) (Filed on 11/29/2018) (Entered: 11/29/2018)** |
| 11/30/2018 | 7 | CONSENT/DECLINATION to Proceed Before a US Magistrate Judge by Boehringer-Ingelheim Pharmaceuticals, Inc... (Baltazar, Ashley) (Filed on 11/30/2018) (Entered: 11/30/2018) |
| 11/30/2018 | 8 | CLERK'S NOTICE OF IMPENDING REASSIGNMENT TO A U.S. DISTRICT COURT JUDGE: The Clerk of this Court will now randomly reassign this case to a District Judge because either (1) a party has not consented to the jurisdiction of a Magistrate Judge, or (2) time is of the essence in deciding a pending judicial action for which the necessary consents to Magistrate Judge jurisdiction have not been secured. You will be informed by separate notice of the district judge to whom this case is reassigned.<br><br>ALL HEARING DATES PRESENTLY SCHEDULED BEFORE THE CURRENT MAGISTRATE JUDGE ARE VACATED AND SHOULD BE RE-NOTICED FOR HEARING BEFORE THE JUDGE TO WHOM THIS CASE IS REASSIGNED.<br><br>*This is a text only docket entry; there is no document associated with this notice.* (mklS, COURT STAFF) (Filed on 11/30/2018) (Entered: 11/30/2018) |
| 12/03/2018 | 9 | **ORDER REASSIGNING CASE. Case reassigned to Judge Edward M. Chen for all further proceedings. Magistrate Judge Sallie Kim no longer assigned to the case. This case is assigned to a judge who participates in the Cameras in the Courtroom Pilot Project. See General Order 65 and http://cand.uscourts.gov/cameras. Signed by Executive Committee on 12/3/18. (Attachments: # 1 Notice of Eligibility for Video Recording)(as, COURT STAFF) (Filed on 12/3/2018) (Entered: 12/03/2018)** |
| 12/03/2018 | 10 | **CASE MANAGEMENT CONFERENCE ORDER IN REASSIGNED CASE: Initial Case Management Conference set for 3/7/2019 09:30 AM in San Francisco, Courtroom 05, 17th Floor. Joint Case Management Statement due by 2/28/2019. Signed by Judge Edward M. Chen on 12/3/2018. (afmS, COURT STAFF) (Filed on 12/3/2018) (Entered:** |

| | | 12/03/2018) |
|---|---|---|
| 12/12/2018 | 11 | (WITHDRAWN - SEE 18 ) MOTION to Dismiss *Partially and to Strike Plaintiff's Complaint* filed by Ashfield Healthcare, LLC, Boehringer-Ingelheim Pharmaceuticals, Inc.. Motion Hearing set for 2/7/2019 01:30 PM in San Francisco, Courtroom 05, 17th Floor before Judge Edward M. Chen. Responses due by 12/26/2018. Replies due by 1/2/2019. (Attachments: # 1 Proposed Order)(Baltazar, Ashley) (Filed on 12/12/2018) Modified on 1/25/2019 (afmS, COURT STAFF). (Entered: 12/12/2018) |
| 12/12/2018 | 12 | STIPULATION WITH PROPOSED ORDER *RE MODIFIED BRIEFING SCHEDULE ON BOEHRINGER-INGELHEIM PHARMACEUTICAL'S MOTION TO DISMISS* filed by Ashfield Healthcare, LLC, Boehringer-Ingelheim Pharmaceuticals, Inc.. (Baltazar, Ashley) (Filed on 12/12/2018) (Entered: 12/12/2018) |
| 12/14/2018 | 13 | **Order by Judge Edward M. Chen granting 12 Stipulation Re Modified Briefing Schedule for 11 Motion to Dismiss. Opposition due 1/7/2019; Reply due 1/21/2019. (afmS, COURT STAFF) (Filed on 12/14/2018) (Entered: 12/14/2018)** |
| 12/14/2018 | | Set/Reset Deadlines as to 11 MOTION to Dismiss *Partially and to Strike Plaintiff's Complaint*. Responses due by 1/7/2019. Replies due by 1/21/2019. (afmS, COURT STAFF) (Filed on 12/14/2018) (Entered: 12/14/2018) |
| 12/21/2018 | 14 | MOTION to Remand filed by Brenda Perry. Motion Hearing set for 2/7/2019 01:30 PM in San Francisco, Courtroom 05, 17th Floor before Judge Edward M. Chen. Responses due by 1/4/2019. Replies due by 1/11/2019. (Welch, Michael) (Filed on 12/21/2018) (Entered: 12/21/2018) |
| 01/04/2019 | 15 | OPPOSITION/RESPONSE (re 14 MOTION to Remand ) filed byBoehringer-Ingelheim Pharmaceuticals, Inc.. (Baltazar, Ashley) (Filed on 1/4/2019) (Entered: 01/04/2019) |
| 01/07/2019 | 16 | FIRST AMENDED COMPLAINT against Ashfield Healthcare, LLC, Boehringer-Ingelheim Pharmaceutical, Nate Styles. Filed by Brenda Perry. (Welch, Michael) (Filed on 1/7/2019) Modified on 1/9/2019 (slhS, COURT STAFF). (Entered: 01/07/2019) |
| 01/11/2019 | 17 | REPLY (re 14 MOTION to Remand ) filed byBrenda Perry. (Welch, Michael) (Filed on 1/11/2019) (Entered: 01/11/2019) |
| 01/22/2019 | 18 | MOTION to Dismiss *Plaintiff's First Amended Complaint or, in the Alternative, Motion to Partially Dismiss and to Strike* filed by Boehringer-Ingelheim Pharmaceutical. Motion Hearing set for 2/28/2019 01:30 PM in San Francisco, Courtroom 05, 17th Floor before Judge Edward M. Chen. Responses due by 2/5/2019. Replies due by 2/12/2019. (Attachments: # 1 Proposed Order)(Baltazar, Ashley) (Filed on 1/22/2019) (Entered: 01/22/2019) |
| 01/29/2019 | 19 | **CLERK'S NOTICE: Due to the unavailability of the Court, hearing re 14 MOTION to Remand set for 2/7/2019 is vacated and RESCHEDULED to be heard 2/8/2019 10:00 AM in San Francisco,** |

| | | Courtroom 05, 17th Floor before Judge Edward M. Chen. Briefing remains unchanged. *(This is a text-only entry generated by the court. There is no document associated with this entry.)* (afmS, COURT STAFF) (Filed on 1/29/2019) (Entered: 01/29/2019) |
|---|---|---|
| 02/05/2019 | 20 | OPPOSITION/RESPONSE (re 18 MOTION to Dismiss *Plaintiff's First Amended Complaint or, in the Alternative, Motion to Partially Dismiss and to Strike* ) filed byBrenda Perry. (Welch, Michael) (Filed on 2/5/2019) (Entered: 02/05/2019) |
| 02/08/2019 | 21 | **Minute Entry for proceedings held before Judge Edward M. Chen:**<br><br>**Motion Hearing held on 2/8/2019 re 14 MOTION to Remand filed by Brenda Perry ; granting 14 Motion to Remand. Case remanded. See pdf image for further details.**<br><br>**Total Time in Court: 32 Minutes.**<br>**Court Reporter: Debra Pas.**<br><br>**Plaintiff Attorney: Michael Welch.**<br>**Defendant Attorney: Ashley Baltazar.**<br><br>**Attachment: Minute Order.**<br>**(afmS, COURT STAFF) (Date Filed: 2/8/2019) (Entered: 02/08/2019)** |
| 02/14/2019 | 22 | Certified copy of docket sheet and remand order mailed to San Mateo County Superior Court. (slhS, COURT STAFF) (Filed on 2/14/2019) (Entered: 02/14/2019) |

# Exhibit E



**SUPERIOR COURT OF SAN MATEO COUNTY**
400 County Center, Redwood City, CA 94063
www.sanmateocourt.org



18 – CIV – 05717
NCMC
Notice of Case Management Conference
1671961

## NOTICE OF CASE MANAGEMENT CONFERENCE

BRENDA PERRY

Case No: **18-CIV-05717**

**vs.**

ASHFIELD HEALTHCARE, LLC, a business entity

Date and **Thursday, 06/27/2019**
Time: **at 9:00 AM**

Dept.: **11**

You are hereby given notice of your Case Management Conference. The date, time and department have been written above.

1. In accordance with applicable California Rules of the Court and local Rules 2.3(d)1-4 and 2.3(m), you are hereby ordered to:
   a) Serve all named defendants and file proofs of service on those defendants with the court within 60-days of filing the complaint (CRC 201.7).
   b) Serve a copy of this notice, Case Management Statement and ADR Information Sheet on all named parties in this action.
   c) File and serve a completed Case Management Statement at least 15-days before the Case Management Conference [CRC 212(g)]. Failure to do so may result in monetary sanctions.
   d) Meet and confer, in person or by telephone, to consider each of the issues identified in CRC 212(f) no later than 30-days before the date set for the Case Management Conference.

2. If you fail to follow the orders above, you are ordered to show cause why you should not be sanctioned. The order to Show Cause hearing will be at the same time as the Case Management Conference hearing. Sanctions may include monetary, evidentiary or issue sanctions as well as striking pleadings and/or dismissal.

3. Continuances of Case Management Conferences are highly disfavored unless good cause is shown.

4. Parties may proceed to an appropriate dispute resolution process ("ADR") by filing a Stipulation to ADR and Proposed Order (see attached form). If plaintiff files a Stipulation to ADR and Proposed Order electing to proceed to judicial arbitration, the Case Management Conference will be taken off the court calendar and the case will be referred to the Arbitration Administrator. If plaintiffs and defendants file a completed stipulation to another ADR process (e.g., medication) 10-days prior to the first scheduled Case Management Conference, the Case Management Conference will be continued for 90-days to allow parties time to complete their ADR session. The court will notify parties of their new Case Management Case date.

5. If you have filed a default or a judgment has been entered, your case is not automatically taken off Case Management Conference Calendar. If "Does", "Roes," etc. are named in your complaint, they must be dismissed in order to close the case. If any party is in bankruptcy, the case is stayed only as to that named party.

6. You are further ordered to appear in person * (or through your attorney of record) at the Case Management Conference notified above. You must be thoroughly familiar with the case and fully authorized to proceed.

7. The Case Management judge will issue orders at the conclusion of the conference that may include:
   a) Referring parties to voluntary ADR and setting an ADR completion date;
   b) Dismissing or serving claims or parties;
   c) Setting a trial date.

8. The Case Management judge may be the trial judge in this case.

For further information regarding case management policies and procedures, see the court's website at: www.sanmateoocourt.org

* Telephonic appearances at case management conferences are available by contacting CourtCall, LLC, an independent vendor, at least five business days prior to the scheduled conference (see attached CourtCall information).

Rev. Jun. 2016

MICHAEL T WELCH
FOUR EMBARCADERO CENTER
39TH FLOOR
SAN FRANCISCO CA  94111


MICHAEL TIMOTHY WELCH
HANSON BRIDGETT LLP
425 MARKET STREET
26TH FLOOR
SAN FRANCISCO CA  94105


ERIC MECKLEY
MORGAN LEWIS & BOCKIUS LLP
ONE MARKET
SPEAR STREET TOWER
SAN FRANCISCO CA  94105-1126


ASHLEY ADRIANNE BALTAZAR
MORGAN LEWIS & BOCKIUS LLP
ONE MARKET
SPEAR STREET TOWER
SAN FRACISCO CA  94105-1596

# Exhibit F

1  MORGAN, LEWIS & BOCKIUS LLP
   Eric Meckley, Bar No. 168181
2  Ashley A. Baltazar, Bar No. 284921
   One Market
3  Spear Street Tower
   San Francisco, CA 94105-1596
4  Tel:    +1.415.442.1000
   Fax:   +1.415.442.1001
5  eric.meckley@morganlewis.com
   ashley.baltazar@morganlews.com
6

**FILED**
**SAN MATEO COUNTY**

MAR 18 2019

Clerk of the Superior Court

By
              DEPUTY CLERK

7  Attorneys for Defendant
   BOEHRINGER INGELHEIM
8  PHARMACEUTICALS, INC. (erroneously sued as
   "BOEHRINGER-INGELHEIM
9  PHARMACEUTICAL")

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12          COUNTY OF SAN MATEO – UNLIMITED CIVIL JURISDICTION

13

14  BRENDA PERRY, an individual,                    Case No. 18CIV05717

15                 Plaintiff,              **DEFENDANT BOEHRINGER-**
                                           **INGELHEIM PHARMACEUTICALS,**
16          vs.                            **INC.'S ANSWER TO PLAINTIFF'S**
                                           **FIRST AMENDED COMPLAINT**
17  ASHFIELD HEALTHCARE, LLC, a business
    entity; BOEHRINGER-INGELHEIM
18  PHARMACEUTICAL, a business entity;
    NATE STYLES, an individual; and DOES 1-
19  25, inclusive,

20                 Defendants.

21



18 – CIV – 05717
ARDU
Answer (Unlimited)
1712686

22              **GENERAL DENIAL**

23          Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI" or "Defendant") hereby

24  answers Plaintiff Brenda Perry's First Amended Complaint (the "Complaint") pursuant to

25  California Code of Civil Procedure § 431.30, by denying generally each and every allegation

26  contained in the Complaint.  Defendant further generally and specifically denies that Plaintiff has

27  been damaged in the sums alleged, or any other sum, or at all, by reason of any act or failure to

28  act on the part of Defendant, any of its agents, servants, employees, or representatives. Defendant

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 102663616.2

18CIV05717

DEFENDANT BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

1  further denies, generally and specifically, that Plaintiff is entitled to general, compensatory,

2  punitive, or other damages, in any amount by reason of any act or failure to act on the part of

3  Defendant, any of its agents, servants, employees or representatives.

4  ### AFFIRMATIVE DEFENSES

5  Defendant has not completed its investigation of the facts of this case, has not completed

6  discovery in this matter, and has not completed its preparation for trial. The defenses asserted

7  herein are based on Defendant's knowledge, information, and belief at this time. Defendant

8  reserves the right to modify, amend, or supplement any defense contained herein at any time.

9  Without conceding that it bears the burden of proof or persuasion as to any one of them,

10  Defendant alleges the following separate defenses to the Complaint:

11  ### FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Cause of Action)
12

13  1.      As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

14  of action contained therein, Defendant alleges that Plaintiff's claims are barred, in whole or in

15  part, because they fail to state facts sufficient to constitute a cause of action upon which relief can

16  be granted.

17  ### SECOND AFFIRMATIVE DEFENSE
### (Statutes of Limitations)
18

19  2.      Plaintiff's claims, or some of them, are barred or limited by the applicable statute(s)

20  of limitations, including but not limited to, California Code of Civil Procedure sections 335.1 and

21  340 and Government Code Sections 12960 and 12965.

22  ### THIRD AFFIRMATIVE DEFENSE
### (Laches)
23

24  3.      As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

25  of action contained therein, Plaintiff's claims are barred, in whole or in part, by the doctrine of

26  laches.

27  ///

28  ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 102663616.2

- 2 -                                                          18CIV05717

DEFENDANT BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

## FOURTH AFFIRMATIVE DEFENSE
### (Waiver)

4.     As a separate and affirmative defense to Plaintiff's Complaint, and to each cause of action contained therein, Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver.

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

5.     As a separate and affirmative defense to Plaintiff's Complaint, and to each cause of action contained therein, Plaintiff's claims are barred, in whole or in part, by her own conduct, actions, and inactions, which amount to and constitute an estoppel of the causes of action and any relief sought hereby.

## SIXTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

6.     As a separate and affirmative defense to Plaintiff's Complaint, and to each cause of action contained therein, Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands and/or Plaintiff's own inequitable or wrongful conduct.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust)

7.     As a separate and affirmative defense to Plaintiff's Complaint, and to each cause of action contained therein, Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed timely and adequately to exhaust her administrative remedies.

## EIGHTH AFFIRMATIVE DEFENSE
### (Exceeds Scope of Administrative Charge)

8.     As a separate and affirmative defense to Plaintiff's Complaint, and to each cause of action contained therein, Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff's allegations exceed the scope of any administrative charge she may have filed.

///

///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 3 -                                    18CIV05717

DEFENDANT BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

DB1/ 102663616.2

1
2

### NINTH AFFIRMATIVE DEFENSE
### (Legitimate Business Reason)

3      9.      As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

4  of action contained therein, Plaintiff's claims are barred, in whole or in part, because Defendant's

5  actions were based upon legitimate, non-discriminatory and non-retaliatory business reasons, the

6  exercise of legitimate managerial discretion and/or a result of business necessity.

7

### TENTH AFFIRMATIVE DEFENSE
### (Mixed Motive)

8

9      10.     As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

10  of action contained therein, Plaintiff's claims are barred, in whole or in part, because Defendant

11  alleges that, to the extent discrimination or retaliation was a motivating factor in the decision(s)

12  affecting Plaintiff (which Defendant denies), legitimate reasons, standing alone, would have

13  induced Defendant to make the same decisions.

14

### ELEVENTH AFFIRMATIVE DEFENSE
### (After-Acquired Evidence)

15

16      11.     As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

17  of action contained therein, Plaintiff's claims are barred, in whole or in part, to the extend during

18  the course of this litigation Defendant acquires any evidence of wrongdoing by Plaintiff, which

19  wrongdoing would have materially affected the terms and conditions of Plaintiff's employment or

20  would have resulted in Plaintiff either being demoted, disciplined, or terminated, such after-

21  acquired evidence shall bar Plaintiff on liability or damages or shall reduce such claims as

22  provided by law.

23

### TWELFTH AFFIRMATIVE DEFENSE
### (Improper Party)

24

25      12.     As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

26  of action contained therein, Defendant alleges that Plaintiff was, at all relevant times, employed

27  by Ashfield Healthcare, LLC and not Defendant, and Defendant is an improper party to Plaintiff's

28  employment-related claims.

DEFENDANT BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

DB1/ 102663616.2

1

### THIRTEENTH AFFIRMATIVE DEFENSE
### (Proportional Fault)

2

3      13.    As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

4    of action contained therein, Defendant alleges that any non-economic damages sustained by

5    Plaintiff in this action were due to the fault of someone other than any named Defendant,

6    Defendant can only be held liable for those non-economic damages proportionally caused by the

7    fault of Defendant.

8

### FOURTEENTH AFFIRMATIVE DEFENSE
### (Failure to Mitigate)

9

10     14.    As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

11   of action contained therein, Defendant alleges that Plaintiff has failed fully, diligently and

12   adequately to mitigate her alleged damages, if any.

13

### FIFTEENTH AFFIRMATIVE DEFENSE
### (Due Process/Excessive Fines)

14

15     15.    As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

16   of action contained therein, Defendant alleges that Plaintiff's claims for tort damages and punitive

17   damages are barred by the Due Process Clause (Fifth Amendment, Fourteenth Amendment,

18   Section 1) and the Excessive Fines Clause (Eighth Amendment) of the United States Constitution

19   and the corresponding provisions of the California Constitution.

20

### SIXTEENTH AFFIRMATIVE DEFENSE
### (One Satisfaction)

21

22     16.    As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

23   of action contained therein, Defendant alleges that Plaintiff cannot properly recover damages

24   under multiple or different theories or causes of action for the same or similar alleged acts.

25

### SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Basis for Award of Punitive Damages)

26

27     17.    Plaintiff's allegations supporting each cause of action, whether considered

28   separately or in any combination, fail to state facts sufficient to support an award of punitive

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 5 -                                          18CIV05717

DEFENDANT BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

DB1/ 102663616.2

1   damages.

2   ## EIGHTEENTH AFFIRMATIVE DEFENSE
3   ### (Pre-Existing Conditions)

4       18.    As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

5   of action contained therein, to the extent that Plaintiff has suffered any emotional pain, suffering,

6   inconvenience, mental pain, loss of enjoyment of life, or any other non-pecuniary losses, which is

7   denied, some or all of such injuries are due to personal circumstances existing in Plaintiff's life

8   during the relevant time or to pre-existing conditions, not to any actions of Defendant.

9   ## NINETEENTH AFFIRMATIVE DEFENSE
10   ### (Workers' Compensation Exclusive Remedy)

11       19.    As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

12   of action contained therein, Defendant alleges that Plaintiff's emotional distress claims are barred,

13   in whole or in part, because Plaintiff's exclusive remedy for such claims and damages is governed

14   by the California Workers' Compensation Act statutes.  Cal. Labor Code sections 3200, *et seq.*

15   ## TWENTIETH AFFIRMATIVE DEFENSE
16   ### (Remedial Measures)

17       20.    As a separate and affirmative defense to Plaintiff's Complaint, and to each cause

18   of action contained therein, Defendant alleges that Plaintiff unreasonably failed to take advantage

19   on a timely basis of any preventative or corrective safeguards, procedures or measures provided

20   by Defendant that would have remedied any alleged unlawful conduct, and that Plaintiff

21   unreasonably failed otherwise to avoid harm. Defendant exercised reasonable care to prevent and

22   correct promptly any alleged harassing behavior. Plaintiff's failure to report the alleged

23   harassment was unreasonable under the circumstances and, more likely than not, using

24   Defendant's internal remedies and procedures would have prevented some, if not all, of Plaintiff's

25   claimed damages from occurring. *Burlington Industries, Inc. v. Ellerth,* 524 U.S. 742 (1998);

26   *Faragher v. Boca Raton,* 524 U.S. 775 (1998).

27   ///

28   ///

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -        18CIV05717

DEFENDANT BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

DB1/ 102663616.2

1

## **RESERVATION OF RIGHTS**

Defendants reserve the right to assert such additional defenses that may appear and prove applicable during the course of this litigation.

## **PRAYER FOR RELIEF**

WHEREFORE, Defendants pray for judgment that:

1.     Plaintiff take nothing by reason of the Complaint on file herein, and that said Complaint be dismissed with prejudice;

2.     Judgment be entered in favor of Defendant and against Plaintiff on all causes of action;

3.     Defendant be awarded its costs of suit incurred herein;

4.     Defendant be awarded attorneys' fees incurred by this action; and

5.     The Court award Defendant such other and further relief as it deems just and proper.


Dated: March 18, 2019                              MORGAN, LEWIS & BOCKIUS LLP


By _____
Eric Meckley
Ashley A. Baltazar
Attorneys for Defendant
BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.

DEFENDANT BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT

DB1/ 102663616.2

1

**PROOF OF SERVICE**

2

I, Yvette Pruitt, declare:

3

I am a citizen of the United States and employed in San Francisco County, California.  I am over the age of eighteen years and not a party to the within entitled action.  My business address is One Market, Spear Street Tower, San Francisco, CA  94105-1596.

4

5

On March 18, 2019, I served a copy of the within document(s):

6

**DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

7

8

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

9

10

☒  by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

11

12

☐  by placing the document(s) listed above in a sealed Federal Express  envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express  agent for delivery.

13

14

☐  by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

15

16

☐  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

17

Michael T. Welch
Law Offices of Michael T. Welch
Four Embarcadero Center, 14th Floor
San Francisco, California 94111
Tel: +1.415.426.5691
Fax: +1.415.399.0445

18

19

20

21

*Attorneys for Plaintiff Brenda Perry*

22

23

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

24

25

26

Executed on March 18, 2019, at San Francisco, California.  I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

27

28

*Yvette Pruitt*
Yvette Pruitt

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# Exhibit G

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

Eric Meckley (SBN 168181); Ashley Baltazar (SBN 284921)
Morgan Lewis & Bockius, LLP
One Market St., Spear Street Tower, San Francisco, CA 94105
   TELEPHONE NO.: 415.442.1000   FAX NO. *(Optional)*: 415.442.1001
E-MAIL ADDRESS *(Optional)*: ashley.baltazar@morganlewis.com
ATTORNEY FOR *(Name):* Defendant Boehringer Ingelheim Pharmaceuticals, Inc.

**FILED**
**SAN MATEO COUNTY**
JUN 1 2 2019
Clerk of the Superior Court
By: _____
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
   STREET ADDRESS: 400 County Center
   MAILING ADDRESS:
   CITY AND ZIP CODE: Redwood City, CA 94603
   BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER: Brenda Perry

DEFENDANT/RESPONDENT: Ashfield Healthcare et al.

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| *(Check one):* ☑ **UNLIMITED CASE** (Amount demanded exceeds $25,000) | ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | 18CIV05717 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: June 27, 2019    Time: 8:30 a.m.    Dept.: 11    Div.:    Room:

Address of court *(if different from the address above):*

  ☑ **Notice of Intent to Appear by Telephone,** by *(name):* Ashley A. Baltazar

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
  a. ☑ This statement is submitted by party *(name):* Boehringer Ingelheim Pharmaceuticals, Inc.
  b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
  a. ☐ The complaint was filed on *(date):*
  b. ☐ The cross-complaint, if any, was filed on *(date):*

18 – CIV – 05717
CMS
Case Management Statement
1877091

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
  a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
  b. ☐ The following parties named in the complaint or cross-complaint
    (1) ☐ have not been served *(specify names and explain why not):*
    (2) ☐ have been served but have not appeared and have not been dismissed *(specify names):*
    (3) ☐ have had a default entered against them *(specify names):*
  c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
  a. Type of case in ☑ complaint ☐ cross-complaint *(Describe, including causes of action):*
    Plaintiff alleges causes of action for (1) sexual harassment, (2) age discrimination, (3) retaliation, (4) wrongful termination in violation of public policy, and (5) intentional infliction of emotional distress

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]
**CASE MANAGEMENT STATEMENT**
Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**ORIGINAL** FAXED

CM-110

| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ashfield Healthcare et al. | 18CIV05717 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
See attachment 4(b).

[✔] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request [✔] a jury trial [ ] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*
Plaintiff has requested a jury trial.

6. **Trial date**
a. [ ] The trial has been set for *(date):*
b. [✔] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
See Attachment 6(b).
c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
December 20-30, 2019 (pre-planned travel); January 28-February 8, 2020 (Trial); February 10-18, 2020 (Arbitration)

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. [✔] days *(specify number):* 7-10 days
b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial [✔] by the attorney or party listed in the caption [ ] by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:
[ ] Additional representation is described in Attachment 8.

9. **Preference**
[ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
(1) For parties represented by counsel: Counsel [✔] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
(2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.
b. **Referral to judicial arbitration or civil action mediation** (if available).
(1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
(2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
(3) [✔] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
CRC 3.811(b)(8): amount in controversy exceeds $50,000

CM-110

| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ashfield Healthcare et al. | 18CIV05717 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

CM-110

| PLAINTIFF/PETITIONER:   Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Ashfield Healthcare et al. | 18CIV05717 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Defendant anticipates filing a motion for summary judgment and/or motion for summary adjudication of issues.

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Boehringer Ingelheim Pharmaceuticals, Inc. | Plaintiff's deposition | September 2019 |
| Boehringer Ingelheim Pharmaceuticals, Inc. | Third party discovery | December 2019 |
| Boehringer Ingelheim Pharmaceuticals, Inc. | Written discovery | December 2019 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CM-110**

| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ashfield Healthcare et al. | 18CIV05717 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

Boehringer Ingelheim believes that neither Defendant Ashfield, nor Defendant Styles have been served. Boehringer requests that the Court set an OSC re: service or dismissal of these Defendants.

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):*   2

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: June 12, 2019

Ashley A. Baltazar
_____          ►  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

_____          ►  _____
(TYPE OR PRINT NAME)                              (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM- 110

Plaintiff: Brenda Perry
Defendant: Boehringer Ingelheim Pharmaceuticals, Inc.

San Mateo County Superior Court
Case No. 18CIV05717

### Attachment 4(b).

Plaintiff Brenda Perry ("Plaintiff") was employed by Ashfield Healthcare, LLC ("Ashfield") beginning in April 2017 as a sales representative and was assigned to support a Boehringer Ingelheim Pharmaceuticals, Inc. ("Defendant") territory. During her employment, Plaintiff claims she was sexually harassed by Nate Styles and that Mr. Styles engaged in illegal "off label" marketing. She further alleges that she complained about Mr. Styles' behavior. In September 2017, Boehringer Ingelheim went through an internal reorganization, which resulted in Ashfield terminating Plaintiff's employment. Plaintiff now claims that she suffered sexual harassment and her termination by Ashfield constituted discrimination, retaliation, wrongful termination and intentional infliction of emotional distress. Defendant denies Plaintiff's claims and denies that it is liable to Plaintiff for any damages.

CM- 110

Plaintiff: Brenda Perry

San Mateo County Superior Court

Defendant: Boehringer Ingelheim Pharmaceuticals, Inc.

Case No. 18CIV05717

### Attachment 6(b).

This case is not at issue because two named defendants have not been served. Due to removal and remand, the case will not be ready for trial within 12 months of the date of the filing of the complaint.

1

## PROOF OF SERVICE

2         I, Adele Doyle, declare:

3         I am a citizen of the United States and employed in San Francisco County, California. I
am over the age of eighteen years and not a party to the within entitled action. My business
4     address is One Market, Spear Street Tower, San Francisco, CA 94105-1596. On June 12, 2019, I
served a copy of the within document(s):

5

6         **CASE MANAGEMENT STATEMENT**

7     ☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set
forth below on this date before 5:00 p.m.

8
☒   by placing the document(s) listed above in a sealed envelope with postage thereon
9     fully prepaid, in the United States mail at San Francisco, California addressed as
set forth below.

10
☐   by placing the document(s) listed above in a sealed Federal Express envelope and
11     affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal
Express agent for delivery.

12
☐   by personally delivering the document(s) listed above to the person(s) at the
13     address(es) set forth below.

14
☐   by transmitting via e-mail or electronic transmission the document(s) listed above
15     to the person(s) at the e-mail address(es) set forth below.

16     Michael T. Welch
Law Offices of Michael T. Welch
17     Four Embarcadero Center, 14th Floor
San Francisco, California 94111
18     Tel: +1.415.426.5691
Fax: +1.415.399.0445
19

20     *Attorneys for Plaintiff Brenda Perry*

21

22         I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
23     day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
24     meter date is more than one day after date of deposit for mailing in affidavit.

25         Executed on June 12, 2019, at San Francisco, California. I declare that I am employed in
the office of a member of the bar of this court at whose direction the service was made.

26

27     _____
                Adele Doyle

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 100790122.1

                    PROOF OF SERVICE

# Exhibit H



### SUPERIOR COURT OF SAN MATEO COUNTY
Civil Department
400 County Center, Redwood City, CA 94063
(650) 261-5100
www.sanmateocourt.org

| | |
|---|---|
| **BRENDA PERRY**<br>Plaintiff (s)<br><br>vs.<br><br>**ASHFIELD HEALTHCARE, LLC, A BUSINESS ENTITY**<br>Defendant (s) | Case Number: 18-CIV-05717<br><br>**Clerk's Notice –**<br>**Case Management Conference** |

TITLE: **BRENDA PERRY  VS.  ASHFIELD HEALTHCARE, LLC, A BUSINESS ENTITY, ET AL**

**Please take notice: The June 27, 2019, case management conference has been continued. On August 8, 2019, at 9:00 a.m.** of the above-entitled Court at the Hall of Justice of Records, 400 County Center, Redwood City, California, a **case management conference** will be held pursuant to San Mateo County Local Rules of Court No. 2.3.

All attorneys of record and self-represented parties are required to attend this conference.

All parties shall complete a case management statement and file it with the clerk's office in Redwood City fifteen (15) days before the conference.

Counsel or parties are also directed to comply with the time requirements for service of process and responses set forth in San Mateo County Local Rule of Court 2.3 (D).  At the case management conference the Court will inquire into compliance with the local rules regarding service of process and responses and issue appropriate sanctions for failure to comply with the San Mateo County Local Rules of Court.

Date: 6/13/2019
By Order of the Presiding Judge

### CLERK'S CERTIFICATE OF MAILING
I hereby certify that I am the clerk of this Court, not a party of this cause; that I served a copy of this notice on the below date, by placing a copy thereof in separate sealed envelopes addressed to the address shown by the records of this Court, and by then sealing the said envelopes and depositing same, with postage fully pre-paid thereon, in the United States Mail at Redwood City, California.

Dated: <u>6/13/2019</u>

Neal I. Taniguchi, Court Executive Officer/Clerk

By: *Cheryl Lyssand*
Cheryl Lyssand
Deputy Clerk

18 – CIV – 05717
NCMC
Notice of Case Management Conference
1879868

Copies mailed to:


MICHAEL T WELCH
FOUR EMBARCADERO CENTER 39TH FL
SAN FRANCISCO CA  94111



ERIC MECKLEY
ONE MARKET SPEAR ST TOWER
SAN FRANCISCO CA  94105-1126

ASHLEY ADRIANNE BALTAZAR
ONE MARKET SPEAR ST TOWER
SAN FRACISCO CA  94105-1596

# Exhibit I

1   Michael T. Welch (#122630)
    LAW OFFICES OF MICHAEL T. WELCH
2   Four Embarcadero Center, 14th Floor
    San Francisco, California  94111
3   Telephone:    (415)426-5691
    Facsimile:    (415)399-0445
4
    Attorneys for Plaintiff BRENDA PERRY

5

6                   Superior Court of California
                    County of San Mateo
7
                    ~~UNITED STATES DISTRICT COURT~~
8
                    ~~NORTHERN DISTRICT OF CALIFORNIA~~
9

10                                                  18 CIV 05717

    BRENDA PERRY, an Individual,           )   CASE NO. ~~3:18-CV-07105-EMC~~
11                                         )
                            Plaintiff,     )   **FIRST AMENDED COMPLAINT FOR**
12                                         )   **SEXUAL HARASSMENT; AGE**
            v.                             )   **DISCRIMINATION; RETALIATION;**
13                                         )   **WRONGFUL TERMINATION IN**
    ASHFIELD HEALTHCARE, LLC, a business   )   **VIOLATION OF PUBLIC POLICY;**
14  entity; BOEHRINGER-INGELHEIM           )   **INTENTIONAL INFLICTION OF**
    PHARMACEUTICAL, a business entity;     )   **EMOTIONAL DISTRESS**
15  NATE STYLES, an individual; and DOES 1-)
    25, inclusive,                         )   Jury Trial Demanded
16                                         )
                            Defendants.    )
17                                         )
                                           )
18  _____    )

19          Plaintiff BRENDA PERRY ("PERRY") alleges the following facts:

20          1. Plaintiff PERRY is, and at relevant times mentioned herein was, an individual

21  residing in the County of San Francisco, in the State of California.

22          2. Defendant ASHFIELD HEALTHCARE, LLC ("ASHFIELD") is, and at all

23  times herein mentioned was, a corporation, whose state of incorporation is presently

24  unknown to plaintiff, but which operates and maintains offices in the County of San Mateo,

    in the State of California.
25
            3. Defendant BOEHRINGER INGELHEIM PHARMACEUTICAL, INC. ("BIP"),
26
    is, and at all times herein mentioned was, a corporation that conducts business in the
27
    County of Alameda, in the State of California.
28
                                        -1-

                            **FIRST AMENDED COMPLAINT**

1   4. Plaintiff is informed and believes, and thereon alleges, that defendant NATE

2 STYLES ("Styles") is, and at all times herein mentioned was, a resident of the State of

3 California.

4   5. Plaintiff is ignorant of the true names and capacities of defendants sued herein

5 as DOES 1 through 25, inclusive, and therefore sues those defendants by such fictitious

6 names.  Plaintiff will amend this complaint to allege their true names and capacities when

7 they are ascertained.  Plaintiff is informed and believes and thereon alleges that each of the

8 fictitiously named defendants is responsible in some manner for the wrongful conduct

9 herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by

10 that conduct.

11   6.  At all times herein mentioned, each of the defendants discussed above was and

12 is the agent, servant, representative, and/or alter ego of each of the other defendants, and/or

13 a joint employer of plaintiff, and all of the acts alleged to have been done by said

14 defendants were done in the capacity of and as agent for each of the other defendants,

15 and/or as an employer of plaintiff.

16       **FACTS COMMON TO ALL CAUSES OF ACTION**

17   7.  Defendant ASHFIELD represents itself as "a global leader in commercialization

18 services for the healthcare industry."  One such service that ASHFIELD provides to

19 healthcare and pharmaceutical companies is to recruit and assemble employees to serve as

20 sales representatives for the products and services of those companies.  Defendant BI is a

21 major global pharmaceutical company that produces numerous drugs and biologic

22 medicines for medical treatment of both humans and animals.

23   8. Defendant ASHFIELD employed plaintiff as a field sales representative for

24 defendant BI in 2017, where she was assigned to the BI Diabetes Overlay team.  Defendant

25 BIP also was a joint employer of plaintiff.  As further alleged below, defendant BIP

26 exercised control over the means and manner of plaintiff's performance as a sales

27 representative.  Among other things, BIP controlled the location and assignment of

28

-2-

**FIRST AMENDED COMPLAINT**

1  plaintiff's territory as a pharmaceutical representative; BIP had the power to manage and
2  controle plaintiff's job performance, and BIP directly managed and supervised plaintiff's
3  job performance, (including through defendant Stiles, a manager of BIP); BIP instructed
4  her as to how to perform her job duties and make sales calls; and BIP had the power to
5  terminate plaintiff's performance, and did so, as alleged further below.

6      9. One of plaintiff's principal job responsibilities was to obtain sales of certain BIP
7  drug products to physicians in the medical community within her assigned region in the
8  San Francisco Bay Area. These products included certain drug treatments for diabetes
9  known as Jardiance Combination products.

10      10. Plaintiff performed her job very well. However, defendants interfered with her
11  job performance and engaged in unlawful conduct at several levels during the summer of
12  2017, in which plaintiff was accompanied in her physician sales calls by her direct
13  manager, defendant Styles.

14      11. In one of those instances, Mr. Styles confronted plaintiff with lewd and
15  harassing sexual behavior while plaintiff was attempting to do a routine inventory of her
16  pharmaceutical sample storage locker in Mr. Styles' presence, while bent down in a
17  confined space. Mr. Styles physically blocked plaintiff's ability to move out of her
18  cramped storage locker area, and positioned himself so that his crotch area was squarely in
19  her face when she turned her head to try to stand up and move away from her locker. In
20  response to plaintiff's anguished pleas to cease and to step away from her, Mr. Stiles
21  initially laughed at plaintiff, before finally relenting and moving out of her way.

22      12. Mr. Styles also engaged in illegal business practices, and instructed plaintiff to
23  do so also, on behalf of defendants in their efforts to increase sales of BIP products to
24  physicians. On another occasion when Mr. Styles accompanied plaintiff on her sales calls
25  to physician accounts, Mr. Styles engaged in direct and explicit statements, actions and
26  efforts to market and sell the BI Jardiance Combination products to medical providers for
27  "off label" uses and purposes - in other words, for uses and purposes not indicated or

28

-3-

1   approved by United States regulatory authorities, and in violation of the laws and

2   regulations promulgated to prohibit the marketing and sales of drugs for non-approved,

3   non-indicated uses and purposes.

4       13. Mr. Styles also ordered plaintiff to adopt and use the same unlawful "off label"

5   sales actions and practices that he had engaged in with the physician accounts assigned to

6   her, to increase sales of the BI Jardiance Combination products.  Plaintiff flatly refused his

7   instructions and told Mr. Styles that his "off label" sales efforts, and instructions to her to

8   engage in the same practices, were unlawful and that she would not attempt to sell or

9   market the BIP products for "off label" purposes or through tactics intended to circumvent

10  legal restrictions on "off label" marketing or sales of any BIP pharmaceutical products.

11      14. Plaintiff is informed and believes, and thereon alleges, that at the time the

12  above actions occurred, BIP was already facing severe government scrutiny and claims for

13  engaging in widespread, illegal, "off label" marketing practices with respect to several BIP

14  pharmaceutical products. These included a lawsuit by the United States Department of

15  Justice ("DOJ") against BIP, that accused BIP of using illegal "off label" marketing

16  practices to defraud the Medicare system of tens of millions of dollars.  This resulted in a

17  publicly disclosed settlement payment of $95 million by BIP to the government.  Plaintiff

18  is informed and believes that these claims and charges stemmed from reports of those "off

19  label" practices by a "whistleblower" sales representative employed by BIP to one or more

20  government agencies, including the DOJ. Plaintiff is informed and believes that the reports

21  by a BIP employee of such unlawful practices also led to a lawsuit by attorneys general of

22  all 50 states of the United States, which later resulted in BIP's payment of approximately

23  $13.5 million in restitution to those government entities.  Plaintiff is informed and believes,

24  and thereon alleges, that as a result of having been "busted" already for its unlawful "off

25  label" marketing practices caused by a sales employee's report of those unlawful practices

26  to government agencies, and with specific knowledge from plaintiff's own personnel

27  records and statements that she had prior experience with pharmaceutical firms, and prior

28

-4-

**FIRST AMENDED COMPLAINT**

1 knowledge of the illegality of "off label" practices, after plaintiff called out defendant

2 Styles for instructing her to engage in those practices, defendant BIP was acutely fearful

3 that plaintiff would also report those "off label" practices to the DOJ or other government

4 agencies, and that once she did so BIP would potentially be liable for additional multiple

5 million of dollars in fines and levies by the DOJ and other government agencies.

6     15.  Within weeks of plaintiff's stated objections to BIP of its "off label" sales

7 efforts and instructions to her to engage in them as well, defendants BIP and ASHFIELD

8 terminated plaintiff's employment, without notice or warning.  Plaintiff is informed and

9 believes, and thereon alleges, that BIP and its manager, defendant Styles, had the power to

10 terminate plaintiff's employment, and used that power to cause the termination of

11 plaintiff's employment as a BIP sales representative.  Defendants informed plaintiff that

12 her work performance was good, and insisted that the sole reason for the termination was

13 the complete elimination of her sales territory and position.  However, plaintiff is informed

14 and believes, and thereon alleges, that this stated reason for defendants' termination of

15 plaintiff's employment was false and contrived, and that only a few weeks after

16 defendants' terminated plaintiff they hired or assigned another person to the same or

17 substantially similar sales territory and position as plaintiff had before her termination.

18 **FIRST CAUSE OF ACTION**
**(Sexual Harassment)**

19 [Against defendants Ashfield and BIP]

20     16.  Plaintiff realleges and incorporates by reference, as though fully set forth, the

21 allegations in paragraphs 1 through 15 of the First Amended Complaint.

22     17.  During her employment with defendants ASHFIELD and BIP, plaintiff was

23 subjected to unwelcome sexually motivated physical actions and advances, including

24 impeding and blocking movement and physical interference with her work and movement,

25 based on her sex, by managers of defendants.

26     18.  Plaintiff's continued employment at ASHFIELD and BIP, and/or the

27 avoidance of adverse working conditions or employment consequences, was impliedly

28 -5-

**FIRST AMENDED COMPLAINT**

1  conditioned on her submission to, or acceptance of, these unwelcome sexual advances and

2  other comments and conduct of a sexual nature.

3       19.   The harassing conduct of these defendants was sufficiently severe so as to alter

4  the conditions of plaintiff's employment, and create an abusive and hostile work

5  environment.  This wrongful conduct, and the hostile environment that it created, finally

6  led to the termination of plaintiff's employment by and with defendants.

7       20.   Within the time provided by law, plaintiff filed a complaint with the California

8  Department of Fair Employment and Housing, in compliance with Govt. Code Sec. 12940,

9  *et seq*, and received and served a right-to-sue letter.

10      21.   As a direct and proximate result of the above wrongful harassment of

11  plaintiff, she has suffered and continues to suffer damage, including, without limitation,

12  losses in earnings and other employment benefits, along with extreme and severe mental

13  anguish and emotional distress.  Plaintiff is thereby entitled to general and compensatory

14  damages, in an amount to be proved at trial, but not less than $700,000.

15      22.   The foregoing acts of defendants were willful, malicious and oppressive, and

16  plaintiff is therefore entitled to an award of punitive damages.  Plaintiff is also entitled to

17  an award of attorney's fees, as provided by statute.

18                        **SECOND CAUSE OF ACTION**
                               **(Age Discrimination)**
19                      [Against defendants Ashfield and BIP]

20      23.   Plaintiff realleges and incorporates by reference, as though fully set forth, the

21  allegations contained in paragraphs 1 through 22 of the First Amended Complaint.

22      24.   At all relevant times herein, plaintiff was a member of a protected class under

23  Gov. Code Sec. 12940, in that she was over 40 years of age.  She performed her job duties

24  satisfactorily, and met or exceeded her performance expectations, as was confirmed by

25  defendants.

26      25.   Plaintiff is informed and believes, and thereon alleges, that defendants

27  engaged in unlawful discrimination and disparate treatment toward plaintiff, and that

28                                        -6-

                              **FIRST AMENDED COMPLAINT**

1 | plaintiff's age was a substantial motivating factor in such discriminatory treatment and

2 | adverse employment actions taken against her, including termination of her employment.

3 |     26.   Within the time provided by law, plaintiff filed a complaint with the California

4 | Department of Fair Employment and Housing, in compliance with legal requirements, and

5 | obtained and served on defendant a right-to-sue letter.

6 |     27.  As a direct and proximate result of defendant's willful discrimination against

7 | plaintiff, plaintiff has suffered damages, including lost compensation and related benefits,

8 | and severe emotional distress, in an amount to be proved at trial, but not less than

9 | $1,000,000.

10 |     28.  The foregoing acts of defendant were willful, malicious, fraudulent and

11 | oppressive, and plaintiff is therefore entitled to an award of punitive damages.

12 | **THIRD CAUSE OF ACTION**
**(Retaliation)**
13 | [Against defendants Ashfield and BIP]

14 |     29.  Plaintiff realleges and incorporates by reference, as though fully set forth, the

15 | allegations in paragraphs 1 through 26 of the First Amended Complaint.

16 |     30.   At relevant times herein, plaintiff engaged in one or more protected activities

17 | by, among other things, complaining of and objecting to defendants' sexually harassing and

18 | discriminatory conduct and statements toward her by managers, employees and/or agents of

19 | defendants.

20 |     31.   Thereafter, and as a proximate result of plaintiff's above-stated protected

21 | activities, plaintiff was subjected to adverse employment actions, and other acts of

22 | retaliation, including, without limitation, threats and instances of unwarranted criticisms,

23 | reprimands, denial of earned compensation, and termination by defendants.

24 |     32.  As a direct and proximate result of defendants' wrongful, retaliatory conduct

25 | toward plaintiff, plaintiff has suffered damage, including, without limitation, severe

26 | emotional distress and loss of earnings, in an amount to be proved at trial, but not less than

27 | $1,000,000.  Plaintiff is also entitled to an award of attorney's fees as provided by statute.

28 |

**FIRST AMENDED COMPLAINT**

1    33.   The foregoing acts of defendants were willful, malicious, fraudulent and

2    oppressive, and plaintiff is therefore entitled to an award of punitive damages.

3                              **FOURTH CAUSE OF ACTION**
                **(Wrongful Termination in Violation of Public Policy)**
4                       [Against defendants Ashfield and BI]

5    34.   Plaintiff realleges and incorporates by reference, as though fully set forth, the

6    allegations in paragraphs 1 through 33 of the First Amended Complaint.

7    35.   At all relevant times herein mentioned, there existed fundamental and

8    established public policies, as codified by statute, including, *inter alia*, the following

9    policies and corresponding statutes: protection of employees from discrimination,

10   harassment and retaliation based on gender and/or age, set forth in Cal. Govt. Code Sec.

11   12940, *et seq.;* prohibition of the marketing or sale of FDA-approved drugs for non-

12   approved or non-indicated uses or conditions, set forth in 21 USC Sec. 301, *et seq.* and

13   corresponding or related regulations; protection of employees from retaliation by an

14   employer for disclosing, or because the employer believes that the employee disclosed or

15   may disclose, information to a government agency if the employer has reasonable cause to

16   believe that the information discloses violation of a statute or regulation, set forth in Cal.

17   Labor Code Sec. 1102.5; protection of employees against retaliation or termination for

18   disclosing information about the employees' working conditions, set forth in Cal. Labor

19   Code Sec. 232.5; and prohibition of unfair, illegal, or fraudulent business practices, set

20   forth in Cal. Bus. & Prof. Code Sec. 17200, *et seq.*

21   36.   Defendants have violated the aforestated public policies by subjecting plaintiff

22   to adverse employment actions, including, without limitation, termination of plaintiff's

23   employment, based on one or more of the following unlawful grounds: (1) defendants

24   engaged in unlawful sexual harassment and discrimination against plaintiff; (2) plaintiff

25   reported and/or objected to sexually harassing and/or discriminatory conduct of managers

26   and agents of defendants; (3) defendants sought to deter plaintiff from, and/or retaliate

27   against plaintiff for, reporting or revealing sexually harassing and/or discriminatory

28

-8-

**FIRST AMENDED COMPLAINT**

1    conduct of managers and agents of defendants; (4) plaintiff objected to defendants'

2    unlawful "off label" sales tactics in violation of U.S. law, and plaintiff refused to follow

3    defendants' directive to engage in the same unlawful conduct; and (5) defendants believed

4    that plaintiff did or would complain to one or more government agencies regarding

5    defendants' unlawful business practices in engaging in "off label" sales of BIP products,

6    including, without limitation, the Food & Drug Administration and/or the United States

7    Attorney.

8    37.  As a direct and proximate result of defendants' wrongful termination of

9    plaintiff's employment, in violation of the public policies of the State of California,

10    plaintiff has suffered damages, including past and future lost income and benefits to which

11    she was entitled in her prior position, and damages from humiliation, embarrassment,

12    severe mental and emotional distress, and discomfort, in an amount to be determined at

13    trial, but not less than $1,000,000.

14    38.  The foregoing acts of defendants were fraudulent, malicious, intentional and

15    oppressive, and plaintiff is therefore entitled to an award of punitive damages against

16    defendants.

17
18

**FIFTH CAUSE OF ACTION**
**(Intentional Infliction of Emotional Distress)**
[Against defendant Styles]

19    39.  Plaintiff realleges and incorporates by reference, as though fully set forth, the

20    allegations contained in paragraphs 1 through 38 of the First Amended Complaint.

21    40.  At relevant times herein, defendant Styles had actual or apparent authority over

22    plaintiff, as plaintiff's direct supervisor, including the power to discipline plaintiff, the

23    power to limit or diminish her earnings, and the power to terminate her employment and

24    threaten or take away her livelihood.

25    41.  With knowledge of his coercive authority over plaintiff, defendant Styles

26    engaged in extreme and outrageous conduct against plaintiff during an inventory of her

27    pharmaceutical samples of BIP products that plaintiff kept in her secured storage unit.

28

-9-

1    During the course of that inventory, plaintiff was required to stoop low into her locker

2    within the confined space of her locker area, with her back to Styles, while she called out

3    information regarding the inventory, such as quantity numbers and expiration dates of the

4    sample products contained in the locker.  Defendant Styles then engaged in the outrageous

5    acts described in paragraph 11 of the First Amended Complaint, and did so with the

6    intention to cause severe emotional distress to plaintiff, or with reckless disregard for the

7    probability that he would cause such severe emotional distress to her.  Those acts were

8    outside the scope of any risks that were a natural incident of plaintiff's employment duties.

9        42.   The foregoing wrongful acts did in fact cause severe emotional distress to

10   plaintiff, and plaintiff has suffered damages from such distress, in an amount to be proved

11   at trial.

12       WHEREFORE, plaintiff requests a jury trial, and prays for relief as follows:

13       1.  For general damages in an amount to be proved at trial, but not less than

14   $1,000,000;

15       2.  For consequential and special damages, in an amount to be proved at trial;

16       3.  For punitive damages;

17       4.  For attorney's fees and costs of suit;

18       5.  For such other and further relief as the Court may deem just and proper.

19                                 LAW OFFICES OF MICHAEL T. WELCH

20   Dated: January 6, 2019            By:  /S/ *Michael Welch*
21                                        Michael T. Welch
                                          Attorney for Plaintiff
22                                        BRENDA PERRY

23

24

25

26

27

28
                                    -10-

**FIRST AMENDED COMPLAINT**

# Exhibit J

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Michael Welch  (SBN 122630)<br>Law Offices of Michael Welch<br>Four Embarcadero Center, 14th Floor, San Francisco, CA 94111<br>TELEPHONE NO.: 415-426-5691          FAX NO. *(Optional)*:<br>E-MAIL ADDRESS *(Optional)*:<br>ATTORNEY FOR *(Name)*: | Electronically<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON   **7/23/2019**<br>By    _/s/ Jennifer Rodriguez_<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94063
BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER: Brenda Perry

DEFENDANT/RESPONDENT:  Ashfield Healthcare, LLC; et al.

| | CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|---|
| *(Check one):* ✓ | **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 18CIV05717 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: August 8, 2019          Time: 9:00 A.M.     Dept.:          Div..          Room.:

Address of court *(if different from the address above)*:

☑  **Notice of Intent to Appear by Telephone,** by *(name)*:  Michael Welch

---

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☑  This statement is submitted by party *(name)*:  Plaintiff Brenda Perry
   b. ☐  This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.  The complaint was filed on *(date)*: 10/22/2018
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
       (1) ☐  have not been served *(specify names and explain why not)*:

       (2) ☑  have been served but have not appeared and have not been dismissed *(specify names)*:
           Ashfield Healthcare, LLC
       (3) ☐  have had a default entered against them *(specify names)*:

   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which
       they may be served)*:

4. **Description of case**
   a.  Type of case in  ☑ complaint     ☐ cross-complaint     *(Describe, including causes of action)*:
       Employment case, with causes of action for race discrimination; and failure to prevent discrimination.

**CM-110**

| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ashfield Healthcare, LLC; et al. | 18CIV05717 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff was hired by Ashfield to be a sales representative for defendant BI's diabetes treatment products, to doctors and medical providers. Plaintiff alleges she was wrongfully terminated because she refused to sell those products "off label" and objected to that practice, and because she also complained that her manager harassed her. Plaintiff alleges damages for lost compensation, emotional distress, and punitive damages.

    [ ] *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request [✓] a jury trial [ ] a nonjury trial. *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a. [ ] The trial has been set for *(date):*
b. [✓] No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
October - November  (trials set in other cases)

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a. [✓] days *(specify number):* 5 to 7 days
b. [ ] hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial [✓] by the attorney or party listed in the caption [ ] by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. E-mail address:
f. Fax number:
g. Party represented:
[ ] Additional representation is described in Attachment 8.

9. **Preference**
[ ] This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**

a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

    (1) For parties represented by counsel: Counsel [✓] has [ ] has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

    (2) For self-represented parties: Party [ ] has [ ] has not reviewed the ADR information package identified in rule 3.221.

b. **Referral to judicial arbitration or civil action mediation** (if available).

    (1) [ ] This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

    (2) [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    (3) [✓] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
Amount in controversy exceeds statutory maximum

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER:  Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Ashfield Healthcare, LLC; et al. | 18CIV05717 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

**CASE MANAGEMENT STATEMENT**

CM-110

| | | CASE NUMBER: |
|---|---|---|
| PLAINTIFF/PETITIONER: | Brenda Perry | 18CIV05717 |
| DEFENDANT/RESPONDENT: | Ashfield Healthcare, LLC; et al. | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate   will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of
   action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Document requests | 09/30/2019 |
| Plaintiff | Depositions | 02/15/2019 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are
   anticipated *(specify):*

CM-110

| PLAINTIFF/PETITIONER: | Brenda Perry | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Ashfield Healthcare, LLC; et al. | 18CIV05717 |

17. **Economic litigation**

   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*     0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:  July 21, 2019

Michael Welch
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

Case Name:        *Brenda Perry v. Ashfield Healthcare, LLC, et al.*
Court No.:         San Mateo County Superior Court Case No. 18CIV05717

    I am employed in the City & County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Four Embarcadero Center, 14th Floor, San Francisco, CA 94111.

    On July 23, 2019 I caused to be served the following document(s) on the interested parties as indicated below:

**DOCUMENT(S) SERVED:**

    Case Management Statement

**PARTY(IES) SERVED:**

    Ashley Baltazar, Esq.
    Morgan, Lewis & Bockius LLP
    One Market
    Spear Street Tower
    San Francisco, CA 94105

_____ **(By Regular Mail)** I am readily familiar with the firm's practice for collection and process of correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the ordinary course of business.

_____ **(By Federal Express)**  I personally delivered the above document(s) to the Federal Express Station to be delivered on a priority basis on the next business day to the law offices listed above.

_____ **(By Personal Service)**  I caused such document(s) to be delivered by hand to the office(s) of the addressee(s).

_____ **(By Facsimile and U.S. Mail)**  I sent a true copy of such document(s) via telephone facsimile transmission to the fax numbers listed above, and By Regular Mail as noted above.

_____ **(State)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____ **(Federal)**  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 23, 2019 at Monterey, California.

_____
Michael Welch

# Exhibit K

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| Eric Meckley (SBN 168181); Ashley Baltazar (SBN 284921)<br>Morgan Lewis & Bockius, LLP<br>One Market St., Spear Street Tower, San Francisco, CA 94105<br>TELEPHONE NO.: 415.442.1000     FAX NO. (Optional): 415.442.1001<br>E-MAIL ADDRESS (Optional): ashley.baltazar@morganlewis.com<br>ATTORNEY FOR (Name): Defendant Boehringer Ingelheim Pharmaceuticals, Inc. | **FILED**<br>**SAN MATEO COUNTY**<br>JUL 2 5 2019<br>Clerk of the Superior Court<br>By _____<br>DEPUTY CLERK |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94603
BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER: Brenda Perry

DEFENDANT/RESPONDENT: Ashfield Healthcare et al.

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| (Check one):  ☑ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | 18CIV05717 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:
Date: August 8, 2019     Time: 9:00 a.m.     Dept.: 11     Div.:     Room:
Address of court (if different from the address above):

☑ **Notice of Intent to Appear by Telephone,** by (name): Ashley A. Baltazar

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. ☑ This statement is submitted by party (name): Boehringer Ingelheim Pharmaceuticals, Inc.
   b. ☐ This statement is submitted jointly by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ The complaint was filed on (date):
   b. ☐ The cross-complaint, if any, was filed on (date):

18 – CIV – 05717
CMS
Case Management Statement
1955451

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. ☐ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served (specify names and explain why not):
      (2) ☐ have been served but have not appeared and have not been dismissed (specify names):
      (3) ☐ have had a default entered against them (specify names):
   c. ☐ The following additional parties may be added (specify names, nature of involvement in case, and date by which they may be served):

4. **Description of case**
   a. Type of case in ☑ complaint     ☐ cross-complaint     (Describe, including causes of action):
      Plaintiff alleges causes of action for (1) sexual harassment, (2) age discrimination, (3) retaliation, (4) wrongful termination in violation of public policy, and (5) intentional infliction of emotional distress

Page 1 of 5

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. July 1, 2011]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720–3.730
www.courts.ca.gov

**ORIGINAL**

 FAXED

CM-110

| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Ashfield Healthcare et al. | 18CIV05717 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
    See attachment 4(b).

☑ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request ☑ a jury trial. ☐ a nonjury trial.    *(If more than one party, provide the name of each party requesting a jury trial):*
   Plaintiff has requested a jury trial.

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
      See Attachment 6(b).
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
      December 20-30, 2019 (pre-planned travel); January 28-February 8, 2020 (Trial); February 10-18, 2020 (Arbitration); June 15-30, 2019 (pre-planned travel).

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☑ days *(specify number):* 7-10 days
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial ☑ by the attorney or party listed in the caption ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. E-mail address:
   ☐ Additional representation is described in Attachment 8.
   f. Fax number:
   g. Party represented:

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
    a. **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
       (1) For parties represented by counsel: Counsel ☑ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
       (2) For self-represented parties: Party ☐ has ☐ has not reviewed the ADR information package identified in rule 3.221.
    b. **Referral to judicial arbitration or civil action mediation** (if available).
       (1) ☐ This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
       (2) ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
       (3) ☑ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*
          CRC 3.811(b)(8): amount in controversy exceeds $50,000

CM-110

| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ashfield Healthcare et al. | 18CIV05717 |

10. c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information)*:

|  | The party or parties completing this form in the case **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)*:<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

CM-110

| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ashfield Healthcare et al. | 18CIV05717 |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Defendant anticipates filing a motion for summary judgment and/or motion for summary adjudication of issues.

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Boehringer Ingelheim Pharmaceuticals, Inc. | Plaintiff's deposition | September 2019 |
| Boehringer Ingelheim Pharmaceuticals, Inc. | Third party discovery | December 2019 |
| Boehringer Ingelheim Pharmaceuticals, Inc. | Written discovery | December 2019 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

CM-110

| | | |
|---|---|---|
| PLAINTIFF/PETITIONER: | Brenda Perry | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | Ashfield Healthcare et al. | 18CIV05717 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

Boehringer Ingelheim believes that neither Defendant Ashfield, nor Defendant Styles have been served.
Boehringer requests that the Court set an OSC re: service or dismissal of these Defendants.

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):*    2

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 24, 2019

Ashley A. Baltazar
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM- 110

Plaintiff: Brenda Perry                                           San Mateo County Superior Court
Defendant: Boehringer Ingelheim Pharmaceuticals, Inc.                    Case No. 18CIV05717

### Attachment 4(b).

Plaintiff Brenda Perry ("Plaintiff") was employed by Ashfield Healthcare, LLC ("Ashfield") beginning in April 2017 as a sales representative and was assigned to support a Boehringer Ingelheim Pharmaceuticals, Inc. ("Defendant") territory. During her employment, Plaintiff claims she was sexually harassed by Nate Styles and that Mr. Styles engaged in illegal "off label" marketing. She further alleges that she complained about Mr. Styles' behavior. In September 2017, Boehringer Ingelheim went through an internal reorganization, which resulted in Ashfield terminating Plaintiff's employment. Plaintiff now claims that she suffered sexual harassment and her termination by Ashfield constituted discrimination, retaliation, wrongful termination and intentional infliction of emotional distress. Defendant denies Plaintiff's claims and denies that it is liable to Plaintiff for any damages.

CM- 110

Plaintiff: Brenda Perry
Defendant: Boehringer Ingelheim Pharmaceuticals, Inc.

San Mateo County Superior Court
Case No. 18CIV05717

### Attachment 6(b).

This case is not at issue because two named defendants have not been served. Due to removal and remand, the case will not be ready for trial within 12 months of the date of the filing of the complaint.

1

## PROOF OF SERVICE

2      I, Adele Doyle, declare:

3      I am a citizen of the United States and employed in San Francisco County, California. I
am over the age of eighteen years and not a party to the within entitled action. My business
4      address is One Market, Spear Street Tower, San Francisco, CA 94105-1596. On July 24, 2019, I
served a copy of the within document(s):

5

## CASE MANAGEMENT STATEMENT

6

7      ☐      by transmitting via facsimile the document(s) listed above to the fax number(s) set
forth below on this date before 5:00 p.m.

8      ☒      by placing the document(s) listed above in a sealed envelope with postage thereon
fully prepaid, in the United States mail at San Francisco, California addressed as
9             set forth below.

10

11     ☐      by placing the document(s) listed above in a sealed Federal Express envelope and
affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal
12            Express agent for delivery.

13     ☐      by personally delivering the document(s) listed above to the person(s) at the
address(es) set forth below.

14

15     ☐      by transmitting via e-mail or electronic transmission the document(s) listed above
to the person(s) at the e-mail address(es) set forth below.

16     Michael T. Welch
Law Offices of Michael T. Welch
17     Four Embarcadero Center, 14th Floor
San Francisco, California 94111
18     Tel: +1.415.426.5691
Fax: +1.415.399.0445
19

20     *Attorneys for Plaintiff Brenda Perry*

21

22     I am readily familiar with the firm's practice of collection and processing correspondence
for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same
23     day with postage thereon fully prepaid in the ordinary course of business. I am aware that on
motion of the party served, service is presumed invalid if postal cancellation date or postage
24     meter date is more than one day after date of deposit for mailing in affidavit.

25     Executed on July 24, 2019, at San Francisco, California. I declare that I am employed in
the office of a member of the bar of this court at whose direction the service was made.

26

27     _____
                Adele Doyle

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO     ~~DB1/ 100790122.1~~                                       Case No. 18CIV05717

                                    PROOF OF SERVICE

# Exhibit L

Case Number: 18-CIV-05717



### SUPERIOR COURT OF SAN MATEO COUNTY

| | |
|---|---|
| 400 County Center | 1050 Mission Road |
| Redwood City, CA 94063 | South San Francisco, CA 94080 |

www.sanmateocourt.org

## Minute Order

| | |
|---|---|
| **BRENDA PERRY  vs.  ASHFIELD HEALTHCARE, LLC, a business entity, et al** | 18-CIV-05717 |
| | 08/08/2019 9:00 AM |
| | Case Management Conference |
| | **Hearing Result**:  Held |

**Judicial Officer**: <u>Fineman, Nancy L.</u>          **Location**: <u>Courtroom 8B</u>

**Courtroom Clerk**: <u>Cheryl Lyssand</u>          **Courtroom Reporter**:

**Parties Present**

**Exhibits**

**Minutes**

*Journals*

  - Attorney Michael T. Welch appeared on behalf of the plaintiff.

Attorney Ashley Adrianne Baltazar appeared on behalf of defendant Boehringer-Ingelheim Pharmaceutical.

The Court notes defendants Ashfield Healthcare, LLC and Nate Styles have not been served.

The CMC is continued to October 9, 2019, at 9:00 a.m.in Dept. 11.

Plaintiff to give notice.

All parties to file updated CMC statements.

  - 9 -

*Case Events*

**Others**

*Comments:*

**Future Hearings and Vacated Hearings**

October 09, 2019 9:00 AM Case Management Conference

Case Management Conferences, -

# Exhibit M

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY: | Electronically **FILED** by Superior Court of California, County of San Mateo |
|---|---|
| Michael Welch, Esq.  (122630)<br>Law Offices of Michael Welch<br>4 Embarcadero Center, 39th Floor<br>San Francisco, CA 94111<br><br>  TELEPHONE NO.: (415) 235-3839<br>  EMAIL ADDRESS: mwelchlaw@gmail.com<br>  ATTORNEY FOR: Plaintiff | ON   **8/26/2019**<br>By   _/s/ Candi Latini_<br>Deputy Clerk |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN MATEO**
  STREET ADDRESS: 400 County Center
  MAILING ADDRESS:
  CITY AND ZIP CODE: Redwood City, 94063
  BRANCH NAME: Redwwod City Branch

| PLAINTIFF: Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT: Ashfield Healthcare, LLC, et al. | 18CIV05717 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.: |
|---|---|

1.  At the time of service I was at least 18 years of age and not a party to this action.

2.  I served copies of:
    f.  other (specifiy documents):
    Summons; First Amended Complaint

3.  a.  Party served:
        Ashfield Healthcare, LLC

    b.  Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made):
        Leigh Johnson c/o Capitol Corporate Services, Inc. / Agent for service

4.  Address where the party was served:
    455 Capitol Mall, #217, Sacramento, CA 95814

5.  I served the party
    a.  **by personal service.**  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party on 6/17/2019 at 1:49 pm

6.  The "Notice to the Person Served" (on the summons) was completed as follows:
    d.  On behalf of: Ashfield Healthcare, LLC
        under the following Code of Civil Procedure section:
            416.40 (association or partnership)

7.  **Person who served papers**
    a.  Name: Perdea Rich
        Firm: Serves R Us
    b.  Address: 915 L Street # C123, Sacramento, CA 95814
    c.  Telephone number: (916) 691-4109
    d.  **The fee** for the service was: $135.00
    e.  I am:
        (3)  a registered California process server:
            (i)  independent contractor
            (ii)  Registration No.: 2010-103
            (iii)  County: Sacramento County

**Page 1 of 2**

**PROOF OF SERVICE OF SUMMONS**

Job Number SRU-2019001192

| PLAINTIFF: Brenda Perry | CASE NUMBER: |
| DEFENDANT: Ashfield Healthcare, LLC, et al. | 18CIV05717 |

8.   **I declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date:   6/17/2019

| | |
|---|---|
| Perdea Rich |  |
| (NAME OF PERSON WHO SERVED PAPERS) | (SIGNATURE) |

**Page 2 of 2**

# Exhibit N

1  MORGAN, LEWIS & BOCKIUS LLP
   Eric Meckley, Bar No. 168181
2  Ashley A. Baltazar, Bar No. 284921
   One Market
3  Spear Street Tower
   San Francisco, CA  94105-1596
4  Tel:   +1.415.442.1000
   Fax:   +1.415.442.1001
5  eric.meckley@morganlewis.com
   ashley.baltazar@morganlewis.com
6

7  Attorneys for Defendant
   BOEHRINGER INGELHEIM
8  PHARMACEUTICALS, INC. (erroneously sued as
   "BOEHRINGER-INGELHEIM
9  PHARMACEUTICAL")

10

11              SUPERIOR COURT OF THE STATE OF CALIFORNIA

12          COUNTY OF SAN MATEO – UNLIMITED CIVIL JURISDICTION

13

14  BRENDA PERRY, an individual,              Case No. 18CIV05717

15              Plaintiff,                    STIPULATION AND [PROPOSED]
                                              PROTECTIVE ORDER REGARDING
16       vs.                                  CONFIDENTIAL INFORMATION
                                              (Single Level of Confidentiality)
17  ASHFIELD HEALTHCARE, LLC, a business
    entity; BOEHRINGER-INGELHEIM
18  PHARMACEUTICAL, a business entity;
    NATE STYLES, an individual; and DOES 1-
19  25, inclusive,

20              Defendants.

21

22       In order to protect confidential information obtained by the Parties in connection with this

23  case, the Parties, by and through their respective undersigned counsel and subject to the approval

24  of the Court, hereby stipulate and agree as follows:

25              **Part One: Use Of Confidential Materials In Discovery**

26       1.      Any party or non-party may designate as "Confidential Information" (by stamping

27  the relevant page or as otherwise set forth herein) any document or response to discovery that the

28  party or non-party considers in good faith to contain information involving trade secrets, or



MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18CIV05717

**FILED**
**SAN MATEO COUNTY**

AUG 2 7 2019

Clerk of the Superior Court

By _____
DEPUTY CLERK

FAXED

COPY

1    confidential business or financial information, including personal financial information about any

2    party to this lawsuit, or employee of any party to this lawsuit, information regarding any

3    individual's banking relationship with any banking institution, including information regarding

4    the individual's financial transactions or financial accounts, and any personal information

5    regarding any party (including but not limited to medical information and records) not otherwise

6    available to the public, subject to protection under Rules 2.550, 2.551, 2.580, 2.585, 8.160, and

7    8.490 of the California Rules of Court or under other provisions of California law. Where a

8    document or response consists of more than one page, the first page and each page on which

9    confidential information appears shall be so designated.

10          2.      A party or non-party may designate information disclosed during a deposition or in

11   response to written discovery as "Confidential" by so indicating in said responses or on the record

12   at the deposition and requesting the preparation of a separate transcript of such material. In

13   addition, a party or non-party may designate in writing, within thirty (30) days after receipt of

14   said responses or of the deposition transcript for which the designation is proposed, that specific

15   pages of the transcript and/or specific responses be treated as "Confidential Information." Any

16   other party may object to such proposal, in writing or on the record. Upon such objection, the

17   Parties shall follow the procedures described in Paragraph 8 below. After any designation made

18   according to the procedure set forth in this paragraph, the designated documents or information

19   shall be treated according to the designation until the matter is resolved according to the

20   procedures described in Paragraph 8 below, and counsel for all Parties shall be responsible for

21   marking all previously unmarked copies of the designated material in their possession or control

22   with the specified designation. A party that makes original documents or materials available for

23   inspection need not designate them as Confidential Information until after the inspecting party has

24   indicated the specific materials it would like copied and produced. During the inspection and

25   before the designation and copying, all of the material made available for inspection shall be

26   considered Confidential Information.

27          3.      All Confidential Information produced or exchanged in the course of this case

28   shall be used by the party or parties to whom the information is produced solely for the purpose

MORGAN, LEWIS &
BOCKIUS LLP.
ATTORNEYS AT LAW
SAN FRANCISCO

- 2 -                                                          18CIV05717

DB1/ 103757967.1          STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

1   of this case. Confidential Information shall not be used for any commercial competitive, personal,

2   or other purpose.

3       4.    Except with the prior written consent of the other Parties, or upon prior order of

4   this Court obtained upon notice to opposing counsel, Confidential Information shall not be

5   disclosed to any person other than:

6       (a)    counsel for the respective Parties to this litigation, including in-house

7   counsel and co-counsel retained for this litigation;

8       (b)    employees of such counsel;

9       (c)    individual directors, officers or employees of a party, to the extent deemed

10  necessary by counsel for the prosecution or defense of this litigation;

11      (d)    consultants or expert witnesses retained for the prosecution or defense of

12  this litigation, provided that each such person shall execute a copy of the Certification annexed to

13  this Order (which shall be retained by counsel to the party so disclosing the Confidential

14  Information and made available for inspection by opposing counsel during the pendency or after

15  the termination of the action only upon good cause shown and upon order of the Court) before

16  being shown or given any Confidential Information, and provided that if the party chooses a

17  consultant or expert employed by the defendant or one of its competitors, the party shall notify

18  the opposing party, or designating non-party, before disclosing any Confidential Information to

19  that individual and shall give the opposing party an opportunity to move for a protective order

20  preventing or limiting such disclosure;

21      (e)    any identified authors or recipients of the Confidential Information;

22      (f)    the Court, court personnel, and court reporters; and

23      (g)    witnesses (other than persons described in Paragraph 4(e)). A witness shall

24  sign the Certification before being shown a confidential document. Confidential Information may

25  be disclosed to a witness who will not sign the Certification only in a deposition at which the

26  party who designated the Confidential Information is represented or has been given notice that

27  Confidential Information produced by the party may be used. At the request of any party, the

28  portion of the deposition transcript involving the Confidential Information shall be designated

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 103757967.1        - 3 -        18CIV05717

STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

"Confidential" pursuant to Paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies of the Confidential Information.

5.      Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed. If a party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

6.      In connection with discovery proceedings as to which a party submits Confidential Information, all documents and chamber copies containing Confidential Information that are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers, pursuant to then applicable California Rules of Court and local rules. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> "This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties."

If another court or administrative agency subpoenas or orders production of Confidential Information, such party shall promptly notify counsel for the party who produced the material of the pendency of such subpoena or order and shall furnish counsel with a copy of said subpoena or order.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18CIV05717

7.     A party may designate as "Confidential Information" documents or discovery materials produced by a non-party by providing written notice to all Parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential Information, although a document may lose its confidential status if it is made public. If a party produces materials designated Confidential Information in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

8.     If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have thirty (30) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order from the Court will have the burden of establishing that the material is entitled to protection.

9.     Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)     the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

(b)     the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c)     the Court rules that the material is not Confidential Information.

10.     All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 103757967.1          STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

- 5 -                    18CIV05717

1   transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of

2   this action to counsel for the party or non-party who provided such information, or (b) destroy

3   such documents within the time period upon consent of the party who provided the information

4   and certify in writing within thirty (30) days that the documents have been destroyed.

5        11.     Nothing herein shall be deemed to waive any applicable privilege or work product

6   protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material

7   protected by privilege or work product protection. Any witness or other person, firm or entity

8   from which discovery is sought may be informed of and may obtain the protection of this Order

9   by written advice to the parties' respective counsel or by oral advice at the time of any deposition

10   or similar proceeding.

11                **Part Two: Use of Confidential Materials in Court**

12        The following provisions govern the treatment of Confidential Information used at trial or

13   submitted as a basis for adjudication of matters other than discovery motions or proceedings.

14   These provisions are subject to Rules 2.550, 2.551, 2.580, 2.585, 8.160, and 8.490 of the

15   California Rules of Court and the Court's local rules must be construed in light of those sets of

16   rules.

17        12.     A party that files with the Court, or seeks to use at trial, materials designated as

18   Confidential Information, and who seeks to have the record containing such information sealed,

19   shall submit to the Court a motion or an application to seal, pursuant to California Rule of Court

20   2.551.

21        13.     A party that files with the Court, or seeks to use at trial, materials designated as

22   Confidential Information by anyone other than itself, and who does not seek to have the record

23   containing such information sealed, shall comply with either of the following requirements:

24            (a)     At least ten (10) business days prior to the filing or use of the Confidential

25   Information, the submitting party shall give notice to all other parties, and to any non-party that

26   designated the materials as Confidential Information pursuant to this Order, of the submitting

27   party's intention to file or use the Confidential Information, including specific identification of

28   the Confidential Information. Any affected party or non-party may then file a motion to seal,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 6 -

18CIV05717

1  pursuant to California Rule of Court 2.551(b); or

2         (b)    At the time of filing or desiring to use the Confidential Information, the

3  submitting party shall submit the materials pursuant to the lodging-underseal provision of

4  California Rule of Court 2.551(d). Any affected party or non-party may then file a motion to seal,

5  pursuant to the California Rule of Court 2.551(b), within ten (10) business days after such

6  lodging. Documents lodged pursuant to California Rule of Court 2.551(d) shall bear a legend

7  stating that such materials shall be unsealed upon expiration of ten (10) business days, absent the

8  filing of a motion to seal pursuant to Rule 2.551(b) or Court order.

9         14.    In connection with a request to have materials sealed pursuant to Paragraph 12 or

10  Paragraph 13, the requesting party's declaration pursuant to California Rule of Court 2.551(b)(1)

11  shall contain sufficient particularity with respect to the particular Confidential Information and

12  the basis for sealing to enable the Court to make the findings required by California Rule of Court

13  2.550(d).

14         IT IS SO STIPULATED.

15                                          MORGAN, LEWIS & BOCKIUS, LLP

16

17  Dated: __August 19, 2019__          By: _____

18                                          Eric Meckley
                                            Ashley Baltazar
19                                          Attorneys for Defendant
                                            BOEHRINGER INGELHEIM
20                                          PHARMACEUTICALS, INC.

21                                          THE LAW OFFICE OF MICHAEL T.
                                            WELCH
22

23  Dated: __June 27, 2019__            By: _____

24                                          Michael T. Welch
25                                          Attorney for Plaintiff
                                            BRENDA PERRY

26

27

28

1

2 IT IS SO ORDERED.

3

4 Dated: _AUG 2 2 2019_____.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**ORDER**

JUDGE OF THE SUPERIOR COURT

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

18CIV05717

DB1/ 103757967.1 STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Regarding Confidential Information filed on _____, 20___, in San Mateo County Superior Court Case No. 18CIV05717 ("Order"). I have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the San Mateo County Superior Court for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of, 20___, at _____.

By: _____

Address: _____

_____

_____

Phone: _____

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

18CIV05717

DB1/ 103757967.1     STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

# PROOF OF SERVICE

I, Robin Onaka, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105-1596. On August 19, 2019, I served a copy of the within document(s):

**STIPULATION AND [PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION (Single Level of Confidentiality)**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Michael T. Welch                              *Attorneys for Plaintiff Brenda Perry*
Law Offices of Michael T. Welch
Four Embarcadero Center, 14th Floor
San Francisco, California 94111
Tel: +1.415.426.5691
Fax: +1.415.399.0445

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on August 19, 2019, at San Francisco, California. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Robin Onaka_
Robin Onaka

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 18CIV05717

# Exhibit O

**CM-110**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Eric Meckley (SBN 168181); Ashley Baltazar (SBN 284921)<br>Morgan Lewis & Bockius, LLP<br>One Market St., Spear Street Tower, San Francisco, CA 94105<br>TELEPHONE NO.: 415.442.1000   FAX NO. *(Optional):* 415.442.1001<br>E-MAIL ADDRESS *(Optional):* ashley.baltazar@morganlewis.com<br>ATTORNEY FOR *(Name):* Defendant Boehringer Ingelheim Pharmaceuticals, Inc. | **Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON   **SEP 2 5 2019**<br>By   **/s/ Wai Shan Lee**<br>**Deputy Clerk** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Mateo
STREET ADDRESS: 400 County Center
MAILING ADDRESS:
CITY AND ZIP CODE: Redwood City, CA 94603
BRANCH NAME: Southern Branch

PLAINTIFF/PETITIONER: Brenda Perry

DEFENDANT/RESPONDENT: Ashfield Healthcare et al.

| CASE MANAGEMENT STATEMENT<br>**(Check one):** ☑ **UNLIMITED CASE**<br>(Amount demanded exceeds $25,000) | ☐ **LIMITED CASE**<br>(Amount demanded is $25,000 or less) | CASE NUMBER:<br>18CIV05717 |
|---|---|---|

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: October 9, 2019   Time: 9:00 a.m.   Dept.: 11   Div.:   Room:

Address of court *(if different from the address above):*

☐   Notice of Intent to Appear by Telephone,  by *(name):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑   This statement is submitted by party *(name):*  Boehringer Ingelheim Pharmaceuticals, Inc.
   b. ☐   This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date):*
   b. ☐   The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐   The following parties named in the complaint or cross-complaint
       (1) ☐   have not been served *(specify names and explain why not):*
       (2) ☐   have been served but have not appeared and have not been dismissed *(specify names):*
       (3) ☐   have had a default entered against them *(specify names):*
   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a.   Type of case in ☑ complaint   ☐ cross-complaint   *(Describe, including causes of action):*
       Plaintiff alleges causes of action for (1) sexual harassment, (2) age discrimination, (3) retaliation, (4) wrongful termination in violation of public policy, and (5) intentional infliction of emotional distress

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ashfield Healthcare et al. | 18CIV05717 |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
  See attachment 4(b).

  ☑  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
  The party or parties request  ☑  a jury trial  ☐  a nonjury trial.     *(If more than one party, provide the name of each party requesting a jury trial)*:
  Plaintiff has requested a jury trial.

6.  **Trial date**
  a.  ☐  The trial has been set for *(date)*:
  b.  ☑  No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*:
    See Attachment 6(b).
  c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:
    December 20-30, 2019 (pre-planned travel); January 20, 2020 - February 10, 2020 (Trial); February 10-18, 2020 (Arbitration); June 1-30, 2019 (Trial).

7.  **Estimated length of trial**
  The party or parties estimate that the trial will take *(check one)*:
  a.  ☑  days *(specify number)*: 7-10 days
  b.  ☐  hours (short causes) *(specify)*:

8.  **Trial representation** *(to be answered for each party)*
  The party or parties will be represented at trial  ☑  by the attorney or party listed in the caption  ☐  by the following:
  a.  Attorney:
  b.  Firm:
  c.  Address:
  d.  Telephone number:
  e.  E-mail address:
  ☐  Additional representation is described in Attachment 8.
  f.  Fax number:
  g.  Party represented:

9.  **Preference**
  ☐  This case is entitled to preference *(specify code section)*:

10.  **Alternative dispute resolution (ADR)**
  a.  **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.
    (1)  For parties represented by counsel: Counsel  ☑  has  ☐  has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.
    (2)  For self-represented parties: Party  ☐  has  ☐  has not  reviewed the ADR information package identified in rule 3.221.
  b.  **Referral to judicial arbitration or civil action mediation** *(if available)*.
    (1)  ☐  This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.
    (2)  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    (3)  ☑  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption)*:
      CRC 3.811(b)(8): amount in controversy exceeds $50,000

**CASE MANAGEMENT STATEMENT**

CM-110

| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ashfield Healthcare et al. | 18CIV05717 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing to** participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER:   Brenda Perry | CASE NUMBER: | |
| DEFENDANT/RESPONDENT:   Ashfield Healthcare et al. | 18CIV05717 | |

**11. Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐ Bankruptcy ☐ Other *(specify):*
Status:

**13. Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 13a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**14. Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☑ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
   Defendant anticipates filing a motion for summary judgment and/or motion for summary adjudication of issues.

**16. Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Boehringer Ingelheim Pharmaceuticals, Inc. | Plaintiff's deposition | November 2019 |
| Boehringer Ingelheim Pharmaceuticals, Inc. | Third party discovery | December 2019 |
| Boehringer Ingelheim Pharmaceuticals, Inc. | Written discovery | December 2019 |

   c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: | |
| DEFENDANT/RESPONDENT: Ashfield Healthcare et al. | 18CIV05717 | |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other Issues**

☑ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

Boehringer Ingelheim believes that Defendant Nate Styles has not been served. Given the length of time that has passed since the filing of the original complaint, Defendant Boehringer Ingelheim requests that the Court set an OSC re: service or dismissal of this Defendant.

**19. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* ___2___

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 24, 2019

Eric Meckley
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

Plaintiff: Brenda Perry
Defendant: Boehringer Ingelheim Pharmaceuticals, Inc.

CM- 110
San Mateo County Superior Court
Case No. 18CIV05717

### Attachment 4(b).

Plaintiff Brenda Perry ("Plaintiff") was employed by Ashfield Healthcare, LLC ("Ashfield") beginning in April 2017 as a sales representative and was assigned to support a Boehringer Ingelheim Pharmaceuticals, Inc. ("Defendant") territory.  During her employment, Plaintiff claims she was sexually harassed by Nate Styles and that Mr. Styles engaged in illegal "off label" marketing.  She further alleges that she complained about Mr. Styles' behavior.  In September 2017, Boehringer Ingelheim went through an internal reorganization, which resulted in Ashfield terminating Plaintiff's employment.  Plaintiff now claims that she suffered sexual harassment and her termination by Ashfield constituted discrimination, retaliation, wrongful termination and intentional infliction of emotional distress.  Defendant denies Plaintiff's claims and denies that it is liable to Plaintiff for any damages.

Plaintiff: Brenda Perry
Defendant: Boehringer Ingelheim Pharmaceuticals, Inc.

CM- 110
San Mateo County Superior Court
Case No. 18CIV05717

### Attachment 6(b).

This case is not at issue because one named defendant has not been served. Due to removal and remand, the case will not be ready for trial within 12 months of the date of the filing of the complaint.

**PROOF OF SERVICE**

I, Adele Doyle, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105-1596. On September 24, 2019, I served a copy of the within document(s):

**CASE MANAGEMENT STATEMENT**

☐   by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒   by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐   by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐   by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐   by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Michael T. Welch
Law Offices of Michael T. Welch
Four Embarcadero Center, 14th Floor
San Francisco, California 94111
Tel: +1.415.426.5691
Fax: +1.415.399.0445

*Attorneys for Plaintiff Brenda Perry*

Rebecca Benhuri
Littler
333 Bush Street, 34th Floor
San Francisco, CA 94104
Tel: +1.415.276.8837

*Attorneys for Defendant Ashfield Healthcare, LLC*

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on September 24, 2019, at San Francisco, California. I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_Adele Doyle_
Adele Doyle

DB1/ 100790122.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 18CIV05717

PROOF OF SERVICE

# Exhibit P

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael Welch (SBN 122630)<br><br>Law Offices of Michael Welch<br><br>Four Embarcadero Center, 14th Floor, San Francisco, CA 94111<br><br>TELEPHONE NO.: 415-426-5691　　FAX NO. *(Optional):*<br><br>E-MAIL ADDRESS *(Optional):*<br><br>ATTORNEY FOR *(Name):* | **Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON　　9/26/2019<br>By　 **/s/ Jacqueline Giuliacci**<br>　　　　　**Deputy Clerk** |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO |
|---|
| STREET ADDRESS:  400 County Center |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:  Redwood City, CA 94063 |
| BRANCH NAME:  Southern Branch |

| PLAINTIFF/PETITIONER: Brenda Perry |
|---|
| DEFENDANT/RESPONDENT:  Ashfield Healthcare, LLC; et al. |

| **CASE MANAGEMENT STATEMENT** | CASE NUMBER: |
|---|---|
| *(Check one):*　☑ **UNLIMITED CASE**　　☐ **LIMITED CASE**<br>　　　　　　　(Amount demanded　　　　(Amount demanded is $25,000<br>　　　　　　　exceeds $25,000)　　　　or less) | 18CIV05717 |

| A **CASE MANAGEMENT CONFERENCE** is scheduled as follows: |
|---|
| Date: October 9, 2019　　　　Time: 9:00 A.M.　　Dept.: 11　　　　Div.:　　　　　　Room: |
| Address of court *(if different from the address above):* |
| ☑ **Notice of Intent to Appear by Telephone,** by *(name):*  Michael Welch |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☑ This statement is submitted by party *(name):*  Plaintiff Brenda Perry
   b. ☐ This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date):* 10/22/2018
   b. ☐ The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☑ All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not):*

      (2) ☑ have been served but have not appeared and have not been dismissed *(specify names):*
         Ashfield Healthcare, LLC
      (3) ☐ have had a default entered against them *(specify names):*

   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
   a. Type of case in ☑ complaint　　☐ cross-complaint　　*(Describe, including causes of action):*
      Employment case, with causes of action for race discrimination; and failure to prevent discrimination.

Page 1 of 5

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>www.courts.ca.gov |
|---|---|---|

CM-110

| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ashfield Healthcare, LLC; et al. | 18CIV05717 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

Plaintiff was hired by Ashfield to be a sales representative for defendant BI's diabetes treatment products, to doctors and medical providers. Plaintiff alleges she was wrongfully terminated because she refused to sell those products "off label" and objected to that practice, and because she also complained that her manager harassed her. Plaintiff alleges damages for lost compensation, emotional distress, and punitive damages.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
a.   ☐ The trial has been set for *(date):*
b.   ☑ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
January - February, 2019 (Trial and an arbitration scheduled in other cases)

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑ days *(specify number):* 5 to 7 days
b.   ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                         f.   Fax number:
e.   E-mail address:                                            g.   Party represented:
☐   Additional representation is described in Attachment 8.

9. **Preference**
☐   This case is entitled to preference *(specify code section):*

10. **Alternative dispute resolution (ADR)**
a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1) For parties represented by counsel: Counsel ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2) For self-represented parties: Party ☐ has   ☐ has not   reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1) ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2) ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3) ☑   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*

Amount in controversy exceeds statutory maximum

**CASE MANAGEMENT STATEMENT**

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: |
| DEFENDANT/RESPONDENT: Ashfield Healthcare, LLC; et al. | 18CIV05717 |

10. c. Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or have already participated in *(check all that apply and provide the specified information):*

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply):* | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation):* |
|---|---|---|
| (1) Mediation | ☑ | ☑ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date):*<br>☐ Agreed to complete mediation by *(date):*<br>☐ Mediation completed on *(date):* |
| (2) Settlement conference | ☑ | ☑ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date):*<br>☐ Agreed to complete settlement conference by *(date):*<br>☐ Settlement conference completed on *(date):* |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date):*<br>☐ Agreed to complete neutral evaluation by *(date):*<br>☐ Neutral evaluation completed on *(date):* |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date):*<br>☐ Agreed to complete judicial arbitration by *(date):*<br>☐ Judicial arbitration completed on *(date):* |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date):*<br>☐ Agreed to complete private arbitration by *(date):*<br>☐ Private arbitration completed on *(date):* |
| (6) Other *(specify):* | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date):*<br>☐ Agreed to complete ADR session by *(date):*<br>☐ ADR completed on *(date):* |

**CASE MANAGEMENT STATEMENT**

| | | CM-110 |
|---|---|---|
| PLAINTIFF/PETITIONER: | Brenda Perry | CASE NUMBER: |
| DEFENDANT/RESPONDENT: | Ashfield Healthcare, LLC; et al. | 18CIV05717 |

11. **Insurance**

a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

b. Reservation of rights: ☐ Yes ☐ No

c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

12. **Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.

☐ Bankruptcy ☐ Other *(specify):*

Status:

13. **Related cases, consolidation, and coordination**

a. ☐ There are companion, underlying, or related cases.

    (1) Name of case:

    (2) Name of court:

    (3) Case number:

    (4) Status:

☐ Additional cases are described in Attachment 13a.

b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

14. **Bifurcation**

☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

15. **Other motions**

☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

16. **Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Document requests | 11/30/2019 |
| Plaintiff | Depositions | 03/15/2019 |

c. ☐ The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

**CASE MANAGEMENT STATEMENT**

**CM-110**

| PLAINTIFF/PETITIONER: | Brenda Perry | CASE NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: | Ashfield Healthcare, LLC; et al. | 18CIV05717 |

17. **Economic litigation**

   a. ☐   This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90-98 will apply to this case.

   b. ☐   This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

18. **Other issues**

   ☐   The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

19. **Meet and confer**

   a. ☑   The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

   b.   After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

20. Total number of pages attached *(if any):*    0

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: September 25, 2019

Michael Welch

_____
(TYPE OR PRINT NAME)

   ▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

   ▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

    **CASE MANAGEMENT STATEMENT**    

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

Case Name:     *Brenda Perry v. Ashfield Healthcare, LLC, et al.*
Court No.:      San Mateo County Superior Court Case No. 18CIV05717

I am employed in the City & County of San Francisco, State of California. I am over the age of 18 and not a party to the within action. My business address is Four Embarcadero Center, 14th Floor, San Francisco, CA 94111.

On September 25, 2019 I caused to be served the following document(s) on the interested parties as indicated below:

**DOCUMENT(S) SERVED:**

Case Management Conference Statement

**PARTY(IES) SERVED:**

Ashley Baltazar, Esq.
Morgan, Lewis & Bockius LLP
One Market
Spear Street Tower
San Francisco, CA 94105

✓ **(By Regular Mail)** I am readily familiar with the firm's practice for collection and process of correspondence for mailing. Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the ordinary course of business.

___ **(By Federal Express)** I personally delivered the above document(s) to the Federal Express Station to be delivered on a priority basis on the next business day to the law offices listed above.

___ **(By Personal Service)** I caused such document(s) to be delivered by hand to the office(s) of the addressee(s).

___ **(By Facsimile and U.S. Mail)** I sent a true copy of such document(s) via telephone facsimile transmission to the fax numbers listed above, and By Regular Mail as noted above.

✓ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

___ **(Federal)** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on September 25, 2019 at Monterey, California.

_____
Michael Welch

# Exhibit Q

1   REBECCA BENHURI, Bar No. 209443
2   LITTLER MENDELSON, P.C.
    333 Bush Street
3   34th Floor
    San Francisco, CA  94104
4   Telephone:   415.433.1940
    Fax No.:   415.399.8490
5
    Attorneys for Defendant
6   ASHFIELD HEALTHCARE, LLC

7

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON        9/27/2019
By      /s/ Anthony Berini
              Deputy Clerk

8               SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                          COUNTY OF SAN MATEO

10  BRENDA PERRY, an individual;          Case No.  18CIV05717

11                Plaintiff,               **DEFENDANT ASHFIELD HEALTHCARE,
                                           LLC'S ANSWER TO FIRST AMENDED
12       v.                                COMPLAINT**

13  ASHFIELD HEALTHCARE, LLC, a            Complaint Filed: October 22, 2018
14  business entity; BOEHRINGER-           Trial Date: None set
    INGELHEIM PHARMACEUTICAL, a
15  business entity; NATE STYLES, an
    individual; and DOES 1-25, inclusive,
16
17                Defendants.
18

19
20       Defendant  ASHFIELD  HEALTHCARE,  LLC  ("Defendant")  answers  Plaintiff  BRENDA

21  PERRY'S ("Plaintiff") First Amended Complaint pursuant to section 431.30(b) of the California

22  Code of Civil Procedure as follows:

23

24                                  **GENERAL DENIAL**

25       Defendant  denies,  generally  and  specifically,  singularly  and  collectively,  each  and  every

26  allegation contained in Plaintiff's unverified First Amended Complaint, and deny that Plaintiff is

27  entitle to any relief whatsoever.

28

LITTLER MENDELSON, P.C.
    333 Bush Street
        34th Floor
San Francisco, CA  94104
     415.433.1940

                                    1
ANSWER TO FIRST AMENDED COMPLAINT

## AFFIRMATIVE DEFENSES

Without waiving or excusing Plaintiff's burden of proof, or admitting that Defendant has any burden of proof, as separate and distinct affirmative defenses to Plaintiff's First Amended Complaint, Defendant alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the First Amended Complaint, and each and every claim alleged therein, fails to state facts sufficient to constitute a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the applicable statute(s) of limitations set forth in California Code of Civil Procedure §§ 335.1, 338, and 340.

## THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims are barred, in whole or in part, by the doctrine of waiver, the doctrine of estoppel, the doctrine of laches, the doctrine of accord and satisfaction, and/or the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff has failed to exercise reasonable care to mitigate her damages, if any, and that if it is determined that she has a right to any recovery against Defendant, such recovery should be reduced and/or eliminated by such failure.

## FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant is informed and believes that the first, second and third causes of action are barred and/or mitigated because Plaintiff failed to exhaust her administrative remedies.

## SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the first, second and third causes of action are barred in whole or in part to the extent that they exceed the scope of the

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco, CA 94104
415 433 1940

charges made by Plaintiff before the California Department of Fair Employment and Housing.

## SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff's claims may be foreclosed and her damages may be limited by the after-acquired evidence doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff is able to show that any retaliation or discrimination occurred (which Defendant denies), Defendant reserves the right to assert a mixed-motive defense.

## NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that the claims of Plaintiff are barred and/or mitigated by the doctrine of avoidable consequences established by *State Dept. of Health Services v. Superior Court (McGinnis)*, 31 Cal. 4th 1026 (2003). Defendant took reasonable steps to prevent and correct workplace discrimination and retaliation, Plaintiff unreasonably failed to use the preventative and corrective opportunities provided to employees by Defendant, and reasonable use of Defendant's procedures would have prevented at least some of the harm that the Plaintiff allegedly suffered.

## TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that, to the extent multiple penalties are sought for the same alleged violations, such claims are barred by the prohibition on double recovery and would constitute unjust enrichment.

## ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges if Plaintiff has suffered any injury, harm or loss or been damaged in any way, such injury, harm, loss, or damage was caused and contributed to by acts and/or omissions of Plaintiff and/or third-parties other than this answering Defendant; Plaintiff's recovery from Defendant, if any, should therefore be abated, reduced or eliminated in proportion to the percentage of the negligence or fault of Plaintiff and/or responsible third-parties, whose acts and/or omissions caused or contributed to Plaintiff's injury, harm, loss or damages.

## TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that if Plaintiff has suffered any emotional distress as alleged in her First Amended Complaint, such emotional distress was proximately caused by factors other than Plaintiff's employment, the actions of Defendant and/or anyone acting on Defendant's behalf.

## THIRTEENTH AFFIRMATIVE DEFENSE

Defendant alleges that if Plaintiff is judged to be entitled to any recovery based on her First Amended Complaint, Defendant is entitled to a set-off for any recovery received in another forum or venue, including but not limited to state disability payments to Plaintiff for related claims, federal Social Security benefits paid to Plaintiff for related reasons, and any state unemployment compensation paid to Plaintiff for related reasons.

## FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that a reasonable opportunity for investigation and discovery will reveal that the First Amended Complaint and each purported cause of action therein, or some of them, are barred by breach of duties owed to Defendant by Plaintiff under California Labor Code section 2853, 2854, 2856, 2857, and 2859, and/or the refusal or failure by Plaintiff to meet Defendant's reasonable expectations and the job performance requirements.

## FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendant alleges that Plaintiff is not entitled to recover punitive damages because the imposition of such damages violates the United States and California Constitutions, in that: (1) such damages are so punitive in purpose and effect as to constitute a criminal penalty, entitling Defendant to rights to be given to defendants in criminal proceedings under the United States and California Constitutions; (2) such damages constitute an impermissible restriction on speech and a violation of the First Amendment of the United States Constitution; (3) the imposition of such damages would violate Defendant's rights to due process and/or equal protection under the law under the United States and California Constitutions; and/or (4) the California punitive damages statute is unconstitutional in that it imposes an undue burden on

LITTLER MENDELSON, P.C.
333 Bush Street
34th Floor
San Francisco CA 94104
415 433 1940

1    interstate commerce.

2                              **SIXTEENTH AFFIRMATIVE DEFENSE**

3           As a separate and distinct affirmative defense, Defendant alleges that without admitting to

4    any of the acts, conduct or statements attributed to it by Plaintiff's First Amended Complaint,

5    Plaintiff's claims for punitive damages are barred because the acts, conduct or statements contained

6    in Plaintiff's First Amended Complaint were not taken with the advance knowledge, conscious

7    disregard, authorization, ratification or act of oppression, fraud or malice on the part of an officer,

8    director or managing agent of the corporation.

9                                    **ADDITIONAL DEFENSES**

10          Because Plaintiff's First Amended Complaint is couched in conclusory and vague terms,

11   Defendant cannot fully anticipate all of the affirmative defenses that may be applicable to this case.

12   Accordingly, Defendant respectfully reserves the right to amend this Answer to add other applicable

13   defenses revealed during any later proceedings in this case.

14          **WHEREFORE**, Defendant prays for judgment as follows:

15          1.      That Plaintiff take nothing by her First Amended Complaint;

16          2.      That the First Amended Complaint be dismissed in its entirety with prejudice;

17          3.      That Plaintiff be denied each and every demand and prayer for relief contained in the

18   First Amended Complaint;

19          4.      For costs of suit incurred herein, including reasonable attorneys' fees; and

20          5.      For such other and further relief as the Court deems just and equitable.

21
     Dated:  September 27, 2019
22

23

24
                                                    REBECCA BENHURI
25                                                  LITTLER MENDELSON, P.C.

26                                                  Attorneys for Defendant ASHFIELD
                                                    HEALTHCARE, LLC
27

28

1

## PROOF OF SERVICE BY MAIL

2   I, Jacquelin Ierien, hereby declare and state:

3   I am over the age of eighteen years, employed by Littler Mendelson in the County of Clark,

4   Nevada, and not a party to the within-entitled action.  My business address is 3960 Howard Hughes

5   Parkway, Suite 300, Las Vegas, Nevada  89169.

6   On September 27, 2019, I served the following:

7   **DEFENDANT ASHFIELD HEALTHCARE LLC'S ANSWER TO FIRST AMENDED**

8   **COMPLAINT**

9   on the following in said cause by placing a true copy thereof enclosed in a sealed envelope

10   with postage thereon fully prepaid in the United States Postal Services mail at Las Vegas, Nevada,

11   addressed as follows:

12
    Michael T. Welch                     Ashley A. Baltazar
13   LAW OFFICES OF MICHAEL T.            MORGAN, LEWIS & BOCKIUS LLP
    WELCH                                One Market
14   Four Embarcadero Center, 14th Floor  Spear Street Tower
    San Francisco, CA  94111             San Francisco, CA  94105
15   *Counsel for Plaintiff*              *Counsel for Defendant Boehringer-*
                                         *Ingelheim Pharmaceutical*
16

17   I am readily familiar with the Firm's practice for collection and processing of correspondence

18   for mailing with the United States Postal Service.  The envelope(s) above was sealed and will be

19   deposited today with the United States Postal Service in the ordinary course of business practices.

20   I declare under penalty of perjury that the foregoing is true and correct.

21   Executed on September 27, 2019, at Las Vegas, Nevada.

22

23

24   _____
    Jacquelin Ierien
25

26

27   4832-9026-4742.1 098757.1001

28

# Exhibit R

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>REBECCA BENHURI SBN 209443<br>LITTLER MENDELSON, P.C.<br>333 Bush Street, 34ᵗʰ Fl.<br>San Francisco, CA 94104<br>   TELEPHONE NO.: 415.433.1940   FAX NO. *(Optional):* 415.399.8490<br>  E-MAIL ADDRESS *(Optional):* rbenhuri@littler.com<br>  ATTORNEY FOR *(Name):* Defendant Ashfield Healthcare, LLC | ***FOR COURT USE ONLY***<br><br>**Electronically**<br>**FILED**<br>by Superior Court of California, County of San Mateo<br>ON   **10/7/2019**<br>By _____ **/s/ Wai Shan Lee**<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **San Mateo**
  STREET ADDRESS: **400 County Center**
  MAILING ADDRESS:
  CITY AND ZIP CODE: **Redwood City, CA 94603**
  BRANCH NAME: **Southern Branch**

PLAINTIFF/PETITIONER: Brenda Perry

DEFENDANT/RESPONDENT: Ashfield Healthcare, LLC et al.

| | | |
|---|---|---|
| **CASE MANAGEMENT STATEMENT**<br>*(Check one):* ☒ **UNLIMITED CASE** ☐ **LIMITED CASE**<br>     (Amount demanded   (Amount demanded is $25,000<br>     exceeds $25,000)   or less) | CASE NUMBER:<br>18CIV05717 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: October 9, 2019    Time: 9:00 a.m.    Dept.: 11    Div.:    Room:

Address of court *(if different from the address above):*

☒  **Notice of Intent to Appear by Telephone, by *(name):*** Rebecca Benhuri

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
  a. ☒  This statement is submitted by party *(name):* Ashfield Healthcare, LLC
  b. ☐  This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
  a.  The complaint was filed on *(date):*
  b. ☐  The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
  a. ☐  All parties named in the complaint and cross-complaint have been served, have appeared, or have been dismissed.
  b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not):*

      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐  have had a default entered against them *(specify names):*

  c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and date by which they may be served):*

4. **Description of case**
  a.  Type of case in ☒ complaint ☐ cross-complaint  *(Describe, including causes of action):*
     Plaintiff alleges various employment-related claims against Defendants.

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. July 1, 2011] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court,<br>rules 3.720–3.730<br>*www.courts.ca.gov* |

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| | |
|---|---|
| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER:<br>18CIV05717 |
| DEFENDANT/RESPONDENT: Ashfield Healthcare, LLC et al. | |

4.   b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Defendant denies that Plaintiff is owed any damages.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☐ a jury trial.   ☒ a nonjury trial.   *(If more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
9/7/2020 (trial), 9/14/2020 (trial)

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☒   days *(specify number):* 2-3
b.   ☐   hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☒ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:                                        f.   Fax number:
e.   E-mail address:                                          g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.  **Alternative dispute resolution (ADR)**

a.   **ADR information package.** Please note that different ADR processes are available in different courts and communities; read the ADR information package provided by the court under rule 3.221 for information about the processes available through the court and community programs in this case.

(1)  For parties represented by counsel: Counsel ☒ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and reviewed ADR options with the client.

(2)  For self-represented parties: Party ☐ has   has not reviewed the ADR information package identified in rule 3.221.

b.   **Referral to judicial arbitration or civil action mediation** (if available).

(1)  ☐   This matter is subject to mandatory judicial arbitration under Code of Civil Procedure section 1141.11 or to civil action mediation under Code of Civil Procedure section 1775.3 because the amount in controversy does not exceed the statutory limit.

(2)  ☐   Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

(3)  ☐   This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court or from civil action mediation under Code of Civil Procedure section 1775 et seq. *(specify exemption):*


American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ashfield Healthcare, LLC et al. | 18CIV05717 |

10.  c.  Indicate the ADR process or processes that the party or parties are willing to participate in, have agreed to participate in, or
have already participated in *(check all that apply and provide the specified information)*:

| | The party or parties completing this form **are willing** to participate in the following ADR processes *(check all that apply)*: | If the party or parties completing this form in the case **have agreed** to participate in or have already completed an ADR process or processes, indicate the status of the processes *(attach a copy of the parties' ADR stipulation)*: |
|---|---|---|
| (1) Mediation | ☐ | ☐ Mediation session not yet scheduled<br>☐ Mediation session scheduled for *(date)*:<br>☐ Agreed to complete mediation by *(date)*:<br>☐ Mediation completed on *(date)*: |
| (2) Settlement conference | ☐ | ☐ Settlement conference not yet scheduled<br>☐ Settlement conference scheduled for *(date)*:<br>☐ Agreed to complete settlement conference by *(date)* :<br>☐ Settlement conference completed on *(date)*: |
| (3) Neutral evaluation | ☐ | ☐ Neutral evaluation not yet scheduled<br>☐ Neutral evaluation scheduled for *(date)*:<br>☐ Agreed to complete neutral evaluation by *(date)*:<br>☐ Neutral evaluation completed on *(date)*: |
| (4) Nonbinding judicial arbitration | ☐ | ☐ Judicial arbitration not yet scheduled<br>☐ Judicial arbitration scheduled for *(date)*:<br>☐ Agreed to complete judicial arbitration by *(date)*:<br>☐ Judicial arbitration completed on *(date)*: |
| (5) Binding private arbitration | ☐ | ☐ Private arbitration not yet scheduled<br>☐ Private arbitration scheduled for *(date)*:<br>☐ Agreed to complete private arbitration by *(date)*:<br>☐ Private arbitration completed on *(date)*: |
| (6) Other *(specify)*: | ☐ | ☐ ADR session not yet scheduled<br>☐ ADR session scheduled for *(date)*:<br>☐ Agreed to complete ADR session by *(date)*:<br>☐ ADR completed on *(date)*: |

American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ashfield Healthcare, LLC et al. | 18CIV05717 |

**11. Insurance**
   a. ☒   Insurance carrier, if any, for party filing this statement *(name):* Chubb
   b.   Reservation of rights:  ☒ Yes    ☐ No
   c. ☐   Coverage issues will significantly affect resolution of this case *(explain):*

**12. Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case and describe the status.
   ☐   Bankruptcy   ☐   Other *(specify):*
   Status:

**13. Related cases, consolidation, and coordination**
   a. ☐   There are companion, underlying, or related cases.
         (1) Name of case:
         (2) Name of court:
         (3) Case number:
         (4) Status:
         ☐   Additional cases are described in Attachment 13a.

   b. ☐   A motion to   ☐   consolidate   ☐   coordinate   will be filed by *(name party):*

**14. Bifurcation**
   ☐   The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**15. Other motions**
   ☒   The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*
         Motion for summary judgment/adjudication

**16. Discovery**
   a. ☐   The party or parties have completed all discovery.
   b. ☒   The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Defendant | written discovery | Jan 2020 |
| Defendant | Plaintiff's deposition | March 2020 |

   c. ☐   The following discovery issues, including issues regarding the discovery of electronically stored information, are anticipated *(specify):*

---

CM-110 [Rev. July 1, 2011]                    **CASE MANAGEMENT STATEMENT**                    **Page 4 of 5**


American LegalNet, Inc.
www.FormsWorkFlow.com

**CM-110**

| PLAINTIFF/PETITIONER: Brenda Perry | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Ashfield Healthcare, LLC et al. | 18CIV05717 |

**17. Economic litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90–98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**18. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**19. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**20. Total number of pages attached** *(if any):* _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and alternative dispute resolution, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: October 7, 2019

Rebecca Benhuri
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

American LegalNet, Inc.
www.FormsWorkFlow.com

**PROOF OF SERVICE BY MAIL**

I, Jacquelin Ierien, hereby declare and state:

I am over the age of eighteen years, employed by Littler Mendelson in the County of Clark, Nevada, and not a party to the within-entitled action.  My business address is 3960 Howard Hughes Parkway, Suite 300, Las Vegas, Nevada  89169.

On October 7, 2019, I served the following:

**DEFENDANT ASHFIELD HEALTHCARE LLC'S CASE MANAGEMENT STATEMENT**

on the following in said cause by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid in the United States Postal Services mail at Las Vegas, Nevada, addressed as follows:

Michael T. Welch
LAW OFFICES OF MICHAEL T. WELCH
Four Embarcadero Center, 14th Floor
San Francisco, CA  94111
*Counsel for Plaintiff*

Ashley A. Baltazar
MORGAN, LEWIS & BOCKIUS LLP
One Market
Spear Street Tower
San Francisco, CA  94105
*Counsel for Defendant Boehringer-Ingelheim Pharmaceutical*

I am readily familiar with the Firm's practice for collection and processing of correspondence for mailing with the United States Postal Service.  The envelope(s) above was sealed and will be deposited today with the United States Postal Service in the ordinary course of business practices.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 7, 2019, at Las Vegas, Nevada.

Jacquelin Ierien

4832-9026-4742.1 098757.1001

# Exhibit S

Case Number: 18-CIV-05717



**SUPERIOR COURT OF SAN MATEO COUNTY**

400 County Center                    1050 Mission Road
Redwood City, CA 94063        South San Francisco, CA 94080
www.sanmateocourt.org

## Minute Order

| | |
|---|---|
| **BRENDA PERRY  vs.  ASHFIELD HEALTHCARE, LLC, a business entity, et al** | 18-CIV-05717 |
| | 10/09/2019 9:00 AM |
| | Case Management Conference |
| | **Hearing Result**:  Held |

**Judicial Officer**: <u>Grandsaert, John L.</u>          **Location**: <u>Courtroom 2D</u>
**Courtroom Clerk**: <u>Cheryl Lyssand</u>          **Courtroom Reporter**:

**Parties Present**

**Exhibits**

**Minutes**
*Journals*
 - Attorney Michael T. Welch appeared by CourtCall on behalf of the plaintiff.

 Attorney Rebecca Benhuri appeared by CourtCall on behalf of defendant Ashfield Healthcare, LLC.

 Attorney Ashley A. Baltazar appeared on behalf of defendant Boehringer-Ingelheim Pharmaceutical.

 The Court notes defendant Nate Styles has not been served.

 The CMC is continued to December 11, 2019, at 9:00 a.m. in Dept. 11.

 Plaintiff to send notice.

 All parties to file updated CMC statements.

 Plaintiff's counsel is ordered to explain where service is as to defendant Nate Styles.

 - 4 -
*Case Events*

**Others**
*Comments:*

**Future Hearings and Vacated Hearings**
December 11, 2019 9:00 AM Case Management Conference
Case Management Conferences, -

1