1   MORGAN, LEWIS & BOCKIUS LLP
    Eric Meckley, Bar No. 168181
2   Ashley A. Baltazar, Bar No. 284921
    One Market
3   Spear Street Tower
    San Francisco, CA  94105-1596
4   Tel:    +1.415.442.1000
    Fax:    +1.415.442.1001
5   eric.meckley@morganlewis.com
    ashley.baltazar@morganlewis.com
6
    Attorneys for Defendant
7   BOEHRINGER INGELHEIM
    PHARMACEUTICALS, INC. (erroneously
8   sued as "BOEHRINGER-INGELHEIM
    PHARMACEUTICAL")
9

10                  UNITED STATES DISTRICT COURT

11                NORTHERN DISTRICT OF CALIFORNIA

12

13  BRENDA PERRY, an Individual,          Case No:

14              Plaintiff,                **EXHIBIT T TO NOTICE OF REMOVAL
                                          BY DEFENDANT BOEHRINGER
15        vs.                             INGELHEIM PHARMACEUTICALS,
                                          INC.**
16  ASHFIELD HEALTHCARE, LLC, a business
    entity; BOEHRINGER-INGELHEIM
17  PHARMACEUTICAL, a business entity;
    NATE STYLES, an individual; and DOES 1-    [28 U.S.C. §§ 1332, 1441, and 1446]
18  25, inclusive,

19              Defendants.

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DEF'S NOTICE OF REMOVAL

DB1/ 110418312.1

# Exhibit T

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON **11/14/2019**
By **/s/ Jennifer Tannous**
Deputy Clerk

1   MORGAN, LEWIS & BOCKIUS LLP
    Eric Meckley, Bar No. 168181
2   Ashley A. Baltazar, Bar No. 284921
    One Market
3   Spear Street Tower
    San Francisco, CA  94105-1596
4   Tel:     +1.415.442.1000
    Fax:    +1.415.442.1001
5   eric.meckley@morganlewis.com
    ashley.baltazar@morganlews.com
6
    Attorneys for Defendant
7   BOEHRINGER INGELHEIM
    PHARMACEUTICALS, INC. (erroneously sued as
8   "BOEHRINGER-INGELHEIM
    PHARMACEUTICAL")
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                         COUNTY OF SAN MATEO

12

13   BRENDA PERRY, and Individual,          | Case No. 18CIV05717

14                    Plaintiff,            | **DEFENDANT BOEHRINGER
                                            | INGELHEIM PHARMACEUTICALS,
15          vs.                             | INC.'S NOTICE OF MOTION AND
                                            | MOTION TO COMPEL:**
16   ASHFIELD HEALTHCARE, LLC, a business   |
     entity; BOEHRINGER-INGELHEIM           | **(1) FURTHER VERIFIED RESPONSE
17   PHARMACEUTICAL, a business entity;     | TO RFP NO. 55 AND PRODUCTION
     NATE STYLES, an individual; and DOES 1- | OF DOCUMENTS;**
18   25, inclusive,                         |
                                            | **(2) PRODUCTION OF DOCUMENTS
19                    Defendants.           | IN COMPLIANCE WITH
                                            | PLAINTIFF'S RESPONSE TO RFP
20                                          | NOS. 11, 14, AND 54; AND**

21                                          | **(3) A PRIVILEGE LOG**

22                                          | Date:        January 14, 2020
                                            | Time:        9:00 a.m.
23                                          | Dept.:       1
                                            | Courtroom:   4C
24
                                            | Complaint Filed:  October 22, 2018
25                                          | Trial Date:  None set

26

27

28

MORGAN, LEWIS &
 BOCKIUS LLP
ATTORNEYS AT LAW
  SAN FRANCISCO

## NOTICE OF MOTION AND MOTION TO COMPEL

**PLEASE TAKE NOTICE** that on January 14, 2020, at 9:00 a.m., or as soon thereafter as counsel and the parties may be heard in Department 1, Courtroom 4C, of the Honorable Leland Davis III, located at 400 County Center, Redwood City, CA 94063, Defendant Boehringer Ingelheim Pharmaceuticals, Inc. ("Defendant" or "BIPI") will and hereby does move the Court pursuant to California Code of Civil Procedure Sections 2030.010, 2031.310, and 2031.320 for an Order to Compel: (1) Plaintiff to provide a further verified response to RFP No. 55 and production of documents responsive thereto; (2) Plaintiff to produce documents in compliance with Plaintiff's responses to RFP Nos. 11, 14, and 54, and (3) Plaintiff to provide a privilege log.

This Motion seeks to remedy Plaintiff's failure to comply with her discovery obligations under the Code of Civil Procedure. BIPI bases this motion on this Notice of Motion, the supporting Memorandum of Points and Authorities, the supporting Separate Statement submitted by BIPI, the Declaration of Ashley A. Baltazar and accompanying exhibits, BIPI's Request for Judicial Notice and accompanying exhibits, such other evidence and arguments as Defendant may present on reply and at oral argument before the Court.

Dated: November 14, 2019        MORGAN, LEWIS & BOCKIUS LLP

By _____
        Eric Meckley
        Ashley A. Baltazar

        Attorneys for Defendant
        BOEHRINGER INGELHEIM
        PHARMACEUTICALS, INC. (erroneously sued as
        "BOEHRINGER-INGELHEIM
        PHARMACEUTICAL")

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON  **11/14/2019**
By   /s/ Jennifer Tannous
Deputy Clerk

1   MORGAN, LEWIS & BOCKIUS LLP
  Eric Meckley, Bar No. 168181
2   Ashley A. Baltazar, Bar No. 284921
  One Market
3   Spear Street Tower
  San Francisco, CA  94105-1596
4   Tel:    +1.415.442.1000
  Fax:    +1.415.442.1001
5   eric.meckley@morganlewis.com
  ashley.baltazar@morganlews.com
6
  Attorneys for Defendant
7   BOEHRINGER INGELHEIM
  PHARMACEUTICALS, INC. (erroneously sued as
8   "BOEHRINGER-INGELHEIM
  PHARMACEUTICAL")
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                      COUNTY OF SAN MATEO

12

13   BRENDA PERRY, and Individual,          Case No. 18CIV05717

14              Plaintiff,              **DEFENDANT BOEHRINGER
                                  INGELHEIM PHARMACEUTICALS,**
15      vs.                         **INC.'S MEMORANDUM OF POINTS
                                  AND AUTHORITIES IN SUPPORT OF**
16   ASHFIELD HEALTHCARE, LLC, a business   **MOTION TO COMPEL:**
  entity; BOEHRINGER-INGELHEIM
17   PHARMACEUTICAL, a business entity;     **(1) FURTHER VERIFIED RESPONSE
  NATE STYLES, an individual; and DOES 1-  TO RFP NO. 55 AND PRODUCTION
18   25, inclusive,                    OF DOCUMENTS;**

19              Defendants.            **(2) PRODUCTION OF DOCUMENTS
                                  IN COMPLIANCE WITH
20                                 PLAINTIFF'S RESPONSE TO RFP
                                  NOS. 11, 14, AND 54; AND**
21
                                  **(3) A PRIVILEGE LOG**
22
                                  Date:       January 14, 2020
23                                 Time:       9:00 a.m.
                                  Courtroom:  4C
24
                                  Complaint Filed:   October 22, 2018
25                                 Trial Date:       None set

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION. ..................................................................................... 1

II.     PERTINENT FACTS AND LEGAL HISTORY. ...................................... 2

        A.      Background. ................................................................................. 2

        B.      Prior to Employment With Ashfield, Plaintiff Filed Lawsuits Against Three Former Employers Alleging Virtually Identical Causes of Action........................ 2

        C.      BIPI's RFPs and Plaintiff's Responses. ...................................... 3

        D.      BIPI's Repeated Efforts to Meet and Confer Over the Past Eight Months............ 3

III.    ARGUMENT ........................................................................................... 8

        A.      The Court Should Compel Plaintiff to Provide A Further Response to RFP No. 55. .................................................................................... 8

                1.      The Court Has the Authority to Compel Plaintiff to Provide Further Responses. ............................................... 8

                2.      Plaintiff Has Not Provided Statutorily Compliant Responses. .................. 9

                3.      Plaintiff's Response to RFP No. 55 Does Not Contain a Representation That She Will Comply with the Request or a Statement of Inability to Comply and Plaintiff's Objections Are Without Merit............... 9

                4.      The Documents Requested Are Directly Relevant To Plaintiff's Claims, Defendant's Defenses, and Plaintiff's Claimed Damages. .......... 10

                        a.      The Records Sought Are Directly Relevant to the Issue of Plaintiff's Emotional Distress Damages. ................................... 10

                        b.      The Records Sought Are Also Directly Relevant to Assessing and Challenging Plaintiff's Credibility. ...................... 11

        B.      The Court Should Compel Plaintiff to Comply with Her Agreement to Produce Documents Responsive to RFPs Nos 11, 14, and 54. ............................ 11

                1.      The Court Has Authority to Compel Plaintiff's Compliance with Her Written Discovery Responses. ................................ 11

                2.      Plaintiff Agreed to Produce All Documents Responsive to RFPs Nos. 11, 14, and 54, But Has Not Done So.............................. 12

        C.      The Court Should Compel Plaintiff to Produce a Privilege Log Identifying Any Document Withheld on the Basis of Privilege. ............................. 13

IV.     CONCLUSION ..................................................................................... 14

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

i                                          Case No. 18CIV05717
DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL
DB1/ 108332298.1

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Appleton v. Sup.Ct.*
206 Cal.App.3d 632 (1998)................................................................................................10

*Darbee v. Super. Ct.*
208 Cal.App.2d 680 (1962)................................................................................................10

*Gonzalez v. Super Ct.*
33 Cal.App.4th 1539 (1995)..............................................................................................10

*Hernandez v. Sup. Ct. (Acheson Indus., Inc.)*
112 Cal.App.4th 285 (2003)..............................................................................................13

*Lopez v. Watchtower Bible & Tract Soc. Of New York, Inc.*
246 Cal.App.4th 566 (2016)..............................................................................................13

*Standon Co., Inc. v. Sup. Ct. (Kim)*
225 Cal.App.3d 898 (1990)...............................................................................................12

*Stewart v. Colonial Western Agency, Inc.*
87 Cal.App.4th 1006 (2001)..............................................................................................10

*Wallis v. Superior Ct.*
160 Cal.App.3d 1109 (1984).............................................................................................11

*Wellpoint Health Networks, Inc. v. Sup. Ct. (McCombs)*
59 Cal.App.4th 110 (1997)................................................................................................13

**Statutes**

Code Civ. Proc.
§ 2030.010............................................................................................................................8
§ 2031.010..........................................................................................................................11
§ 2031.210............................................................................................................................9
§ 2031.240(c)......................................................................................................................13
§ 2031.250..........................................................................................................................10
§ 2031.310............................................................................................................................8
§ 2031.320..........................................................................................................................11
§ 2031.320(a)......................................................................................................................12

Evid. Code
§780(c) ...............................................................................................................................11
§780(f) ................................................................................................................................11
§1101(c) ..............................................................................................................................11

DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL
DB1/ 108332298.1

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**TABLE OF AUTHORITIES**
(continued)

**Page**

**Other Authorities**

Weil & Brown, *Civil Procedure Before Trial*, § 8:1179 ...................................................9

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

iii

Case No. 18CIV05717
DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL
DB1/ 108332298.1

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION.

Plaintiff has failed to provide a privilege log, failed to provide complete and compliant substantive discovery responses, and failed to produce documents responsive to Defendant Boehringer Ingelheim Pharmaceuticals, Inc.'s ("BIPI" or "Defendant") Requests for Production of Documents ("RFPs"). Despite BIPI's repeated good faith efforts to meet and confer, Plaintiff has not responded to BIPI's most recent requests for Plaintiff to comply with her discovery obligations under the Code of Civil Procedure, nor has Plaintiff agreed to extend BIPI's deadline to file a motion to compel.  As a result, BIPI has been forced to proceed with filing the instant motion to seek relief from the Court.

The items of discovery at issue in this Motion are as follows:

First, BIPI propounded RFPs seeking records from several lawsuits Plaintiff filed against her former employers (RFP No. 55). The requested documents, which include pleadings, discovery, and deposition transcripts from these other lawsuits, are directly relevant to, among other things, Plaintiff's alleged emotional distress damages and Plaintiff's credibility, in that she made virtually identical allegations against these other employers as she has against BIPI here. After initially serving responses with objections only, the Parties agreed to narrow this request to the pleadings and discovery exchanged in these lawsuits.  Yet, Plaintiff did not honor this agreement, and served unverified responses that did not include all responsive documents. Plaintiff should be compelled to provide a further verified response and all responsive documents.

Second, in responding to BIPI's RFPs Plaintiff represented that she would produce all documents related to her scheduled work hours with Defendants (RFP No. 11), the amount of compensation she received from Defendants (RFP No 14), and documents evidencing any subsequent employment she obtained (RFP No. 54).  Yet, to date, Plaintiff has not produced any of these documents.  Plaintiff should be compelled to comply with her stated responses to RFPs Nos. 11, 14, and 54 and produce all responsive documents.

Third, Plaintiff asserted the attorney-client privilege and work product objections in response to certain of BIPI's RFPs. Plaintiff, however, has not produced a privilege log.  Plaintiff

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

1                                    Case No. 18CIV05717
DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL
DB1/ 108332298.1

should be compelled to produce a privilege log identifying all documents withheld on the basis of privilege along with sufficient information for BIPI to evaluate the legitimacy and applicability of any asserted privilege(s).[1]

## II.   PERTINENT FACTS AND LEGAL HISTORY.

### A.   Background.

Plaintiff Brenda Perry was employed by Defendant Ashfield Healthcare, LLC ("Ashfield"). Pursuant to a Master Services Agreement, Ashfield contracted with BIPI to provide services, including, but not limited to providing sales personnel.

Paintiff was employed by Ashfield to provided services on behalf of BIPI as a pharmaceutical sales representative in BIPI's San Francisco territory. In or around July 2017, BIPI ceased using Ashfield as a provider of contracted sales representative services in the San Francisco region. As a result, Ashfield ended Plaintiff's employment.

Plaintiff filed the instant lawsuit against both Ashfield and BIPI and BIPI supervisor Nate Styles alleging causes of action for sexual harassment, age discrimination, and retaliation in violation of the Fair Employment and Housing Act, wrongful termination in violation of public policy, and intentional infliction of emotional distress.

### B.   Prior to Employment With Ashfield, Plaintiff Filed Lawsuits Against Three Former Employers Alleging Virtually Identical Causes of Action.

On or about December 10, 2010, Plaintiff filed a Complaint in the Superior Court of the State of California in and for the County of San Francisco against King Pharmaceuticals, Mark Martin, and Mike Schilk (the "King Action"). Defendant's Request for Judicial Notice ("RJN") ¶ 1, Exh. A. Plaintiff's complaint in the King Action alleged that she was employed by King Pharmaceuticals and asserted causes of action for gender harassment, race discrimination, sexual harassment, age discrimination, retaliation, and failure to prevent harassment retaliation and discrimination in violation of the Fair Employment and Housing Act, wrongful termination in violation of public policy, and failure to promote and pay equal pay to females in violation of the

---

[1] The specific discovery items at issue are also set forth in the Separate Statement that Defendant is concurrently filing in accord with California Rule of Court 3.1345.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2

Case No. 18CIV05717

DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL

DB1/ 108332298.1

1  California Labor Code. *Id.*  Plaintiff further alleged that she suffered severe emotional distress

2  and sought emotional distress damages. *Id.* at ¶¶ 22, 28, 37, 43, 49, 56, 64, and Prayer for Relief.

3  On or about October 23, 2014, Plaintiff filed a Complaint in the Superior Court of the

4  State of California in and for the County of San Francisco against Vitas Innovative Hospice Care,

5  Vitas Solutions, Inc., Vitas Health Services of California, Inc., Vitas Healthcare Corporation of

6  California, Chemed Corporation, and Lisa Cooper (the "Vitas Action").  ¶ 2, Exh. B.  Plaintiff's

7  complaint in the Vitas Action alleged that she was employed by Vitas Innovative Hospice Care

8  and Vitas Solutions, Inc. and asserted causes of action for age and race discrimination, failure to

9  prevent discrimination, and retaliation in violation of the Fair Employment and Housing Act,

10  wrongful termination in violation of public policy and defamation.  *Id.*  She further alleged that

11  she suffered, among other things, severe mental anguish and emotional distress and sought

12  general damages.  *Id.* at ¶¶ 22, 28, 33, 39, 44,

13  On or about April 28, 2017, Plaintiff filed a Complaint in the Superior Court of the State

14  of California in and for the County of San Francisco against Atria Senior Living, Inc. (the "Atria

15  Action").  ¶ 3, Exh. C.  Plaintiff's operative complaint in the Atria Action asserted causes of

16  action for wrongful termination in violation of public policy and intentional infliction of

17  emotional distress.  *Id.* She further alleged that she suffered emotional distress and sought

18  damages for the same.  *Id.* at ¶ 13, and Prayer for Relief.

19  **C.      BIPI's RFPs and Plaintiff's Responses.**

20  On March 13, 2019, BIPI served Plaintiff with Requests for Production of Documents

21  (Set One), Special Interrogatories (Set One), and Form Interrogatories – Employment (Set One).

22  Declaration of Ashley A. Baltazar In Support of Motion to Compel ("Baltazar Decl.") ¶ 2, Exh. 1.

23  On or about April 17, 2019, Plaintiff served *unverified* responses to Defendant's Requests for

24  Production of Documents (Set One).  Baltazar Decl. ¶ 3, Exh. 2.  Plaintiff did not, however,

25  provide *any* response to Defendant's Special Interrogatories (Set One) or Form Interrogatories –

26  Employment (Set One) or produce any responsive documents.  Baltazar Decl. ¶ 3.

27  **D.      BIPI's Repeated Efforts to Meet and Confer Over the Past Eight Months.**

28  On April 30, 2019, BIPI sent its first detailed meet and confer letter and requested a

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3                                   Case No. 18CIV05717
DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL
DB1/ 108332298.1

1  response by May 7, 2019. Baltazar Decl. ¶ 4, Exh. 3.  On May 7, 2019, Plaintiff's counsel,

2  Michael Welch, emailed BIPI's counsel Ashley Baltazar requesting a few more days to provide

3  updated discovery responses.  Baltazar Decl. ¶ 5, Exh. 4.  Ms. Baltazar granted this request.  *Id.*

4  On May 16, 2019, Plaintiff served *unverified* responses to BIPI's Form Interrogatories—

5  Employment, *unverified* responses to BIPI's Special Interrogatories, and produced documents

6  bates stamped 1-50. Baltazar Decl. ¶ 6.  Plaintiff did not, however, provide amended responses to

7  BIPI's Requests for Production of Documents or respond to BIPI's April 30, 2019 meet and

8  confer letter, which detailed the deficiencies with Plaintiff's unverified responses. *Id.*

9       On June 17, 2019, BIPI sent Plaintiff its second detailed meet and confer letter and

10  requested a response by June 21, 2019.  Baltazar Decl. ¶ 7, Exh. 5.  On June 26, 2019, Mr. Welch

11  emailed Ms. Baltazar and claimed that he was "out on family vacation last week until yesterday"

12  and would respond to the letter and provide any documents and information still owed by Friday,

13  June 28, 2019.  Baltazar Decl. ¶ 8, Exh. 6.  On Friday, June 28, 2019, Ms. Baltazar inquired as to

14  the status of the pending responses.  *Id.*  On June 28, 2019, Mr. Welch sent an email that

15  purported to attach, among other things, revised verified responses to BIPI's Special

16  Interrogatories and Form Interrogatories – Employment.  Baltazar Decl. ¶ 8, Exh. 7.  Mr. Welch's

17  email further indicated that he was still awaiting a verification from his client as to BIPI's

18  Requests for Production of Documents.  *Id.*  On July 1, 2019, Ms. Baltazar informed Mr. Welch

19  that she could not open the files because they were corrupted and requested that Mr. Welch re-

20  send them. *Id.*  On July 2, 2019, Mr. Welch responded, but did not re-attach the documents,

21  instead informing Ms. Baltazar that he sent the documents by FedEx that day.  *Id.*

22       On or about July 8, 2019, BIPI received amended responses to BIPI's Requests for

23  Production of Documents, and amended responses to BIPI's Form Interrogatories—Employment

24  and amended responses to BIPI's Special Interrogatories. Baltazar Decl. ¶ 9, Exh. 8.  The proof of

25  service accompanying these documents inaccurately indicated that a verification accompanied

26  Plaintiff's responses to BIPI's Form Interrogatories—Employment and Special Interrogatories.

27  Baltazar Decl. ¶ 9.

28       Plaintiff did not substantively respond to BIPI's June 17, 2019 meet and confer letter. *Id.*

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4
DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL
Case No. 18CIV05717

DB1/ 108332298.1

On July 15, 2019, BIPI sent its third detailed meet and confer letter addressing the continued deficient aspects of and errors in Plaintiff's discovery responses and requested a response by July 22, 2019. Baltazar Decl. ¶ 10, Exh. 9.  On July 24, 2019, after receiving no response, Ms. Baltazar emailed Mr. Welch, asking him to advise as to the status of the items requested in her July 15, 2019 letter. Baltazar Decl. ¶ 11, Exh. 10.  On July 25, 2019, Mr. Welch responded, claiming that he had depositions the remainder of the week, and indicated that he would respond to the letter by Monday, July 29, 2019.  *Id.*

On July 30, 2019, Mr. Welch emailed Ms. Baltazar and purported to attach amended verifications to BIPI's Special Interrogatories and Form Interrogatories—Employment and an additional document production, bates stamped 51-93.  Baltazar Decl. ¶ 12, Exh. 11.  On July 31, 2019, Ms. Baltazar informed Mr. Welch that his email *still* did not include verifications to Plaintiff's amended responses to BIPI's Form Interrogatories—Employment.  *Id.*  BIPI requested that Plaintiff provide the verification to Plaintiff's amended responses to BIPI's Special Interrogatories and provide verifications to Plaintiff's responses to BIPI's Requests for Production of Documents.  *Id.*  Mr. Welch acknowledged receiving Ms. Baltazar's email and indicated that he had left the office for a settlement conference, but would address it. Baltazar *Id.* On August 14, 2019, after receiving no response, Ms. Baltazar again followed up with Mr. Welch by email again asking for the aforementioned items and a substantive response to her meet and confer letter by Friday, August 16, 2019.  *Id.*  She further requested an extension on BIPI's motion to compel deadline.  *Id.*

On August 19, 2019, Mr. Welch responded to Ms. Baltazar's email and purported to attach amended responses to Special Interrogatories and Form Interrogatories—Employment, a response to Ms. Baltazar's meet and confer letter, and further document responses. Baltazar Decl. ¶ 13, Exh. 12.  Ms. Baltazar immediately responded to Mr. Welch's email, informed him that his attached amended responses *still* did not contain any verification and requested a verification by the close of business.  *Id.*   Mr. Welch responded, claiming that he was "puzzled" as to Ms. Baltazar's statement that he had not provided verifications to prior responses, but ignored the fact that his email inaccurately described what was attached or her request for the missing

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 108332298.1

5

Case No. 18CIV05717
DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL

verifications. *Id.* Ms. Baltazar responded and outlined the deficiencies with Plaintiff's discovery responses and verifications including (1) the verification was not properly served; (2) the PDF contained a verification only to Plaintiff's Special Interrogatories, but did *not* contain verifications to any of Plaintiff's other responses; and (3) BIPI had not received any verification (via email or otherwise) for Plaintiff's Amended responses to BIPI's Form Interrogatories. *Id.* On August 20, 2019, Ms. Baltazar asked Mr. Welch for his availability for a phone call to discuss. *Id.* He did not respond to her request. *Id.* Instead, he responded to the prior email and said he will "review [her email regarding the missing verifications] later today after I get something filed." *Id.*

On August 22, 2019, after receiving no further communication from Mr. Welch, Ms. Baltazar emailed and invited Mr. Welch to meet in-person to discuss the various issues with Plaintiff's discovery responses.   Baltazar Decl. ¶ 14, Exh. 13.  On August 28, 2019, Mr. Welch and Ms. Baltazar met in-person to discuss Plaintiff's discovery responses and lack of verification. Baltazar Decl. ¶ 15.  During this meeting, Mr. Welch handed Ms. Baltazar Plaintiff's verified second amended responses to BIPI's Special Interrogatories, which did not include a proof of service. *Id.*  He also handed Ms. Baltazar a document that purported to be Plaintiff's Second Amended responses to BIPI's Requests for Production of Documents, but after Ms. Baltazar pointed out that the document was missing several pages (and a verification) he took it back. *Id.* Mr. also indicated that he forgot to bring Plaintiff's amended responses to Defendant's Form Interrogatories—Employment. *Id.*  Thereafter, Mr. Welch agreed to provide (1) verified Second Amended Responses to BIPI's Requests for Production of Documents; (2) verified Second Amended Responses to BIPI's Form Interrogatories; (3) a proof of service that indicates service of Plaintiff's verified second amended responses to BIPI's Special Interrogatories; (4) a proof of service for all of Plaintiff's documents produced; (5) a privilege log that lists any document withheld on the basis of privilege; and (6) certain attachments missing from documents produced. *Id.* On September 3, 2019, Ms. Baltazar sent an email memorializing these agreements and asked Plaintiff to commit to providing the aforementioned documents by Friday, September 6, 2019. Baltazar Decl. ¶ 15, Exh. 14.

MORGAN, LEWIS & BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

6

Case No. 18CIV05717

DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL

DB1/ 108332298.1

On September 5, 2019, BIPI received Plaintiff's verified Second Amended Responses to BIPI's Requests for Production of Documents, verified Second Amended Responses to BIPI's Form Interrogatories – Employment, verified Second Amended Reponses to BIPI's Special Interrogatories, and proofs of service for documents produced P01-70.  Baltazar Decl. ¶ 16, Exh. 15.  However, Plaintiff's Second Amended Responses to BIPI's Requests for Production of Documents were still deficient. *Id.*

On September 6, 2019, Ms. Baltazar inquired as to the remaining documents that Plaintiff agreed to provide, but that BIPI had not yet received; specifically: missing proofs of service, a privilege log, and additional responsive documents to be produced.  Baltazar Decl. ¶ 17, Exh. 16. On September 10, 2019, after receiving no response from Mr. Welch, Ms. Baltazar again emailed Mr. Welch to follow up and asked him to commit to providing the outstanding information/documents by the end of the week. *Id.*  On September 16, 2019, Mr. Welch responded and attached some additional responsive documents, but did not address the remaining issues raised by Ms. Baltazar's September 6, 2019 email.  Baltazar Decl. ¶ 17, Exh. 17.

On September 26, 2019, Ms. Baltazar informed Mr. Welch that Plaintiff still needed to provide certain proofs of service, still missing documents, and a privilege log. Baltazar Decl. ¶ 18, Exh. 18.  On October 9, 2019, after receiving no response, Ms. Baltazar again sent an email to request these documents and requested a response by October 10, 2019. *Id.*  On October 11, 2019, after still receiving no response, she sent another follow-up email. *Id.*  Mr. Welch finally responded and indicated that he was leaving for his father's funeral and would not be able to address the matter until he returned. *Id.*  Ms. Baltazar expressed her condolences and asked that the parties extend the deadline for BIPI's motion to compel for two-weeks to accommodate the delay, to which Mr. Welch agreed. *Id.*  On October 21, 2019, Ms. Baltazar followed up with Mr. Welch. *Id.*  On October 23, 2019, Mr. Welch emailed and, with respect to Request for Production No. 55, proposed producing pleadings and discovery documents. *Id.*  On October 23, 2019, Ms. Baltazar indicated that she agreed with his proposal provided Mr. Welch provide such responses and responsive documents by November 1, 2019. *Id.*  On October 25, 2019, Ms. Baltazar again followed up. *Id.*  On October 29, 2019, Mr. Welch agreed to provide amended responses and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7

Case No. 18CIV05717
DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL
DB1/ 108332298.1

1  documents by Friday, November 1, 2019 and agreed to extend BIPI's deadline another ten days,

2  to November 14, 2019 to file a motion to compel. *Id.*

3  On November 5, 2019, after receiving no amended responses, documents, or privilege log

4  from Plaintiff, Ms. Baltazar sent Mr. Welch another email checking on the status of the

5  documents.    Baltazar Decl. ¶ 18, Exh. 18.  On November 8, 2019, Ms. Baltazar sent another

6  email requesting a status update.  *Id.*  Mr. Welch did not respond to Ms. Baltazar's emails.  *Id.*

7  That afternoon, however, Ms. Baltazar received via mail Plaintiff's Further Amended Response to

8  RFP No. 55 and further documents produced.  Baltazar Decl. ¶ 18, Exh. 19.  This further

9  amended response, once again, was not accompanied by the requisite verification under penalty

10  of perjury and the response and documents did not comply with the parties' agreement.  *Id.*

11  On November 11, 2019, Ms. Baltazar sent another email to Mr. Welch pointing out the

12  lack of verification and that the response and documents did not comport with the parties'

13  agreement.  Baltazar Decl. ¶ 19, Exh. 18.  BIPI requested a two-week extension of the motion to

14  compel deadline and requested a response no later than noon on November 12, 2019.  *Id.*  Mr.

15  Welch did not respond to this email.  *Id.*  On November 12, 2019, Ms. Baltazar tried to reach Mr.

16  Welch by phone, but was told that he was unavailable, was not answering his cell phone when his

17  assistant called him, and his work voicemail box was full.  *Id.*  To date, Mr. Welch has not

18  returned Ms. Baltazar's phone calls or emails, necessitating the filing of this Motion due the

19  current deadline. *Id.*

20  **III.**   **ARGUMENT**

21  **A.**   **The Court Should Compel Plaintiff to Provide A Further Response to RFP**
       **No. 55.**

22

23  **1.**   **The Court Has the Authority to Compel Plaintiff to Provide Further**
              **Responses.**

24  California Code of Civil Procedure ("C.C.P.") section 2030.010 permits a party to serve

25  upon any other party a demand for production of documents relevant to the subject matter of the

26  lawsuit.  C.C.P. section 2031.310 provides in relevant part:

27  On receipt of a response to an inspection demand, the party demanding the
       inspection may move for an order compelling a further response to the demand if

28  the demanding party deems that any of the following apply:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 108332298.1

8

Case No. 18CIV05717
DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL

(1) A statement of compliance with the demand is incomplete.
(2) A representation of inability to comply is inadequate, incomplete, or evasive.
(3) An objection in the response is without merit or too general…

Thus, the Court has the authority to compel Plaintiff to provide further responses.

### 2.   Plaintiff Has Not Provided Statutorily Compliant Responses.

C.C.P. section 2031.210 provides:

(a) The party to whom a demand for inspection, copying, testing, or sampling has been directed shall respond separately to each item or category of item by any of the following:

(1) A statement that the party will comply with the particular demand for inspection, copying, testing, or sampling by the date set for the inspection, copying, testing, or sampling pursuant to paragraph (2) of subdivision (c) of Section 2031.030 and any related activities.
(2) A representation that the party lacks the ability to comply with the demand for inspection, copying, testing, or sampling of a particular item or category of item.
(3) An objection to the particular demand for inspection, copying, testing, or sampling.

Here, as explained more fully below, Plaintiff's responses to BIPI's RFPs are incomplete and evasive and fail to comply with the C.C.P.'s requirements.

### 3.   Plaintiff's Response to RFP No. 55 Does Not Contain a Representation That She Will Comply with the Request or a Statement of Inability to Comply and Plaintiff's Objections Are Without Merit.

Request for Production No. 55 seeks "All DOCUMENTS that RELATE TO any lawsuits, complaints, charges, grievances, or other legal or equitable claims made by YOU, or made by others on YOUR behalf, against any employer, other than this ACTION."   Plaintiff's latest verified response to this RFP does not contain a statement that Plaintiff will comply with the Request or a statement that he is unable to comply.  Baltazar Decl. ¶ 16, Exh. 15.

Rather than agree to comply with this RFP, Plaintiff asserts meritless objections[2]: "Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response is precisely subject to, and without waiver of, the foregoing objections.  Plaintiff further objects that this request is overbroad, unduly burdensome, and oppressive, and seeks documents that are protected by attorney-client privilege, and/or not

---

[2] After a timely motion to compel has been filed, the burden is on the responding party to justify any objection or failure to answer fully.  Weil & Brown, *Civil Procedure Before Trial*, § 8:1179 (citing *Coy v. Super. Ct. of Contra Costa County*, 58 Cal.2d 210, 220-221 (1962)).

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

Case No. 18CIV05717
DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL
DB1/ 108332298.1

1   reasonably calculated to lead to the discovery of admissible evidence, and which are protected by

2   plaintiff's rights of privacy and confidentiality." Baltazar Decl. ¶ 16, Exh. 15.

3       Despite the fact that these objections are without merit, BIPI agreed to narrow its request

4   to include only the pleadings and discovery requests and responses of the parties in the King

5   Action, Vitas Action, and Atria Action. Baltazar Decl. ¶ 18, Exh. 18. Plaintiff, however, served

6   further amended responses, which were *unverified* and did not comport with the Parties'

7   agreement. *See* C.C.P. § 2031.250 (requiring a party to "sign the response under oath."); *see also*

8   *Appleton v. Sup.Ct.,* 206 Cal.App.3d 632, 636 (1998) (acknowledging that an unverified response

9   is equivalent to no response at all). Specifically, Plaintiff's response indicated that she would

10   only produce the pleadings and discovery requests in the King Action, Vitas Action, and Atria

11   Action. Baltazar Decl. ¶ 18. It did not indicate a willingness to produce the discovery *responses*

12   as the Parties had agreed. *Id.* Indeed, it is the *responses* (not requests) that will contain the

13   information relevant to BIPI's defense of this matter, such as information about the emotional

14   distress Plaintiff suffered and her treatment for such distress. The document production that

15   accompanied these unverified responses was similarly noncompliant. *Id.* While Plaintiff

16   produced the Complaints in the King Action, Vitas Action, and Atria Action, and a PDF

17   purporting to be Form Interrogatories, Plaintiff did not produce any other discovery requests and

18   did not produce a single discovery response or accompanying verification. *Id.* It is imperative

19   that when Plaintiff produces these discovery responses, she also provide the accompanying

20   verification, which shows that she validated the information provided in the response under

21   penalty of perjury. The verifications Plaintiff ignored BIPI's repeated efforts to meet and confer

22   regarding this response, necessitating this motion. Baltazar Decl. ¶¶ 18-19.

23       **4.**    **The Documents Requested Are Directly Relevant To Plaintiff's**
24               **Claims, Defendant's Defenses, and Plaintiff's Claimed Damages.**

25       The scope of discovery is very broad. A party may obtain discovery on any matter

26   reasonably calculated to lead to the discovery of admissible evidence. *See generally Darbee v.*

27   *Super. Ct.,* 208 Cal.App.2d 680, 688 (1962). The Courts have gone on to explain that information

28   is relevant if it might reasonably assist a party in evaluating a case, preparing for trial, or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

10

Case No. 18CIV05717

DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL

DB1/ 108332298.1

facilitating settlement. *Stewart v. Colonial Western Agency, Inc.* 87 Cal.App.4th 1006, 1013 (2001); *Gonzalez v. Super Ct.,* 33 Cal.App.4th 1539, 1546 (1995). As explained more fully below, the documents requested by BIPI are relevant to, among other things, Plaintiff's emotional distress damages and the ability for BIPI to assess and challenge Plaintiff's credibility.

**a.    The Records Sought Are Directly Relevant to the Issue of Plaintiff's Emotional Distress Damages.**

In the instant case, Plaintiff claims to have suffered from "severe emotional distress" and seeks damages for such distress.  *See* First Amended Complaint, ¶¶ 27, 32, 41.  RFP No. 55 seeks documents related to other lawsuits Plaintiff filed against other employers.  Baltazar Decl. ¶ 15, Exh. 16.  In response to Special Interrogatory No. 8, Plaintiff identified that she filed three other lawsuits prior to her employment with Ashfield.  Baltazar Decl. ¶ 20, Exh. 20; *see also* RJN ¶¶ 1-3, Exh. A-C.  Documents responsive to RFP No. 55, which include the pleadings, discovery requests and responses, and deposition transcripts from the King Action, Vitas Action and Atria Action, will contain information about (a) the alleged emotional injury and suffering Plaintiff claims to have experienced as a result of her prior employers' conduct, and (b) any treatment she sought and/or received for such alleged emotional injury and suffering.  Such information is directly relevant, especially where Plaintiff claims to have suffered severe emotional distress due to Defendants' actions in this case and seeks to recover monetary damages for such injuries.  *See Wallis v. Superior Ct.,* 160 Cal.App.3d 1109, 1119-20 (1984) (to establish a *prima facie* case for intentional infliction of emotional distress, a plaintiff must show, among other things "actual and proximate causation of emotional distress by the defendant's outrageous conduct.").  Here, if Plaintiff experienced emotional distress resulting from conduct attributable to her prior employers, then it calls into question whether Defendants in the present action proximately caused her current emotional distress (or whether she had pre-existing emotional distress).  The requested documents are directly relevant to issues of causation and apportionment in regard to Plaintiff's alleged emotional distress damages in this case.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

11
DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL
Case No. 18CIV05717
DB1/ 108332298.1

**b.**     **The Records Sought Are Also Directly Relevant to Assessing and Challenging Plaintiff's Credibility.**

Information regarding the credibility of a witness, particularly a party, is directly relevant and discoverable for impeachment purposes. Cal. Evid. Code §§780(c), 780(f), 1101(c). Documents responsive to this request will contain information relevant to Plaintiff's credibility. Defendant contends that Plaintiff represents the quintessential "serial litigant" -- as evidenced by the King Action, the Vitas Action, the Atria Action and her present lawsuit -- she has sued four (4) employers over the span of 8 years for identical causes of action and alleging identical types of damages.  RJN ¶¶ 1-3, Exh. A-C.  Information from these prior lawsuits is necessary to support BIPI's defense that whenever Plaintiff loses any job she responds by filing a meritless "shake down" lawsuit in which she alleges that her former employer and supervisors harassed, discriminated, and retaliated against her.  Her pattern of suing anytime her employment involuntary ends constitutes evidence that BIPI should be entitled to present to a jury to argue that Plaintiff's most recent accusations against BIPI are not credible.  BIPI needs this discovery to more clearly understand the specific claims and evidence presented in discovery by Plaintiff in those actions and to build its defense in this action.

**B.**     **The Court Should Compel Plaintiff to Comply with Her Agreement to Produce Documents Responsive to RFPs Nos 11, 14, and 54.**

**1.**     **The Court Has Authority to Compel Plaintiff's Compliance with Her Written Discovery Responses.**

If the responding party *agrees* to comply with a C.C.P. § 2031.010 demand but fails to do so, compliance may be compelled on appropriate motion.  C.C.P. § 2031.320.  Accordingly, the Court has the authority to compel Plaintiff to comply with her written discovery responses agreeing to produce all documents.

**2.**     **Plaintiff Agreed to Produce All Documents Responsive to RFPs Nos. 11, 14, and 54, But Has Not Done So.**

All that need to be shown to prevail on a motion to compel compliance is the responding party's failure to comply as agreed.  C.C.P. § 2031.320(a); *see Standon Co., Inc. v. Sup. Ct. (Kim),* 225 Cal.App.3d 898, 903 (1990).  Here, Plaintiff's responses to RFP Nos. 11, 14, and 54

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

12

Case No. 18CIV05717
DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL
DB1/ 108332298.1

claim that Plaintiff will provide all responsive documents:

<u>**RFP No. 11**</u>

- **Request:** "All DOCUMENTS that RELATE TO YOUR scheduled work hours during YOUR employment with the CORPORATE DEFENDANTS."

- **Response:** "…Subject to and without waiving the foregoing objections, plaintiff will produce any documents in her possession, custody, or control that are responsive to her understanding of this request."

<u>**RFP No. 14**</u>

- **Request:** "All DOCUMENTS that RELATE TO the COMPENSATION that YOU received from the CORPORATE DEFENDANTS, including but not limited to, pay statements, time sheets, COMPENSATION policies, W-2 forms, income tax returns and other records, whether filed individually or jointly with any other PERSON during YOUR alleged employment with the CORPORATE DEFENDANTS."

- **Response:** "…Subject to and without waiving these objections, plaintiff will produce any documents (other than privileged income tax returns and schedules) in her possession, custody, or control that are responsive to this request."

<u>**RFP No. 54**</u>

- **Request:** "All DOCUMENTS that RELATE TO any employment YOU obtained from September 2017 to the present including, but not limited to, any offer letters, and DOCUMENTS evidencing the COMPENSATION and benefits YOU received from any employer."

- **Response**: "…Subject to and without waiver of the foregoing objections, plaintiff will produce any documents in her possession, custody, or control that are responsive to this request."

Despite agreeing to provide all responsive documents, Plaintiff has, to date, failed to do so. With respect to documents regarding the amount of the compensation she received from Ashfield (RFP No. 14), she produced a single printout from ADP's website that shows certain payments she received. Baltazar Decl. ¶ 16. But, Plaintiff has not produced copies of the actual

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

13

Case No. 18CIV05717
DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL

DB1/ 108332298.1

1   wage statements or her W-2.  *Id.*  Plaintiff has not produced any documents regarding her

2   scheduled work hours with Defendants (RFP No. 11).  *Id.*  Nor has she produced a single

3   document that evidences the subsequent employment she obtained, including offer letters, wage

4   statements, W-2s, or documents reflecting the end of such employment (RFP No. 54). *Id.* The

5   Court should compel Plaintiff to produce all documents responsive to these requests.

6         **C.**    **The Court Should Compel Plaintiff to Produce a Privilege Log Identifying**

7             **Any Document Withheld on the Basis of Privilege.**

8   When asserting claims of privilege or attorney work product protection, the objecting

9   party must provide "sufficient factual information" to enable other parties to evaluate the merits

10  of the claim, "including, *if necessary,* a privilege log." C.C.P. § 2031.240(c)(1)(emphasis added);

11  *Lopez v. Watchtower Bible & Tract Soc. Of New York, Inc.,* 246 Cal.App.4th 566, 596-97 (2016)

12  (burden to show preliminary facts supporting application of privilege not met where party failed

13  to produce privilege log or identify any specific confidential communications.)  A privilege log

14  must identify each document for which a privilege or work product protection is claimed, its

15  author, recipients, date or preparation, and the *specific* privilege or work product protection

16  claimed.  *Hernandez v. Sup. Ct. (Acheson Indus., Inc.),* 112 Cal.App.4th 285, 291-292 (2003).

17  The purpose of requiring a privilege log is to make a record of the documents withheld and the

18  privilege claim asserted to each.  *Wellpoint Health Networks, Inc. v. Sup. Ct. (McCombs),* 59

19  Cal.App.4th 110, 130 (1997).

20  Here, Plaintiff asserted the attorney-client privilege throughout her responses to BIPI's

21  RFPs. Baltazar Decl. ¶ 16, Exh. 15 (general objections and response to RFPs 14, 18, 55).  Yet,

22  despite BIPI's repeated requests, Plaintiff has failed to produce a privilege log.  Baltazar Decl. ¶

23  16.  Without such a log, BIPI cannot adequately evaluate Plaintiff's claim of privilege and/or

24  work product.  As a result, the Court should order Plaintiff to provide a privilege log that

25  identifies each document for which privilege or work product protection is claimed, its author,

26  recipients, date, or preparation, and the specific privilege or work product protection claimed.

27  **IV.**    **CONCLUSION**

28  For the foregoing reasons, BIPI respectfully requests that the Court order Plaintiff to serve

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

14

Case No. 18CIV05717

DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL

DB1/ 108332298.1

verified responses, produce all documents responsive to BIPI's RFPs as set forth in the

accompanying Separate Statement, and to produce a privilege log; and for all other relief in favor

of BIPI that the Court finds appropriate.

Dated: November 14, 2019                    MORGAN, LEWIS & BOCKIUS LLP

                                            By _____
                                               Eric Meckley
                                               Ashley A. Baltazar

                                               Attorneys for Defendant
                                               BOEHRINGER INGELHEIM
                                               PHARMACEUTICALS, INC.
                                               (erroneously sued as
                                               "BOEHRINGER-INGELHEIM
                                               PHARMACEUTICAL")

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

15                                Case No. 18CIV05717
DEFENDANT'S MEMO OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL
DB1/ 108332298.1

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON **11/14/2019**
By /s/ Jennifer Tannous
Deputy Clerk

1   MORGAN, LEWIS & BOCKIUS LLP
    Eric Meckley, Bar No. 168181
2   Ashley A. Baltazar, Bar No. 284921
    One Market
3   Spear Street Tower
    San Francisco, CA 94105-1596
4   Tel:    +1.415.442.1000
    Fax:    +1.415.442.1001
5   eric.meckley@morganlewis.com
    ashley.baltazar@morganlews.com
6
    Attorneys for Defendant
7   BOEHRINGER INGELHEIM
    PHARMACEUTICALS, INC. (erroneously sued as
8   "BOEHRINGER-INGELHEIM
    PHARMACEUTICAL")
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                          COUNTY OF SAN MATEO

12

13  BRENDA PERRY, and Individual,            Case No. 18CIV05717

14                  Plaintiff,               **DECLARATION OF ASHLEY A.**
                                             **BALTAZAR IN SUPPORT OF**
15          vs.                              **DEFENDANT BOEHRINGER**
                                             **INGELHEIM PHARMACEUTICALS,**
16  ASHFIELD HEALTHCARE, LLC, a business     **INC.'S MOTION TO COMPEL:**
    entity; BOEHRINGER-INGELHEIM
17  PHARMACEUTICAL, a business entity;       **(1) FURTHER RESPONSE TO RFP**
    NATE STYLES, an individual; and DOES 1-  **NO. 55;**
18  25, inclusive,
                                             **(2) COMPLIANCE WITH**
19                  Defendants.              **PLAINTIFF'S RESPONSE TO RFP**
                                             **NOS. 11, 14, AND 54; AND**
20
                                             **(3) A PRIVILEGE LOG.**
21
                                             Date:       January 14, 2020
22                                           Time:       9:00 a.m.
                                             Dept.:      1
23                                           Courtroom:  4C

24                                           Complaint Filed: October 22, 2018
                                             Trial Date: None set
25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

Case No. 18CIV05717
DECLARATION OF A. BALTAZAR IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL
DB1/ 108332818.1

I, Ashley A. Baltazar, declare as follows:

1.    I am an Associate at the law firm of Morgan, Lewis & Bockius LLP, counsel for Defendant Boehringer-Ingelheim Pharmaceuticals Inc. ("BIPI") in the above-captioned matter.  I submit this Declaration in support of BIPI's Motion to Compel.  I have personal knowledge of the facts set forth below, and if called as a witness, I could and would competently testify thereto.

2.    On or about March 13, 2019, my office served Plaintiff with Requests for Production of Documents (Set One), Special Interrogatories (Set One), and Form Interrogatories – Employment (Set One). Attached hereto as **Exhibit 1** is a true and correct copy of BIPI's Requests for Production of Documents (Set One), which are at issue in this Motion.

3.    On or about April 17, 2019, my office received *unverified* responses to Defendant's Requests for Production of Documents (Set One).  Plaintiff did not, however, serve *any* response to Defendant's Special Interrogatories (Set One) or Form Interrogatories – General (Set One) or produce any responsive documents.  Attached hereto as **Exhibit 2** is a true and correct copy of Plaintiff's *unverified* responses to BIPI's Requests for Production of Documents (Set One).

4.    On or about April 30, 2019, I sent Plaintiff's counsel, Michael Welch, a detailed meet and confer letter and requested a response by May 7, 2019 by both email and mail. Attached hereto as **Exhibit 3** is a true and correct copy of this meet and confer letter.

5.    On or about May 7, 2019, Mr. Welch emailed me requesting a few more days to provide updated discovery responses.  I granted his request.  Attached hereto as **Exhibit 4** is a true and correct copy of this email chain.

6.    On or about May 16, 2019, my office received *unverified* responses to BIPI's Form Interrogatories—Employment (Set One), *unverified* responses to BIPI's Special Interrogatories (Set One), and Plaintiff's first document production.  Plaintiff did not, however, provide a verification to her initial responses to BIPI's Requests for Production of Documents (Set One) or amended responses to BIPI's Requests for Production of Documents (Set One).  Nor did Mr. Welch provide a response to my April 30, 2019 meet and confer letter.

7.    On or about June 17, 2019, I sent Mr. Welch another detailed meet and confer

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 108332818.1

1

DECLARATION OF A. BALTAZAR IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL

Case No. 18CIV05717

1   letter addressing the multitude of issues with Plaintiff's discovery responses and requested a

2   response by June 21, 2019.  Attached hereto as **Exhibit 5** is a true and correct copy of this meet

3   and confer letter.

4         8.      On or about June 26, 2019, Mr. Welch emailed me, claimed to have been on a

5   family vacation, and indicated that he would respond to my letter and provide the outstanding

6   items by Friday, June 28, 2019.  In the afternoon on Friday, June 28, 2019, I inquired as to the

7   status of Mr. Welch's response to my letter, Plaintiff's verifications, and amended responses.

8   Attached hereto as **Exhibit 6** is a true and correct copy of this email chain.  Later that day, Mr.

9   Welch sent me an email, which purported to attach, among other things, revised verified

10  responses to BIPI's Special Interrogatories and Form Interrogatories—Employment.  His email

11  further indicated that he was still awaiting a verification from his client as to BIPI's Requests for

12  Production of Documents.  On or about July 1, 2019, after not receiving these documents in hard

13  copy form in the mail or otherwise, I emailed Mr. Welch and informed him that the files were

14  corrupted and that I could not open them. I requested that Mr. Welch re-send the documents to

15  me.  On or about July 2, 2019, Mr. Welch responded and informed me that he sent the documents

16  by FedEx to my office.  Attached hereto as **Exhibit 7** is a true and correct copy of this email

17  chain.

18        9.      On or about July 8, 2019, my office received Plaintiff's verified amended

19  responses to BIPI's Requests for Production of Documents.  I also received Plaintiff's amended

20  responses to BIPI's Form Interrogatories—Employment and amended responses to BIPI's Special

21  Interrogatories, which were not properly verified.  Specifically, the verifications that

22  accompanied Plaintiff's responses represented that they were in fact, verifications to Plaintiff's

23  original responses to BIPI's Form Interrogatories—Employment and Special Interrogatories.

24  Accordingly, Plaintiff's amended responses to these discovery requests remained *unverified*. I did

25  not receive a substantive response to my June 17, 2019 meet and confer letter.  Attached hereto as

26  **Exhibit 8** is a true and correct copy of Plaintiff's Amended Responses to BIPI's Requests for

27  Production of Documents that I received on July 8, 2019.

28        10.     On or about July 15, 2019, I sent a third detailed meet and confer letter to Mr.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 108332818.1

2

Case No. 18CIV05717

DECLARATION OF A. BALTAZAR IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL

1   Welch and requested a response by July 22, 2019.  Attached hereto as **Exhibit 9** is a true and

2   correct copy of the July 15, 2019 meet and confer letter.

3           11.     On or about July 24, 2019, after receiving no response to my July 15, 2019 meet

4   and confer letter, I emailed Mr. Welch, asking him to advise as to the status of the items requested

5   in my letter.  On July 25, 2019, Mr. Welch responded, claiming to have depositions the remainder

6   of the week and indicated that he would respond to the letter by Monday, July 29, 2019. Attached

7   hereto as **Exhibit 10** is a true and correct copy of this email correspondence.

8           12.     On or about July 30, 2019, .Mr. Welch emailed me and purported to attach

9   verifications to Plaintiff's amended responses to BIPI's Special Interrogatories and Form

10  Interrogatories—Employment. On July 31, 2019, I emailed Mr. Welch and informed him that his

11  email did not include verifications to Plaintiff's amended responses to BIPI's Form

12  Interrogatories—Employment as his email indicated.  I further requested that he appropriately

13  serve the verifications and provide verifications to Plaintiff's responses to BIPI's Requests for

14  Production of Documents.  That same day, Mr. Welch acknowledged receiving my email and

15  indicated that he had left the office for a settlement conference, but would address it later.  On

16  August 14, 2019, after receiving no further communication from Mr. Welch, I again sent an email

17  to Mr. Welch asking for the aforementioned items and a response to my meet and confer letter by

18  Friday, August 16, 2019. I also requested an extension to BIPI's motion to compel deadline.

19  Attached hereto as **Exhibit 11** is a true and correct copy of this email correspondence.

20          13.     On August 19, 2109, Mr. Welch emailed me and purported to attach amended

21  responses to Special Interrogatories and Form Interrogatories—Employment, a response to my

22  meet and confer letter, and further documents. I immediately responded to Mr. Welch's email and

23  informed him that his attached amended responses once again did not include a verification and

24  requested a verification by the close of business.  Mr. Welch responded claiming that he was

25  "puzzled" as to my statement that he had not provided verifications to prior responses, but

26  ignored the fact that his email inaccurately described what was attached and my request for

27  missing verifications.  I responded and again outlined the issues with Plaintiff's discovery

28  requests and verifications. On August 20, 2019, I emailed Mr. Welch to ask him for his

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 108332818.1

3
DECLARATION OF A. BALTAZAR IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL

Case No. 18CIV05717

1   availability for a phone call to discuss, but he did not respond to my request.  Instead, he

2   responded and stated that he would "review [my email] later today after [he] got something filed.

3   Attached hereto as **Exhibit 12** is a true and correct copy of this email correspondence.

4         14.    On August 22, 2019, after receiving no further communication from Mr. Welch, I

5   emailed him and invited him to come to my office for an in person meeting to discuss the issues

6   with Plaintiff's discovery responses. We agreed to meet on August 28, 2019. Attached hereto as

7   **Exhibit 13** is a true and correct copy of this email correspondence.

8         15.    On August 28, 2019, Mr. Welch and I met in person at my office to discuss the

9   various issues with Plaintiff's discovery responses. During this meeting, Mr. Welch brought with

10  him Plaintiff's verified Second Amended Responses to BIPI's Special Interrogatories.  These

11  responses did not include a proof of service.  Mr. Welch indicated during this meeting that he

12  forgot to bring Plaintiff's amended responses to Defendant's Form Interrogatories—Employment.

13  He also handed me a document that purported to be Plaintiff's Second Amended Responses to

14  BIPI's Requests for Production of Documents, but after I pointed out that the document was

15  missing several pages, he took it back.  Mr. Welch agreed to provide (1) verified Second

16  Amended Responses to BIPI's Requests for Production of Documents; (2) verified Second

17  Amended Responses to BIPI's Form Interrogatories; (3) a proof of service that indicates service

18  of Plaintiff's verified second amended responses to BIPI's Special Interrogatories; (4) a proof of

19  service for all of Plaintiff's documents produced; (5) a privilege log that lists any document

20  withheld on the basis of privilege; and (6) certain attachments missing from documents produced.

21  On September 3, 2019, I sent Mr. Welch an email memorializing this agreement and asked him to

22  commit to providing the aforementioned documents by Friday, September 6, 2019.  Attached

23  hereto as **Exhibit 14** is a true and correct copy of this email correspondence.

24        16.    On or about September 5, 2019, my office received Plaintiff's verified Second

25  Amended Responses to BIPI's Form Interrogatories – Employment, verified Second Amended

26  Reponses to BIPI's Special Interrogatories, without a proof of service attached.  Attached hereto

27  as **Exhibit 15** is a true and correct copy of Plaintiff's verified Second Amended Responses to

28  BIPI's Requests for Production of Documents (Set One). Plaintiff's Second Amended Responses

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

4

DECLARATION OF A. BALTAZAR IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL

Case No. 18CIV05717

DB1/ 108332818.1

1   to BIPI's Requests for Production of Documents were still not code compliant. Additionally,

2   Plaintiff has not produced all documents responsive to certain of BIPI's Requests for Production

3   of Documents.  For example, Plaintiff has not produced any documents regarding her scheduled

4   work hours with Defendants.  Nor has she produced all documents that evidence the amount of

5   the compensation she received from Ashfield. For example, BIPI has not received copies of

6   Plaintiff's actual wage statements or her W-2s.  The only document she produced in this regard is

7   a printout from an ADP portal regarding her pay.  She also has not produced a single document

8   evidencing the subsequent employment she obtained including offer letters, wage statements, W-

9   2s, or documents evidencing the reasons for the end of such employment.  Furthermore, Plaintiff

10  has failed to produce a privilege log despite my repeated requests for one.

11      17.     On or about September 6, 2019, I inquired as to the remaining documents that

12  Plaintiff agreed to provide, but that BIPI had not yet received. Specifically, missing proofs of

13  service, a privilege log, and certain documents to be produced.  On September 10, 2019, after

14  receiving no response from Mr. Welch, I again emailed him to follow up and asked him to

15  commit to providing the outstanding information/documents by the end of the week.  Attached

16  hereto as **Exhibit 16** is a true and correct copy of this email chain.  On September 16, 2019, Mr.

17  Welch responded and attached additional documents, but did not address the remaining issues

18  raised by my September 6, 2019 email. Attached hereto as **Exhibit 17** is a true and correct copy

19  of this email chain.

20      18.     On September 26, 2019, I again emailed Mr. Welch and informed him that I was

21  still waiting for certain proofs of service, missing documents, and a privilege log.  On October 9,

22  2019, after still receiving no response, I sent another follow up email.  Mr. Welch finally

23  responded and indicated that he was leaving for his father's funeral and would not be able to

24  address the matter until he returned.  I expressed my condolences and my understanding and

25  asked him to extend the deadline for BIPI's motion to compel for two weeks to accommodate the

26  delay and Mr. Welch agreed.  On October 21, 2019, I emailed Mr. Welch to follow up, but did

27  not receive a response. On October 23, 2019, I again emailed him and outlined the issues with

28  respect to Plaintiff's response to Request for Production No. 55, which sought documents related

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 108332818.1

5

DECLARATION OF A. BALTAZAR IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL

Case No. 18CIV05717

to lawsuits Plaintiff filed against her prior employers.  In an attempt to reach a compromise with Plaintiff, I suggested that the request be narrowed to the pleadings, discovery documents, and settlement agreements in those actions.  Mr. Welch responded and agreed to produce pleadings and discovery documents, but not settlement agreements.  On October 23, 2019, I indicated that we agreed with his proposal, provided he provide such responses and documents by November 1, 2019.  On October 25, 2019, after not receiving any further communication from Mr. Welch, I followed up.  On October 29, 2019, Mr. Welch agreed to provide amended responses and documents by Friday, November 1, 2019 and agreed to extend BIPI's deadline to file a motion to compel another ten days to November 14, 2019.  On November 5, 2019, after receiving no amended responses, documents, or privilege log from Plaintiff, I sent Mr. Welch an8 email checking on the status of the documents.     On November 8, 2019, after receiving not response, I sent another email requesting a status update.  Mr. Welch did not respond to my emails.  Attached hereto as **Exhibit 18** is a true and correct copy of this email communication. That afternoon, however, my office received Plaintiff's Further Amended Response to RFP No. 55 and further documents produced in the mail.  This further amended response, however, was, once again, not accompanied by a verification and the response and documents produced did not comply with the our agreement.  Specifically, the response limited the agreement to produce responsive documents to pleadings and discovery requests, but did not indicate an agreement to produce discovery responses.  Additionally, the document production that accompanied these unverified responses, was similarly noncompliant.  While Plaintiff produced the Complaints in the King Action, Vitas Action, and Atria Action, and a PDF purporting to be Form Interrogatories, Plaintiff did not produce any other discovery requests and did not produce a single discovery response. Attached hereto as **Exhibit 19** are Plaintiff's Further Amended Response to Defendant BIPI's Request for Production of Documents, Set One, No. 55.

19.     On November 11, 2019, I sent another email to Mr. Welch pointing out the lack of verification and that the response and documents did not comport with the parties' agreement. Given that BIPI's deadline to file a motion to compel, which was November 14, 2019, was quickly approaching, I requested a two-week extension to BIPI's motion to compel deadline and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 108332818.1

6

Case No. 18CIV05717

DECLARATION OF A. BALTAZAR IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL

1  requested a response to this request no later than noon on November 12, 2019.  *See* **Exhibit 18.**

2  Mr. Welch did not respond to this email.  On November 12, 2019, I tried to reach Mr. Welch by

3  phone, but was told that he was unavailable.  The receptionist informed me that she tried to reach

4  Mr. Welch on his cell phone, but that it went straight to voicemail. She also informed me that his

5  voicemail box at was full, so I could not leave a voicemail.  To date, Mr. Welch has not returned

6  my phone calls or emails, forcing BIPI to file this Motion.

7          20.      Attached hereto as **Exhibit 20** are Plaintiff's Second Amended Responses to

8  BIPI's Special Interrogatories, which indicate that Plaintiff has filed at least three other lawsuits

9  against her former employers.

10          Executed this 14th day of November 2019 in San Francisco, California.

11          I declare under penalty of perjury under the laws of the State of California that the

12  foregoing is true and correct.

13

14

15

16

17  _____
                                        Ashley A. Baltazar

18

19

20

21

22

23

24

25

26

27

28

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

DB1/ 108332818.1

7

DECLARATION OF A. BALTAZAR IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL

Case No. 18CIV05717

# Exhibit 1

1    MORGAN, LEWIS & BOCKIUS LLP
     Eric Meckley, Bar No. 168181
2    Ashley A. Baltazar, Bar No. 284921
     One Market
3    Spear Street Tower
     San Francisco, CA  94105-1596
4    Tel:    +1.415.442.1000
     Fax:    +1.415.442.1001
5    eric.meckley@morganlewis.com
     ashley.baltazar@morganlews.com
6
     Attorneys for Defendant
7    BOEHRINGER INGELHEIM
     PHARMACEUTICALS, INC. (erroneously sued as
8    "BOEHRINGER-INGELHEIM
     PHARMACEUTICAL")
9

10                 SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                            COUNTY OF SAN MATEO

12

13   BRENDA PERRY, and Individual,          Case No. 18CIV05717

14                    Plaintiff,             **DEFENDANT BOEHRINGER-INGELHEIM
                                             PHARMACEUTICAL'S REQUEST FOR
15           vs.                             PRODUCTION OF DOCUMENTS TO
                                             PLAINTIFF (SET ONE)**
16   ASHFIELD HEALTHCARE, LLC, a
     business entity; BOEHRINGER-           Complaint Filed:    October 22, 2018
17   INGELHEIM PHARMACEUTICAL, a            Trial Date:         None Set
     business entity; NATE STYLES, an
18   individual; and DOES 1-25, inclusive,

19                    Defendants.

20

21

22
     PROPOUNDING PARTY:    Defendant BOEHRINGER INGELHEIM PHARMACEUTICALS,
23
                           INC.
24
     RESPONDING PARTY:     Plaintiff BRENDA PERRY
25
     SET NO.:              One
26
            Pursuant to Section 2031.010, *et seq.* of the Code of Civil Procedure, Defendant
27
     Boehringer Ingelheim Pharmaceuticals, Inc. ("Defendant") requests that Plaintiff Brenda Perry
28
     ("Plaintiff") respond in writing to this Request for Production of Documents, Set One

("Document Requests") as required by Section 2031.210 - 2031.250, and produce at the offices of Morgan, Lewis & Bockius LLP, located at **One Market, Spear Street Tower, San Francisco, CA 94105**, within the time prescribed by Section 2031.260, and permit the inspection and copying of all of the documents and tangible things that are described below in these Document Requests.

## **DEFINITIONS AND INSTRUCTIONS**

The following definitions apply to all document requests:

1. The terms "YOU," "YOUR," and "PLAINTIFF" shall mean and refer to Plaintiff Brenda Perry and her agents and representatives.

2. The term "CORPORATE DEFENDANTS" means and refers to Boehringer Ingelheim Pharmaceuticals, Inc. and Ashfield Healthcare, LLC.

3. The term "DEFENDANTS" means and collectively refers to the CORPORATE DEFENDANTS and individual defendant "Nate Styles".

4. The term "COMPLAINT" means the operative First Amended Complaint filed by Plaintiff attorneys on or about January 7, 2019, in the United States District Court, Northern District of California.

5. The term "PERSON(S)" means all natural persons or entities, governmental units, partnerships, firms, corporations, associations, joint ventures, or any other form of business, organization, arrangement or other form of public private or legal entity.

6. The terms "COMMUNICATION" and "COMMUNICATIONS" mean and include any meeting, conference, face-to-face conversation, telephone conversation, computer message or conference or COMMUNICATION used by any media, as well as any written, typed, taped, or recorded COMMUNICATION of any kind whatsoever.

7. The term "DOCUMENT" means the "original" and each "duplicate" of every "writing" and "recording," as those terms are defined by California Evidence Code § 250, and includes all printed, typed, recorded, photographic, written and graphic matter (including audio or video tape recordings), however printed, coded, stored, produced or reproduced, of any kind or description, whether sent or received or not, and all copies, drafts, or versions thereof which are

different in any way from the original (whether by interlineations, date-stamp, handwritten notes, highlighting, indication of copies sent or received, or otherwise), including but not limited to: any paper, book, account, photograph, blueprint, drawing, sketch, schematic, agreement, contract, memorandum, press release, circular, advertising material, correspondence, letter, computer file, electronic mail message (e-mail), telegram, telex, object, report, opinion, investigation, record, transcript, study, note or notation, working paper, summary, intra-office COMMUNICATION, diary or calendar, electronic calendar, planner, chart, minute, index sheet, computer software, check, check stub, delivery ticket, bill of lading, invoice, records or recording or summary of any hearing, meeting, telephone or other conversation, or of any interview or of any conference, or any other written, computerized, recorded, transcribed, punched, taped, filmed or graphic matter of which YOU have or have had possession, custody or control, or of which YOU have knowledge.

8.     The term "COMPENSATION" includes damages, wages, penalties, interest, and restitution.

9.     The terms "RELATE TO," "RELATING TO," and "RELATED TO" shall mean to refer, relate, constitute, evidence, or reference.

10.     The term "HEALTHCARE PROVIDER" shall mean any doctor or other practitioner of medical science or healing arts, including but not limited to counselors, nurses, chiropractors, psychologists, psychiatrists, social workers, physical therapists, and hospitals, clinics, hospices, and other institutions providing health care.

## REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS

**REQUEST FOR PRODUCTION NO. 1:**

All DOCUMENTS that RELATE TO the First Cause of Action in YOUR COMPLAINT for "Sexual Harassment" in violation of the Fair Employment and Housing Act ("FEHA").

**REQUEST FOR PRODUCTION NO. 2:**

All DOCUMENTS that RELATE TO the Second Cause of Action in YOUR COMPLAINT for "Age Discrimination" in Violation of the FEHA.

**REQUEST FOR PRODUCTION NO. 3:**

All DOCUMENTS that RELATE TO the Third Cause of Action in YOUR COMPLAINT for "Retaliation."

**REQUEST FOR PRODUCTION NO. 4:**

All DOCUMENTS that RELATE TO the Fourth Cause of Action in YOUR COMPLAINT for "Wrongful Termination in Violation of Public Policy."

**REQUEST FOR PRODUCTION NO. 5:**

All DOCUMENTS that RELATE TO the Fifth Cause of Action in YOUR COMPLAINT for "Intentional Infliction of Emotional Distress."

**REQUEST FOR PRODUCTION NO. 6:**

All DOCUMENTS which YOU obtained from the CORPORATE DEFENDANTS during YOUR employment with the CORPORATE DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 7:**

All DOCUMENTS that RELATE TO YOUR alleged employment with the CORPORATE DEFENDANTS, including but not limited to ALL offer letters, employment agreements, job descriptions, compensation, benefits, personnel policies or statements, employee handbooks, formal or informal evaluations or performance reviews, comment, criticism, discipline, reprimand, complaints, or praise.

**REQUEST FOR PRODUCTION NO. 8:**

All DOCUMENTS, regardless of source, that RELATE TO the CORPORATE DEFENDANTS' employees, job descriptions, policies, procedures, practices, and employee handbooks, with the exception of any privileged communications between YOU and YOUR counsel.

**REQUEST FOR PRODUCTION NO. 9:**

All DOCUMENTS that RELATE TO YOUR qualifications for any position with the CORPORATE DEFENDANTS, including your position as field sales representative assigned to the Diabetes Overlay team as alleged in Paragraph 8 of YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 10:**

All DOCUMENTS that YOU received from the CORPORATE DEFENDANTS during YOUR employment with the CORPORATE DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 11:**

All DOCUMENTS that RELATE TO YOUR scheduled work hours during YOUR employment with the CORPORATE DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 12:**

All DOCUMENTS that RELATE TO YOUR absence from work for any reason during YOUR employment with the CORPORATE DEFENDANTS.

**REQUEST FOR PRODUCTION  NO. 13:**

All DOCUMENTS that RELATE TO YOUR applications for positions with the CORPORATE DEFENDANTS, including but not limited to resumes, cover letters, methods of application, responses, rules, guidelines, or procedures.

**REQUEST FOR PRODUCTION NO. 14:**

All DOCUMENTS that RELATE TO the COMPENSATION (including wages, reimbursements, and deductions) that YOU received from the CORPORATE DEFENDANTS, including but not limited to, pay statements, time sheets, COMPENSATION policies, W-2 forms, income tax returns and other records, whether filed individually or jointly with any other PERSON (federal, state, and local) during YOUR alleged employment with the CORPORATE DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 15:**

All DOCUMENTS that RELATE TO any feedback YOU received about YOUR work performance during YOUR alleged employment with the CORPORATE DEFENDANTS, whether verbal or written, and whether positive, negative, or otherwise.

**REQUEST FOR PRODUCTION NO. 16:**

All DOCUMENTS that RELATE TO any written warnings, counselings, or other disciplinary action that YOU received from the CORPORATE DEFENDANTS during YOUR alleged employment with the CORPORATE DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 17:**

All internet pages or postings (including on Facebook, Twitter, or other social media sites) that YOU have created or published RELATED TO this lawsuit, YOUR employment with the CORPORATE DEFENDANTS, or the claims set forth in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 18:**

All journals, diaries, or other DOCUMENTS that RELATE TO this lawsuit, YOUR alleged employment with the CORPORATE DEFENDANTS, or any of the claims set forth in YOUR COMPLAINT.

**REQUEST FOR PRODUCTION NO. 19:**

All DOCUMENTS that RELATE TO any oral or written complaint YOU made to anyone regarding YOUR alleged employment with CORPORATE DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 20:**

All COMMUNICATIONS that RELATE TO any oral or written complaints YOU made regarding YOUR alleged employment with the CORPORATE DEFENDANTS.

**REQUEST FOR PRODUCTION NO. 21:**

All DOCUMENTS that RELATE to any oral or written complaint YOU made regarding Nate Styles.

**REQUEST FOR PRODUCTION NO. 22:**

All COMMUNICATIONS that RELATE TO any oral or written complaints YOU made regarding Nate Stiles.

**REQUEST FOR PRODUCTION NO. 23:**

All DOCUMENTS that RELATE to any oral or written complaint YOU made regarding alleged "off label marketing."

**REQUEST FOR PRODUCTION NO. 24:**

All COMMUNICATIONS that RELATE TO any oral or written complaints YOU made regarding alleged "off label marketing."

**REQUEST FOR PRODUCTION NO. 25:**

All DOCUMENTS that constitute, evidence, or reference correspondence or other

1  COMMUNICATIONS with any individual from whom YOU or any PERSON acting on YOUR

2  behalf has obtained or has sought to obtain a written or oral statement concerning the relevant

3  facts and circumstances, or the allegations and claims involved in the litigation initiated by the

4  COMPLAINT, including a copy of any statement(s) received.

5  **REQUEST FOR PRODUCTION NO. 26:**

6        All DOCUMENTS that constitute, evidence, or reference any meeting, conversations, or

7  other COMMUNICATIONS YOU had at any time with any PERSON (other than YOUR

8  attorneys) concerning any of the facts, events, or allegations involved in this lawsuit, including

9  but not limited to correspondence (including any electronic form of communication such as e-

10 mail or text messaging), memoranda, notes, any writing reflecting telephone communications

11 (including any telephone records, voicemail recordings, and/or notes of messages), or any writing

12 reflecting other COMMUNICATIONS, such as entries in any calendar, date book, journal,

13 appointment book, or log.

14 **REQUEST FOR PRODUCTION NO. 27:**

15       All DOCUMENTS created by YOU or any other person (other than YOUR counsel in this

16 case) RELATED TO any of the allegations in YOUR COMPLAINT.

17 **REQUEST FOR PRODUCTION NO. 28:**

18       All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 8 of YOUR

19 COMPLAINT that "defendant BIP exercised control over the means and manner of [YOUR]

20 performance as a sales representative."

21 **REQUEST FOR PRODUCTION NO. 29:**

22       All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 8 of YOUR

23 COMPLAINT that "BIP controlled the location and assignment of [YOUR] territory as a

24 pharmaceutical representative; BIP had the power to manage and controle [YOUR] job

25 performance, and BIP directly managed and supervised [YOUR] job performance, (including

26 through defendant Stiles, a manager of BIP); BIP instructed [YOU] as to how to perform

27 [YOUR] job duties and make sales calls; and BIP had the power to terminate [YOUR]

28 performance, and did so, as alleged further below."

**REQUEST FOR PRODUCTION NO. 30:**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 10 of YOUR COMPLAINT that "defendants interfered with [YOUR] job performance and engaged in unlawful conduct at several levels during the summer of 2017, in which plaintiff was accompanied in her physician sales calls by her direct manager, defendant Styles [sic]."

**REQUEST FOR PRODUCTION NO. 31:**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 11 of YOUR COMPLAINT that "Mr. Styles confronted [YOU] with lewd and harassing sexual behavior while [YOU were] attempting to do a routine inventory of [YOUR] pharmaceutical sample storage locker in Mr. Style's presence, while bent down in a confined space..."

**REQUEST FOR PRODUCTION NO. 32:**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 12 of YOUR COMPLAINT that "Mr. Styles also engaged in illegal business practices, and instructed [YOU] to do so also, on behalf of defendants in their efforts to increase sales of BIP products to physicians."

**REQUEST FOR PRODUCTION NO. 33:**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 12 of YOUR COMPLAINT that "Mr. Styles engaged in direct and explicit statements, actions and efforts to market and sell the BI Jardiance Combination products to medical providers for 'off label' uses and purposes – in other words, for uses and purposes not indicated or approved by United States regulatory authorities, and in violation of the laws and regulations promulgated to prohibit the marketing and sales of drugs for non-approved and non-indicated uses and purposes."

**REQUEST FOR PRODUCTION NO. 34:**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 13 of YOUR COMPLAINT that "Mr. Styles also ordered [YOU] to adopt and use the same unlawful 'off label' sales actions and practices that he had engaged in with the physician accounts assigned to her, to increase sales of the BI Jardiance Combination products."

**REQUEST FOR PRODUCTION NO. 35:**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 14 of YOUR COMPLAINT that "BIP was already facing severe government scrutiny and claims for engaging in widespread, illegal, 'off label' marketing practices with respect to several BIP pharmaceutical products."

**REQUEST FOR PRODUCTION NO. 36:**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 14 of YOUR COMPLAINT that "as a result of having been 'busted' already for its unlawful 'off label' marketing practices caused by a sales employee's report of those unlawful practices to government agencies, and with specific knowledge from plaintiff's own personnel records and statements that she had prior experience with pharmaceutical firms, and prior knowledge of the illegality of 'off label' practices, after plaintiff called out defendant Styles for instructing her to engage in those practices, defendant BIP was acutely fearful that plaintiff would also report those 'off label' practices to the DOJ or other government agencies, and that once she did so BIP would potentially be liable for additional multiple millions of dollars in fines and levies by the DOJ or other government agencies."

**REQUEST FOR PRODUCTION NO. 37:**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 15 of YOUR COMPLAINT that "BIP and its manager, defendant Styles, had the power to terminate [YOUR] employment, and use that power to cause the termination of [YOUR] employment as a BIP sales representative."

**REQUEST FOR PRODUCTION NO. 38:**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 15 of YOUR COMPLAINT that the CORPORATE DEFENDANTS' "stated reason for [the] termination of [YOUR] employment was false and contrived…"

**REQUEST FOR PRODUCTION NO. 39:**

All DOCUMENTS that RELATE to YOUR allegation in Paragraph 17 of YOUR COMPLAINT that "[YOU] were subjected to unwelcome sexually motivated physical actions

and advances, including impeding and blocking movement and physical interference with her

work and movement based on [YOUR] sex, by managers of defendants."

**REQUEST FOR PRODUCTION NO. 40:**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 25 of YOUR

COMPLAINT that "[YOUR] age was a substantial motivating factor in such discriminatory

treatment and adverse employment actions taken against [YOU], including termination of

[YOUR] employment."

**REQUEST FOR PRODUCTION NO. 41:**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 30 of YOUR

COMPLAINT that "[YOU] engaged in one or more protected activities by, among other things,

complaining of and objecting to defendants' sexually harassing and discriminatory statements

toward her by managers, employees, and/or agents of defendants."

**REQUEST FOR PRODUCTION NO. 42:**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraphs 22, 28, 33, and 38

of YOUR COMPLAINT that "The foregoing acts of defendants were fraudulent, malicious,

intentional, oppressive, and plaintiff is therefore entitled to an award of punitive damages against

defendants."

**REQUEST FOR PRODUCTION NO. 43:**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 40 of YOUR

COMPLAINT that "defendant Styles had actual or apparent authority over plaintiff, as plaintiff's

direct supervisor, including the power to discipline plaintiff, the power to limit or diminish her

earnings, and the power to terminate her employment and threaten or take away her livelihood."

**REQUEST FOR PRODUCTION NO. 44:**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 41 of YOUR

COMPLAINT that "Defendant Styles then engaged in the outrageous acts described in paragraph

11 of the First Amended Complaint, and did so with the intention to cause severe emotional

distress to [YOU] or with reckless disregard that he would cause such severe emotional distress to

[YOU]."

1    **REQUEST FOR PRODUCTION NO. 45:**

2          All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 42 of YOUR

3    COMPLAINT that "the foregoing wrongful acts did in fact cause severe emotional distress to

4    [YOU] and [YOU] have suffered damages from such distress, in an amount to be proven at trial."

5    **REQUEST FOR PRODUCTION NO. 46:**

6          All DOCUMENTS that constitute, evidence, or reference any COMMUNICATIONS

7    between YOU (or any PERSON acting on YOUR behalf) and any government agency including,

8    but not limited to, the California Department of Fair Employment and Housing, the United States

9    Equal Employment Opportunity Commission, or the California Labor Commissioner concerning

10   the subject matter of this lawsuit or any claims concerning YOUR alleged employment with

11   DEFENDANT, including but not limited to complaints, charges, questionnaires, worksheets,

12   completed forms, correspondence (including any electronic form of COMMUNICATION),

13   memoranda, or notes.

14   **REQUEST FOR PRODUCTION NO. 47:**

15         All DOCUMENTS RELATED TO any type or amount of damages YOU allegedly

16   sustained as a result of any conduct attributed to DEFENDANTS, including all DOCUMENTS

17   stating, referencing, evidencing, or concerning any calculations of said damages.

18   **REQUEST FOR PRODUCTION NO. 48:**

19         All DOCUMENTS that RELATE TO any treatment YOU received from any

20   HEALTHCARE PROVIDER for any physical or emotional injury that YOU attribute to the

21   conduct of DEFENDANTS.

22   **REQUEST FOR PRODUCTION NO. 49:**

23         All COMMUNICATION with any HEALTHCARE PROVIDER from whom YOU

24   sought treatment for any physical or emotional injury that YOU attribute to the conduct of

25   DEFENDANTS.

26   **REQUEST FOR PRODUCTION NO. 50:**

27         All DOCUMENTS that RELATE TO any treatment YOU received from any

28   HEALTHCARE PROVIDER for any emotional injury from January 1, 2016 to the present date.

**REQUEST FOR PRODUCTION NO. 51:**

All COMMUNICATIONS with any HEALTHCARE PROVIDER from whom YOU sought treatment for any emotional injury from January 1, 2016 to the present.

**REQUEST FOR PRODUCTION NO. 52:**

All DOCUMENTS that RELATE TO YOUR efforts to mitigate YOUR damages from September 2017 to the present, including, but not limited to any job application, resume, curriculum vitae, or cover letter YOU submitted to any potential employer.

**REQUEST FOR PRODUCTION NO. 53:**

All COMMUNICATIONS with any potential employer, recruiter, or placement agency that RELATE TO YOUR efforts to find employment from September 2017 to the present.

**REQUEST FOR PRODUCTION NO. 54:**

All DOCUMENTS that RELATE TO any employment YOU obtained from September 2017 to the present including, but not limited to, any offer letters, and DOCUMENTS evidencing the COMPENSATION and benefits YOU received from any employer.

**REQUEST FOR PRODUCTION NO. 55:**

All DOCUMENTS that RELATE TO any lawsuits, complaints, charges, grievances, or other legal or equitable claims made by YOU, or made by others on YOUR behalf, against any employer, other than this ACTION.

Dated: March 13, 2019                           MORGAN, LEWIS & BOCKIUS LLP

By: _____
Eric Meckley
Ashley A. Baltazar
Attorneys for Defendant
BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.

DEFENDANT BI'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF (SET ONE)

## PROOF OF SERVICE

I, Evy M. Leiva, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, Ca 94105. On March 13, 2019, I served a copy of the within document(s):

**DEFENDANT BOEHRINGER-INGELHEIM PHARMACEUTICAL'S REQUEST FOR PRODUCTION OF DOCUMENTS TO PLAINTIFF (SET ONE)**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, the United States mail at San Francisco, California addressed as set forth below.

☒ by placing the document(s) listed above in a sealed FedEx envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a FedEx agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Michael T. Welch                              *Attorney for Plaintiff Brenda Perry*
Law Offices of Michael T. Welch
Four Embarcadero Center, 14th Fl
San Francisco, Ca 94111
Tel: 415.426.5691
Fax: 415.399.0445

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

Executed on March 13, 2019, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____
Evy M. Leiva

# Exhibit 2

1  Michael T. Welch (#122630)
   LAW OFFICES OF MICHAEL T. WELCH
2  Four Embarcadero Center, 14th Floor
   San Francisco, California 94111
3  Telephone:     (415)426-5691
   Facsimile:     (415)399-0445
4
5  Attorneys for Plaintiff BRENDA PERRY
6
7              SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                        COUNTY OF SAN MATEO
9
10
   BRENDA PERRY, an Individual,              )   CASE NO.  18CV05717
11                                           )
                        Plaintiff,           )   **PLAINTIFF'S RESPONSES TO**
12                                           )   **DEFENDANT BOEHRINGER-**
            v.                               )   **INGELHEIM PHARMACEUTICAL'S**
13                                           )   **REQUEST FOR PRODUCTION OF**
   ASHFIELD HEALTHCARE, LLC, a business      )   **DOCUMENTS, SET ONE**
14 entity; BOEHRINGER-INGELHEIM             )
   PHARMACEUTICAL, a business entity;        )
15 NATE STYLES, an individual; and DOES 1-   )
   50, inclusive,                            )
16                                           )
                        Defendants.          )
17                                           )
18 _____
19 ROPOUNDING PARTY:      Defendant BOEHRINGER-INGELHEIM PHARMACEUTICAL
20 RESPONDING PARTY:      Plaintiff BRENDA PERRY
21 SET NUMBER:            ONE
22      Plaintiff JASON MILES ("MILES") hereby responds to the Request for Production of
23 Documents of defendant PROGRESS INVESTMENT MANAGEMENT COMPANY
24 ("PROGRESS") as follows:
25                        **GENERAL OBJECTIONS**
26      1.  Plaintiff objects to the Document Requests and to each and every request contained
27 therein to the extent that they purport to impose burdens or duties on plaintiff that exceed the
28
                                      -1-
   **PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    requirements and permissible scope of discovery under the California Code of Civil Procedure.

2        2.  Plaintiff objects to the Document Requests and to each and every request contained

3    therein to the extent that they purport to request documents that are subject to any privilege or

4    immunity from discovery, including, without limitation, the attorney-client privilege, the work-

5    product privilege, the right to privacy guaranteed by the California Constitution, and any other

6    privilege or restriction on discovery recognized by California law.

7        3.  Plaintiff objects to the Document Requests and to each and every request contained

8    therein on the grounds that, to the extent that they seek documents that are already in

9    respondent's custody, control or possession, they are unduly burdensome and duplicative.

10        4.  Plaintiff objects to the Document Requests and to each and every request contained

11    therein to the extent that they purport to require plaintiff to produce documents from any source

12    other than the personal files and records of plaintiff.

13        5.  Plaintiff reserves the right to amend her responses to the extent that new or additional

14    relevant documents may come to his attention.

15        6.  Plaintiff responds to the Document Requests without waiver and with preservation of:

16            a)  The right to object to the use of any responses or documents on any ground in

17                any proceedings in this or any other action (including any trials);

18            b)  The right to object on any ground at any time to a demand or request for a

19                further response to this discovery request or other discovery proceedings

20                involving or relating to the subject matter of the discovery requests herein

21                responded to; and,

22            c)  The right at any time to revise or supplement any of the responses to the

23                specific requests.

24        7.  Plaintiff has not yet completed his investigation of the facts pertaining to this action,

25    her discovery, or her preparation for trial.  Plaintiff reserves the right to rely on documents or

26    other evidence which may develop or come to his attention at a later time.

27        8.  The foregoing general objections and limitations (the "General Objections") are

28

-2-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

incorporated by reference into each and every specific response as if fully stated therein.

## RESPONSES TO DOCUMENT REQUESTS

**RESPONSE TO REQUEST NO. 1.**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 2.**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiving these objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 3**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiving the foregoing objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 4.**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged documents within her possession, custody or control that are responsive to this request.

-3-

**RESPONSE TO REQUEST NO. 5.**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 6.**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 7**

Plaintiff incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff does not have documents in her custody, possession or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 8**

Plaintiff incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Claimant further objects that this request is overbroad and unduly burdensome. Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 9**

Plaintiff herein incorporates by reference each and every one of the General Objections

-4-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

2  of, each of those General Objections.

3         Plaintiff further objects that this request is overbroad, unduly burdensome, and

4  oppressive.  Subject to and without waiving the foregoing objections, plaintiff will produce any

5  non-privileged documents in her custody, possession or control that are responsive to this

6  request.

7  **RESPONSE TO REQUEST NO. 10**

8         Plaintiff herein incorporates by reference each and every one of the General Objections

9  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

10  of, each of those General Objections.

11        Subject to and without waiving the foregoing objections, plaintiff will produce any non-

12  privileged documents in her possession, custody or control that are responsive to this request.

13  **RESPONSE TO REQUEST NO. 11**

14        Plaintiff herein incorporates by reference each and everyone of the General Objections set

15  forth above, and plaintiff's response to this request is expressly subject to, and without waiver of,

16  each of those General Objections.

17        Plaintiff further objects that this request is unduly vague and amibuous. Subject to and

18  without waiving the foregoing objections, plaintiff will produce any non-privileged documents in

19  her possession, custody or control that are responsive to her understanding of this request.

20  **RESPONSE TO REQUEST NO. 12**

21        Plaintiff herein incorporates by reference each and every one of the General Objections

22  set forth above, and plaintifft's response to this request is expressly subject to, and without

23  waiver of, each of those General Objections.

24        Plaintiff further objects that this request is overbroad and unduly vague, and that it

25  violates plaintiff's rights of privacy and confidentiality.  Subject to and without waiver of these

26  objections, plaintiff has no non-privileged documents in her possession, custody or control that

27  are responsive to this request.

28

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**RESPONSE TO REQUEST NO. 13**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiving these objections, plaintiff will produce any non-privileged and/or non-confidential documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 14**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Plaintiff further objects that this request violates plaintiff's rights of privacy and confidentiality, and the taxpaer privilege.  Subject to and without waiving these objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 15**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of these objections, plaintiff will produce any non-privileged and non-confidential documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 16**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of these objections, plaintiff has no documents in his

-6-

1    possession, custody or control that are responsive to this request.

2    **RESPONSE TO REQUEST NO. 17**

3    Plaintiff herein incorporates by reference each and every one of the General Objections
4    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver
5    of, each of those General Objections.

6    Subject to and without waiver of these objections, plaintiff has no documents in her
7    possession, custody or control that are responsive to this request.

8    **RESPONSE TO REQUEST NO. 18**

9    Plaintiff herein incorporates by reference each and every one of the General Objections
10   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver
11   of, each of those General Objections.

12   Plaintiff further objects that this request is overbroad, unduly burdensome, and
13   oppressive.  Subject to and without waiver of these objections, plaintiff will produce any non-
14   privileged documents in her possession, custody or control, that are responsive to this request.

15   **RESPONSE TO REQUEST NO. 19**

16   Plaintiff herein incorporates by reference each and every one of the General Objections
17   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver
18   of, each of those General Objections.

19   Subject to and without waiver of these objections, plaintiff will produce any non-
20   privileged documents in her possession, custody or control that are responsive to this request.

21   **RESPONSE TO REQUEST NO. 20**

22   Plaintifft herein incorporates by reference each and every one of the General Objections
23   set forth above, and plaintifft's response to this request is expressly subject to, and without
24   waiver of, each of those General Objections.

25   Subject to and without waiver of these objections, plaintiff will produce any non-
26   privileged documents in her possession, custody or control that are responsive to this request.

27

28

-7-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**RESPONSE TO REQUEST NO. 21**

Plaintiff herein incorporates by reference each and every on of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 22**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 23**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce non-privileged and non-confidential documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 24**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged documents within her possession, custody or control that are responsive to this request.

-8-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1

**RESPONSE TO REQUEST NO. 25**

2      Plaintiff herein incorporates by reference each and every one of the General Objections

3  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

4  of, each of those General Objections.

5      Subject to and without waiver of the foregoing objections, plaintiff has no non-privileged

6  documents in her custody, possession or control that are responsive to this request.

7

**RESPONSE TO REQUEST NO. 26**

8      Plaintiff herein incorporates by reference each and every one of the General Objections

9  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

10  of, each of those General Objections.

11      Plaintiff further objects that this request is overbroad, unduly burdensome and

12  oppressive. Subject to and without waiver of these objections, plaintiff has no non-privileged

13  documents in her possession, custody or control that are responsive to this request.

14

**RESPONSE TO REQUEST NO. 27**

15      Plaintiff herein incorporates by reference each and every one of the General Objections

16  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

17  of, each of those General Objections.

18      Plaintiff further objects that this request is overbroad, unduly burdensome, and

19  oppressive, and calls for documents that are confidential.  Subject to and without waiver of the

20  foregoing objections, plaintiff will produce any non-privileged, non-confidential documents

21  within her possession, custody or control that are responsive to this request.

22

**RESPONSE TO REQUEST NO. 28**

23      Plaintiff herein incorporates by reference each and every one of the General Objections

24  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

25  of, each of those General Objections.

26      Subject to and without waiver of the foregoing objections, plaintiff will produce any non-

27  privileged documents in her possession, custody or control that are responsive to this request.

28

-9-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**RESPONSE TO REQUEST NO. 29**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff has no documents within her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 30**

Plaintiff herein incorporates by reference each and every one of the General Objections, set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiving this objection, plaintiff has no documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 31**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Plaintiff further objects that this request is overbroad, unduly burdensome, and oppressive. Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 32**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1

**RESPONSE TO REQUEST NO. 33**

2       Plaintiff herein incorporates by reference each and every one of the General Objections

3   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

4   of, each of those General Objections.

5       Subject to and without waiver of the foregoing objections, plaintiff will produce any non-

6   privileged documents within her possession, custody or control that are responsive to this

7   request.

8       **RESPONSE TO REQUEST NO. 34**

9       Plaintiff herein incorporates by reference each and every one of the General Objections

10  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

11  of, each of those General Objections.

12      Subject to and without waiver of the foregoing objections, plaintiff will produce any non-

13  privileged documents within her possession, custody or control that are responsive to this

14  request.

15      **RESPONSE TO REQUEST NO. 35**

16      Plaintiff herein incorporates by reference each and every one of the General Objections

17  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

18  of, each of those General Objections.

19      Subject to and without waiver of the foregoing objections, plaintiff has no documents

20  within her possession, custody or control that are responsive to this request.

21      **RESPONSE TO REQUEST NO. 36**

22      Plaintiff herein incorporates by reference each and every one of the General Objections

23  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

24  of, each of those General Objections.

25      Subject to and without waiving these objections, plaintiff will produce non-privileged

26  and non-confidential documents in her custody, possession or control that are responsive to this

27  request.

28

-11-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**RESPONSE TO REQUEST NO. 37**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 38**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 39**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiving the foregoing objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 40**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 41**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    of, each of those General Objections.

2         Subject to and without waiver of the foregoing objections, plaintiff will produce any non-

3    privileged documents in her possession, custody or control that are responsive to this request.

4    **RESPONSE TO REQUEST NO. 42**

5         Plaintiff herein incorporates by reference each and every one of the General Objections

6    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

7    of, each of those General Objections.

8         Subject to and without waiver of the foregoing objections, plaintiff will produce any non-

9    privileged documents in her possession, custody or control that are responsive to this request.

10    **RESPONSE TO REQUEST NO. 43**

11         Plaintiff herein incorporates by reference each and every one of the General Objections

12    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

13    of, each of those General Objections.

14         Subject to and without waiver of the foregoing objections, plaintiff will produce any non-

15    privileged documents in her possession, custody or control that are responsive to this request.

16    **RESPONSE TO REQUEST NO. 44**

17         Plaintiff herein incorporates by reference each and every one of the General Objections

18    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

19    of, each of those General Objections.

20         Subject to and without waiver of the foregoing objections, plaintiff will produce any non-

21    privileged documents in her possession, custody or control that are responsive to this request.

22    **RESPONSE TO REQUEST NO. 45**

23         Plaintiff herein incorporates by reference each and every one of the General Objections

24    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

25    of, each of those General Objections.

26         Subject to and without waiver of the foregoing objections, plaintiff will produce any non-

27    privileged documents in her possession, custody or control that are responsive to this request.

28

-13-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**RESPONSE TO REQUEST NO. 46**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, the foregoing objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this requet.

**RESPONSE TO REQUEST NO. 47**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, the foregoing objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 48**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, the foregoing objections.

Plaintiff further objects that this request seeks documents that are protected by plaintiff's rights of privacy and confidentiality.  Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged and non-confidential documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 49**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, the foregoing objections.

Plaintiff further objects that this request seeks documents that are protected by plaintiff's rights of privacy and confidentiality.

-14-

PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS

**RESPONSE TO REQUEST NO. 50**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response is expressly subject to, and without waiver of, the foregoing objections.

Plaintiff further objects that this request seeks documents that are protected by plaintiff's rights of privacy and confidentiality.

**RESPONSE TO REQUEST NO. 51**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response is expressly subject to, and without waiver of, the foregoing objections.

Plaintiff further objects that this request seeks documents that are protected by plaintiff's rights of privacy and confidentiality.

**RESPONSE TO REQUEST NO. 52**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response is expressly subject to, and without waiver of, the foregoing objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 53**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response is expressly subject to, and without waiver of, the foregoing objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any non-privileged documents in her possession, custody or control that are responsive to this request.

**RESPONSE TO REQUEST NO. 54**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response is expressly subject to, and without waiver of, the

-15-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1  foregoing objections.

2        Plaintiff further objects that this request seeks documents that are protected by plaintiff's

3  rights of privacy and confidentiality.  Subject to and without waiver of the foregoing objections,

4  plaintiff will produce any non-privileged and non-confidential documents in her possession,

5  custody or control that are responsive to this request.

6        **RESPONSE TO REQUEST NO. 55**

7        Plaintiff herein incorporates by reference each and every one of the General Objections

8  set forth above, and plaintiff's response is expressly subject to, and without waiver of, the

9  foregoing objections.

10        Plaintiff further objects that this request is overbroad, unduly burdensome, and

11  oppressive, and seeks documents that are protected by attorney-client privilege, and/or not

12  reasonably calculated to lead to the discovery of admissible evidence, and which are protected by

13  plaintiff's rights of privacy and confidentiality.

14                        LAW OFFICES OF MICHAEL T. WELCH

15

16  DATED: April 17, 2019          By: _____

17                       Michael T. Welch
                     Attorney for Plaintiff
                     BRENDA PERRY

18

19

20

21

22

23

24

25

26

27

28

-16-

**PLAINTIFF'S RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

## PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

Case Name:        *Brenda Perry v. Ashfield Healthcare, LLC, et al.*
Court No.:         San Mateo County Superior Court Case No. 18CIV05717

     I am employed in the City & County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Four Embarcadero Center, 14th Floor, San Francisco, CA 94111.

     On April 17, 2019 I caused to be served the following document(s) on the interested parties as indicated below:

## DOCUMENT(S) SERVED:

     Plaintiff's Response to Plaintiff's Request for Production of Documents

## PARTY(IES) SERVED:

     Ashley Baltazar, Esq.
     Morgan, Lewis & Bockius LLP
     One Market
     Spear Street Tower
     San Francisco, CA 94105

✓   **(By Regular Mail)** I am readily familiar with the firm's practice for collection and process of correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the ordinary course of business.

____  **(By Federal Express)** I personally delivered the above document(s) to the Federal Express Station to be delivered on a priority basis on the next business day to the law offices listed above.

____  **(By Personal Service)** I caused such document(s) to be delivered by hand to the office(s) of the addressee(s).

____  **(By Facsimile and U.S. Mail)** I sent a true copy of such document(s) via telephone facsimile transmission to the fax numbers listed above, and By Regular Mail as noted above.

✓   **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

____  **(Federal)** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on April 17, 2019 at Monterey, California.

 

_____
Michael Welch

# Exhibit 3

# Morgan Lewis

**Ashley Baltazar**

April 30, 2019

**VIA E-MAIL PDF AND US MAIL**

Michael T. Welch
Law Offices of Michael T. Welch
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111
mwelchlaw@gmail.com

Re:    Perry v. Boehringer Ingelheim Pharmaceuticals, Inc.

Dear Mr. Welch:

I am writing to meet and confer regarding Defendant Boehringer Ingelheim Pharmaceuticals, Inc.'s ("BIPI" or "Defendant") Requests for Production of Documents, Special Interrogatories, and Form Interrogatories—Employment, which were served on Plaintiff Brenda Perry, via overnight mail, on March 13, 2019.

## I.    Defendant's Special Interrogatories and Form Interrogatories—Employment.

Plaintiff's responses to Defendant's Special Interrogatories and Form Interrogatories were due on April 16, 2019. To date, Defendant has not received a response to either of these sets of interrogatories.  Plaintiff's failure to respond within the time limit waives her objections to these interrogatories, including claims of privilege and "work product" protection.  *See* C.C.P. § 2030.290(a); *see also Leach v. Sup. Ct. (Markum)*, 111 Cal.App.3d 902, 905-906 (1980).  Accordingly, please provide written responses to Defendant's Special Interrogatories and Form Interrogatories—Employment, *without objection,* no later than Tuesday, May 7, 2019.

## II.    Plaintiff's Responses to Defendant's Requests for Production of Documents.

We are in receipt of Plaintiff's responses to Defendant's Requests for Production of Documents. As a preliminary matter, Plaintiff's responses were served without an accompanying verification.  As you are aware, serving an unverified response is akin to no response at all. *See Appleton v. Sup. Ct. (Cook)*, 206 Cal.App.3d 632, 636 (1988).  Accordingly, please provide a signed verification no later than Tuesday, May 7, 2019.

   a.    Plaintiff's Responses to Request for Production Nos. 1-6, 8-15, 18-22, 24, 28, 31-34, 37-47, and 52-53.

In response to Requests for Production Nos. 1-6, 8-15, 18-22, 24, 28, 31-34, 37-47, and 52-53, Plaintiff responds that she will produce documents in her "possession, custody, and control" that

**Morgan, Lewis & Bockius** LLP

One Market
Spear Street Tower
San Francisco, CA  94105-1596
United States

☎ +1.415.442.1000
🖷 +1.415.442.1001

Michael T. Welch
April 30, 2019
Page 2

are responsive to these requests. To date, Defendant has not received any document production from Plaintiff. As such, please produce all responsive documents no later than Tuesday, May 7, 2019.

     b.  <u>Plaintiff's Responses to Request for Production Nos. 7, 16-17, 25-26, 29-30, and 35.</u>

In response to Request for Production Nos. 7, 16-17, 25-26, 29-30, and 35, Plaintiff states that she "has no documents within her possession, custody, or control that are responsive to this request." These responses fail to comply with the California Code of Civil Procedure. Specifically, where a response includes a representation of an inability to comply, it must state (1) that a *diligent search* and *reasonable inquiry* has been made in an effort to locate the item demanded; and (2) the *reason* the party is unable to comply with the demand (e.g., the document never existed, has been lost or stolen, has been destroyed, or is not in the possession, custody or control of the responding party, in which case the response must state the name and address of anyone believed to have the document). Cal. Code. Civ. Proc. § 2031.230. Because Plaintiff's responses do not include any of this information, Plaintiff must amend her responses to the aforementioned requests to indicate that she has conducted a diligent search and reasonable inquiry and to state the reason(s) why she is unable to comply with the demand.

     c.  <u>Plaintiff's Responses to Request for Production Nos. 23, 27, 36, 48, and 54.</u>

In response to Request for Production Nos. 23, 27, 36, 48, and 54, Plaintiff limits the documents that she is agreeing to produce to only those document that are "non-privileged and *non-confidential.*" First, to the extent that Plaintiff is withholding any documents on the basis of privilege, such documents must be identified on a privilege log. *Hernandez v. Sup. Ct. (Acheson Indus., Inc.),* 112 Cal.App.4th 285, 291-292 (2003). Defendant hereby requests that you provide that privilege log as soon as possible. Second, Plaintiff may not refuse to limit the production to documents that are "non-confidential." As a preliminary matter, it is unclear what Plaintiff means by the term "non-confidential" as it appears to be used somewhat randomly in her responses. It also appears unlikely that documents responsive to many of the aforementioned requests could qualify for any "confidential" designation. For example, Request for Production No. 23 seeks documents that relate to oral or written complaints Plaintiff made regarding alleged "off label marketing." Plaintiff's complaints about "off label marketing," which are the subject of this lawsuit, likely would not be "confidential." As another example, Request for Production No. 27 seeks all documents created by Plaintiff or another person related to the allegations in her complaint. Defendant does not understand how documents responsive to this request could be considered "confidential." In any event, to the extent that Plaintiff has a genuine concern that documents responsive to the aforementioned requests are "confidential," Defendant proposes that the Parties enter into a protective order governing the production of confidential documents and information. Plaintiff's responses to the aforementioned requests therefore should be amended so that all responsive documents are produced, regardless of whether Plaintiff believes are "confidential." Enclosed is a draft stipulated protective order for Plaintiff's review and approval.

     d.  <u>Plaintiff's Responses to Request for Production Nos. 49-51, and 55.</u>

In response to Request for Production Nos. 49-51, and 55, Plaintiff asserts meritless objections and refuses to provide substantive responses.

Michael T. Welch
April 30, 2019
Page 3

Requests for Production Nos. 49-51 seek documents related to Plaintiff's treatment with any healthcare provider for any physical or emotional injury that she attributes to the conduct of Defendant. Plaintiff objects to these requests on the grounds that they violate Plaintiff's "rights of privacy and confidentiality." Plaintiff's privacy objection does not obviate her obligation to produce the requested documents. The privacy interest in one's medical records is conditional and dependent upon balancing the need for discovery against the need for confidentiality. Ordinarily, discovery of relevant medical history is allowed because defendants have no other means by which to obtain this information. *Palay v. Sup. Ct. (County of Los Angeles),* 18 Cal.App.4th 919, 933-934. Furthermore, Plaintiff has waived the physician-patient privilege by placing her medical condition at issue in this litigation. Evid. Code § 996(a). "The whole purpose of the [physician-patient] privilege is to preclude the humiliation of the patient that might follow disclosure of his ailments. When the patient himself discloses those ailments by bringing an action in which they are in issue, there is no longer any reason for the privilege. The patient-litigant exception precludes one who has placed his physical condition from invoking the privilege…" *San Francisco v. Sup. Ct. (San Francisco),* 37 Cal.2d 227, 231 (1951).

Here, Plaintiff specifically seeks emotional distress damages in conjunction with each of her causes of action. *See* First Amended Complaint ("FAC"), ¶¶ 21, 27, 32, 37, 42. Additionally, Plaintiff brings a standalone cause of action for alleged intentional infliction of emotional distress. FAC ¶¶ 39-42. As a result, Plaintiff has placed her medical condition directly at issue in this case and there exists a serious dispute regarding the existence, nature, extent and cause of her alleged emotional distress. All medical records regarding her seeking and/or receiving treatment for any alleged emotional issues are discoverable. As such, Plaintiff must amend her responses and produce all documents responsive to these requests.

Request for Production No. 55 seeks all documents that relate to any lawsuits, complaints, charges, or grievances Plaintiff made against any employer, other than this action. Plaintiff again objects to this request on the grounds that it violates Plaintiff's "rights of privacy and confidentiality." However, Plaintiff has no right to privacy in complaints she made against other employers. Indeed, any civil complaints filed are public documents. As a result, Plaintiff must amend this response and produce all documents responsive to this request.

### Meet and Confer

As requested above, Please provide (1) verified responses to Defendant's Special Interrogatories; (2) verified responses to Defendant's Form Interrogatories—Employment; (3) a verification to Plaintiff's responses to Defendant's Requests for Production of Documents; (4) amended responses to the aforementioned Requests for Production of Documents; and (5) a privilege log no later than Tuesday, May 7, 2019.

We are happy to schedule a telephone call to the extent you would like to discuss any of the issues identified above or have any questions regarding Defendant's position.

Michael T. Welch
April 30, 2019
Page 4

Sincerely,

Ashley Baltazar

AB

1    MORGAN, LEWIS & BOCKIUS LLP
     Eric Meckley, Bar No. 168181
2    Ashley A. Baltazar, Bar No. 284921
     One Market
3    Spear Street Tower
     San Francisco, CA 94105-1596
4    Tel:    +1.415.442.1000
     Fax:    +1.415.442.1001
5    eric.meckley@morganlewis.com
     ashley.baltazar@morganlews.com
6

7    Attorneys for Defendant
     BOEHRINGER INGELHEIM
8    PHARMACEUTICALS, INC. (erroneously sued as
     "BOEHRINGER-INGELHEIM
9    PHARMACEUTICAL")

10

11            SUPERIOR COURT OF THE STATE OF CALIFORNIA

12        COUNTY OF SAN MATEO – UNLIMITED CIVIL JURISDICTION

13

14    BRENDA PERRY, an individual,        Case No. 18CIV05717

15          Plaintiff,            **STIPULATION AND [PROPOSED]**
                                **PROTECTIVE ORDER REGARDING**
16        vs.                  **CONFIDENTIAL INFORMATION**
                                (Single Level of Confidentiality)
17    ASHFIELD HEALTHCARE, LLC, a business
     entity; BOEHRINGER-INGELHEIM
18    PHARMACEUTICAL, a business entity;
     NATE STYLES, an individual; and DOES 1-
19    25, inclusive,

20          Defendants.

21

22        In order to protect confidential information obtained by the Parties in connection with this

23    case, the Parties, by and through their respective undersigned counsel and subject to the approval

24    of the Court, hereby stipulate and agree as follows:

25                **Part One: Use Of Confidential Materials In Discovery**

26        1.        Any party or non-party may designate as "Confidential Information" (by stamping

27    the relevant page or as otherwise set forth herein) any document or response to discovery that the

28    party or non-party considers in good faith to contain information involving trade secrets, or

confidential business or financial information, including personal financial information about any party to this lawsuit, or employee of any party to this lawsuit, information regarding any individual's banking relationship with any banking institution, including information regarding the individual's financial transactions or financial accounts, and any personal information regarding any party (including but not limited to medical information and records) not otherwise available to the public, subject to protection under Rules 2.550, 2.551, 2.580, 2.585, 8.160, and 8.490 of the California Rules of Court or under other provisions of California law. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2.      A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, a party or non-party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential Information." Any other party may object to such proposal, in writing or on the record. Upon such objection, the Parties shall follow the procedures described in Paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 8 below, and counsel for all Parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. A party that makes original documents or materials available for inspection need not designate them as Confidential Information until after the inspecting party has indicated the specific materials it would like copied and produced. During the inspection and before the designation and copying, all of the material made available for inspection shall be considered Confidential Information.

3.      All Confidential Information produced or exchanged in the course of this case shall be used by the party or parties to whom the information is produced solely for the purpose

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 103757967.1

- 2 -

STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

18CIV05717

1    of this case. Confidential Information shall not be used for any commercial competitive, personal,

2    or other purpose.

3        4.      Except with the prior written consent of the other Parties, or upon prior order of

4    this Court obtained upon notice to opposing counsel, Confidential Information shall not be

5    disclosed to any person other than:

6            (a)     counsel for the respective Parties to this litigation, including in-house

7    counsel and co-counsel retained for this litigation;

8            (b)     employees of such counsel;

9            (c)     individual directors, officers or employees of a party, to the extent deemed

10   necessary by counsel for the prosecution or defense of this litigation;

11           (d)     consultants or expert witnesses retained for the prosecution or defense of

12   this litigation, provided that each such person shall execute a copy of the Certification annexed to

13   this Order (which shall be retained by counsel to the party so disclosing the Confidential

14   Information and made available for inspection by opposing counsel during the pendency or after

15   the termination of the action only upon good cause shown and upon order of the Court) before

16   being shown or given any Confidential Information, and provided that if the party chooses a

17   consultant or expert employed by the defendant or one of its competitors, the party shall notify

18   the opposing party, or designating non-party, before disclosing any Confidential Information to

19   that individual and shall give the opposing party an opportunity to move for a protective order

20   preventing or limiting such disclosure;

21           (e)     any identified authors or recipients of the Confidential Information;

22           (f)     the Court, court personnel, and court reporters; and

23           (g)     witnesses (other than persons described in Paragraph 4(e)). A witness shall

24   sign the Certification before being shown a confidential document. Confidential Information may

25   be disclosed to a witness who will not sign the Certification only in a deposition at which the

26   party who designated the Confidential Information is represented or has been given notice that

27   Confidential Information produced by the party may be used. At the request of any party, the

28   portion of the deposition transcript involving the Confidential Information shall be designated

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 103757967.1                     - 3 -                          18CIV05717
STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

"Confidential" pursuant to Paragraph 2 above. Witnesses shown Confidential Information shall not be allowed to retain copies of the Confidential Information.

5.      Any persons receiving Confidential Information shall not reveal or discuss such information to or with any person who is not entitled to receive such information, except as set forth herein. If a party or any of its representatives, including counsel, inadvertently discloses any Confidential Information to persons who are not authorized to use or possess such material, the party shall provide immediate written notice of the disclosure to the party whose material was inadvertently disclosed. If a party has actual knowledge that Confidential Information is being used or possessed by a person not authorized to use or possess that material, regardless of how the material was disclosed or obtained by such person, the party shall provide immediate written notice of the unauthorized use or possession to the party whose material is being used or possessed. No party shall have an affirmative obligation to inform itself regarding such possible use or possession.

6.      In connection with discovery proceedings as to which a party submits Confidential Information, all documents and chamber copies containing Confidential Information that are submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate sealed containers, pursuant to then applicable California Rules of Court and local rules. On the outside of the envelopes, a copy of the first page of the document shall be attached. If Confidential Information is included in the first page attached to the outside of the envelopes, it may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the envelope and a statement substantially in the following form shall also be printed on the envelope:

> "This envelope is sealed pursuant to Order of the Court, contains Confidential Information and is not to be opened or the contents revealed, except by Order of the Court or agreement by the parties."

If another court or administrative agency subpoenas or orders production of Confidential Information, such party shall promptly notify counsel for the party who produced the material of the pendency of such subpoena or order and shall furnish counsel with a copy of said subpoena or order.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 103757967.1

- 4 -

18CIV05717

STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

7.      A party may designate as "Confidential Information" documents or discovery materials produced by a non-party by providing written notice to all Parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential Information, although a document may lose its confidential status if it is made public. If a party produces materials designated Confidential Information in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

8.      If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have thirty (30) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order from the Court will have the burden of establishing that the material is entitled to protection.

9.      Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)      the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

(b)      the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c)      the Court rules that the material is not Confidential Information.

10.      All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 103757967.1                - 5 -                18CIV05717
STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

1   transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of

2   this action to counsel for the party or non-party who provided such information, or (b) destroy

3   such documents within the time period upon consent of the party who provided the information

4   and certify in writing within thirty (30) days that the documents have been destroyed.

5       11.     Nothing herein shall be deemed to waive any applicable privilege or work product

6   protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material

7   protected by privilege or work product protection. Any witness or other person, firm or entity

8   from which discovery is sought may be informed of and may obtain the protection of this Order

9   by written advice to the parties' respective counsel or by oral advice at the time of any deposition

10  or similar proceeding.

11                  **Part Two: Use of Confidential Materials in Court**

12      The following provisions govern the treatment of Confidential Information used at trial or

13  submitted as a basis for adjudication of matters other than discovery motions or proceedings.

14  These provisions are subject to Rules 2.550, 2.551, 2.580, 2.585, 8.160, and 8.490 of the

15  California Rules of Court and the Court's local rules must be construed in light of those sets of

16  rules.

17      12.     A party that files with the Court, or seeks to use at trial, materials designated as

18  Confidential Information, and who seeks to have the record containing such information sealed,

19  shall submit to the Court a motion or an application to seal, pursuant to California Rule of Court

20  2.551.

21      13.     A party that files with the Court, or seeks to use at trial, materials designated as

22  Confidential Information by anyone other than itself, and who does not seek to have the record

23  containing such information sealed, shall comply with either of the following requirements:

24          (a)     At least ten (10) business days prior to the filing or use of the Confidential

25  Information, the submitting party shall give notice to all other parties, and to any non-party that

26  designated the materials as Confidential Information pursuant to this Order, of the submitting

27  party's intention to file or use the Confidential Information, including specific identification of

28  the Confidential Information. Any affected party or non-party may then file a motion to seal,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 103757967.1

- 6 -

18CIV05717

STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

1   pursuant to California Rule of Court 2.551(b); or

2              (b)      At the time of filing or desiring to use the Confidential Information, the

3   submitting party shall submit the materials pursuant to the lodging-underseal provision of

4   California Rule of Court 2.551(d). Any affected party or non-party may then file a motion to seal,

5   pursuant to the California Rule of Court 2.551(b), within ten (10) business days after such

6   lodging. Documents lodged pursuant to California Rule of Court 2.551(d) shall bear a legend

7   stating that such materials shall be unsealed upon expiration of ten (10) business days, absent the

8   filing of a motion to seal pursuant to Rule 2.551(b) or Court order.

9       14.     In connection with a request to have materials sealed pursuant to Paragraph 12 or

10  Paragraph 13, the requesting party's declaration pursuant to California Rule of Court 2.551(b)(1)

11  shall contain sufficient particularity with respect to the particular Confidential Information and

12  the basis for sealing to enable the Court to make the findings required by California Rule of Court

13  2.550(d).

14      IT IS SO STIPULATED.

15                                              MORGAN, LEWIS & BOCKIUS, LLP

16

17  Dated:_____      By: _____

18                                              Eric Meckley
                                                Ashley Baltazar
19                                              Attorneys for Defendant
                                                BOEHRINGER INGELHEIM
20                                              PHARMACEUTICALS, INC.

21                                              THE LAW OFFICE OF MICHAEL T.
                                                WELCH
22

23

24  Dated:_____      By: _____

                                                Michael T. Welch
25                                              Attorney for Plaintiff
                                                BRENDA PERRY

26

27

28

1

**<u>ORDER</u>**

2

     IT IS SO ORDERED.

3

4

Dated:_____.

5

                             _____
JUDGE OF THE SUPERIOR COURT

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 8 -

18CIV05717

DB1/ 103757967.1

STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

## **CERTIFICATION**

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Regarding Confidential Information filed on _____, 20___, in San Mateo County Superior Court Case No. 18CIV05717 ("Order"). I have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the San Mateo County Superior Court for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of, 20___, at _____.

By: _____

Address: _____

_____

_____

Phone: _____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 9 -                                                                 18CIV05717

DB1/ 103757967.1        STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

# Exhibit 4

## Baltazar, Ashley A.

| | |
|---|---|
| **From:** | Baltazar, Ashley A. |
| **Sent:** | Tuesday, May 7, 2019 5:26 PM |
| **To:** | Michael Welch |
| **Cc:** | Meckley, Eric |
| **Subject:** | RE: Perry v. Boehringer Ingelheim Pharmaceuticals, Inc. - Meet and Confer |

Hi Mike,

We will accommodate the request.  Our hope is that whatever you plan to provide on Friday addresses all of the issues raised in our meet and confer letter so that we don't have to resort to judicial intervention.

Thank you,

Ashley

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
ashley.baltazar@morganlewis.com | www.morganlewis.com
Assistant: Yvette Pruitt | +1.415.442.1542 | yvette.pruitt@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Tuesday, May 7, 2019 4:31 PM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Boehringer Ingelheim Pharmaceuticals, Inc. - Meet and Confer

[EXTERNAL EMAIL]
Ashley -  I just wanted to follow up on this, and update you.  I have been working on the discovery responses owed to you, and they are about 75% complete.  I will need a few more days, and request your accommodation to the end of the week to get those to you.  Thank you very much.  -  Mike Welch


LAW OFFICES OF MICHAEL WELCH
Employment Litigation and Counseling
Four Embarcadero Center
14th Floor
San Francisco, CA 94111
Tel:  (415)426-5691
Cell: (415)235-3839
Email: mwelchlaw@gmail.com


On Tue, Apr 30, 2019 at 1:29 PM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Mr. Welch,

Please see the attached meet and confer correspondence regarding Plaintiff's responses to Defendant's discovery requests. A hard copy will follow in the mail.


Thank you,


Ashley


**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Yvette Pruitt | +1.415.442.1542 | yvette.pruitt@morganlewis.com


DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# Exhibit 5

# Morgan Lewis

**Ashley Baltazar**

June 17, 2019

**VIA E-MAIL PDF AND US MAIL**

Michael T. Welch
Law Offices of Michael T. Welch
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111
mwelchlaw@gmail.com

Re:   Perry v. Boehringer Ingelheim Pharmaceuticals, Inc.

Dear Mr. Welch:

I am writing to meet and confer further regarding Plaintiff's responses to Defendant Boehringer Ingelheim Pharmaceuticals, Inc.'s ("BIPI" or "Defendant") Requests for Production of Documents, Special Interrogatories, and Form Interrogatories—Employment, which were served on your office, via overnight mail, on March 13, 2019.

### I.   Plaintiff's Discovery Responses Were Served Without a Verification.

Despite raising this issue in with you in my April 30, 2019 meet and confer letter, Plaintiff has yet to provide a verification to her responses to Defendant's Requests for Production of Documents. Similarly, Plaintiff's recently served responses to Defendant's Form Interrogatories—Employment and Special Interrogatories that did not include any verifications and thus were not verified as required by the Code of Civil Procedure. As you are aware, serving an unverified response is akin to serving no response at all. *See Appleton v. Sup. Ct. (Cook),* 206 Cal.App.3d 632, 636 (1988). Accordingly, please provide a signed verification under penalty of perjury by Plaintiff for each of these sets of discovery responses no later than Friday, June 21, 2019.

### II.   Plaintiff's Responses to Defendant's Requests for Production of Documents.

On April 30, 2019, Defendant sent Plaintiff a lengthy meet and confer letter raising various issues with Plaintiff's responses (or lack thereof) to Defendant's Requests for Production of Documents. To date, Plaintiff has failed to substantively respond to Defendant's meet and confer efforts and has failed to provide compliant, amended responses to these requests.  As a result, Defendant again raises these issues and requests Plaintiff's immediate attention and response.

**Morgan, Lewis & Bockius** LLP

One Market
Spear Street Tower
San Francisco, CA  94105-1596          ☎ +1.415.442.1000
United States                                       📠 +1.415.442.1001

Michael T. Welch
June 17, 2019
Page 2

    **a.** <u>Plaintiff's Responses to Request for Production Nos. 7, 16-17, 25-26, 29-30, and 35.</u>

In response to Request for Production Nos. 7, 16-17, 25-26, 29-30, and 35, Plaintiff states that she "has no documents within her possession, custody, or control that are responsive to this request." Such responses fail to comply with the California Code of Civil Procedure. Specifically, where a response includes a representation of an inability to comply, the response also must state (1) that a *diligent search* and *reasonable inquiry* has been made in an effort to locate the item demanded; and (2) the *reason* the party is unable to comply with the demand (e.g., the document never existed, has been lost or stolen, has been destroyed, or is not in the possession, custody or control of the responding party, in which case the response must state the name and address of anyone believed to have the document). Cal. Code. Civ. Proc. § 2031.230.  Because Plaintiff's responses do not include any of this information they are non-compliant, and Plaintiff must amend her responses to the aforementioned requests to indicate that she has conducted a diligent search and reasonable inquiry and also to state the specific reason(s) why she is unable to comply with the demand.

    **b.** <u>Plaintiff's Responses to Request for Production Nos. 23, 27, 36, 48, and 54.</u>

In response to Request for Production Nos. 23, 27, 36, 48, and 54, Plaintiff limits the documents that she is agreeing to produce to only those document that are "non-privileged and *non-confidential.*" First, to the extent that Plaintiff is withholding any documents on the basis of privilege, such documents must be identified on a privilege log.  *Hernandez v. Sup. Ct. (Acheson Indus., Inc.),* 112 Cal.App.4th 285, 291-292 (2003).  Defendant hereby requests that you provide a privilege log as soon as possible.  Second, Plaintiff may not unilaterally limit the production to documents that Plaintiff believes are "non-confidential." As a preliminary matter, it is unclear what Plaintiff means by the term "non-confidential," as it appears to be used somewhat randomly in her responses.  It also appears unlikely that the documents responsive to many of the aforementioned requests could qualify for any "confidential" designation.  For example, Request for Production No. 23 seeks documents that relate to oral or written complaints Plaintiff made regarding alleged "off label marketing."  Plaintiff's complaints about "off label marketing," which are the subject of this lawsuit, likely would not be "confidential." As another example, Request for Production No. 27 seeks all documents created by Plaintiff or another person related to the allegations in her complaint. Defendant does not understand how documents responsive to this request could be considered "confidential."  In any event, to the extent that Plaintiff has a genuine concern that documents responsive to the aforementioned requests are "confidential," Defendant proposes that the Parties enter into a protective order governing the production of any "confidential" documents and information.  Plaintiff's responses to the aforementioned requests therefore should be amended so that all responsive documents are produced, regardless of whether Plaintiff believes are "confidential."  I have enclosed a draft stipulated protective order for Plaintiff's review and approval. Please provide any comments or questions regarding the stipulated protective order or, if none, a signed version of the protective order by the end of this week, June 21, 2019.

    **c.** <u>Plaintiff's Responses to Request for Production Nos. 49-51, and 55.</u>

In response to Request for Production Nos. 49-51, and 55, Plaintiff asserts meritless objections and refuses to provide substantive responses.

Michael T. Welch
June 17, 2019
Page 3

Requests for Production Nos. 49-51 seek documents related to Plaintiff's treatment with any healthcare provider for any physical or emotional injury that she in any way attributes to the conduct of Defendant. Plaintiff objects to these requests on the grounds that they violate Plaintiff's "rights of privacy and confidentiality." Plaintiff's privacy objection does not obviate her obligation to produce the requested documents. The privacy interest in one's medical records is conditional and dependent upon balancing the need for discovery against the need for confidentiality. Ordinarily, discovery of relevant medical history is allowed because defendants have no other means by which to obtain this information. *Palay v. Sup. Ct. (County of Los Angeles),* 18 Cal.App.4th 919, 933-934. Furthermore, in the present case Plaintiff has waived the physician-patient privilege by placing her medical condition at issue in this litigation. Evid. Code § 996(a). "The whole purpose of the [physician-patient] privilege is to preclude the humiliation of the patient that might follow disclosure of his ailments. When the patient himself discloses those ailments by bringing an action in which they are in issue, there is no longer any reason for the privilege. The patient-litigant exception precludes one who has placed his physical condition from invoking the privilege…" *San Francisco v. Sup. Ct. (San Francisco),* 37 Cal.2d 227, 231 (1951).

Here, Plaintiff expressly seeks emotional distress damages in conjunction with each of her causes of action. *See* First Amended Complaint ("FAC"), ¶¶ 21, 27, 32, 37, 42. In addition, Plaintiff has asserted a standalone cause of action for alleged intentional infliction of emotional distress. FAC ¶¶ 39-42. As a result, it is undisputed that Plaintiff has placed her medical condition directly at issue in this case and there exists a serious dispute regarding the existence, nature, extent and cause of her alleged emotional distress. All medical records regarding her seeking and/or receiving treatment for any alleged emotional issues are discoverable. As a result, Plaintiff must amend her responses and produce all documents responsive to these requests. To the extent Plaintiff believes such records contain confidential/private information, then she can designate such documents as confidential pursuant to the stipulated protective order that I have attached for your review and signature.

Request for Production No. 55 seeks all documents that relate to any lawsuits, complaints, charges, or grievances Plaintiff made against any employer, other than this action. Plaintiff again objects to this request on the grounds that it violates Plaintiff's "rights of privacy and confidentiality." However, Plaintiff has no right to privacy in complaints she made against other employers. Indeed, any civil complaints filed are public documents. As a result, Plaintiff must amend this response and produce all documents responsive to this request.

## III. Plaintiff's Document Production.

Plaintiff's document production is incomplete in several respects. First, Plaintiff produced a partial employment agreement. *See e.g.,* P007. Please produce the entirety of this document.

Second, Plaintiff produced an email with a missing attachment. *See e.g.,* P008. Please re-produce this email, with the corresponding attachment, so that your production is complete.

Third, Plaintiff purports to have applied for positions with "ZipRecruter; Indeed; Insys Therapeutics; Modern Recruitment Solutions; LS Recruiting; Gecko Hospitality; Lilly Pharmaceutical; Biopharma Health; Aging 2.0, LLC; Medtronic; Surgical Recruiting, LLC; Critique by Kids; Sino Biological US, Inc.; Amgen; Crobo, Inc.; Hamilton Co.; Cybercoders; PV Pharma; Siemens; Cardinal Health; Z&L Properties; Amtee; Ambry Genetics; Gilead Astra Zeneca; Portola Pharmaceuticals; Promoves Health; Novartis; BioMarin; Teva; DepoMed; Abbott; Excela Pharma

Michael T. Welch
June 17, 2019
Page 4

Sciences; Osmota Pharamaceuticals; [and] Avion." *See* Plaintiff's response to Special Interrogatory No. 7.

However, Plaintiff has not produced a copy of her resume or copies of any of the job applications she claims to have submitted to these entities.  Please produce these responsive documents as soon as possible.  While Plaintiff has produced some emails from ZipRecruiter about job applications to Insys Therapeutics, Gecko Hospitality, Surgical Recruiting, LLC, Lily Pharmaceuticals, BioPharma, Aging 2.0, and Surgical Recruiting, she has failed to produce copies of the job applications submitted to these entities or any of the emails from ZipRecruiter confirming receipt of these job applications.

Plaintiff has not produced any communication with or about her job applications to Indeed; Medtronic; Critique by Kids; Sino Biological US, Inc.; Amgen; Crobo, Inc.; Hamilton Co.; Cybercoders; PV Pharma; Siemens; Cardinal Health; Z&L Properties; Amtee; Ambry Genetics; Gilead Astra Zeneca; Portola Pharmaceuticals; Promoves Health; Novartis; BioMarin; Teva; DepoMed; Abbott; Excela Pharma Sciences; Osmota Pharamaceuticals; or Avion.   As I am sure you are aware, *any and all documents, information and communications* regarding her efforts to mitigate her alleged damages, including but not limited to the actual job applications submitted, her resume(s), and email communications confirming receipt of such applications, are directly responsive to Request for Production of Documents No. 52-53 and must be produced as soon as possible.

Fourth, Plaintiff has not provided copies of her IRS W-2 forms, 1099 forms or other documents reflecting wages, compensation or other income that she received during her employment with Defendants, which are directly responsive to Request for Production No. 14.

### IV.   Plaintiff's Responses to Defendant's Special Interrogatories.

#### a.   Special Interrogatory No. 2.

Special Interrogatory No. 2 requires Plaintiff to state the substance of the communication(s) she had with individuals identified in response to Special Interrogatory No. 1. It further requires Plaintiff to provide the date(s) each communication occurred. In response, Plaintiff generally describes the communication she had with Tracy Scott, Nate Styles, and Lori Elwood, but fails to provide the dates of each communication. As a result, the response is non-compliant. Please provided amended, fully responsive and compliant answers that include the date(s) of each communication.

#### b.   Special Interrogatory Nos. 3 and 6.

Special Interrogatory No. 3 requires Plaintiff to identify all documents related to the communication(s) with each individual identified in response to Special Interrogatory No. 1. Special Interrogatory No. 6 requires Plaintiff to identify all documents related to the individuals identified in response to Interrogatory No. 4. In response to each of these interrogatories, Plaintiff generally identified P0019-P0022.  However, Plaintiff is required to specify which documents relate to which individual -- Defendant should not have to guess at this information.  As a result, please provided amended, fully responsive and compliant answers to these responses.

Michael T. Welch
June 17, 2019
Page 5

### c.   Special Interrogatory No. 9.

Special Interrogatory No. 9 requires Plaintiff to identify each cellular telephone number she has maintained and identify the service provider associated with such number.  In response, Plaintiff identified a cellular telephone number, but did not identify the service provider associated with the cell phone number. As a result, Plaintiff failed to answer the interrogatory completely and must amend her response and fully and completely answer this interrogatory.

### V.   Plaintiff's Responses to Defendant's Form Interrogatories—Employment.

### a.   Form Interrogatories Nos. 200.1 and 200.2.

Form Interrogatories Nos. 200.1 and 200.2 require Plaintiff to state whether she contends that her employment was "at will" or not "at will." In response, Plaintiff provides an evasive answer, claiming that Plaintiff does not make and has not made any contention in this lawsuit one way or another.  As such, Plaintiff's substantive response to both questions was "no."  However, the answers to these questions are necessarily mutually exclusive -- Plaintiff's employment was either "at will" or not "at will," it cannot be both.  Plaintiff cannot avoid answering the interrogatory by claiming she does not have a contention. Please provide an amended response to both Form Interrogatory No. 200.1 and 200.2 and state clearly whether her position is that her employment was "at will" or not "at will."

### b.   Form Interrogatory No. 200.3.

Form Interrogatory No. 200.3 requires Plaintiff to state whether her employment was governed by any written rules, guidelines, policies, or procedures established by the employer. If the answer is yes, then Plaintiff must answer a series of follow up questions. Plaintiff has provided an improper and evasive answer, which neither affirms nor denies that her employment was governed by such rules, policies, or procedures. Plaintiff claims she has no documents in her possession, custody, or control, and does not recall any specific documents.  Regardless of whether Plaintiff recalls any *specific* documents, she nonetheless still must answer the general question as to whether her employment was governed by any such rules, guidelines, policies, or procedures and then generally describe the applicable documents, even if she cannot recall them specifically. Please provide a responsive, compliant amended response to this interrogatory.

### <u>Meet and Confer</u>

As requested above, please provide (1) verifications to Plaintiff's responses to Defendant's Special Interrogatories, Form Interrogatories—Employment, and Requests for Production of Documents; amended responses to the aforementioned discovery requests; a privilege log; questions/comments to the stipulated protective order or your signature on such document; and a further document production no later than Friday, June 21, 2019.

We are happy to schedule a telephone call to the extent you would like to discuss any of the issues identified above in more detail or have any questions regarding Defendant's position.  We are hopeful that through this further meet and confer we can avoid the need to involve the Court in resolution of these issues.

DB1/ 104002600.1

Michael T. Welch
June 17, 2019
Page 6

Sincerely,

Ashley Baltazar

AB

1  MORGAN, LEWIS & BOCKIUS LLP
   Eric Meckley, Bar No. 168181
2  Ashley A. Baltazar, Bar No. 284921
   One Market
3  Spear Street Tower
   San Francisco, CA  94105-1596
4  Tel:    +1.415.442.1000
   Fax:    +1.415.442.1001
5  eric.meckley@morganlewis.com
   ashley.baltazar@morganlews.com
6

7  Attorneys for Defendant
   BOEHRINGER INGELHEIM
8  PHARMACEUTICALS, INC. (erroneously sued as
   "BOEHRINGER-INGELHEIM
9  PHARMACEUTICAL")

10

11             SUPERIOR COURT OF THE STATE OF CALIFORNIA

12          COUNTY OF SAN MATEO – UNLIMITED CIVIL JURISDICTION

13

14  BRENDA PERRY, an individual,                   Case No. 18CIV05717

15              Plaintiff,                         **STIPULATION AND [PROPOSED]**
                                                   **PROTECTIVE ORDER REGARDING**
16          vs.                                    **CONFIDENTIAL INFORMATION**
                                                   (Single Level of Confidentiality)
17  ASHFIELD HEALTHCARE, LLC, a business
    entity; BOEHRINGER-INGELHEIM
18  PHARMACEUTICAL, a business entity;
    NATE STYLES, an individual; and DOES 1-
19  25, inclusive,

20              Defendants.

21

22         In order to protect confidential information obtained by the Parties in connection with this

23  case, the Parties, by and through their respective undersigned counsel and subject to the approval

24  of the Court, hereby stipulate and agree as follows:

25              **Part One: Use Of Confidential Materials In Discovery**

26         1.      Any party or non-party may designate as "Confidential Information" (by stamping

27  the relevant page or as otherwise set forth herein) any document or response to discovery that the

28  party or non-party considers in good faith to contain information involving trade secrets, or

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 103757967.1          STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

18CIV05717

confidential business or financial information, including personal financial information about any party to this lawsuit, or employee of any party to this lawsuit, information regarding any individual's banking relationship with any banking institution, including information regarding the individual's financial transactions or financial accounts, and any personal information regarding any party (including but not limited to medical information and records) not otherwise available to the public, subject to protection under Rules 2.550, 2.551, 2.580, 2.585, 8.160, and 8.490 of the California Rules of Court or under other provisions of California law. Where a document or response consists of more than one page, the first page and each page on which confidential information appears shall be so designated.

2.      A party or non-party may designate information disclosed during a deposition or in response to written discovery as "Confidential" by so indicating in said responses or on the record at the deposition and requesting the preparation of a separate transcript of such material. In addition, a party or non-party may designate in writing, within thirty (30) days after receipt of said responses or of the deposition transcript for which the designation is proposed, that specific pages of the transcript and/or specific responses be treated as "Confidential Information." Any other party may object to such proposal, in writing or on the record. Upon such objection, the Parties shall follow the procedures described in Paragraph 8 below. After any designation made according to the procedure set forth in this paragraph, the designated documents or information shall be treated according to the designation until the matter is resolved according to the procedures described in Paragraph 8 below, and counsel for all Parties shall be responsible for marking all previously unmarked copies of the designated material in their possession or control with the specified designation. A party that makes original documents or materials available for inspection need not designate them as Confidential Information until after the inspecting party has indicated the specific materials it would like copied and produced. During the inspection and before the designation and copying, all of the material made available for inspection shall be considered Confidential Information.

3.      All Confidential Information produced or exchanged in the course of this case shall be used by the party or parties to whom the information is produced solely for the purpose

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 103757967.1

- 2 -

18CIV05717

STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

1    of this case. Confidential Information shall not be used for any commercial competitive, personal,

2    or other purpose.

3         4.      Except with the prior written consent of the other Parties, or upon prior order of

4    this Court obtained upon notice to opposing counsel, Confidential Information shall not be

5    disclosed to any person other than:

6              (a)      counsel for the respective Parties to this litigation, including in-house

7    counsel and co-counsel retained for this litigation;

8              (b)      employees of such counsel;

9              (c)      individual directors, officers or employees of a party, to the extent deemed

10   necessary by counsel for the prosecution or defense of this litigation;

11             (d)      consultants or expert witnesses retained for the prosecution or defense of

12   this litigation, provided that each such person shall execute a copy of the Certification annexed to

13   this Order (which shall be retained by counsel to the party so disclosing the Confidential

14   Information and made available for inspection by opposing counsel during the pendency or after

15   the termination of the action only upon good cause shown and upon order of the Court) before

16   being shown or given any Confidential Information, and provided that if the party chooses a

17   consultant or expert employed by the defendant or one of its competitors, the party shall notify

18   the opposing party, or designating non-party, before disclosing any Confidential Information to

19   that individual and shall give the opposing party an opportunity to move for a protective order

20   preventing or limiting such disclosure;

21             (e)      any identified authors or recipients of the Confidential Information;

22             (f)      the Court, court personnel, and court reporters; and

23             (g)      witnesses (other than persons described in Paragraph 4(e)). A witness shall

24   sign the Certification before being shown a confidential document. Confidential Information may

25   be disclosed to a witness who will not sign the Certification only in a deposition at which the

26   party who designated the Confidential Information is represented or has been given notice that

27   Confidential Information produced by the party may be used. At the request of any party, the

28   portion of the deposition transcript involving the Confidential Information shall be designated

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 103757967.1

- 3 -

STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

18CIV05717

1    "Confidential" pursuant to Paragraph 2 above. Witnesses shown Confidential Information shall

2    not be allowed to retain copies of the Confidential Information.

3        5.      Any persons receiving Confidential Information shall not reveal or discuss such

4    information to or with any person who is not entitled to receive such information, except as set

5    forth herein. If a party or any of its representatives, including counsel, inadvertently discloses any

6    Confidential Information to persons who are not authorized to use or possess such material, the

7    party shall provide immediate written notice of the disclosure to the party whose material was

8    inadvertently disclosed. If a party has actual knowledge that Confidential Information is being

9    used or possessed by a person not authorized to use or possess that material, regardless of how the

10   material was disclosed or obtained by such person, the party shall provide immediate written

11   notice of the unauthorized use or possession to the party whose material is being used or

12   possessed. No party shall have an affirmative obligation to inform itself regarding such possible

13   use or possession.

14       6.      In connection with discovery proceedings as to which a party submits Confidential

15   Information, all documents and chamber copies containing Confidential Information that are

16   submitted to the Court shall be filed with the Court in sealed envelopes or other appropriate

17   sealed containers, pursuant to then applicable California Rules of Court and local rules. On the

18   outside of the envelopes, a copy of the first page of the document shall be attached. If

19   Confidential Information is included in the first page attached to the outside of the envelopes, it

20   may be deleted from the outside copy. The word "CONFIDENTIAL" shall be stamped on the

21   envelope and a statement substantially in the following form shall also be printed on the

22   envelope:

23           "This envelope is sealed pursuant to Order of the Court, contains
             Confidential Information and is not to be opened or the contents
24           revealed, except by Order of the Court or agreement by the parties."

25   If another court or administrative agency subpoenas or orders production of Confidential

26   Information, such party shall promptly notify counsel for the party who produced the material of

27   the pendency of such subpoena or order and shall furnish counsel with a copy of said subpoena or

28   order.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

- 4 -                                           18CIV05717

DB1/ 103757967.1            STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

7.      A party may designate as "Confidential Information" documents or discovery materials produced by a non-party by providing written notice to all Parties of the relevant document numbers or other identification within thirty (30) days after receiving such documents or discovery materials. Any party or non-party may voluntarily disclose to others without restriction any information designated by that party or non-party as Confidential Information, although a document may lose its confidential status if it is made public. If a party produces materials designated Confidential Information in compliance with this Order, that production shall be deemed to have been made consistent with any confidentiality or privacy requirements mandated by local, state or federal laws.

8.      If a party contends that any material is not entitled to confidential treatment, such party may at any time give written notice to the party or non-party who designated the material. The party or non-party who designated the material shall have thirty (30) days from the receipt of such written notice to apply to the Court for an order designating the material as confidential. The party or non-party seeking the order from the Court will have the burden of establishing that the material is entitled to protection.

9.      Notwithstanding any challenge to the designation of material as Confidential Information, all documents shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a)      the party or non-party who claims that the material is Confidential Information withdraws such designation in writing; or

(b)      the party or non-party who claims that the material is Confidential Information fails to apply to the Court for an order designating the material confidential within the time period specified above after receipt of a written challenge to such designation; or

(c)      the Court rules that the material is not Confidential Information.

10.      All provisions of this Order restricting the communication or use of Confidential Information shall continue to be binding after the conclusion of this action, unless otherwise agreed or ordered. Upon conclusion of the litigation, a party in the possession of Confidential Information, other than that which is contained in pleadings, correspondence, and deposition

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1    transcripts, shall either (a) return such documents no later than thirty (30) days after conclusion of

2    this action to counsel for the party or non-party who provided such information, or (b) destroy

3    such documents within the time period upon consent of the party who provided the information

4    and certify in writing within thirty (30) days that the documents have been destroyed.

5        11.    Nothing herein shall be deemed to waive any applicable privilege or work product

6    protection, or to affect the ability of a party to seek relief for an inadvertent disclosure of material

7    protected by privilege or work product protection. Any witness or other person, firm or entity

8    from which discovery is sought may be informed of and may obtain the protection of this Order

9    by written advice to the parties' respective counsel or by oral advice at the time of any deposition

10    or similar proceeding.

11                    **Part Two: Use of Confidential Materials in Court**

12        The following provisions govern the treatment of Confidential Information used at trial or

13    submitted as a basis for adjudication of matters other than discovery motions or proceedings.

14    These provisions are subject to Rules 2.550, 2.551, 2.580, 2.585, 8.160, and 8.490 of the

15    California Rules of Court and the Court's local rules must be construed in light of those sets of

16    rules.

17        12.    A party that files with the Court, or seeks to use at trial, materials designated as

18    Confidential Information, and who seeks to have the record containing such information sealed,

19    shall submit to the Court a motion or an application to seal, pursuant to California Rule of Court

20    2.551.

21        13.    A party that files with the Court, or seeks to use at trial, materials designated as

22    Confidential Information by anyone other than itself, and who does not seek to have the record

23    containing such information sealed, shall comply with either of the following requirements:

24        (a)    At least ten (10) business days prior to the filing or use of the Confidential

25    Information, the submitting party shall give notice to all other parties, and to any non-party that

26    designated the materials as Confidential Information pursuant to this Order, of the submitting

27    party's intention to file or use the Confidential Information, including specific identification of

28    the Confidential Information. Any affected party or non-party may then file a motion to seal,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 103757967.1                    - 6 -                    18CIV05717
STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

1    pursuant to California Rule of Court 2.551(b); or

2            (b)      At the time of filing or desiring to use the Confidential Information, the

3    submitting party shall submit the materials pursuant to the lodging-underseal provision of

4    California Rule of Court 2.551(d). Any affected party or non-party may then file a motion to seal,

5    pursuant to the California Rule of Court 2.551(b), within ten (10) business days after such

6    lodging. Documents lodged pursuant to California Rule of Court 2.551(d) shall bear a legend

7    stating that such materials shall be unsealed upon expiration of ten (10) business days, absent the

8    filing of a motion to seal pursuant to Rule 2.551(b) or Court order.

9        14.     In connection with a request to have materials sealed pursuant to Paragraph 12 or

10   Paragraph 13, the requesting party's declaration pursuant to California Rule of Court 2.551(b)(1)

11   shall contain sufficient particularity with respect to the particular Confidential Information and

12   the basis for sealing to enable the Court to make the findings required by California Rule of Court

13   2.550(d).

14        IT IS SO STIPULATED.

15                                                MORGAN, LEWIS & BOCKIUS, LLP

16

17   Dated:_____        By: _____
                                                     Eric Meckley
18                                                   Ashley Baltazar
                                                     Attorneys for Defendant
19                                                   BOEHRINGER INGELHEIM
                                                     PHARMACEUTICALS, INC.
20

21                                                THE LAW OFFICE OF MICHAEL T.
                                                  WELCH
22

23

24   Dated:_____        By: _____
                                                     Michael T. Welch
25                                                   Attorney for Plaintiff
                                                     BRENDA PERRY
26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 103757967.1

- 7 -                              18CIV05717

STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

## **ORDER**

IT IS SO ORDERED.

Dated:_____.

_____
JUDGE OF THE SUPERIOR COURT

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 103757967.1

- 8 -

STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

18CIV05717

## CERTIFICATION

I hereby certify my understanding that Confidential Information is being provided to me pursuant to the terms and restrictions of the Stipulation and Protective Order Regarding Confidential Information filed on _____, 20___, in San Mateo County Superior Court Case No. 18CIV05717 ("Order"). I have been given a copy of that Order and read it.

I agree to be bound by the Order. I will not reveal the Confidential Information to anyone, except as allowed by the Order. I will maintain all such Confidential Information, including copies, notes, or other transcriptions made therefrom, in a secure manner to prevent unauthorized access to it. No later than thirty (30) days after the conclusion of this action, I will return the Confidential Information, including copies, notes, or other transcriptions made therefrom, to the counsel who provided me with the Confidential Information. I hereby consent to the jurisdiction of the San Mateo County Superior Court for the purpose of enforcing the Order.

I declare under penalty of perjury that the foregoing is true and correct and that this certificate is executed this ___ day of, 20___, at _____.

By: _____

Address: _____

_____

_____

Phone: _____

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 103757967.1

- 9 -

18CIV05717

STIPULATION AND PROTECTIVE ORDER RE CONFIDENTIALITY

# Exhibit 6

## Baltazar, Ashley A.

| | |
|---|---|
| **From:** | Baltazar, Ashley A. |
| **Sent:** | Friday, June 28, 2019 3:06 PM |
| **To:** | Michael Welch |
| **Cc:** | Meckley, Eric |
| **Subject:** | RE: Perry v. Ashfield Healthcare, LLC et al. - Meet and Confer |

Hi Michael,

I'm writing to check on status of the protective order, verifications, and amended discovery responses.  You stated that we would receive either a signed or revised protective order yesterday, but we have not received anything.  And, with only a few hours left in the day have not received a response to our meet and confer letter or amended responses and verifications.

Ashley

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
ashley.baltazar@morganlewis.com | www.morganlewis.com
Assistant: Yvette Pruitt | +1.415.442.1542 | yvette.pruitt@morganlewis.com

---

**From:** Baltazar, Ashley A.
**Sent:** Wednesday, June 26, 2019 8:53 AM
**To:** 'Michael Welch' <mwelchlaw@gmail.com>
**Cc:** Meckley, Eric <eric.meckley@morganlewis.com>
**Subject:** RE: Perry v. Ashfield Healthcare, LLC et al. - Meet and Confer

Hi Michael,

Thank you for the update.

Ashley

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
ashley.baltazar@morganlewis.com | www.morganlewis.com
Assistant: Yvette Pruitt | +1.415.442.1542 | yvette.pruitt@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Wednesday, June 26, 2019 8:26 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield Healthcare, LLC et al. - Meet and Confer

[EXTERNAL EMAIL]

Ashley -  Sorry for my delayed response to your email with letter.  I was out on family vacation last week until yesterday, with only limited email acess.  I will get the stipulated protective order (either as is, or with changes) back to you by tomorrow.  I will respond further to the main points of your letter, and provide anything I still owe you on discovery, by Friday.  Thank you.  Regards - Mike Welch

LAW OFFICES OF MICHAEL WELCH
Employment Litigation and Counseling
Four Embarcadero Center
14th Floor
San Francisco, CA 94111
Tel:  (415)426-5691
Cell: (415)235-3839
Email: mwelchlaw@gmail.com

On Mon, Jun 17, 2019 at 12:42 PM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Mr. Welch,

Please see the attached meet and confer correspondence regarding Plaintiff's responses to Boehringer Ingelheim's written discovery requests.

Thank you,

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Yvette Pruitt | +1.415.442.1542 | yvette.pruitt@morganlewis.com

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# Exhibit 7

**Baltazar, Ashley A.**

| | |
|---|---|
| **From:** | Michael Welch <mwelchlaw@gmail.com> |
| **Sent:** | Tuesday, July 2, 2019 5:57 PM |
| **To:** | Baltazar, Ashley A. |
| **Subject:** | Re: Perry v. Ashfield, et al. |

[EXTERNAL EMAIL]
Ashley -  Don't know how that happened, sorry.  I sent you those, along with RFP revised responses, and verification for them, today by FedEx.  Regards - Mike


LAW OFFICES OF MICHAEL WELCH
Employment Litigation and Counseling
Four Embarcadero Center
14th Floor
San Francisco, CA 94111
Tel:  (415)426-5691
Cell: (415)235-3839
Email: mwelchlaw@gmail.com

On Mon, Jul 1, 2019 at 3:41 PM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

> Michael,
>
>
> I am unable to open the files you attached as they were corrupted. Can you please re-send?
>
>
> Thank you,
>
> Ashley
>
>
> **Ashley A. Baltazar**
>
> **Morgan, Lewis & Bockius LLP**
>
> One Market, Spear Street Tower | San Francisco, CA 94105
>
> Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
>
> ashley.baltazar@morganlewis.com | www.morganlewis.com
>
> Assistant: Yvette Pruitt | +1.415.442.1542 | yvette.pruitt@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Friday, June 28, 2019 4:49 PM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Perry v. Ashfield, et al.


[EXTERNAL EMAIL]

Ashley  -  I have attached the signed confidentiality stipulation.  I have also attached revised plaintiff's responses to special interrogatories, and form interrogatories (employment), which I believe contain the information you requested in your meet and confer letter, along with my client's signed verifications.  I am just awaiting her verification back as to the responses to requests for production.  I also am sending each of these to you by mail.  Regards - Mike Welch



LAW OFFICES OF MICHAEL WELCH

Employment Litigation and Counseling

Four Embarcadero Center

14th Floor

San Francisco, CA 94111

Tel:  (415)426-5691

Cell: (415)235-3839

Email: mwelchlaw@gmail.com



DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# Exhibit 8

Michael T. Welch (#122630)
LAW OFFICES OF MICHAEL T. WELCH
Four Embarcadero Center, 14th Floor
San Francisco, California 94111
Telephone:    (415)426-5691
Facsimile:    (415)399-0445

Attorneys for Plaintiff BRENDA PERRY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN MATEO

| | |
|---|---|
| BRENDA PERRY, an Individual, ) | CASE NO. 18CV05717 |
| ) | |
| Plaintiff, ) | **PLAINTIFF'S AMENDED RESPONSES** |
| ) | **TO DEFENDANT BOEHRINGER-** |
| v. ) | **INGELHEIM PHARMACEUTICAL'S** |
| ) | **REQUEST FOR PRODUCTION OF** |
| ASHFIELD HEALTHCARE, LLC, a business ) | **DOCUMENTS, SET ONE** |
| entity; BOEHRINGER-INGELHEIM ) | |
| PHARMACEUTICAL, a business entity; ) | |
| NATE STYLES, an individual; and DOES 1- ) | |
| 50, inclusive, ) | |
| ) | |
| Defendants. ) | |

PROPOUNDING PARTY:    Defendant BOEHRINGER-INGELHEIM PHARMACEUTICAL

RESPONDING PARTY:    Plaintiff BRENDA PERRY

SET NUMBER:    ONE

Plaintiff BRENDA PERRY ("PERRY") hereby responds to the Request for Production

of Documents of defendant BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.

("BIP") as follows:

**<u>GENERAL OBJECTIONS</u>**

1. Plaintiff objects to the Document Requests and to each and every request contained

therein to the extent that they purport to impose burdens or duties on plaintiff that exceed the

-1-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF
DOCUMENTS**

1  requirements and permissible scope of discovery under the California Code of Civil Procedure.

2      2. Plaintiff objects to the Document Requests and to each and every request contained

3  therein to the extent that they purport to request documents that are subject to any privilege or

4  immunity from discovery, including, without limitation, the attorney-client privilege, the work-

5  product privilege, the right to privacy guaranteed by the California Constitution, and any other

6  privilege or restriction on discovery recognized by California law.

7      3. Plaintiff objects to the Document Requests and to each and every request contained

8  therein on the grounds that, to the extent that they seek documents that are already in

9  respondent's custody, control or possession, they are unduly burdensome and duplicative.

10     4. Plaintiff objects to the Document Requests and to each and every request contained

11  therein to the extent that they purport to require plaintiff to produce documents from any source

12  other than the personal files and records of plaintiff.

13     5. Plaintiff reserves the right to amend her responses to the extent that new or additional

14  relevant documents may come to his attention.

15     6. Plaintiff responds to the Document Requests without waiver and with preservation of:

16         a)  The right to object to the use of any responses or documents on any ground in

17             any proceedings in this or any other action (including any trials);

18         b)  The right to object on any ground at any time to a demand or request for a

19             further response to this discovery request or other discovery proceedings

20             involving or relating to the subject matter of the discovery requests herein

21             responded to; and,

22         c)  The right at any time to revise or supplement any of the responses to the

23             specific requests.

24     7. Plaintiff has not yet completed his investigation of the facts pertaining to this action,

25  her discovery, or her preparation for trial.  Plaintiff reserves the right to rely on documents or

26  other evidence which may develop or come to his attention at a later time.

27     8. The foregoing general objections and limitations (the "General Objections") are

28                                    -2-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1  incorporated by reference into each and every specific response as if fully stated therein.

2  **RESPONSES TO DOCUMENT REQUESTS**

3  **REQUEST NO. 1**

4  All DOCUMENTS that RELATE TO the First Cause of Action in YOUR COMPLAINT

5  for "Sexual Harassment" in violation of the Fair Employment and Housing Act ("FEHA").

6  **RESPONSE TO REQUEST NO. 1.**

7  Plaintiff herein incorporates by reference each and every one of the General Objections

8  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

9  of, each of those General Objections.

10  Subject to and without waiver of the foregoing objections, plaintiff will produce any

11  documents in her possession, custody or control that are responsive to this request.

12  **REQUEST NO. 2**

13  All DOCUMENTS that RELATE to the Second Cause of Action in YOUR

14  COMPLAINT for "Age Discrimination" in Violation of the FEHA.

15  **RESPONSE TO REQUEST NO. 2.**

16  Plaintiff herein incorporates by reference each and every one of the General Objections

17  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

18  of, each of those General Objections.

19  Subject to and without waiving these objections, plaintiff will produce any documents in

20  her possession, custody or control that are responsive to this request.

21  **REQUEST NO. 3**

22  All DOCUMENTS that RELATE TO the Third Cause of Action in YOUR

23  COMPLAINT for "Retaliation."

24  **RESPONSE TO REQUEST NO. 3**

25  Plaintiff herein incorporates by reference each and every one of the General Objections

26  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

27  of, each of those General Objections.

28

-3-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    Subject to and without waiving the foregoing objections, plaintiff will produce any

2    documents in her possession, custody or control that are responsive to this request.

3    **REQUEST NO. 4**

4    All DOCUMENTS that RELATE TO the Fourth Cause of Action in YOUR

5    COMPLAINT for "Wrongful Termination in Violation of Public Policy."

6    **RESPONSE TO REQUEST NO. 4.**

7    Plaintiff herein incorporates by reference each and every one of the General Objections

8    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

9    of, each of those General Objections.

10   Subject to and without waiver of the foregoing objections, plaintiff will produce any

11   documents within her possession, custody or control that are responsive to this request.

12   **REQUEST NO. 5**

13   All DOCUMENTS that RELATE TO the Fifth Cause of Action in YOUR COMPLAINT

14   for "Intentional Infliction of Emotional Distress."

15   **RESPONSE TO REQUEST NO. 5.**

16   Plaintiff herein incorporates by reference each and every one of the General Objections

17   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

18   of, each of those General Objections.

19   Subject to and without waiver of the foregoing objections, plaintiff will produce any

20   documents in her possession, custody or control that are responsive to this request.

21   **REQUEST NO. 6**

22   All DOCUMENTS which YOU obtained from the CORPORATE DEFENDANTS

23   during YOUR employment with the CORPORATE DEFENDANTS.

24   **RESPONSE TO REQUEST NO. 6.**

25   Plaintiff herein incorporates by reference each and every one of the General Objections

26   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

27   of, each of those General Objections.

28

-4-

Subject to and without waiver of the foregoing objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this request.

**REQUEST NO. 7**

All DOCUMENTS that RELATE TO YOUR alleged employment with the CORPORATE DEFENDANTS, including but not limited to ALL offer letters, employment agreements, job descriptions, compensation, benefits, personnel policies or statements, employee handbooks, formal or informal evaluations or performance reviews, comment, criticism, discipline, reprimand, complaints, or praise.

**RESPONSE TO REQUEST NO. 7**

Plaintiff incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any documents in her custody, possession or control that are responsive to this request.

**REQUEST NO. 8**

All DOCUMENTS, regardless of source, that RELATE TO the CORPORATE DEFENDANTS' employees, job descriptions, policies, procedures, practices, and employee handbooks, with the exception of any privileged communications between YOU and YOUR counsel.

**RESPONSE TO REQUEST NO. 8**

Plaintiff incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Claimant further objects that this request is overbroad and unduly burdensome. Subject to and without waiver of the foregoing objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this request.

**REQUEST NO. 9**

All DOCUMENTS that RELATE TO YOUR qualifications for any position with the CORPORATE DEFENDANT, including your position as field sales representative assigned to the Diabetes Overlay team as alleged in Paragraph 8 of YOUR COMPLAINT.

**RESPONSE TO REQUEST NO. 9**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Plaintiff further objects that this request is overbroad, unduly burdensome, and oppressive. Subject to and without waiving the foregoing objections, plaintiff will produce any documents in her custody, possession or control that are responsive to this request.

**REQUEST NO. 10**

All DOCUMENTS that YOU received from the CORPORATE DEFENDANTS during YOUR employment with the CORPORATE DEFENDANTS.

**RESPONSE TO REQUEST NO. 10**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiving the foregoing objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this request.

**REQUEST NO. 11**

All DOCUMENTS that RELATE TO YOUR scheduled work hours during YOUR employment with the CORPORATE DEFENDANTS.

**RESPONSE TO REQUEST NO. 11**

Plaintiff herein incorporates by reference each and everyone of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    Plaintiff further objects that this request is unduly vague and ambiguous. Subject to and

2    without waiving the foregoing objections, plaintiff will produce any documents in her

3    possession, custody or control that are responsive to her understanding of this request.

4         **REQUEST NO. 12**

5         All DOCUMENTS that RELATE TO YOUR absence from work for any reason during

6    YOUR employment with the CORPORATE DEFENDANTS.

7         **RESPONSE TO REQUEST NO. 12**

8         Plaintiff herein incorporates by reference each and every one of the General Objections

9    set forth above, and plaintifft's response to this request is expressly subject to, and without

10   waiver of, each of those General Objections.

11        Plaintiff further objects that this request is overbroad and unduly vague, and that it

12   violates plaintiff's rights of privacy and confidentiality.  Subject to and without waiver of these

13   objections, plaintiff has made a reasonable inquiry and conducted a diligent search, and she has

14   no documents in her possession, custody or control that are responsive to this request.  Plaintiff

15   does not recall or know if such documents existed, but if they did, plaintiff believes they would

16   be in the possession of defendant BIP.

17        **REQUEST NO. 13**

18        All DOCUMENTS that RELATE TO YOUR applications for positions with the

19   CORPORATE DEFENDANTS, including but not limited to resumes, cover letters, methods of

20   application, responses, rules, guidelines, or procedures.

21        **RESPONSE TO REQUEST NO. 13**

22        Plaintiff herein incorporates by reference each and every one of the General Objections

23   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

24   of, each of those General Objections.

25        Subject to and without waiving these objections, plaintiff will produce any documents in

26   her possession, custody or control that are responsive to this request.

27

28

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    **REQUEST NO. 14**

2        All DOCUMENTS that RELATE TO the COMPENSATION that YOU received from

3    the CORPORATE DEFENDANTS, including but not limited to, pay statements, time sheets,

4    COMPENSATION policies, W-2 forms, income tax returns and other records, whether filed

5    individually or jointly with any other PERSON during YOUR alleged employment with the

6    CORPORATE DEFENDANTS.

7        **RESPONSE TO REQUEST NO. 14**

8        Plaintiff herein incorporates by reference each and every one of the General Objections

9    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

10   of, each of those General Objections.

11       Plaintiff further objects that this request violates plaintiff's rights of privacy and

12   confidentiality, and the taxpayer privilege.  Subject to and without waiving these objections,

13   plaintiff will produce any documents (other than privileged income tax returns and schedules) in

14   her possession, custody or control that are responsive to this request.

15       **REQUEST NO. 15**

16       All DOCUMENTS that RELATE TO any feedback YOU received about YOUR work

17   performance during YOUR alleged employment with the CORPORATE DEFENDANTS,

18   whether verbal or written, and whether positive, negative, or otherwise.

19       **RESPONSE TO REQUEST NO. 15**

20       Plaintiff herein incorporates by reference each and every one of the General Objections

21   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

22   of, each of those General Objections.

23       Subject to and without waiver of these objections, plaintiff will produce any documents

24   in her possession, custody or control that are responsive to this request.

25       **REQUEST NO. 16**

26       All DOCUMENTS that RELATE TO any written warnings, counselings, or other

27   disciplinary action that YOU received from the CORPORATE DEFENDANTS during YOUR

28                                      -8-

1  alleged employment with the CORPORATE DEFENDANTS.

2  **RESPONSE TO REQUEST NO. 16**

3  Plaintiff herein incorporates by reference each and every one of the General Objections

4  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

5  of, each of those General Objections.

6  Subject to and without waiver of these objections, plaintiff has no documents in her

7  possession, custody or control that are responsive to this request.  To the best of plaintiff's

8  knowledge, no such documents exist.

9  **REQUEST NO. 17**

10  All internet pages or postings (including Facebook, Twitter, or other social media sites)

11  that YOU have created or published RELATED TO this lawsuit, YOUR employment with the

12  CORPORATE DEFENDANTS, or the claims set forth in YOUR COMPLAINT.

13  **RESPONSE TO REQUEST NO. 17**

14  Plaintiff herein incorporates by reference each and every one of the General Objections

15  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

16  of, each of those General Objections.

17  Subject to and without waiver of these objections, plaintiff has no documents in her

18  possession, custody or control that are responsive to this request.  No such documents exist.

19  **REQUEST NO. 18**

20  All journals, diaries, or other DOCUMENTS that RELATE TO this lawsuit, YOUR

21  alleged employment with the CORPORATE DEFENDANTS, or any of the claims set forth in

22  YOUR COMPLAINT.

23  **RESPONSE TO REQUEST NO. 18**

24  Plaintiff herein incorporates by reference each and every one of the General Objections

25  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

26  of, each of those General Objections.

27  Plaintiff further objects that this request is overbroad, unduly burdensome, and

28  

-9-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1   oppressive.  Subject to and without waiver of these objections, plaintiff will produce any non-

2   privileged documents in her possession, custody or control, that are responsive to this request.

3   **REQUEST NO. 19**

4   All DOCUMENTS that RELATE TO any oral or written complaint YOU made to

5   anyone regarding YOUR alleged employment with CORPORATE DEFENDANTS.

6   **RESPONSE TO REQUEST NO. 19**

7   Plaintiff herein incorporates by reference each and every one of the General Objections

8   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

9   of, each of those General Objections.

10   Subject to and without waiver of these objections, plaintiff will produce any documents

11   in her possession, custody or control that are responsive to this request.

12   **REQUEST NO. 20**

13   All COMMUNICATIONS that RELATE TO any oral or written complaints YOU made

14   regarding YOUR alleged employment with the CORPORATE DEFENDANTS.

15   **RESPONSE TO REQUEST NO. 20**

16   Plaintifft herein incorporates by reference each and every one of the General Objections

17   set forth above, and plaintifft's response to this request is expressly subject to, and without

18   waiver of, each of those General Objections.

19   Subject to and without waiver of these objections, plaintiff will produce any documents

20   in her possession, custody or control that are responsive to this request.

21   **REQUEST NO. 21**

22   All DOCUMENTS that RELATE TO any oral or written complaint YOU made regarding

23   Nate Styles.

24   **RESPONSE TO REQUEST NO. 21**

25   Plaintiff herein incorporates by reference each and every on of the General Objections set

26   forth above, and plaintiff's response to this request is expressly subject to, and without waiver of,

27   each of those General Objections.

28

-10-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    Subject to and without waiver of the foregoing objections, plaintiff will produce any

2    documents in her possession, custody or control that are responsive to this request.

3    **REQUEST NO. 22**

4    All COMMUNICATIONS that RELATE TO any oral or written complaints YOU made

5    regarding Nate Stiles.

6    **RESPONSE TO REQUEST NO. 22**

7    Plaintiff herein incorporates by reference each and every one of the General Objections

8    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

9    of, each of those General Objections.

10   Subject to and without waiver of the foregoing objections, plaintiff will produce any

11   documents in her possession, custody or control that are responsive to this request.

12   **REQUEST NO. 23**

13   All DOCUMENTS that RELATE to any oral or written complaint YOU made regarding

14   alleged "off label marketing."

15   **RESPONSE TO REQUEST NO. 23**

16   Plaintiff herein incorporates by reference each and every one of the General Objections

17   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

18   of, each of those General Objections.

19   Subject to and without waiver of the foregoing objections, plaintiff will produce any

20   documents in her possession, custody or control that are responsive to this request.

21   **REQUEST NO. 24**

22   All COMMUNICATIONS that RELATE TO any oral or written complaints YOU made

23   regarding alleged "off label marketing."

24   **RESPONSE TO REQUEST NO. 24**

25   Plaintiff herein incorporates by reference each and every one of the General Objections

26   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

27   of, each of those General Objections.

28

-11-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    Subject to and without waiver of the foregoing objections, plaintiff will produce any

2    documents in her possession, custody or control that are responsive to this request.

3    **REQUEST NO. 25**

4    All DOCUMENTS that constitute, evidence, or reference correspondence or other

5    COMMUNICATIONS with any individual from whom YOU or any PERSON acting on YOUR

6    behalf has obtained or has sought to obtain a written or oral statement concering the relevant

7    facts and circumstance, or the allegations and claims involved in the litigation initiated by the

8    COMPLAINT, including a copy of any statement(s) received.

9    **RESPONSE TO REQUEST NO. 25**

10   Plaintiff herein incorporates by reference each and every one of the General Objections

11   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

12   of, each of those General Objections.

13   Subject to and without waiver of the foregoing objections, plaintiff has no documents in

14   her custody, possession or control that are responsive to this request.  No such documents exist.

15   **REQUEST NO. 26**

16   All DOCUMENTS that constitute, evidence, or reference any meeting, conversations, or

17   other COMMUNICATIONS YOU had at any time with any PERSON (other than YOUR

18   attorneys) concerning any of the facts, events, or allegations involved in this lawsuit, including

19   but not limited to correspondence (including any electronic form of communications such as e-

20   mail or text messaging), memoranda, notes, any writing reflecting telephone communications, or

21   any writing reflecting other COMMUNICATIONS, such as entries in any calendar, date book,

22   journal, appointment book, or log.

23   **RESPONSE TO REQUEST NO. 26**

24   Plaintiff herein incorporates by reference each and every one of the General Objections

25   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

26   of, each of those General Objections.

27   Plaintiff further objects that this request is overbroad, unduly burdensome and

28

-12-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    oppressive. Subject to and without waiver of these objections, plaintiff will produce any

2    documents in her possession, custody or control that are responsive to this request.

3        **REQUEST NO. 27**

4        All DOCUMENTS created by YOU or any other person (other than YOUR counsel in

5    this case) RELATED TO any of the allegations in YOUR COMPLAINT.

6        **RESPONSE TO REQUEST NO. 27**

7        Plaintiff herein incorporates by reference each and every one of the General Objections

8    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

9    of, each of those General Objections.

10       Plaintiff further objects that this request is overbroad, unduly burdensome, and

11   oppressive, and calls for documents that are confidential.  Subject to and without waiver of the

12   foregoing objections, plaintiff will produce any documents in her possession, custody or control

13   that are responsive to this request.

14       **REQUEST NO. 28**

15       All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 8 of YOUR

16   COJMPLAINT that "defendant BIP exercised control over the means and manner of [YOUR]

17   performance as a sales representative."

18       **RESPONSE TO REQUEST NO. 28**

19       Plaintiff herein incorporates by reference each and every one of the General Objections

20   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

21   of, each of those General Objections.

22       Subject to and without waiver of the foregoing objections, plaintiff will produce any

23   documents in her possession, custody or control that are responsive to this request.

24       **REQUEST NO. 29**

25       All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 8 of YOUR

26   COMPLAINT that "BIP controlled the location and assignment of [YOUR] territory as a

27   pharmaceutical representative; BIP had the power to manage and control [YOUR] job

28                                      -13-

1   performance, (including through defendant Stiles, a manager of BIP); BIP instructed [YOU] as to

2   how to perform [YOUR] job duties and make sales calls; and BIP had the power to terminate

3   [YOUR] performance, and did so, as alleged further below."

4   **RESPONSE TO REQUEST NO. 29**

5   Plaintiff herein incorporates by reference each and every one of the General Objections

6   set forth above, and plaintifft's response to this request is expressly subject to, and without

7   waiver of, each of those General Objections.

8   Subject to and without waiver of the foregoing objections, plaintiff will produce any

9   documents in her possession, custody or control that are responsive to this request.

10   **REQUEST NO. 30**

11   All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 10 of YOUR

12   COMPLAINT that "defendants interfered with [YOUR] job performance and engaged in

13   unlawful conduct at several levels during the summer of 2017, in which plaintiff was

14   accompanied in her physician sales calls by her direct manager, defendant Styles [sic]."

15   **RESPONSE TO REQUEST NO. 30**

16   Plaintiff herein incorporates by reference each and every one of the General Objections,

17   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

18   of, each of those General Objections.

19   Subject to and without waiving this objection, plaintiff will produce any documents in

20   her possession, custody or control that are responsive to this request.

21   **REQUEST NO. 31**

22   All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 11 of YOUR

23   COMPLAINT that "Mr. Styles confronted [YOU] with lewd and harassing sexual behavior

24   while [YOU were] attempting to do a routine inventory of [YOUR] pharmaceutical sample

25   storage locker in Mr. Style's presence, while bent down in a confined space..."

26   **RESPONSE TO REQUEST NO. 31**

27   Plaintiff herein incorporates by reference each and every one of the General Objections

28   -14-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

2   of, each of those General Objections.

3       Plaintiff further objects that this request is overbroad, unduly burdensome, and

4   oppressive.  Subject to and without waiver of the foregoing objections, plaintiff will produce any

5   documents in her possession, custody or control that are responsive to this request.

6       **REQUEST NO. 32**

7       All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 12 of YOUR

8   COMPLAINT that "Mr. Styles also engaged in illegal business practices, and instructed [YOU]

9   to do so also, on behalf of defendants in their efforts to increase sales of BIP products to

10  physicians."

11      **RESPONSE TO REQUEST NO. 32**

12      Plaintiff herein incorporates by reference each and every one of the General Objections

13  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

14  of, each of those General Objections.

15      Subject to and without waiver of the foregoing objections, plaintiff will produce any

16  documents in her possession, custody or control that are responsive to this request.

17      **REQUEST NO. 33**

18      All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 12 of YOUR

19  COMPLAINT that "Mr. Styles engaged in direct and explicit statements, actions and efforts to

20  market and sell the BI Jardiance Combination products to medical providers for 'off label' uses

21  and purposes - in other words, for uses and purposes not indicated or approved by United States

22  regulatory authorities, and in violation of the laws and regulatory authorities, and in violation of

23  the laws and regulations promulgated to prohibit the marketing and sales of drugs for non-

24  approved and non-indicated uses and purposes."

25      **RESPONSE TO REQUEST NO. 33**

26      Plaintiff herein incorporates by reference each and every one of the General Objections

27  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

28

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1  of, each of those General Objections.

2      Subject to and without waiver of the foregoing objections, plaintiff will produce any

3  documents in her possession, custody or control that are responsive to this request.

4      **REQUEST NO. 34**

5      All DOCUMENTS that RELATE TO YOUR allegations in Paragraph 13 of YOUR

6  COMPLAINT that "Mr. Styles also ordered [YOU] to adopt and use the same unlawful 'off

7  label' sales actions and practices that he had engaged in with physician accounts assigned to her,

8  to increase sales of the BI Jardiance Combination products."

9      **RESPONSE TO REQUEST NO. 34**

10      Plaintiff herein incorporates by reference each and every one of the General Objections

11  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

12  of, each of those General Objections.

13      Subject to and without waiver of the foregoing objections, plaintiff will produce any

14  documents within her possession, custody or control that are responsive to this request.

15      **REQUEST NO. 35**

16      All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 14 of YOUR

17  COMPLAINT that "BIP was already facing severe government scrutiny and claims for engaging

18  in widespread, illegal, 'off label' marketing practices with respect to several BIP pharmaceutical

19  products."

20      **RESPONSE TO REQUEST NO. 35**

21      Plaintiff herein incorporates by reference each and every one of the General Objections

22  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

23  of, each of those General Objections.

24      Subject to and without waiver of the foregoing objections, plaintiff has conducted a

25  diligent search, and she has no documents in her possession, custody or control that are

26  responsive to this request. Such documents are in the possession of defendant BIP, and plaintiff

27  is informed and believes are in the possession of the U.S. FDA, and the U.S. Department of

28

-16-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    Justice.  (Plaintiff does not know their addresses).

2    **REQUEST NO. 36**

3    All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 14 of YOUR

4    COMPLAINT that "as a result of having been 'busted' already for its unlawful 'off label'

5    marketing practices caused by a sales employee's report of those unlawful practices to

6    government agencies, and with specific knowledge from plaintiff's own personnel records and

7    statements that she has prior experience with pharmaceutical firms, and prior knowledge of the

8    illegality of 'off label' practices, after plaintiff called out defendant Styles for instructing her to

9    engage in those practices, defendant BIP was acutely fearful that plaintiff would also report those

10    'off label' practices to the DOJ or other government agencies."

11    **RESPONSE TO REQUEST NO. 36**

12    Plaintiff herein incorporates by reference each and every one of the General Objections

13    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

14    of, each of those General Objections.

15    Subject to and without waiving these objections, plaintiff will produce non-privileged

16    and non-confidential documents in her custody, possession or control that are responsive to this

17    request.

18    **REQUEST NO. 37**

19    All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 15 of YOUR

20    COMPLAINT that "BIP and its manager, defendant Styles, had the power to terminate [YOUR]

21    employment, and use that power to cause the termination of [YOUR] employment as a BIP sales

22    representative."

23    **RESPONSE TO REQUEST NO. 37**

24    Plaintiff herein incorporates by reference each and every one of the General Objections

25    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

26    of, each of those General Objections.

27    Subject to and without waiver of the foregoing objections, plaintiff will produce any

28

-17-

1   documents in her possession, custody or control that are responsive to this request.

2       **REQUEST NO. 38**

3       All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 15 of YOUR

4   COMPLAINT that the CORPORATE DEFENDANTS' "stated reason for [the] termination of

5   [YOUR] employment was false and contrived..."

6       **RESPONSE TO REQUEST NO. 38**

7       Plaintiff herein incorporates by reference each and every one of the General Objections

8   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

9   of, each of those General Objections.

10       Subject to and without waiver of the foregoing objections, plaintiff will produce any

11   documents in her possession, custody or control that are responsive to this request.

12       **REQUEST NO. 39**

13       All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 17 of YOUR

14   COMPLAINT that "[YOU] were subjected to unwelcome sexually motivated physical actions

15   and advances, including impeding and blocking movement and physical interference with her

16   work and movement based on [YOUR] sex, by managers of defendants."

17       **RESPONSE TO REQUEST NO. 39**

18       Plaintiff herein incorporates by reference each and every one of the General Objections

19   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

20   of, each of those General Objections.

21       Subject to and without waiving the foregoing objections, plaintiff will produce any

22   documents in her possession, custody or control that are responsive to this request.

23       **REQUEST NO. 40**

24       All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 25 of YOUR

25   COMPLAINT that "[YOUR] age was a substantial motivating factor in such discriminatory

26   treatment and adverse employment actions taken against [YOU], including termination of

27   [YOUR] employment."

28

-18-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    **RESPONSE TO REQUEST NO. 40**

2    Plaintiff herein incorporates by reference each and every one of the General Objections

3    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

4    of, each of those General Objections.

5    Subject to and without waiver of the foregoing objections, plaintiff will produce any

6    documents in her possession, custody or control that are responsive to this request.

7    **REQUEST NO. 41**

8    All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 30 of YOUR

9    COMPLAINT that "[YOU] engaged in one or more protected activities by, among other things,

10   complaining of and objecting to defendants' sexually harassing and discriminatory statements

11   toward her by managers, employees, and/or agents of defendants."

12   **RESPONSE TO REQUEST NO. 41**

13   Plaintiff herein incorporates by reference each and every one of the General Objections

14   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

15   of, each of those General Objections.

16   Subject to and without waiver of the foregoing objections, plaintiff will produce any

17   documents in her possession, custody or control that are responsive to this request.

18   **REQUEST NO. 42**

19   All DOCUMENTS that RELATE TO YOUR allegation in Paragraphs 22, 28, 33 and 38

20   of YOUR COMPLAINT that "The foregoing acts of defendants were fraudulent, malicious,

21   intentional, oppressive, and plaintiff is therefore entitled to an award of punitive damages agaisnt

22   defendants."

23   **RESPONSE TO REQUEST NO. 42**

24   Plaintiff herein incorporates by reference each and every one of the General Objections

25   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

26   of, each of those General Objections.

27   Subject to and without waiver of the foregoing objections, plaintiff will produce any

28                                                    -19-

1   documents in her possession, custody or control that are responsive to this request.

2   **REQUEST NO. 43**

3   All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 40 of YOUR

4   COMPLAINT that "defendant Styles had actual or apparent authority over plaintiff, as plaintiff's

5   direct supervisor, including the power to discipline plaintiff, the power to limit or diminish her

6   earnings, and the power to terminate her employment and threaten or take away her livelihood."

7   **RESPONSE TO REQUEST NO. 43**

8   Plaintiff herein incorporates by reference each and every one of the General Objections

9   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

10   of, each of those General Objections.

11   Subject to and without waiver of the foregoing objections, plaintiff will produce any

12   documents in her possession, custody or control that are responsive to this request.

13   **REQUEST NO. 44**

14   All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 41 of YOUR

15   COMPLAINT that "Defendant Styles engaged in the outrageous acts described in paragraph 11

16   of the First Amended Complaint, and did so with the intention to cause severe emotional distress

17   to [YOU] or with reckless disregard that he would cause such severe emotional distress to

18   [YOU]."

19   **RESPONSE TO REQUEST NO. 44**

20   Plaintiff herein incorporates by reference each and every one of the General Objections

21   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

22   of, each of those General Objections.

23   Subject to and without waiver of the foregoing objections, plaintiff will produce any

24   documents in her possession, custody or control that are responsive to this request.

25   **REQUEST NO. 45**

26   All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 42 of YOUR

27   COMPLAINT that "the foregoing wrongful acts did in fact cause severe emotional distress to

28

-20-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1  [YOU] and [YOU] have suffered damages from such distress, in an amount to be proven at

2  trial."

3      **RESPONSE TO REQUEST NO. 45**

4      Plaintiff herein incorporates by reference each and every one of the General Objections

5  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

6  of, each of those General Objections.

7      Subject to and without waiver of the foregoing objections, plaintiff will produce any

8  documents in her possession, custody or control that are responsive to this request.

9      **REQUEST NO. 46**

10     All DOCUMENTS that constitute, evidence, or reference any COMMUNICATIONS

11  between YOU and any PERSON acting on YOUR BEHALF) and any government agency

12  including, but not limited to, the California Department of Fair Employment and Housing, the

13  United States Equal Employment Opportunity Commission, or the California Labor

14  Commissioner concerning the subject matter of this lawsuit or any claims concerning YOUR

15  alleged employment with DEFENDANT, including but not limited to complaints, charges,

16  questionnaires, worksheets, completed forms, correspondence, memoranda, or notes.

17     **RESPONSE TO REQUEST NO. 46**

18     Plaintiff herein incorporates by reference each and every one of the General Objections

19  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

20  of, the foregoing objections.

21     Subject to and without waiver of the foregoing objections, plaintiff will produce any

22  documents in her possession, custody or control that are responsive to this requet.

23     **REQUEST NO. 47**

24     All DOCUMENTS RELATED TO any type or amount of damages YOU allegedly

25  sustained as a result of any conduct attributed to DEFENDANTS, including all DOCUMENTS

26  stating, referencing, evidencing, or concerning any calculations of said damages.

27     **RESPONSE TO REQUEST NO. 47**

28

-21-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1   Plaintiff herein incorporates by reference each and every one of the General Objections

2   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

3   of, the foregoing objections.

4   Subject to and without waiver of the foregoing objections, plaintiff will produce any

5   documents in her possession, custody or control that are responsive to this request.

6   **REQUEST NO. 48**

7   All DOCUMENTS that RELATE TO any treatment YOU received from any

8   HEALTHCARE PROVIDER for any physical or emotional injury that YOU attribute to the

9   conduct of DEFENDANTS.

10   **RESPONSE TO REQUEST NO. 48**

11   Plaintiff herein incorporates by reference each and every one of the General Objections

12   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

13   of, the foregoing objections.

14   Plaintiff further objects that this request seeks documents that are protected by plaintiff's

15   rights of privacy and confidentiality.  Subject to and without waiver of the foregoing objections,

16   plaintiff has made a reasonable inquiry, and has no documents in her possession, custody or

17   control that are responsive to this request.  (Plaintiff did not receive such treatment, so no

18   responsive documents ever existed).

19   **REQUEST NO. 49**

20   All COMMUNICATIONS with any HEALTHCARE PROVIDER from whom YOU

21   sought treatment for any physical or emotional injury that YOU attribute to the conduct of

22   DEFENDANTS.

23   **RESPONSE TO REQUEST NO. 49**

24   Plaintiff herein incorporates by reference each and every one of the General Objections

25   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

26   of, the foregoing objections.

27   Subject to and without waiver of the foregoing objections, plaintiff has made a reasonable

28   -22-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1  inquiry, and has no documents that are responsive to this request.  Such documents never

2  existed.

3  **REQUEST NO. 50**

4  All DOCUMENTS that RELATE TO any treatment YOU received from any

5  HEALTHCARE PROVIDER for any emotional injury from January 1, 2016 to the present date.

6  **RESPONSE TO REQUEST NO. 50**

7  Plaintiff herein incorporates by reference each and every one of the General Objections

8  set forth above, and plaintiff's response is expressly subject to, and without waiver of, the

9  foregoing objections.

10  Plaintiff further objects that this request seeks documents that are protected by plaintiff's

11  rights of privacy and confidentiality.  Subject to and without waiver of the foregoing objections,

12  plaintiff has made a reasonable inquiry, and has no documents in her possession, custody or

13  control that are responsive to this request.  Such documents never existed.

14  **REQUEST NO. 51**

15  All COMMUNICATIONS with any HEALTHCARE PROVIDER from whom YOU

16  sought treatment for any emotional injury from January 1, 2016 to the present.

17  **RESPONSE TO REQUEST NO. 51**

18  Plaintiff herein incorporates by reference each and every one of the General Objections

19  set forth above, and plaintiff's response is expressly subject to, and without waiver of, the

20  foregoing objections.

21  Plaintiff further objects that this request seeks documents that are protected by plaintiff's

22  rights of privacy and confidentiality.  Subject to and without waiver of the foregoing objections,

23  plaintiff has no documents in her possession, custody or control that are responsive to this

24  request.  Such documents never existed.

25  **REQUEST NO. 52**

26  All DOCUMENTS that RELATE TO YOUR efforts to mitigate YOUR damages from

27  September 2017 to the present, including, but not limited to any job application, resume,

28

-23-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1   curriculum vitae, or cover letter YOU submitted to any potential employer.

2   **RESPONSE TO REQUEST NO. 52**

3   Plaintiff herein incorporates by reference each and every one of the General Objections

4   set forth above, and plaintiff's response is expressly subject to, and without waiver of, the

5   foregoing objections.

6   Subject to and without waiver of the foregoing objections, plaintiff will produce any

7   documents in her possession, custody or control that are responsive to this request.

8   **REQUEST NO. 53**

9   All COMMUNICATIONS with any potential employer, recruiter, or placement agency

10   that RELATE TO YOUR efforts to find employment from September 2017 to the present.

11   **RESPONSE TO REQUEST NO. 53**

12   Plaintiff herein incorporates by reference each and every one of the General Objections

13   set forth above, and plaintiff's response is expressly subject to, and without waiver of, the

14   foregoing objections.

15   Subject to and without waiver of the foregoing objections, plaintiff will produce any

16   documents in her possession, custody or control that are responsive to this request.

17   **REQUEST NO. 54**

18   All DOCUMENTS that RELATE TO any employment YOU obtained from September

19   2017 to the present including, but not limited to, any offer letters, and DOCUMENTS evidencing

20   the COMPENSATION and benefits YOU received from any employer.

21   **RESPONSE TO REQUEST NO. 54**

22   Plaintiff herein incorporates by reference each and every one of the General Objections

23   set forth above, and plaintiff's response is expressly subject to, and without waiver of, the

24   foregoing objections.

25   Plaintiff further objects that this request seeks documents that are protected by plaintiff's

26   rights of privacy and confidentiality.  Subject to and without waiver of the foregoing objections,

27   plaintiff will produce any documents in her possession, custody or control that are responsive to

28   

-24-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    this request.

2    **REQUEST NO. 55**

3    All DOCUMENTS that RELATE TO any lawsuits, complaints, charges, grievances, or

4    other legal or equitable claims made by YOU, or made by others on YOUR behalf, against any

5    employer, other than this ACTION.

6    **RESPONSE TO REQUEST NO. 55**

7    Plaintiff herein incorporates by reference each and every one of the General Objections

8    set forth above, and plaintiff's response is expressly subject to, and without waiver of, the

9    foregoing objections.

10   Plaintiff further objects that this request is overbroad, undurly burdensome, and

11   oppressive, and seeks documents that are protected by attorney-client privilege, and/or not

12   reasonably calculated to lead to the discovery of admissible evidence, and which are protected by

13   plaintiff's rights of privacy and confidentiality.

14

15                                              LAW OFFICES OF MICHAEL T. WELCH

16

17   DATED: June 28, 2019                 By: _____
                                               Michael T. Welch
18                                             Attorney for Plaintiff
                                               BRENDA PERRY
19

20

21

22

23

24

25

26

27

28
                                                -25-

**PLAINTIFF'S AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

## VERIFICATION

I, Brenda Perry, have read the foregoing Plaintiff's Amended Responses to Defendant Boehringer-Ingelheim Pharmaceutical's Request for Production of Documents, Set One, and know the contents thereof, and certify under penalty of perjury that the same are true of my knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Dated: June 27, 2019

Brenda Perry

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

Case Name:        *Brenda Perry v. Ashfield Healthcare, LLC, et al.*
Court No.:         San Mateo County Superior Court Case No. 18CIV05717

   I am employed in the City & County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Four Embarcadero Center, 14th Floor, San Francisco, CA 94111.

   On July 2, 2019 I caused to be served the following document(s) on the interested parties as indicated below:

**DOCUMENT(S) SERVED:**

   Plaintiff's Amended Responses to Form Interrogatories - Employment Law (with Verification); Plaintiff's Amended Responses to Special Interrogatories (with Verification); Plaintiff's Amended Responses to Defendant Boehringer-Ingelheim Pharmaceutical's Request for Production of Documents, Set One (with Verification)

**PARTY(IES) SERVED:**

   Ashley Baltazar, Esq.
   Morgan, Lewis & Bockius LLP
   One Market
   Spear Street Tower
   San Francisco, CA 94105

_____ **(By Regular Mail)** I am readily familiar with the firm's practice for collection and process of correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the ordinary course of business.

_____ **(By Federal Express)** I personally delivered the above document(s) to the Federal Express Station to be delivered on a priority basis on the next business day to the law offices listed above.

_____ **(By Personal Service)** I caused such document(s) to be delivered by hand to the office(s) of the addressee(s).

_____ **(By Facsimile and U.S. Mail)** I sent a true copy of such document(s) via telephone facsimile transmission to the fax numbers listed above, and By Regular Mail as noted above.

_____ **(State)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

_____ **(Federal)** I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

Executed on July 2, 2019 at Monterey, California.

_____
Michael Welch

# Exhibit 9

# Morgan Lewis

**Ashley Baltazar**

July 15, 2019

**VIA E-MAIL PDF AND US MAIL**

Michael T. Welch
Law Offices of Michael T. Welch
Four Embarcadero Center, 14th Floor
San Francisco, CA 94111
mwelchlaw@gmail.com

Re:     Perry v. Boehringer Ingelheim Pharmaceuticals, Inc.

Dear Mr. Welch:

I am writing to meet and confer further regarding Plaintiff's responses to Defendant Boehringer Ingelheim Pharmaceuticals, Inc.'s ("BIPI" or "Defendant") Requests for Production of Documents, Special Interrogatories, and Form Interrogatories—Employment, which were served on your office, via overnight mail, on March 13, 2019.

## I.      Plaintiff's Discovery Responses Were Served Without a Verification.

Despite raising this issue in with you in my April 30, 2019 and June 17, 2019 meet and confer letters, Plaintiff has yet to provide appropriate verifications to her responses to Defendant's Requests for Production of Documents. Similarly, Plaintiff's recently served amended responses to Defendant's Form Interrogatories—Employment and Special Interrogatories that did not include appropriate verifications. The verifications provided by Plaintiff indicated that they were for responses to Defendant's Form Interrogatories—Employment and Special Interrogatories (as opposed to Plaintiff's verifications to the Requests for Production of Documents, which indicated that it was for Plaintiff's *Amended* responses to Defendant's Requests for Production of Documents. Accordingly, Plaintiff's initial responses to Defendant's Requests for Production of Documents and her *amended* responses to Defendant's Form Interrogatories—Employment and Special Interrogatories were not verified as required by the Code of Civil Procedure. As you are aware, serving an unverified response is akin to serving no response at all. *See Appleton v. Sup. Ct. (Cook),* 206 Cal.App.3d 632, 636 (1988). Accordingly, please provide a signed verification under penalty of perjury by Plaintiff for each of these sets of discovery responses no later than Monday, July 22, 2019.

## II.     Plaintiff's Responses to Defendant's Requests for Production of Documents.

On April 30, 2019, Defendant sent Plaintiff a lengthy meet and confer letter raising various issues with Plaintiff's responses (or lack thereof) to Defendant's Requests for Production of Documents. To date, Plaintiff has failed to substantively respond to Defendant's meet and confer efforts and

**Morgan, Lewis & Bockius** LLP

One Market
Spear Street Tower
San Francisco, CA  94105-1596          ☎ +1.415.442.1000
United States                                       🖷 +1.415.442.1001

Michael T. Welch
July 15, 2019
Page 2

has failed to provide compliant, amended responses to these requests.  As a result, Defendant again raises these issues and requests Plaintiff's immediate attention and response.

      **a.**  <u>Plaintiff's Responses to Request for Production Nos. 7, 26, and 29-30.</u>

In response to Request for Production Nos. 7, 26, and 29-30, Plaintiff initially stated that she "has no documents within her possession, custody, or control that are responsive to this request." Plaintiff's amended responses, however, now state that Plaintiff will produce "any documents in her custody, possession, or control that are responsive to this request."  To date, however, Plaintiff has not produced any documents responsive to these requests.  Accordingly, Plaintiff must produce all documents in her possession, custody, or control, that are responsive to these requests or must amend her response to state that she has conducted a diligent search and reasonable inquiry and is unable to locate any documents in her possession, custody, or control.

      **b.**  <u>Plaintiff's Responses to Request for Production Nos. 16-17, 25, 49-51.</u>

In response to Request for Production Nos. 16-17, 25, 49-51 Plaintiff states that she "has no documents in her possession, custody or control that are responsive to this request."  Such responses fail to comply with the California Code of Civil Procedure. Specifically, where a response includes a representation of an inability to comply, the response also must state that a *diligent search* and *reasonable inquiry* has been made in an effort to locate the item demanded. Cal. Code. Civ. Proc. § 2031.230.  Because Plaintiff's responses do not include this information they are non-compliant, and Plaintiff must amend her responses to the aforementioned requests to indicate that she has conducted a diligent search and reasonable inquiry.

      **c.**  <u>Plaintiff's Responses to Request for Production No. 36.</u>

In response to Request for Production No. 36, Plaintiff limits the documents that she is agreeing to produce to only those document that are "non-privileged and *non-confidential.*"  First, to the extent that Plaintiff is withholding any documents on the basis of privilege, such documents must be identified on a privilege log.  *Hernandez v. Sup. Ct. (Acheson Indus., Inc.),* 112 Cal.App.4th 285, 291-292 (2003).  Defendant hereby requests that you provide a privilege log as soon as possible.  Second, Plaintiff may not unilaterally limit the production to documents that Plaintiff believes are "non-confidential." As a preliminary matter, it is unclear what Plaintiff means by the term "non-confidential," as it appears to be used somewhat randomly in her responses.  It also appears unlikely that the documents responsive to many of the aforementioned requests could qualify for any "confidential" designation.  In any event, to the extent that Plaintiff has a genuine concern that documents responsive to the aforementioned requests are "confidential," Defendant has proposed that the Parties enter into a protective order governing the production of any "confidential" documents and information.  Plaintiff's responses to the aforementioned request therefore should be amended so that all responsive documents are produced, regardless of whether Plaintiff believes they are "confidential."

      **d.**  <u>Plaintiff's Responses to Request for Production Nos. 48 and 54.</u>

In response to Request for Production Nos. 48 and 54, Plaintiff initially limited the documents that she is agreeing to produce to only those document that are "non-privileged and *non-confidential.*" Plaintiff's amended responses no longer contain that limitation. Yet, Plaintiff has not produced any documents responsive to these requests.  Accordingly, Plaintiff must produce all documents in her

Michael T. Welch
July 15, 2019
Page 3

possession, custody, or control that are responsive to these requests or must amend her response to state that she has conducted a diligent search and reasonable inquiry and is unable to locate any documents in her possession, custody, or control.

      **e.**   Plaintiff's Responses to Request for Production No. 55.

In response to Request for Production No. 55, Plaintiff asserts meritless objections and refuses to provide substantive responses.

Request for Production No. 55 seeks all documents that relate to any lawsuits, complaints, charges, or grievances Plaintiff made against any employer, other than this action.  Plaintiff again objects to this request on the grounds that it violates Plaintiff's "rights of privacy and confidentiality."  However, Plaintiff has no right to privacy in complaints she made against other employers. Indeed, any civil complaints filed are public documents.  As a result, Plaintiff must amend this response and produce all documents responsive to this request. To the extent Plaintiff is withholding any documents based on attorney-client privilege, they should be listed in a privilege log.

## III.    **Plaintiff's Document Production.**

As explained in Defendant's prior meet and confer correspondence, Plaintiff's document production is incomplete in several respects.  First, Plaintiff produced a partial employment agreement. *See e.g.,* P007.  Please produce the entirety of this document.

Second, Plaintiff produced an email with a missing attachment. *See e.g.,* P008.  Please re-produce this email, with the corresponding attachment, so that your production is complete.

Third, Plaintiff purports to have applied for positions with "ZipRecruiter; Indeed; Insys Therapeutics; Modern Recruitment Solutions; LS Recruiting; Gecko Hospitality; Lilly Pharmaceutical; Biopharma Health; Aging 2.0, LLC; Medtronic; Surgical Recruiting, LLC; Critique by Kids; Sino Biological US, Inc.; Amgen; Crobo, Inc.; Hamilton Co.; Cybercoders; PV Pharma; Siemens; Cardinal Health; Z&L Properties; Amtee; Ambry Genetics; Gilead Astra Zeneca; Portola Pharmaceuticals; Promoves Health; Novartis; BioMarin; Teva; DepoMed; Abbott; Excela Pharma Sciences; Osmota Pharamaceuticals; [and] Avion." *See* Plaintiff's response to Special Interrogatory No. 7.

However, Plaintiff has not produced a copy of her resume or copies of any of the job applications she claims to have submitted to these entities.  Please produce these responsive documents as soon as possible.  While Plaintiff has produced some emails from ZipRecruiter about job applications to Insys Therapeutics, Gecko Hospitality, Surgical Recruiting, LLC, Lily Pharmaceuticals, BioPharma, Aging 2.0, and Surgical Recruiting, she has failed to produce copies of the job applications submitted to these entities or any of the emails from ZipRecruiter confirming receipt of these job applications.

Plaintiff has not produced any communication with or about her job applications to Indeed; Medtronic; Critique by Kids; Sino Biological US, Inc.; Amgen; Crobo, Inc.; Hamilton Co.; Cybercoders; PV Pharma; Siemens; Cardinal Health; Z&L Properties; Amtee; Ambry Genetics; Gilead Astra Zeneca; Portola Pharmaceuticals; Promoves Health; Novartis; BioMarin; Teva; DepoMed; Abbott; Excela Pharma Sciences; Osmota Pharamaceuticals; or Avion.   As I am sure

Michael T. Welch
July 15, 2019
Page 4

you are aware, *any and all documents, information and communications* regarding her efforts to mitigate her alleged damages, including but not limited to the actual job applications submitted, her resume(s), and email communications confirming receipt of such applications, are directly responsive to Request for Production of Documents No. 52-53 and must be produced as soon as possible.

Fourth, Plaintiff has not provided copies of her IRS W-2 forms, 1099 forms or other documents reflecting wages, compensation or other income that she received during her employment with Defendants, which are directly responsive to Request for Production No. 14.

### IV.    Plaintiff's Responses to Defendant's Special Interrogatories.

#### a.  Special Interrogatory No. 2.

Special Interrogatory No. 2 requires Plaintiff to state the substance of the communication(s) she had with individuals identified in response to Special Interrogatory No. 1. It further requires Plaintiff to provide the date(s) each communication occurred. In response, Plaintiff generally describes the communication she had with Tracy Scott, Nate Styles, and Lori Elwood, but fails to provide the dates of each communication. Instead, Plaintiff claims she does not recall the date of these communications.  Such a response is evasive.  Surely, Plaintiff knows the dates of her employment with Ashfield and thus can estimate at least the month and year in which these communications occurred.  Indeed, she provides general dates of events in her verified First Amended Complaint.  As a result, the response is non-compliant. Please provide amended, fully responsive and compliant answers that include the date(s) of each communication.

#### b.  Special Interrogatory No. 6.

Special Interrogatory No. 6 requires Plaintiff to identify all documents related to the individuals identified in response to Interrogatory No. 4. In response to each of these interrogatories, Plaintiff generally identified P0019-P0022.  However, Plaintiff is required to specify which documents relate to which individual -- Defendant should not have to guess at this information.  As a result, please provided amended, fully responsive and compliant answers to these responses.

### V.    Plaintiff's Responses to Defendant's Form Interrogatories—Employment.

#### a.  Form Interrogatories Nos. 200.1 and 200.2.

Form Interrogatories Nos. 200.1 require Plaintiff to state whether she contends that her employment was "at will." If so, Plaintiff must answer a series of follow-up questions. In response, Plaintiff states "Yes," but fails to provide any response to subparts (a)-(c). Please provide an amended response that fully and completely responds to subparts (a)-(c) of Form Interrogatory No. 200.1.

### <u>Meet and Confer</u>

As requested above, please provide (1) verifications to Plaintiff's *amended* responses to Defendant's Special Interrogatories and Form Interrogatories—Employment, and to Plaintiff's *initial* responses to Requests for Production of Documents; amended responses to the aforementioned discovery requests; a privilege log; questions/comments to the stipulated protective order or your

Michael T. Welch
July 15, 2019
Page 5

signature on such document; and a further document production no later than Monday, July 22, 2019.

We are happy to schedule a telephone call to the extent you would like to discuss any of the issues identified above in more detail or have any questions regarding Defendant's position.  We are hopeful that through this further meet and confer we can avoid the need to involve the Court in resolution of these issues.

Sincerely,

Ashley Baltazar

AB

# Exhibit 10

**Baltazar, Ashley A.**

| | |
|---|---|
| **From:** | Michael Welch <mwelchlaw@gmail.com> |
| **Sent:** | Thursday, July 25, 2019 11:15 AM |
| **To:** | Baltazar, Ashley A. |
| **Subject:** | Re: Perry v. BI - Further Meet and Confer Re Plaintiff's Discovery Responses |

[EXTERNAL EMAIL]
Ashley -  Yes, I agree with that.  Thanks - Mike

On Thu, Jul 25, 2019 at 9:54 AM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

> Hi Mike,
>
> Thank you for the update. Since it is taking you two-weeks to respond to our meet and confer efforts, we will need a corresponding two-week extension to our motion to compel deadline.  Please confirm that you are granting us this extension.
>
> Ashley
>
> **Ashley A. Baltazar**
>
> **Morgan, Lewis & Bockius LLP**
>
> One Market, Spear Street Tower | San Francisco, CA 94105
>
> Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
>
> ashley.baltazar@morganlewis.com | www.morganlewis.com
>
> Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com
>
> **From:** Michael Welch <mwelchlaw@gmail.com>
> **Sent:** Thursday, July 25, 2019 8:49 AM
> **To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
> **Subject:** Re: Perry v. BI - Further Meet and Confer Re Plaintiff's Discovery Responses
>
> [EXTERNAL EMAIL]
>
> Ashley -  Thanks for your follow-up.  I have depositions the remainder of this week (since Tuesday).  I will review and respond to your new letter, by end of Monday.  Thank you again.  Regards -  Mike Welch

On Wed, Jul 24, 2019 at 4:07 PM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Mike,

I am following up on our efforts to meet and confer. We have been attempting to obtain code-compliant verified responses to our discovery requests for months now. In our latest meet and confer letter, we requested a response and/or amended responses by Monday, July 22nd. To date, we have not received an acknowledgement of our meet and confer letter, let alone a response or further amended responses. Please advise as to the status of the items requested in our July 15th meet and confer letter.

Thank you,

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

---

**From:** Baltazar, Ashley A.
**Sent:** Monday, July 15, 2019 4:02 PM
**To:** 'Michael Welch' <mwelchlaw@gmail.com>
**Cc:** Meckley, Eric <eric.meckley@morganlewis.com>
**Subject:** Perry v. BI - Further Meet and Confer Re Plaintiff's Discovery Responses

Mike,

Please see the attached meet and confer correspondence regarding Plaintiff's discovery responses.

Thank you,

Ashley


**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Yvette Pruitt | +1.415.442.1542 | yvette.pruitt@morganlewis.com


DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

# Exhibit 11

**Baltazar, Ashley A.**

| | |
|---|---|
| **From:** | Baltazar, Ashley A. |
| **Sent:** | Wednesday, August 14, 2019 12:46 PM |
| **To:** | Michael Welch |
| **Cc:** | Meckley, Eric |
| **Subject:** | RE: Perry v. Ashfield, et al. |

| | |
|---|---|
| **Importance:** | High |

Michael,

It has now been two weeks since our last communication and we still do not have:

- Properly served verifications to Plaintiff's Amended Responses to BIPI's Special Interrogatories and Form Interrogatories;
- Properly served further documents produced (bates stamped 51-93);
- Verifications to Plaintiff's responses to Defendant's Requests for Production of Documents; or
- A signed protective order from your office or edits to the proposed protective order.

Nor have we received a substantive response to our July 15th meet and confer letter, despite your assertion that you would respond to our letter by Monday July 29th. Given your continued delays, please confirm that we have an additional three-week extension on our motion to compel deadline. Separately, please provide us with the aforementioned items and a substantive response to our meet and confer letter no later than Friday, August 16, 2019. If we do not receive these items from you by close of business on Friday, we will be forced to seek the Court's intervention given that you have not been responsive to our repeated efforts to informally resolve these issues.

Thank you,

Ashley

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
ashley.baltazar@morganlewis.com | www.morganlewis.com
Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

---

**From:** Baltazar, Ashley A.
**Sent:** Wednesday, July 31, 2019 2:52 PM
**To:** Michael Welch <mwelchlaw@gmail.com>
**Cc:** Meckley, Eric <eric.meckley@morganlewis.com>
**Subject:** RE: Perry v. Ashfield, et al.

Understood. Thanks for clarifying.

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com
Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com


**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Wednesday, July 31, 2019 2:46 PM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.

[EXTERNAL EMAIL]
Ashley -  Just saw your email as I'm leaving office.  On the amended verifications, I thought they were both in the same pdf, so easy enough to fix.  My reference to "previously served" re: those was not that the verifications were previously served, but that they were to responses to interrogs that were previously served.  I can see now that the sentence is ambiguous, but that was the meaning.  I'll review remainder of it after I finish my settlement conference.  Regards - Mike

On Wed, Jul 31, 2019 at 2:24 PM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Michael,


The PDF titled "perry-bi.interrogs.responses.amended.verifications" only included verifications to Plaintiff's amended responses to Defendant's Special Interrogatories.  It did not, as you claimed, include a verification to Plaintiff's Amended Responses to Form Interrogatories.  Further, contrary to your assertion, this verification was never previously served.  The prior verification we received from you that was attached to Plaintiff's Amended Responses to Special Interrogatories claimed to be a verification for Plaintiff's original (not amended) responses to Defendant's Special interrogatories.  (See Attached). As such, this will need to be appropriately served.



We are still awaiting verifications to the following:

- Plaintiff's Responses to Defendant's Requests for Production of Documents

- Plaintiff's Amended Responses to Defendant's Form Interrogatories—Employment



Please let us know when we can expect to receive the foregoing and when we can expect a substantive response to our meet and confer letter.



Thank you,



Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com


**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Tuesday, July 30, 2019 1:33 PM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Perry v. Ashfield, et al.


[EXTERNAL EMAIL]

Ashley -  I have attached several items, i.e., amended verifications to amended interrog. responses (special and form-employment) served previously, and additional document production (nos. 51 - 93).  I am awaiting a couple response items from my client to complete my responses to your letter, as I do not want to do that piecemeal.  I should get those shortly, and then will send my full response.  Thank you - Michael Welch


LAW OFFICES OF MICHAEL WELCH

Employment Litigation and Counseling

Four Embarcadero Center

14th Floor

San Francisco, CA 94111

Tel:  (415)426-5691

Cell: (415)235-3839

Email: mwelchlaw@gmail.com



DISCLAIMER
This e-mail message is intended only for the personal use

of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# Exhibit 12

**Baltazar, Ashley A.**

---

| | |
|---|---|
| **From:** | Baltazar, Ashley A. |
| **Sent:** | Tuesday, August 20, 2019 11:07 AM |
| **To:** | 'Michael Welch' |
| **Cc:** | Meckley, Eric |
| **Subject:** | RE: Perry v. Ashfield, et al. |

Michael,

What is your availability for a phone call today to discuss the below?

Ashley

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
ashley.baltazar@morganlewis.com | www.morganlewis.com
Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

---

**From:** Baltazar, Ashley A.
**Sent:** Monday, August 19, 2019 5:34 PM
**To:** 'Michael Welch' <mwelchlaw@gmail.com>
**Cc:** Meckley, Eric <eric.meckley@morganlewis.com>
**Subject:** RE: Perry v. Ashfield, et al.

Michael,

As I indicated in several of my prior emails and meet and confer letters, there are several problems regarding verifications in this case.  Your letter does not appropriately address the issue of the lack of verifications and in fact inaccurately states that you have "provided [me] with the amended verifications."  First, the verification you just attached was never previously <u>served</u> on our office. It was only emailed a few weeks ago. Despite my repeated requests, we have not received it via a proper method of service (e.g., mail, overnight mail, or hand delivery) with a corresponding proof of service.  While we appreciate receiving courtesy copies of these documents via email, we have not and do not agree to email service in this case.  Second, the PDF contains a single verification to Plaintiff's Amended Responses to Defendant's Special Interrogatories.  It does not contain any other verifications. Third, we have not received any verification (via email or otherwise) for Plaintiff's Amended responses to Defendant's Form Interrogatories. Accordingly, please <u>serve</u> the attached verification and the verification to Plaintiff's Amended Responses to Defendant's Form Interrogatories.

Please also confirm that Defendant's deadline to compel responses to all of its discovery requests is tolled while we await proper service of these verifications.

Thank you,

Ashley

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**

1

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Monday, August 19, 2019 5:15 PM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.

[EXTERNAL EMAIL]
Ashley -  As I indicated in my letter, Ms. Perry will be sending me verifications, which I have been told I will have by tomorrow.  I am puzzled by your statement that you were not provided verifications to prior responses.  I have attached the most recent verifications that I have provided you to prior discovery responses.  Regards - Mike

On Mon, Aug 19, 2019 at 11:51 AM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

> Michael,
>
>
> I have not yet reviewed the substance of your response to our meet and confer letter or the discovery responses that you sent over. However, once again, these responses do not contain any verifications.  Nor has Plaintiff provided verifications to the prior responses that she sent.  As you are aware, serving responses without a verification is akin to no response at all.  Please advise as to the status of the verifications to all of the prior and current discovery responses Plaintiff has provided by close of business today.
>
>
> Thank you,
>
>
> Ashley
>
>
> **Ashley A. Baltazar**
>
> **Morgan, Lewis & Bockius LLP**
>
> One Market, Spear Street Tower | San Francisco, CA 94105
>
> Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
>
> ashley.baltazar@morganlewis.com | www.morganlewis.com
>
> Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Monday, August 19, 2019 10:15 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Perry v. Ashfield, et al.


[EXTERNAL EMAIL]

Ashley -  I have attached my response to your last meet and confer letter regarding discovery responses.  I have also attached several additional iterms referred to in the letter (i.e., amended responses to special interrogatories and form [employment- interrogatories; and further documents).  I have also attached the previously signed stipulation re: protective order.  Those and further responses to document requests are following by mail.  Regards - Mike Welch



DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

# Exhibit 13

## Baltazar, Ashley A.

| | |
|---|---|
| **From:** | Michael Welch <mwelchlaw@gmail.com> |
| **Sent:** | Monday, August 26, 2019 7:49 AM |
| **To:** | Baltazar, Ashley A. |
| **Subject:** | Re: Perry v. Ashfield, et al. |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

[EXTERNAL EMAIL]
Ashley -  I think that will work.  See you then. - Mike

On Fri, Aug 23, 2019 at 10:47 AM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Hi Michael,

How does Wednesday at 11 a.m. work for you?

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Friday, August 23, 2019 8:27 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.

[EXTERNAL EMAIL]

Ashley -  Things open up for me after Tuesday, so maybe Wednesday?  Late morning or early afternoon?  Thanks - Mike

On Thu, Aug 22, 2019 at 10:31 PM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Michael,

Are you available to come to our office next week to meet and confer in person regarding the various issues with Plaintiff's discovery responses? Please let me know your availability and I will clear my schedule to make sure we can bring this to a conclusion.

Thanks,

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Tuesday, August 20, 2019 11:44 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.

[EXTERNAL EMAIL]

Ashley -  I will review this further later today after I get something filed.  Yes, we will toll any motion deadline as to your client while getting this squared away.  Thanks - Mike Welch

On Mon, Aug 19, 2019 at 5:34 PM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Michael,

As I indicated in several of my prior emails and meet and confer letters, there are several problems regarding verifications in this case.  Your letter does not appropriately address the issue of the lack of verifications and in fact inaccurately states that you have "provided [me] with the amended verifications."  First, the verification you just attached was never previously <u>served</u> on our office. It was only emailed a few weeks ago. Despite my repeated requests, we have not received it via a proper method of service (e.g., mail, overnight mail, or hand delivery) with a corresponding proof of service.  While we appreciate receiving courtesy copies of these documents via email, we have not and do not agree to email service in this case.  Second, the PDF contains a single verification to Plaintiff's Amended Responses to Defendant's Special Interrogatories.  It does not contain any other verifications. Third, we have not received any verification (via email or otherwise) for Plaintiff's Amended responses to Defendant's Form Interrogatories. Accordingly, please <u>serve</u> the attached verification and the verification to Plaintiff's Amended Responses to Defendant's Form Interrogatories.

Please also confirm that Defendant's deadline to compel responses to all of its discovery requests is tolled while we await proper service of these verifications.

Thank you,

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Monday, August 19, 2019 5:15 PM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.

[EXTERNAL EMAIL]

Ashley -  As I indicated in my letter, Ms. Perry will be sending me verifications, which I have been told I will have by tomorrow.  I am puzzled by your statement that you were not provided verifications to prior responses.  I have attached the most recent verifications that I have provided you to prior discovery responses.  Regards - Mike

On Mon, Aug 19, 2019 at 11:51 AM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Michael,

I have not yet reviewed the substance of your response to our meet and confer letter or the discovery responses that you sent over. However, once again, these responses do not contain any verifications.  Nor has Plaintiff provided verifications to the prior responses that she sent.  As you are aware, serving responses without a verification is akin to no response at all.  Please advise as to the status of the verifications to all of the prior and current discovery responses Plaintiff has provided by close of business today.

Thank you,

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Monday, August 19, 2019 10:15 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Perry v. Ashfield, et al.

[EXTERNAL EMAIL]

Ashley -  I have attached my response to your last meet and confer letter regarding discovery responses.  I have also attached several additional iterms referred to in the letter (i.e., amended responses to special interrogatories and form [employment- interrogatories; and further documents).  I have also attached the previously signed stipulation re: protective order.  Those and further responses to document requests are following by mail.  Regards - Mike Welch

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# Exhibit 14

# Baltazar, Ashley A.

| | |
|---|---|
| **From:** | Baltazar, Ashley A. |
| **Sent:** | Tuesday, September 3, 2019 5:03 PM |
| **To:** | 'Michael Welch' |
| **Cc:** | Meckley, Eric |
| **Subject:** | RE: Perry v. Ashfield, et al. |

Michael,

Thank you for meeting with me last week to meet and confer regarding Plaintiff's responses to BI's written discovery requests.  Per our discussion, you agreed to provide the following:

- Verified Second Amended Responses to BI's Requests for Production of Documents;
- Verified Second Amended Responses to BI's Form Interrogatories;
- Proof of Service that indicates service of Plaintiff's Verified Second Amended Responses to BI's Special Interrogatories (which you hand delivered on Wednesday, August 28th);
- A proof of Service that indicates service of all of Plaintiff's documents produced;
- A privilege log that lists any documents withheld on the basis of privilege;
- The attachment to P087; and
- P071-078 or a representation that no documents bates stamped P071-78 were intended to be produced. (As a reminder, Plaintiff sent documents bates tamped P01-70 and 79-106, but BI is missing documents bates stamped P71-78).

My understanding is that you were going to try to hand deliver the foregoing on Wednesday after you left our office, but we did not receive the above. Can you commit to getting it to us by the end of this week?

Thanks,
Ashley

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
ashley.baltazar@morganlewis.com | www.morganlewis.com
Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

---

**From:** Baltazar, Ashley A.
**Sent:** Wednesday, August 28, 2019 9:26 AM
**To:** 'Michael Welch' <mwelchlaw@gmail.com>
**Cc:** Meckley, Eric <eric.meckley@morganlewis.com>
**Subject:** RE: Perry v. Ashfield, et al.

Yes, that works.

Thanks,
Ashley

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
ashley.baltazar@morganlewis.com | www.morganlewis.com
Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Wednesday, August 28, 2019 9:13 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.

[EXTERNAL EMAIL]
Ashley -  I'm running late today due to longer morning hearing than I expected.  Could we meet a little later, say 11:45?  Sorry, but please let me know.  Thank you - Mike Welch

On Mon, Aug 26, 2019 at 7:49 AM Michael Welch <mwelchlaw@gmail.com> wrote:

  Ashley -  I think that will work.  See you then. - Mike

  On Fri, Aug 23, 2019 at 10:47 AM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

   Hi Michael,


   How does Wednesday at 11 a.m. work for you?


   Ashley


   **Ashley A. Baltazar**

   **Morgan, Lewis & Bockius LLP**

   One Market, Spear Street Tower | San Francisco, CA 94105

   Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

   ashley.baltazar@morganlewis.com | www.morganlewis.com

   Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com



   **From:** Michael Welch <mwelchlaw@gmail.com>
   **Sent:** Friday, August 23, 2019 8:27 AM
   **To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
   **Subject:** Re: Perry v. Ashfield, et al.


   [EXTERNAL EMAIL]

Ashley -  Things open up for me after Tuesday, so maybe Wednesday?  Late morning or early afternoon?  Thanks - Mike

On Thu, Aug 22, 2019 at 10:31 PM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Michael,

Are you available to come to our office next week to meet and confer in person regarding the various issues with Plaintiff's discovery responses? Please let me know your availability and I will clear my schedule to make sure we can bring this to a conclusion.

Thanks,

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Tuesday, August 20, 2019 11:44 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.

[EXTERNAL EMAIL]

Ashley -  I will review this further later today after I get something filed.  Yes, we will toll any motion deadline as to your client while getting this squared away.  Thanks - Mike Welch

On Mon, Aug 19, 2019 at 5:34 PM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Michael,

As I indicated in several of my prior emails and meet and confer letters, there are several problems regarding verifications in this case.  Your letter does not appropriately address the issue of the lack of verifications and in fact inaccurately states that you have "provided [me] with the amended verifications."  First, the verification you just attached was never previously <u>served</u> on our office. It was only emailed a few weeks ago. Despite my repeated requests, we have not received it via a proper method of service (e.g., mail, overnight mail, or hand delivery) with a corresponding proof of service.  While we appreciate receiving courtesy copies of these documents via email, we have not and do not agree to email service in this case.  Second, the PDF contains a single verification to Plaintiff's Amended Responses to Defendant's Special Interrogatories.  It does not contain any other verifications. Third, we have not received any verification (via email or otherwise) for Plaintiff's Amended responses to Defendant's Form Interrogatories. Accordingly, please <u>serve</u> the attached verification and the verification to Plaintiff's Amended Responses to Defendant's Form Interrogatories.

Please also confirm that Defendant's deadline to compel responses to all of its discovery requests is tolled while we await proper service of these verifications.

Thank you,

Ashley


**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com


**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Monday, August 19, 2019 5:15 PM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.


[EXTERNAL EMAIL]

Ashley -  As I indicated in my letter, Ms. Perry will be sending me verifications, which I have been told I will have by tomorrow.  I am puzzled by your statement that you were not provided verifications to prior responses.  I have attached the most recent verifications that I have provided you to prior discovery responses.  Regards - Mike

On Mon, Aug 19, 2019 at 11:51 AM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Michael,

I have not yet reviewed the substance of your response to our meet and confer letter or the discovery responses that you sent over. However, once again, these responses do not contain any verifications.  Nor has Plaintiff provided verifications to the prior responses that she sent.  As you are aware, serving responses without a verification is akin to no response at all.  Please advise as to the status of the verifications to all of the prior and current discovery responses Plaintiff has provided by close of business today.

Thank you,

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Monday, August 19, 2019 10:15 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Perry v. Ashfield, et al.

[EXTERNAL EMAIL]

Ashley -  I have attached my response to your last meet and confer letter regarding discovery responses.  I have also attached several additional iterms referred to in the letter (i.e., amended responses to special interrogatories and form [employment- interrogatories; and further documents).  I have also attached the previously signed stipulation re: protective order.  Those and further responses to document requests are following by mail.  Regards - Mike Welch

DISCLAIMER
This e-mail message is intended only for the personal use of the recipient(s) named above. This message may be an attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# Exhibit 15

1  Michael T. Welch (#122630)
   LAW OFFICES OF MICHAEL T. WELCH
2  Four Embarcadero Center, 14th Floor
   San Francisco, California 94111
3  Telephone:   (415)426-5691
   Facsimile:   (415)399-0445
4
   Attorneys for Plaintiff BRENDA PERRY
5

6

7               SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                        COUNTY OF SAN MATEO

9

10
   BRENDA PERRY, an Individual,          )   CASE NO.  18CV05717
11                                        )
                        Plaintiff,        )   **PLAINTIFF'S SECOND AMENDED**
12                                        )   **RESPONSES TO DEFENDANT**
         v.                               )   **BOEHRINGER-INGELHEIM**
13                                        )   **PHARMACEUTICAL'S FIRST**
   ASHFIELD HEALTHCARE, LLC, a business  )   **REQUEST FOR PRODUCTION OF**
14 entity; BOEHRINGER-INGELHEIM          )   **DOCUMENTS, SET ONE**
   PHARMACEUTICAL, a business entity;     )
15 NATE STYLES, an individual; and DOES 1-)
   50, inclusive,                         )
16                                        )
                        Defendants.       )
17                                        )
   _____ )
18

19 PROPOUNDING PARTY:   Defendant BOEHRINGER-INGELHEIM PHARMACEUTICAL

20 RESPONDING PARTY:    Plaintiff BRENDA PERRY

21 SET NUMBER:          ONE

22      Plaintiff BRENDA PERRY ("PERRY") hereby responds to the Request for Production

23 of Documents of defendant BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.

24 ("BIP") as follows:

25                         **GENERAL OBJECTIONS**

26      1. Plaintiff objects to the Document Requests and to each and every request contained

27 therein to the extent that they purport to impose burdens or duties on plaintiff that exceed the

28                                    -1-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION
OF DOCUMENTS**

1  requirements and permissible scope of discovery under the California Code of Civil Procedure.

2      2. Plaintiff objects to the Document Requests and to each and every request contained

3  therein to the extent that they purport to request documents that are subject to any privilege or

4  immunity from discovery, including, without limitation, the attorney-client privilege, the work-

5  product privilege, the right to privacy guaranteed by the California Constitution, and any other

6  privilege or restriction on discovery recognized by California law.

7      3. Plaintiff objects to the Document Requests and to each and every request contained

8  therein on the grounds that, to the extent that they seek documents that are already in

9  respondent's custody, control or possession, they are unduly burdensome and duplicative.

10      4. Plaintiff objects to the Document Requests and to each and every request contained

11  therein to the extent that they purport to require plaintiff to produce documents from any source

12  other than the personal files and records of plaintiff.

13      5. Plaintiff reserves the right to amend her responses to the extent that new or additional

14  relevant documents may come to his attention.

15      6. Plaintiff responds to the Document Requests without waiver and with preservation of:

16          a)  The right to object to the use of any responses or documents on any ground in

17              any proceedings in this or any other action (including any trials);

18          b)  The right to object on any ground at any time to a demand or request for a

19              further response to this discovery request or other discovery proceedings

20              involving or relating to the subject matter of the discovery requests herein

21              responded to; and,

22          c)  The right at any time to revise or supplement any of the responses to the

23              specific requests.

24      7. Plaintiff has not yet completed his investigation of the facts pertaining to this action,

25  her discovery, or her preparation for trial.  Plaintiff reserves the right to rely on documents or

26  other evidence which may develop or come to his attention at a later time.

27      8. The foregoing general objections and limitations (the "General Objections") are

28

-2-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    incorporated by reference into each and every specific response as if fully stated therein.

2    <u>**RESPONSES TO DOCUMENT REQUESTS**</u>

3    **REQUEST NO. 1**

4    All DOCUMENTS that RELATE TO the First Cause of Action in YOUR COMPLAINT

5    for "Sexual Harassment" in violation of the Fair Employment and Housing Act ("FEHA").

6    **RESPONSE TO REQUEST NO. 1.**

7    Plaintiff herein incorporates by reference each and every one of the General Objections

8    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

9    of, each of those General Objections.

10   Subject to and without waiver of the foregoing objections, plaintiff will produce any

11   documents in her possession, custody or control that are responsive to this request.

12   **REQUEST NO. 2**

13   All DOCUMENTS that RELATE to the Second Cause of Action in YOUR

14   COMPLAINT for "Age Discrimination" in Violation of the FEHA.

15   **RESPONSE TO REQUEST NO. 2.**

16   Plaintiff herein incorporates by reference each and every one of the General Objections

17   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

18   of, each of those General Objections.

19   Subject to and without waiving these objections, plaintiff will produce any documents in

20   her possession, custody or control that are responsive to this request.

21   **REQUEST NO. 3**

22   All DOCUMENTS that RELATE TO the Third Cause of Action in YOUR

23   COMPLAINT for "Retaliation."

24   **RESPONSE TO REQUEST NO. 3**

25   Plaintiff herein incorporates by reference each and every one of the General Objections

26   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

27   of, each of those General Objections.

28

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

Subject to and without waiving the foregoing objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this request.

**REQUEST NO. 4**

All DOCUMENTS that RELATE TO the Fourth Cause of Action in YOUR COMPLAINT for "Wrongful Termination in Violation of Public Policy."

**RESPONSE TO REQUEST NO. 4.**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any documents within her possession, custody or control that are responsive to this request.

**REQUEST NO. 5**

All DOCUMENTS that RELATE TO the Fifth Cause of Action in YOUR COMPLAINT for "Intentional Infliction of Emotional Distress."

**RESPONSE TO REQUEST NO. 5.**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this request.

**REQUEST NO. 6**

All DOCUMENTS which YOU obtained from the CORPORATE DEFENDANTS during YOUR employment with the CORPORATE DEFENDANTS.

**RESPONSE TO REQUEST NO. 6.**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

-4-

1    Subject to and without waiver of the foregoing objections, plaintiff will produce any

2    documents in her possession, custody or control that are responsive to this request.

3    **REQUEST NO. 7**

4    All DOCUMENTS that RELATE TO YOUR alleged employment with the

5    CORPORATE DEFENDANTS, including but not limited to ALL offer letters, employment

6    agreements, job descriptions, compensation, benefits, personnel policies or statements, employee

7    handbooks, formal or informal evaluations or performance reviews, comment, criticism,

8    discipline, reprimand, complaints, or praise.

9    **RESPONSE TO REQUEST NO. 7**

10   Plaintiff incorporates by reference each and every one of the General Objections set forth

11   above, and plaintiff's response to this request is expressly subject to, and without waiver of, each

12   of those General Objections.

13   Subject to and without waiver of the foregoing objections, plaintiff will produce any

14   documents in her custody, possession or control that are responsive to this request.

15   **REQUEST NO. 8**

16   All DOCUMENTS, regardless of source, that RELATE TO the CORPORATE

17   DEFENDANTS' employees, job descriptions, policies, procedures, practices, and employee

18   handbooks, with the exception of any privileged communications between YOU and YOUR

19   counsel.

20   **RESPONSE TO REQUEST NO. 8**

21   Plaintiff incorporates by reference each and every one of the General Objections set forth

22   above, and plaintiff's response to this request is expressly subject to, and without waiver of, each

23   of those General Objections.

24   Claimant further objects that this request is overbroad and unduly burdensome. Subject to

25   and without waiver of the foregoing objections, plaintiff will produce any documents in her

26   possession, custody or control that are responsive to this request.

27

28

-5-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1   **REQUEST NO. 9**

2       All DOCUMENTS that RELATE TO YOUR qualifications for any position with the

3   CORPORATE DEFENDANT, including your position as field sales representative assigned to

4   the Diabetes Overlay team as alleged in Paragraph 8 of YOUR COMPLAINT.

5       **RESPONSE TO REQUEST NO. 9**

6       Plaintiff herein incorporates by reference each and every one of the General Objections

7   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

8   of, each of those General Objections.

9       Plaintiff further objects that this request is overbroad, unduly burdensome, and

10  oppressive.  Subject to and without waiving the foregoing objections, plaintiff will produce any

11  documents in her custody, possession or control that are responsive to this request.

12      **REQUEST NO. 10**

13      All DOCUMENTS that YOU received from the CORPORATE DEFENDANTS during

14  YOUR employment with the CORPORATE DEFENDANTS.

15      **RESPONSE TO REQUEST NO. 10**

16      Plaintiff herein incorporates by reference each and every one of the General Objections

17  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

18  of, each of those General Objections.

19      Subject to and without waiving the foregoing objections, plaintiff will produce any

20  documents in her possession, custody or control that are responsive to this request.

21      **REQUEST NO. 11**

22      All DOCUMENTS that RELATE TO YOUR scheduled work hours during YOUR

23  employment with the CORPORATE DEFENDANTS.

24      **RESPONSE TO REQUEST NO. 11**

25      Plaintiff herein incorporates by reference each and everyone of the General Objections set

26  forth above, and plaintiff's response to this request is expressly subject to, and without waiver of,

27  each of those General Objections.

28

-6-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION
OF DOCUMENTS**

1    Plaintiff further objects that this request is unduly vague and ambiguous. Subject to and

2    without waiving the foregoing objections, plaintiff will produce any documents in her

3    possession, custody or control that are responsive to her understanding of this request.

4        **REQUEST NO. 12**

5        All DOCUMENTS that RELATE TO YOUR absence from work for any reason during

6    YOUR employment with the CORPORATE DEFENDANTS.

7        **RESPONSE TO REQUEST NO. 12**

8        Plaintiff herein incorporates by reference each and every one of the General Objections

9    set forth above, and plaintifft's response to this request is expressly subject to, and without

10   waiver of, each of those General Objections.

11       Plaintiff further objects that this request is overbroad and unduly vague, and that it

12   violates plaintiff's rights of privacy and confidentiality.  Subject to and without waiver of these

13   objections, plaintiff has made a reasonable inquiry and conducted a diligent search, and she has

14   no documents in her possession, custody or control that are responsive to this request.  Plaintiff

15   does not recall or know if such documents existed, but if they did, plaintiff believes they would

16   be in the possession of defendant BIP.

17       **REQUEST NO. 13**

18       All DOCUMENTS that RELATE TO YOUR applications for positions with the

19   CORPORATE DEFENDANTS, including but not limited to resumes, cover letters, methods of

20   application, responses, rules, guidelines, or procedures.

21       **RESPONSE TO REQUEST NO. 13**

22       Plaintiff herein incorporates by reference each and every one of the General Objections

23   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

24   of, each of those General Objections.

25       Subject to and without waiving these objections, plaintiff will produce any documents in

26   her possession, custody or control that are responsive to this request.

27

28

-7-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1

**REQUEST NO. 14**

2       All DOCUMENTS that RELATE TO the COMPENSATION that YOU received from

3   the CORPORATE DEFENDANTS, including but not limited to, pay statements, time sheets,

4   COMPENSATION policies, W-2 forms, income tax returns and other records, whether filed

5   individually or jointly with any other PERSON during YOUR alleged employment with the

6   CORPORATE DEFENDANTS.

7       **RESPONSE TO REQUEST NO. 14**

8       Plaintiff herein incorporates by reference each and every one of the General Objections

9   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

10  of, each of those General Objections.

11      Plaintiff further objects that this request violates plaintiff's rights of privacy and

12  confidentiality, and the taxpayer privilege.  Subject to and without waiving these objections,

13  plaintiff will produce any documents (other than privileged income tax returns and schedules) in

14  her possession, custody or control that are responsive to this request.

15      **REQUEST NO. 15**

16      All DOCUMENTS that RELATE TO any feedback YOU received about YOUR work

17  performance during YOUR alleged employment with the CORPORATE DEFENDANTS,

18  whether verbal or written, and whether positive, negative, or otherwise.

19      **RESPONSE TO REQUEST NO. 15**

20      Plaintiff herein incorporates by reference each and every one of the General Objections

21  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

22  of, each of those General Objections.

23      Subject to and without waiver of these objections, plaintiff will produce any documents

24  in her possession, custody or control that are responsive to this request.

25      **REQUEST NO. 16**

26      All DOCUMENTS that RELATE TO any written warnings, counselings, or other

27  disciplinary action that YOU received from the CORPORATE DEFENDANTS during YOUR

28

-8-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    alleged employment with the CORPORATE DEFENDANTS.

2    **RESPONSE TO REQUEST NO. 16**

3    Plaintiff herein incorporates by reference each and every one of the General Objections

4    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

5    of, each of those General Objections.

6    Subject to and without waiver of these objections, plaintiff has conducted a diligent

7    search and made a reasonable inquiry, and has no documents in her possession, custody or

8    control that are responsive to this request.  To the best of plaintiff's knowledge, no such

9    documents exist.

10   **REQUEST NO. 17**

11   All internet pages or postings (including Facebook, Twitter, or other social media sites)

12   that YOU have created or published RELATED TO this lawsuit, YOUR employment with the

13   CORPORATE DEFENDANTS, or the claims set forth in YOUR COMPLAINT.

14   **RESPONSE TO REQUEST NO. 17**

15   Plaintiff herein incorporates by reference each and every one of the General Objections

16   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

17   of, each of those General Objections.

18   Subject to and without waiver of these objections, plaintiff has conducted a diligent

19   search and made reasonable inquiry, and she has no documents in her possession, custody or

20   control that are responsive to this request.  No such documents exist.

21   **REQUEST NO. 18**

22   All journals, diaries, or other DOCUMENTS that RELATE TO this lawsuit, YOUR

23   alleged employment with the CORPORATE DEFENDANTS, or any of the claims set forth in

24   YOUR COMPLAINT.

25   **RESPONSE TO REQUEST NO. 18**

26   Plaintiff herein incorporates by reference each and every one of the General Objections

27   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

28

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

of, each of those General Objections.

Plaintiff further objects that this request is overbroad, unduly burdensome, and oppressive. Subject to and without waiver of these objections, plaintiff will produce any non-privileged documents in her possession, custody or control, that are responsive to this request.

**REQUEST NO. 19**

All DOCUMENTS that RELATE TO any oral or written complaint YOU made to anyone regarding YOUR alleged employment with CORPORATE DEFENDANTS.

**RESPONSE TO REQUEST NO. 19**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of these objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this request.

**REQUEST NO. 20**

All COMMUNICATIONS that RELATE TO any oral or written complaints YOU made regarding YOUR alleged employment with the CORPORATE DEFENDANTS.

**RESPONSE TO REQUEST NO. 20**

Plaintifft herein incorporates by reference each and every one of the General Objections set forth above, and plaintifft's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of these objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this request.

**REQUEST NO. 21**

All DOCUMENTS that RELATE TO any oral or written complaint YOU made regarding Nate Styles.

**RESPONSE TO REQUEST NO. 21**

Plaintiff herein incorporates by reference each and every on of the General Objections set

-10-

forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this request.

**REQUEST NO. 22**

All COMMUNICATIONS that RELATE TO any oral or written complaints YOU made regarding Nate Stiles.

**RESPONSE TO REQUEST NO. 22**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this request.

**REQUEST NO. 23**

All DOCUMENTS that RELATE to any oral or written complaint YOU made regarding alleged "off label marketing."

**RESPONSE TO REQUEST NO. 23**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this request.

**REQUEST NO. 24**

All COMMUNICATIONS that RELATE TO any oral or written complaints YOU made regarding alleged "off label marketing."

**RESPONSE TO REQUEST NO. 24**

Plaintiff herein incorporates by reference each and every one of the General Objections

-11-

1 | set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

2 | of, each of those General Objections.

3 |      Subject to and without waiver of the foregoing objections, plaintiff will produce any

4 | documents in her possession, custody or control that are responsive to this request.

5 | **REQUEST NO. 25**

6 |      All DOCUMENTS that constitute, evidence, or reference correspondence or other

7 | COMMUNICATIONS with any individual from whom YOU or any PERSON acting on YOUR

8 | behalf has obtained or has sought to obtain a written or oral statement concering the relevant

9 | facts and circumstance, or the allegations and claims involved in the litigation initiated by the

10 | COMPLAINT, including a copy of any statement(s) received.

11 | **RESPONSE TO REQUEST NO. 25**

12 |      Plaintiff herein incorporates by reference each and every one of the General Objections

13 | set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

14 | of, each of those General Objections.

15 |      Subject to and without waiver of the foregoing objections, plaintiff has made a diligent

16 | search and reasonable inquiry, and has no documents in her custody, possession or control that

17 | are responsive to this request.  No such documents exist.

18 | **REQUEST NO. 26**

19 |      All DOCUMENTS that constitute, evidence, or reference any meeting, conversations, or

20 | other COMMUNICATIONS YOU had at any time with any PERSON (other than YOUR

21 | attorneys) concerning any of the facts, events, or allegations involved in this lawsuit, including

22 | but not limited to correspondence (including any electronic form of communications such as e-

23 | mail or text messaging), memoranda, notes, any writing reflecting telephone communications, or

24 | any writing reflecting other COMMUNICATIONS, such as entries in any calendar, date book,

25 | journal, appointment book, or log.

26 | **RESPONSE TO REQUEST NO. 26**

27 |      Plaintiff herein incorporates by reference each and every one of the General Objections

28 |

-12-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

2  of, each of those General Objections.

3       Plaintiff further objects that this request is overbroad, unduly burdensome and

4  oppressive. Subject to and without waiver of these objections, plaintiff will produce any

5  documents in her possession, custody or control that are responsive to this request.

6  **REQUEST NO. 27**

7       All DOCUMENTS created by YOU or any other person (other than YOUR counsel in

8  this case) RELATED TO any of the allegations in YOUR COMPLAINT.

9  **RESPONSE TO REQUEST NO. 27**

10       Plaintiff herein incorporates by reference each and every one of the General Objections

11  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

12  of, each of those General Objections.

13       Plaintiff further objects that this request is overbroad, unduly burdensome, and

14  oppressive, and calls for documents that are confidential.  Subject to and without waiver of the

15  foregoing objections, plaintiff will produce any documents in her possession, custody or control

16  that are responsive to this request.

17  **REQUEST NO. 28**

18       All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 8 of YOUR

19  COJMPLAINT that "defendant BIP exercised control over the means and manner of [YOUR]

20  performance as a sales representative."

21  **RESPONSE TO REQUEST NO. 28**

22       Plaintiff herein incorporates by reference each and every one of the General Objections

23  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

24  of, each of those General Objections.

25       Subject to and without waiver of the foregoing objections, plaintiff will produce any

26  documents in her possession, custody or control that are responsive to this request.

27

28

-13-

1    **REQUEST NO. 29**

2        All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 8 of YOUR

3    COMPLAINT that "BIP controlled the location and assignment of [YOUR] territory as a

4    pharmaceutical representative; BIP had the power to manage and control [YOUR] job

5    performance, (including through defendant Stiles, a manager of BIP); BIP instructed [YOU] as to

6    how to perform [YOUR] job duties and make sales calls; and BIP had the power to terminate

7    [YOUR] performance, and did so, as alleged further below."

8    **RESPONSE TO REQUEST NO. 29**

9        Plaintiff herein incorporates by reference each and every one of the General Objections

10   set forth above, and plaintifft's response to this request is expressly subject to, and without

11   waiver of, each of those General Objections.

12       Subject to and without waiver of the foregoing objections, plaintiff will produce any

13   documents in her possession, custody or control that are responsive to this request.

14   **REQUEST NO. 30**

15       All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 10 of YOUR

16   COMPLAINT that "defendants interfered with [YOUR] job performance and engaged in

17   unlawful conduct at several levels during the summer of 2017, in which plaintiff was

18   accompanied in her physician sales calls by her direct manager, defendant Styles [sic]."

19   **RESPONSE TO REQUEST NO. 30**

20       Plaintiff herein incorporates by reference each and every one of the General Objections,

21   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

22   of, each of those General Objections.

23       Subject to and without waiving this objection, plaintiff will produce any documents in

24   her possession, custody or control that are responsive to this request.

25   **REQUEST NO. 31**

26       All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 11 of YOUR

27   COMPLAINT that "Mr. Styles confronted [YOU] with lewd and harassing sexual behavior

28

-14-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1   while [YOU were] attempting to do a routine inventory of [YOUR] pharmaceutical sample

2   storage locker in Mr. Style's presence, while bent down in a confined space..."

3   **RESPONSE TO REQUEST NO. 31**

4   Plaintiff herein incorporates by reference each and every one of the General Objections

5   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

6   of, each of those General Objections.

7   Plaintiff further objects that this request is overbroad, unduly burdensome, and

8   oppressive.  Subject to and without waiver of the foregoing objections, plaintiff will produce any

9   documents in her possession, custody or control that are responsive to this request.

10   **REQUEST NO. 32**

11   All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 12 of YOUR

12   COMPLAINT that "Mr. Styles also engaged in illegal business practices, and instructed [YOU]

13   to do so also, on behalf of defendants in their efforts to increase sales of BIP products to

14   physicians."

15   **RESPONSE TO REQUEST NO. 32**

16   Plaintiff herein incorporates by reference each and every one of the General Objections

17   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

18   of, each of those General Objections.

19   Subject to and without waiver of the foregoing objections, plaintiff will produce any

20   documents in her possession, custody or control that are responsive to this request.

21   **REQUEST NO. 33**

22   All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 12 of YOUR

23   COMPLAINT that "Mr. Styles engaged in direct and explicit statements, actions and efforts to

24   market and sell the BI Jardiance Combination products to medical providers for 'off label' uses

25   and purposes - in other words, for uses and purposes not indicated or approved by United States

26   regulatory authorities, and in violation of the laws and regulatory authorities, and in violation of

27   the laws and regulations promulgated to prohibit the marketing and sales of drugs for non-

28

-15-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    approved and non-indicated uses and purposes."

2        **RESPONSE TO REQUEST NO. 33**

3        Plaintiff herein incorporates by reference each and every one of the General Objections

4    set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

5    of, each of those General Objections.

6        Subject to and without waiver of the foregoing objections, plaintiff will produce any

7    documents in her possession, custody or control that are responsive to this request.

8        **REQUEST NO. 34**

9        All DOCUMENTS that RELATE TO YOUR allegations in Paragraph 13 of YOUR

10   COMPLAINT that "Mr. Styles also ordered [YOU] to adopt and use the same unlawful 'off

11   label' sales actions and practices that he had engaged in with physician accounts assigned to her,

12   to increase sales of the BI Jardiance Combination products."

13       **RESPONSE TO REQUEST NO. 34**

14       Plaintiff herein incorporates by reference each and every one of the General Objections

15   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

16   of, each of those General Objections.

17       Subject to and without waiver of the foregoing objections, plaintiff will produce any

18   documents within her possession, custody or control that are responsive to this request.

19       **REQUEST NO. 35**

20       All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 14 of YOUR

21   COMPLAINT that "BIP was already facing severe government scrutiny and claims for engaging

22   in widespread, illegal, 'off label' marketing practices with respect to several BIP pharmaceutical

23   products."

24       **RESPONSE TO REQUEST NO. 35**

25       Plaintiff herein incorporates by reference each and every one of the General Objections

26   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

27   of, each of those General Objections.

28

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1    Subject to and without waiver of the foregoing objections, plaintiff has conducted a

2    diligent search, and she has no documents in her possession, custody or control that are

3    responsive to this request.  Such documents are in the possession of defendant BIP, and plaintiff

4    is informed and believes are in the possession of the U.S. FDA, and the U.S. Department of

5    Justice.  (Plaintiff does not know their addresses).

6    **REQUEST NO. 36**

7    All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 14 of YOUR

8    COMPLAINT that "as a result of having been 'busted' already for its unlawful 'off label'

9    marketing practices caused by a sales employee's report of those unlawful practices to

10   government agencies, and with specific knowledge from plaintiff's own personnel records and

11   statements that she has prior experience with pharmaceutical firms, and prior knowledge of the

12   illegality of 'off label' practices, after plaintiff called out defendant Styles for instructing her to

13   engage in those practices, defendant BIP was acutely fearful that plaintiff would also report those

14   'off label' practices to the DOJ or other government agencies."

15   **RESPONSE TO REQUEST NO. 36**

16   Plaintiff herein incorporates by reference each and every one of the General Objections

17   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

18   of, each of those General Objections.

19   Subject to and without waiving these objections, plaintiff will produce any documents in

20   her custody, possession or control that are responsive to this request.

21   **REQUEST NO. 37**

22   All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 15 of YOUR

23   COMPLAINT that "BIP and its manager, defendant Styles, had the power to terminate [YOUR]

24   employment, and use that power to cause the termination of [YOUR] employment as a BIP sales

25   representative."

26   **RESPONSE TO REQUEST NO. 37**

27   Plaintiff herein incorporates by reference each and every one of the General Objections

28

-17-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

2  of, each of those General Objections.

3      Subject to and without waiver of the foregoing objections, plaintiff will produce any

4  documents in her possession, custody or control that are responsive to this request.

5      **REQUEST NO. 38**

6      All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 15 of YOUR

7  COMPLAINT that the CORPORATE DEFENDANTS' "stated reason for [the] termination of

8  [YOUR] employment was false and contrived..."

9      **RESPONSE TO REQUEST NO. 38**

10     Plaintiff herein incorporates by reference each and every one of the General Objections

11  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

12  of, each of those General Objections.

13     Subject to and without waiver of the foregoing objections, plaintiff will produce any

14  documents in her possession, custody or control that are responsive to this request.

15     **REQUEST NO. 39**

16     All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 17 of YOUR

17  COMPLAINT that "[YOU] were subjected to unwelcome sexually motivated physical actions

18  and advances, including impeding and blocking movement and physical interference with her

19  work and movement based on [YOUR] sex, by managers of defendants."

20     **RESPONSE TO REQUEST NO. 39**

21     Plaintiff herein incorporates by reference each and every one of the General Objections

22  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

23  of, each of those General Objections.

24     Subject to and without waiving the foregoing objections, plaintiff will produce any

25  documents in her possession, custody or control that are responsive to this request.

26     **REQUEST NO. 40**

27     All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 25 of YOUR

28

-18-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1   COMPLAINT that "[YOUR] age was a substantial motivating factor in such discriminatory

2   treatment and adverse employment actions taken against [YOU], including termination of

3   [YOUR] employment."

4   **RESPONSE TO REQUEST NO. 40**

5   Plaintiff herein incorporates by reference each and every one of the General Objections

6   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

7   of, each of those General Objections.

8   Subject to and without waiver of the foregoing objections, plaintiff will produce any

9   documents in her possession, custody or control that are responsive to this request.

10   **REQUEST NO. 41**

11   All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 30 of YOUR

12   COMPLAINT that "[YOU] engaged in one or more protected activities by, among other things,

13   complaining of and objecting to defendants' sexually harassing and discriminatory statements

14   toward her by managers, employees, and/or agents of defendants."

15   **RESPONSE TO REQUEST NO. 41**

16   Plaintiff herein incorporates by reference each and every one of the General Objections

17   set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

18   of, each of those General Objections.

19   Subject to and without waiver of the foregoing objections, plaintiff will produce any

20   documents in her possession, custody or control that are responsive to this request.

21   **REQUEST NO. 42**

22   All DOCUMENTS that RELATE TO YOUR allegation in Paragraphs 22, 28, 33 and 38

23   of YOUR COMPLAINT that "The foregoing acts of defendants were fraudulent, malicious,

24   intentional, oppressive, and plaintiff is therefore entitled to an award of punitive damages agaisnt

25   defendants."

26   **RESPONSE TO REQUEST NO. 42**

27   Plaintiff herein incorporates by reference each and every one of the General Objections

28

-19-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

2  of, each of those General Objections.

3  Subject to and without waiver of the foregoing objections, plaintiff will produce any

4  documents in her possession, custody or control that are responsive to this request.

5  **REQUEST NO. 43**

6  All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 40 of YOUR

7  COMPLAINT that "defendant Styles had actual or apparent authority over plaintiff, as plaintiff's

8  direct supervisor, including the power to discipline plaintiff, the power to limit or diminish her

9  earnings, and the power to terminate her employment and threaten or take away her livelihood."

10  **RESPONSE TO REQUEST NO. 43**

11  Plaintiff herein incorporates by reference each and every one of the General Objections

12  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

13  of, each of those General Objections.

14  Subject to and without waiver of the foregoing objections, plaintiff will produce any

15  documents in her possession, custody or control that are responsive to this request.

16  **REQUEST NO. 44**

17  All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 41 of YOUR

18  COMPLAINT that "Defendant Styles engaged in the outrageous acts described in paragraph 11

19  of the First Amended Complaint, and did so with the intention to cause severe emotional distress

20  to [YOU] or with reckless disregard that he would cause such severe emotional distress to

21  [YOU]."

22  **RESPONSE TO REQUEST NO. 44**

23  Plaintiff herein incorporates by reference each and every one of the General Objections

24  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

25  of, each of those General Objections.

26  Subject to and without waiver of the foregoing objections, plaintiff will produce any

27  documents in her possession, custody or control that are responsive to this request.

28

-20-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**REQUEST NO. 45**

All DOCUMENTS that RELATE TO YOUR allegation in Paragraph 42 of YOUR COMPLAINT that "the foregoing wrongful acts did in fact cause severe emotional distress to [YOU] and [YOU] have suffered damages from such distress, in an amount to be proven at trial."

**RESPONSE TO REQUEST NO. 45**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, each of those General Objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this request.

**REQUEST NO. 46**

All DOCUMENTS that constitute, evidence, or reference any COMMUNICATIONS between YOU and any PERSON acting on YOUR BEHALF) and any government agency including, but not limited to, the California Department of Fair Employment and Housing, the United States Equal Employment Opportunity Commission, or the California Labor Commissioner concerning the subject matter of this lawsuit or any claims concerning YOUR alleged employment with DEFENDANT, including but not limited to complaints, charges, questionnaires, worksheets, completed forms, correspondence, memoranda, or notes.

**RESPONSE TO REQUEST NO. 46**

Plaintiff herein incorporates by reference each and every one of the General Objections set forth above, and plaintiff's response to this request is expressly subject to, and without waiver of, the foregoing objections.

Subject to and without waiver of the foregoing objections, plaintiff will produce any documents in her possession, custody or control that are responsive to this requet.

**REQUEST NO. 47**

All DOCUMENTS RELATED TO any type or amount of damages YOU allegedly

-21-

1  sustained as a result of any conduct attributed to DEFENDANTS, including all DOCUMENTS

2  stating, referencing, evidencing, or concerning any calculations of said damages.

3  **RESPONSE TO REQUEST NO. 47**

4  Plaintiff herein incorporates by reference each and every one of the General Objections

5  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

6  of, the foregoing objections.

7  Subject to and without waiver of the foregoing objections, plaintiff will produce any

8  documents in her possession, custody or control that are responsive to this request.

9  **REQUEST NO. 48**

10  All DOCUMENTS that RELATE TO any treatment YOU received from any

11  HEALTHCARE PROVIDER for any physical or emotional injury that YOU attribute to the

12  conduct of DEFENDANTS.

13  **RESPONSE TO REQUEST NO. 48**

14  Plaintiff herein incorporates by reference each and every one of the General Objections

15  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

16  of, the foregoing objections.

17  Plaintiff further objects that this request seeks documents that are protected by plaintiff's

18  rights of privacy and confidentiality.  Subject to and without waiver of the foregoing objections,

19  plaintiff has made a reasonable inquiry, and has no documents in her possession, custody or

20  control that are responsive to this request.  (Plaintiff did not receive such treatment, so no

21  responsive documents ever existed).

22  **REQUEST NO. 49**

23  All COMMUNICATIONS with any HEALTHCARE PROVIDER from whom YOU

24  sought treatment for any physical or emotional injury that YOU attribute to the conduct of

25  DEFENDANTS.

26  **RESPONSE TO REQUEST NO. 49**

27  Plaintiff herein incorporates by reference each and every one of the General Objections

28

-22-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1  set forth above, and plaintiff's response to this request is expressly subject to, and without waiver

2  of, the foregoing objections.

3      Subject to and without waiver of the foregoing objections, plaintiff has made a reasonable

4  inquiry, and has no documents that are responsive to this request.  Such documents never

5  existed.

6      **REQUEST NO. 50**

7      All DOCUMENTS that RELATE TO any treatment YOU received from any

8  HEALTHCARE PROVIDER for any emotional injury from January 1, 2016 to the present date.

9      **RESPONSE TO REQUEST NO. 50**

10     Plaintiff herein incorporates by reference each and every one of the General Objections

11  set forth above, and plaintiff's response is expressly subject to, and without waiver of, the

12  foregoing objections.

13     Plaintiff further objects that this request seeks documents that are protected by plaintiff's

14  rights of privacy and confidentiality.  Subject to and without waiver of the foregoing objections,

15  plaintiff has made a reasonable inquiry, and has no documents in her possession, custody or

16  control that are responsive to this request.  Such documents never existed.

17     **REQUEST NO. 51**

18     All COMMUNICATIONS with any HEALTHCARE PROVIDER from whom YOU

19  sought treatment for any emotional injury from January 1, 2016 to the present.

20     **RESPONSE TO REQUEST NO. 51**

21     Plaintiff herein incorporates by reference each and every one of the General Objections

22  set forth above, and plaintiff's response is expressly subject to, and without waiver of, the

23  foregoing objections.

24     Plaintiff further objects that this request seeks documents that are protected by plaintiff's

25  rights of privacy and confidentiality.  Subject to and without waiver of the foregoing objections,

26  plaintiff has made a diligent search and reasonable inquiry, and has no documents in her

27  possession, custody or control that are responsive to this request.  Such documents never existed.

28

-23-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1   **REQUEST NO. 52**

2      All DOCUMENTS that RELATE TO YOUR efforts to mitigate YOUR damages from

3   September 2017 to the present, including, but not limited to any job application, resume,

4   curriculum vitae, or cover letter YOU submitted to any potential employer.

5   **RESPONSE TO REQUEST NO. 52**

6      Plaintiff herein incorporates by reference each and every one of the General Objections

7   set forth above, and plaintiff's response is expressly subject to, and without waiver of, the

8   foregoing objections.

9      Subject to and without waiver of the foregoing objections, plaintiff will produce any

10  documents in her possession, custody or control that are responsive to this request.

11  **REQUEST NO. 53**

12     All COMMUNICATIONS with any potential employer, recruiter, or placement agency

13  that RELATE TO YOUR efforts to find employment from September 2017 to the present.

14  **RESPONSE TO REQUEST NO. 53**

15     Plaintiff herein incorporates by reference each and every one of the General Objections

16  set forth above, and plaintiff's response is expressly subject to, and without waiver of the

17  foregoing objections.

18     Subject to and without waiver of the foregoing objections, plaintiff will produce any

19  documents in her possession, custody or control that are responsive to this request.

20  **REQUEST NO. 54**

21     All DOCUMENTS that RELATE TO any employment YOU obtained from September

22  2017 to the present including, but not limited to, any offer letters, and DOCUMENTS evidencing

23  the COMPENSATION and benefits YOU received from any employer.

24  **RESPONSE TO REQUEST NO. 54**

25     Plaintiff herein incorporates by reference each and every one of the General Objections

26  set forth above, and plaintiff's response is expressly subject to, and without waiver of, the

27  foregoing objections.

28

-24-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

1   Plaintiff further objects that this request seeks documents that are protected by plaintiff's

2   rights of privacy and confidentiality.  Subject to and without waiver of the foregoing objections,

3   plaintiff will produce any documents in her possession, custody or control that are responsive to

4   this request.

5   **REQUEST NO. 55**

6   All DOCUMENTS that RELATE TO any lawsuits, complaints, charges, grievances, or

7   other legal or equitable claims made by YOU, or made by others on YOUR behalf, against any

8   employer, other than this ACTION.

9   **RESPONSE TO REQUEST NO. 55**

10   Plaintiff herein incorporates by reference each and every one of the General Objections

11   set forth above, and plaintiff's response is expressly subject to, and without waiver of, the

12   foregoing objections.

13   Plaintiff further objects that this request is overbroad, undurly burdensome, and

14   oppressive, and seeks documents that are protected by attorney-client privilege, and/or not

15   reasonably calculated to lead to the discovery of admissible evidence, and which are protected by

16   plaintiff's rights of privacy and confidentiality.

17

18   LAW OFFICES OF MICHAEL T. WELCH

19

20   DATED: August 16, 2019          By:_____

21                                       Michael T. Welch
                                         Attorney for Plaintiff
                                         BRENDA PERRY

22

23

24

25

26

27

28

-25-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS**

<u>VERIFICATION</u>

    I, Brenda Perry, have read the foregoing Plaintiff's Second Amended Responses to Defendant Boehringer-Ingelheim Pharmaceutical's Request for Production of Documents, Set One, and know the contents thereof, and certify under penalty of perjury that the same are true of my knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.


Dated: August 13, 2019

Brenda Perry

# Exhibit 16

**Baltazar, Ashley A.**

| | |
|---|---|
| **From:** | Baltazar, Ashley A. |
| **Sent:** | Friday, September 6, 2019 12:18 PM |
| **To:** | 'Michael Welch' |
| **Cc:** | Meckley, Eric |
| **Subject:** | RE: Perry v. Ashfield, et al. |

Michael,

Yesterday we received the following documents:

- Verified Second Amended Responses to BI's Requests for Production of Documents;
- Verified Second Amended Responses to BI's Form Interrogatories;
- Verified Second Amended Responses to BI's Special Interrogatories; and
- Proofs of service for documents produced P01-70.

We are still awaiting the following:

- A proof of service for the Verified Second Amended Responses you sent via Fed Ex, which we received yesterday (Can you please just send this to me via email?)
- A proof of service for documents produced 79-106 (can you please just send this to me via email as well?);
- A privilege log that lists any documents withheld on the basis of privilege;
- The attachment to P087; and
- P071-078 or a representation that no documents bates stamped P071-78 were intended to be produced. (As a reminder, Plaintiff sent documents bates tamped P01-70 and 79-106, but BI is missing documents bates stamped P71-78).

Thank you,

Ashley

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
ashley.baltazar@morganlewis.com | www.morganlewis.com
Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Baltazar, Ashley A.
**Sent:** Tuesday, September 3, 2019 5:03 PM
**To:** 'Michael Welch' <mwelchlaw@gmail.com>
**Cc:** Meckley, Eric <eric.meckley@morganlewis.com>
**Subject:** RE: Perry v. Ashfield, et al.

Michael,

Thank you for meeting with me last week to meet and confer regarding Plaintiff's responses to BI's written discovery requests.  Per our discussion, you agreed to provide the following:

- Verified Second Amended Responses to BI's Requests for Production of Documents;
- Verified Second Amended Responses to BI's Form Interrogatories;

- Proof of Service that indicates service of Plaintiff's <u>Verified</u> Second Amended Responses to BI's Special Interrogatories (which you hand delivered on Wednesday, August 28th);
- A proof of Service that indicates service of all of Plaintiff's documents produced;
- A privilege log that lists any documents withheld on the basis of privilege;
- The attachment to P087; and
- P071-078 or a representation that no documents bates stamped P071-78 were intended to be produced. (As a reminder, Plaintiff sent documents bates tamped P01-70 and 79-106, but BI is missing documents bates stamped P71-78).

My understanding is that you were going to try to hand deliver the foregoing on Wednesday after you left our office, but we did not receive the above. Can you commit to getting it to us by the end of this week?

Thanks,
Ashley

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
ashley.baltazar@morganlewis.com | www.morganlewis.com
Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

---

**From:** Baltazar, Ashley A.
**Sent:** Wednesday, August 28, 2019 9:26 AM
**To:** 'Michael Welch' <mwelchlaw@gmail.com>
**Cc:** Meckley, Eric <eric.meckley@morganlewis.com>
**Subject:** RE: Perry v. Ashfield, et al.

Yes, that works.

Thanks,
Ashley

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
ashley.baltazar@morganlewis.com | www.morganlewis.com
Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Wednesday, August 28, 2019 9:13 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.

[EXTERNAL EMAIL]
Ashley -  I'm running late today due to longer morning hearing than I expected.  Could we meet a little later, say 11:45?  Sorry, but please let me know.  Thank you - Mike Welch

On Mon, Aug 26, 2019 at 7:49 AM Michael Welch <mwelchlaw@gmail.com> wrote:

  Ashley -  I think that will work.  See you then. - Mike

2

On Fri, Aug 23, 2019 at 10:47 AM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Hi Michael,

How does Wednesday at 11 a.m. work for you?

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Friday, August 23, 2019 8:27 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.

[EXTERNAL EMAIL]

Ashley -  Things open up for me after Tuesday, so maybe Wednesday?  Late morning or early afternoon?  Thanks - Mike

On Thu, Aug 22, 2019 at 10:31 PM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Michael,

Are you available to come to our office next week to meet and confer in person regarding the various issues with Plaintiff's discovery responses? Please let me know your availability and I will clear my schedule to make sure we can bring this to a conclusion.

Thanks,

Ashley


**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com


**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Tuesday, August 20, 2019 11:44 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.


[EXTERNAL EMAIL]

Ashley -  I will review this further later today after I get something filed.  Yes, we will toll any motion deadline as to your client while getting this squared away.  Thanks - Mike Welch


On Mon, Aug 19, 2019 at 5:34 PM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Michael,


As I indicated in several of my prior emails and meet and confer letters, there are several problems regarding verifications in this case.  Your letter does not appropriately address the issue of the lack of verifications and in fact inaccurately states that you have "provided [me] with the amended verifications."  First, the verification you just attached was never previously underlined served on our office. It was only emailed a few weeks ago. Despite my repeated requests, we have not received it via a proper method of service (e.g., mail, overnight mail, or hand delivery) with a corresponding proof of service.  While we appreciate receiving courtesy copies of these documents via email, we have not and do not agree to email service in this case.  Second, the PDF contains a single verification to Plaintiff's Amended Responses to Defendant's Special Interrogatories.  It does not contain any other verifications. Third, we have not received any verification (via email or otherwise) for Plaintiff's Amended responses to Defendant's Form

4

Interrogatories. Accordingly, please <u>serve</u> the attached verification and the verification to Plaintiff's Amended Responses to Defendant's Form Interrogatories.

Please also confirm that Defendant's deadline to compel responses to all of its discovery requests is tolled while we await proper service of these verifications.

Thank you,

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Monday, August 19, 2019 5:15 PM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.

[EXTERNAL EMAIL]

Ashley - As I indicated in my letter, Ms. Perry will be sending me verifications, which I have been told I will have by tomorrow. I am puzzled by your statement that you were not provided verifications to prior responses. I have attached the most recent verifications that I have provided you to prior discovery responses. Regards - Mike

On Mon, Aug 19, 2019 at 11:51 AM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Michael,

I have not yet reviewed the substance of your response to our meet and confer letter or the discovery responses that you sent over. However, once again, these responses do not contain any verifications.  Nor has Plaintiff provided verifications to the prior responses that she sent.  As you are aware, serving responses without a verification is akin to no response at all.  Please advise as to the status of the verifications to <u>all</u> of the prior and current discovery responses Plaintiff has provided by close of business today.

Thank you,

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Monday, August 19, 2019 10:15 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Perry v. Ashfield, et al.

[EXTERNAL EMAIL]

Ashley -  I have attached my response to your last meet and confer letter regarding discovery responses.  I have also attached several additional iterms referred to in the letter (i.e., amended responses to special interrogatories and form [employment- interrogatories; and further documents).  I have also attached the previously signed stipulation re: protective order.  Those and further responses to document requests are following by mail.  Regards - Mike Welch

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an

attorney-client communication and as such privileged and confidential and/or it may include attorney work product. If you are not an intended recipient, you may not review, copy or distribute this message. If you have received this communication in error, please notify us immediately by e-mail and delete the original message.

# Exhibit 17

**Baltazar, Ashley A.**

| | |
|---|---|
| **From:** | Michael Welch <mwelchlaw@gmail.com> |
| **Sent:** | Monday, September 16, 2019 12:20 PM |
| **To:** | Baltazar, Ashley A. |
| **Subject:** | Perry v. Ashfield, et al. |
| **Attachments:** | perry-bi.doct.prod.101-116.pdf; PROOF-perry.BI.091619.signed.pdf |

[EXTERNAL EMAIL]

Ashley -  I have attached additional documents which comprise the attachment to document bate-stamped P 0087 that I previously provided to you (along with a copy of Ms. Perry's current resume).  I also am confirming that there are no missing or unproduced documents from plaintiff that were bate stamped P 0071 - P0078.  Rather, the "gap" in sequential bates numbers between those documents was due to the arbitrary bates numbering for the set of documents produced after those that were bate-stamped P 0001 - P 0070.

I will review my last checklist again to see if there are any other remaining items from our prior meet and confer discussion and follow up.  Best regards - Mike Welch

# Exhibit 18

**Baltazar, Ashley A.**

---

| | |
|---|---|
| **From:** | Baltazar, Ashley A. |
| **Sent:** | Monday, November 11, 2019 4:37 PM |
| **To:** | 'Michael Welch' |
| **Cc:** | Meckley, Eric |
| **Subject:** | RE: Perry v. Ashfield, et al. |

Michael,

While we are now in receipt of Plaintiff's Further Amended Response to RFPD No. 55, there are still several issues that need to be addressed:

- **No Verification**. Plaintiff once again has served responses without a verification. This is akin to no response at all.
- **Substantive Response Does Not Comport With Agreement**.  Plaintiff's substantive response does not comport with our agreement. Specifically, we agreed that Plaintiff would produce discovery responses served in each of her lawsuits against her employers.  Plaintiff's substantive response limits the documents she is willing to produce to only pleadings and discovery requests.
- **Documents Produced Does Not Comport With Agreement**. The documents Plaintiff produced only include the Complaints filed in the actions, a notice of removal in the Atria Senior Living Action, and one set of Form Interrogatories in the Atria action. It does not include discovery requests propounded by any of the defendants or the discovery responses completed by Plaintiff or Defendant.

Based on the foregoing, please let us know **no later than noon tomorrow** if you will extend our deadline to file a motion to compel by an additional two-weeks while you these issues are addressed. If not, we will be forced to file a motion to compel.

Ashley

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
ashley.baltazar@morganlewis.com | www.morganlewis.com
Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

---

**From:** Baltazar, Ashley A.
**Sent:** Friday, November 8, 2019 3:08 PM
**To:** 'Michael Welch' <mwelchlaw@gmail.com>
**Cc:** Meckley, Eric <eric.meckley@morganlewis.com>
**Subject:** RE: Perry v. Ashfield, et al.

Michael,

Following up on this again. If we don't hear from you by Monday, we will be forced to start working on a motion to compel.  It would be appreciated if you could provide us the amended responses then. If necessary, I can send someone to your office to pick them up.

Thanks,

Ashley

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
ashley.baltazar@morganlewis.com | www.morganlewis.com
Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

---

**From:** Baltazar, Ashley A.
**Sent:** Tuesday, November 5, 2019 5:05 PM
**To:** 'Michael Welch' <mwelchlaw@gmail.com>
**Cc:** Meckley, Eric <eric.meckley@morganlewis.com>
**Subject:** RE: Perry v. Ashfield, et al.

Michael,

Can you please advise on the status of the amended responses and documents? We did not receive them yesterday.

Thanks,
Ashley

**Ashley A. Baltazar**
**Morgan, Lewis & Bockius LLP**
One Market, Spear Street Tower | San Francisco, CA 94105
Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001
ashley.baltazar@morganlewis.com | www.morganlewis.com
Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Tuesday, October 29, 2019 8:14 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.

[EXTERNAL EMAIL]
Ashley -  I agree to extend BI's date for a motion by another ten days, as I will need until Monday to get you an amended response and documents due to my involvement in another matter until Friday.  I will try to do it by Friday.  Best regards - Mike Welch

On Mon, Oct 21, 2019 at 6:03 PM Michael Welch <mwelchlaw@gmail.com> wrote:

Ashley -  I believe I could provide pleadings and litigation / discovery documents, to the extent we have them.  But any settlement agreement would be subject to confidentiality obligations to the other party in said litigation, and not amenable to the protective order we have (to which they would not be a party).  That would not be relevant to her damages, as it preceded her employment with Ashfield / BI.  So that would be my compromise.  Regards - Mike

On Mon, Oct 21, 2019 at 11:28 AM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Hi Michael,

I am following up on this. Please let me know if you will amend the response to RFPD 55 as outlined below.

Thank you,

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Tuesday, October 15, 2019 7:54 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.

[EXTERNAL EMAIL]

Ashley -  Thank you for your kind words and thoughts on that.  I actually found out Saturday at services that there is another ceremony today, in central CA, for the burial (a military ceremony and cemetery), so I'm out a little longer than I originally planned.

So I'm fine extending the 10/21 motion deadline by two weeks as you suggested.  Thank you for your courtesy and cooperation.  Regards - Mike Welch

On Fri, Oct 11, 2019 at 1:23 PM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Mike,

I'm sorry to hear about your father.  My thoughts are with you and your family during this difficult time. Given that our motion to compel deadline is 10/21, please let us know if you will grant us a two-week extension to the deadline to accommodate the delay in resolving these issues.

Thank you,

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Friday, October 11, 2019 10:49 AM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Re: Perry v. Ashfield, et al.

[EXTERNAL EMAIL]

Ashley -  I am leaving in a minute to drive up to southern Oregon for my father's funeral tomorrow.  I will not be able to address this matter or any others until I return on Monday night.  I will follow up with you on Tuesday.  Regards - Mike

On Fri, Oct 11, 2019 at 9:50 AM Baltazar, Ashley A. <ashley.baltazar@morganlewis.com> wrote:

Michael,

I am following up again on this. If we do not hear from you by the end of the day today, we will be forced to file a motion to address these issues next week.

Thanks,

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

---

**From:** Baltazar, Ashley A.
**Sent:** Tuesday, October 8, 2019 2:51 PM
**To:** 'Michael Welch' <mwelchlaw@gmail.com>
**Cc:** Meckley, Eric <eric.meckley@morganlewis.com>
**Subject:** RE: Perry v. Ashfield, et al.

Michael,

I am following up on the below as I have not received a response from you. In addition to not receiving the below, Plaintiff's Second Amended Responses to BIPI's RFPDs failed to include a substantive response to Request for Production No. 55.  Request for Production No. 55 seeks all documents that relate to any lawsuits, complaints, charges, grievances, or other legal or equitable claims made by Plaintiff against any other employer, other than this Action.  Plaintiff's asserts boilerplate objections, including objections based on privilege, privacy, and confidentiality.  However, not all documents responsive to this request are privileged.  And, there is a protective order in place that would address any concerns related to privacy and confidentiality (although Defendant doubts there are any such legitimate concerns).  Nonetheless, Defendant is willing to limit this request to deposition transcripts, discovery responses, and settlement agreements executed in any lawsuits, complaints, charges, grievances, or other claims made by Plaintiff against any other employer.  Such documents would contain, at the very least, information about the damages, including lost wages and emotional distress, Plaintiff was seeking in these other lawsuits.  Accordingly, they are relevant to Plaintiff's damages in her current action against BIPI.  Please let us know if Plaintiff is agreeable to this limitation and will amend her response accordingly no later than Thursday, October 10th.

Thank you,


Ashley


**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

---

**From:** Baltazar, Ashley A.
**Sent:** Thursday, September 26, 2019 2:49 PM
**To:** 'Michael Welch' <mwelchlaw@gmail.com>
**Cc:** Meckley, Eric <eric.meckley@morganlewis.com>
**Subject:** RE: Perry v. Ashfield, et al.


Michael,


Thanks for sending this. Per my September 6th email, we are still awaiting the following:

- A proof of service for the Verified Second Amended Responses you sent via Fed Ex, which we received September 9th (Can you please just send this to me via email?)

- A proof of service for documents produced 79-106 (can you please just send this to me via email as well?);

- A privilege log that lists any documents withheld on the basis of privilege; and

- The attachment to P087.


Thank you,

Ashley

**Ashley A. Baltazar**

**Morgan, Lewis & Bockius LLP**

One Market, Spear Street Tower | San Francisco, CA 94105

Direct: +1.415.442.1172 | Main: +1.415.442.1000 | Fax: +1.415.442.1001

ashley.baltazar@morganlewis.com | www.morganlewis.com

Assistant: Robin Onaka | +1.415.442.1669 | robin.onaka@morganlewis.com

**From:** Michael Welch <mwelchlaw@gmail.com>
**Sent:** Monday, September 16, 2019 12:20 PM
**To:** Baltazar, Ashley A. <ashley.baltazar@morganlewis.com>
**Subject:** Perry v. Ashfield, et al.

[EXTERNAL EMAIL]

Ashley -  I have attached additional documents which comprise the attachment to document bate-stamped P 0087 that I previously provided to you (along with a copy of Ms. Perry's current resume).  I also am confirming that there are no missing or unproduced documents from plaintiff that were bate stamped P 0071 - P0078.  Rather, the "gap" in sequential bates numbers between those documents was due to the arbitrary bates numbering for the set of documents produced after those that were bate-stamped P 0001 - P 0070.

I will review my last checklist again to see if there are any other remaining items from our prior meet and confer discussion and follow up.  Best regards - Mike Welch

DISCLAIMER
This e-mail message is intended only for the personal use
of the recipient(s) named above. This message may be an
attorney-client communication and as such privileged and
confidential and/or it may include attorney work product.
If you are not an intended recipient, you may not review,
copy or distribute this message. If you have received this
communication in error, please notify us immediately by
e-mail and delete the original message.

# Exhibit 19

1  Michael T. Welch (#122630)
   LAW OFFICES OF MICHAEL T. WELCH
2  Four Embarcadero Center, 14th Floor
   San Francisco, California 94111
3  Telephone:    (415)426-5691
   Facsimile:    (415)399-0445
4
   Attorneys for Plaintiff BRENDA PERRY
5

6

7                SUPERIOR COURT OF THE STATE OF CALIFORNIA

8                         COUNTY OF SAN MATEO

9

10

   BRENDA PERRY, an Individual,        )   CASE NO.  18CV05717
11                                     )
                        Plaintiff,     )   **PLAINTIFF'S FURTHER AMENDED**
12                                     )   **RESPONSE TO DEFENDANT**
             v.                        )   **BOEHRINGER-INGELHEIM**
13                                     )   **PHARMACEUTICAL'S REQUEST**
   ASHFIELD HEALTHCARE, LLC, a business )  **FOR PRODUCTION OF DOCUMENTS,**
14 entity; BOEHRINGER-INGELHEIM        )   **SET ONE, NO. 55**
   PHARMACEUTICAL, a business entity;  )
15 NATE STYLES, an individual; and DOES 1- )
   50, inclusive,                      )
16                                     )
                        Defendants.    )
17                                     )
   _____ )
18

19 PROPOUNDING PARTY:    Defendant BOEHRINGER-INGELHEIM PHARMACEUTICAL

20 RESPONDING PARTY:     Plaintiff BRENDA PERRY

21 SET NUMBER:           ONE

22      Plaintiff BRENDA PERRY ("PERRY") hereby responds to the Request for Production

23 of Documents of defendant BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.

24 ("BIP") as follows:

25                          **GENERAL OBJECTIONS**

26      1. Plaintiff objects to the Document Requests and to each and every request contained

27 therein to the extent that they purport to impose burdens or duties on plaintiff that exceed the

28                                    -1-

   **PLAINTIFF'S FURTHER AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION
   OF DOCUMENTS - No. 55**

1    requirements and permissible scope of discovery under the California Code of Civil Procedure.

2        2.  Plaintiff objects to the Document Requests and to each and every request contained

3    therein to the extent that they purport to request documents that are subject to any privilege or

4    immunity from discovery, including, without limitation, the attorney-client privilege, the work-

5    product privilege, the right to privacy guaranteed by the California Constitution, and any other

6    privilege or restriction on discovery recognized by California law.

7        3.  Plaintiff objects to the Document Requests and to each and every request contained

8    therein on the grounds that, to the extent that they seek documents that are already in

9    respondent's custody, control or possession, they are unduly burdensome and duplicative.

10       4.  Plaintiff objects to the Document Requests and to each and every request contained

11   therein to the extent that they purport to require plaintiff to produce documents from any source

12   other than the personal files and records of plaintiff.

13       5.  Plaintiff reserves the right to amend her responses to the extent that new or additional

14   relevant documents may come to his attention.

15       6.  Plaintiff responds to the Document Requests without waiver and with preservation of:

16           a)  The right to object to the use of any responses or documents on any ground in

17               any proceedings in this or any other action (including any trials);

18           b)  The right to object on any ground at any time to a demand or request for a

19               further response to this discovery request or other discovery proceedings

20               involving or relating to the subject matter of the discovery requests herein

21               responded to; and,

22           c)  The right at any time to revise or supplement any of the responses to the

23               specific requests.

24       7.  Plaintiff has not yet completed her investigation of the facts pertaining to this action,

25   her discovery, or her preparation for trial.  Plaintiff reserves the right to rely on documents or

26   other evidence which may develop or come to her attention at a later time.

27       8.  The foregoing general objections and limitations (the "General Objections") are

28   
-2-

**PLAINTIFF'S FURTHER AMENDED RESPONSES TO DEFENDANT'S REQUEST FOR PRODUCTION OF DOCUMENTS - No. 55**

1   incorporated by reference into each and every specific response as if fully stated therein.

2       **FURTHER AMENDED RESPONSE[S] TO DOCUMENT REQUESTS**

3     **REQUEST NO. 55**

4     All DOCUMENTS that RELATE TO any lawsuits, complaints, charges, grievances, or

5   other legal or equitable claims made by YOU, or made by others on YOUR behalf, against any

6   employer, other than this ACTION.

7     **RESPONSE TO REQUEST NO. 55**

8     Plaintiff herein incorporates by reference each and every one of the General Objections

9   set forth above, and plaintiff's response is expressly subject to, and without waiver of, the

10   foregoing objections.

11     Plaintiff further objects that this request is overbroad, unduly burdensome, and

12   oppressive, and seeks documents that are protected by attorney-client privilege, and/or not

13   reasonably calculated to lead to the discovery of admissible evidence, and which are protected by

14   plaintiff's rights of privacy and confidentiality.  Subject to and without waiving the foregoing

15   objections, plaintiff will produce pleadings and discovery requests from the lawsuits that she

16   identified in plaintiff's second amended response to special interrogatories, (No. 8), that are in

17   her possession, custody, or control.  (Other than confidential settlement agreements, plaintiff has

18   no other responsive documents, as any other responsive documents were not retained by her

19   and/or her counsel following the conclusion of those lawsuits).

20

21                LAW OFFICES OF MICHAEL T. WELCH

22

23   DATED: November 4, 2019      By: _____

24                  Michael T. Welch
                     Attorney for Plaintiff
                     BRENDA PERRY

25

26

27

28                       -3-

**PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

Case Name:      *Brenda Perry v. Ashfield Healthcare, LLC, et al.*
Court No.:       San Mateo County Superior Court Case No. 18CIV05717

     I am employed in the City & County of San Francisco, State of California.  I am over the age of 18 and not a party to the within action.  My business address is Four Embarcadero Center, 14th Floor, San Francisco, CA 94111.

     On November 4, 2019 I caused to be served the following document(s) on the interested parties as indicated below:

**DOCUMENT(S) SERVED:**

     Plaintiff's Further Amended Responses to Defendant Boehringer-Ingelheim Pharmaceutical's Request for Production of Documents, Set One, No. 55; Document production - Bates P 0117 - P 0176

**PARTY(IES) SERVED:**

     Ashley Baltazar, Esq.
     Morgan, Lewis & Bockius LLP
     One Market
     Spear Street Tower
     San Francisco, CA 94105

✓    **(By Regular Mail)** I am readily familiar with the firm's practice for collection and process of correspondence for mailing.  Under that practice it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid, in the ordinary course of business.

____    **(By Federal Express)**  I personally delivered the above document(s) to the Federal Express Station to be delivered on a priority basis on the next business day to the law offices listed above.

____    **(By Personal Service)**  I caused such document(s) to be delivered by hand to the office(s) of the addressee(s).

____    **(By Facsimile and U.S. Mail)**  I sent a true copy of such document(s) via telephone facsimile transmission to the fax numbers listed above, and By Regular Mail as noted above.

✓    **(State)**  I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

____    **(Federal)**  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.

     Executed on November 4, 2019 at Monterey, California.

                        *Michael Welch*
                        Michael Welch

# Exhibit 20

Michael T. Welch (#122630)
LAW OFFICES OF MICHAEL T. WELCH
Four Embarcadero Center, 14th Floor
San Francisco, California  94111
Telephone:     (415) 426-5691
Email:          mwelchlaw@gmail.com

Attorneys for Plaintiff BRENDA PERRY

SUPERIOR COURT - STATE OF CALIFORNIA

COUNTY OF SAN MATEO - UNLIMITED CIVIL JURISDICTION

| | |
|---|---|
| BRENDA PERRY, an Individual, <br><br>          Plaintiff, <br><br>   v. <br><br> ASHFIELD HEALTHCARE, LLC, et al., <br><br>          Defendants. | CASE NO. 18CIV05717 <br><br> **PLAINTIFF'S SECOND AMENDED RESPONSES TO SPECIAL INTERROGATORIES, SET ONE** |

PROPOUNDING PARTY:     Defendant BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.

RESPONDING PARTY:      Plaintiff BRENDA PERRY

SET NUMBER:            One

     Plaintiff BRENDA PERRY ("PERRY") responds to defendant BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.'s Special Interrogatories (Set One) as follows:

-1-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO SPECIAL INTERROGATORIES OF DEFENDANT BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.**

**INTERROGATORY NO. 1**

IDENTIFY each individual (except for YOUR attorneys of record) with whom YOU have COMMUNICATED RELATED TO the subject matter of this ACTION, including the allegations in YOUR COMPLAINT and/or the damages claimed.

**RESPONSE TO INTERROGATORY NO. 1**

Tracy Scott; Nate Styles; Lori Elwood.

**INTERROGATORY NO. 2**

For each individual identified in response to Special Interrogatory No. 1, state the substance of the COMMUNICATION, including the date the COMMUNICATION occurred.

**RESPONSE TO INTERROGATORY NO. 2**

To the best of plaintiff's recollection, the subtance of her communications with Mr. Styles was (1) her demand that he step away from her and remove himself from where he had boxed her in, with his groin area near her face, inside her locker, and (2) her objection and challenge to Mr. Styles' use of off-label marketing and sales methods in a sales call with a physician, and her refusal to engage in such off-label marketing and sales methods to sell BI products. Plaintiff does not recall the date of these communications, but believes that the first occurred in June or July, 2017, and the second occurred in August, 2017.

To the best of plaintiff's recollection, the substance of her communications to Tracy Scott was plaintiff's report to her that Nate Styles had engaged in off-label sales/marketing, and instructed plaintiff to do the same. Plaintiff does not recall the date of this communication, but believes it was in August, 2017. To the best of plaintiff's recollection, the substance of her communication with Lori Elwood was that BI had hired another sales representative to assume the same or substantially the same duties and territory as plaintiff had before she was terminated. This communication occurred on or about September 24, 2017.

**INTERROGATORY NO. 3**

For each individual identified in response to Special Interrogatory No. 1, IDENTIFY all DOCUMENTS RELATED TO such COMMUNICATION.

-2-

1    **RESPONSE TO INTERROGATORY NO. 3**

2    Plaintiff has produced the documents that she has that are responsive to this interrogatory.

3    With respect to the communications with Mr. Styles, those documents are P 0019 - P 0020.  With

4    respect to the communications with Ms. Scott, thoe documents are P 0020 - P 0021. With respec

5    to Ms. Elwood the documents are P 0022 - P 0023.  Plaintiff has no personal knowledge at this

6    time of other such documents.

7    **INTERROGATORY NO. 4**

8    IDENTIFY each individual whom YOU contend has personal knowledge concerning the

9    subject matter of this ACTION, including the allegations in YOUR COMPLAINT and/or the

10   damages claimed.

11   **RESPONSE TO INTERROGATORY NO. 4**

12   Other than plaintiff, plaintiff presently contends that the following individuals have such

13   knowledge: Nate Styles; Tracy Scott.

14   **INTERROGATORY NO. 5**

15   For each individual identified in response to Interrogatory No. 4 specify the substance of

16   the knowledge allegedly held by that individual.

17   **RESPONSE TO INTERROGATORY NO. 5**

18   Nate Styles has knowledge of his actions during the inventory of plaintiff's locker, by

19   which he positioned himself closely to plaintiff while she was crouched down in front of her

20   locker, and he blocked her ability to move and invaded her personal space, and he laughed when

21   plaintiff pleaded for him to move away from her.  He also has knowledge that he engaged in off-

22   label sales practices with a physician during a sales call with plaintiff, that he instructed plaintiff

23   to also carry out such off-label practices in order to sell BIP's products to her physician

24   customers, and that plaintiff objected to and refused to enage in off-label sales practices as he had

25   instructed her.

26   Tracy Scott also has knowledge that Nate Styles engaged in off-label sales practices for

27   BII, that he instructed plaintiff to also engage in off-label sales practices, and that plaintiff

28

-3-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO SPECIAL INTERROGATORIES OF DEFENDANT
BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.**

1  objected to and refused to engage in off-label sales practices as Mr. Styles had instructed her.

2  Ms. Scott also knows the facts regarding the terminatio of plaintiff.

3  **INTERROGATORY NO. 6**

4  For each individual identified in response to Interrogatory No. 4, IDENTIFY all

5  DOCUMENTS RELATED TO this individual's knowledge.

6  **RESPONSE TO INTERROGATORY NO. 6**

7  Plaintiff has produced the documents that she has that are responsive to this interrogatory.

8  (See P 0019 - P 0022).

9  **INTERROGATORY NO. 7**

10  IDENTIFY every person or entity to whom YOU provided a job application, resume, or

11  curriculum vitae from April 2017 through the present.

12  **RESPONSE TO INTERROGATORY NO. 7**

13  Plaintiff is able to identify the following entities:  ZipRecruiter; Indeed; Insys

14  Therapeutics; Modern Recruitment Solutions; LS Recruiting; Gecko Hospitality; Lilly

15  Pharmaceutical; Biopharma Health; Aging 2.0, LLC; Medtronic; Surgical Recruiting, LLC;

16  Critique by Kids; Sino Biological US, Inc.; Amgen; Crobo, Inc.; Hamilton Co.; Cybercoders; PV

17  Pharma; Siemens; Cardinal Health; Z&L Properties; Amtec; Ambry Genetics; Gilead Astra

18  Zeneca; Portola Pharmaceuticals; Promoves Health; Novartis; BioMarin; Teva; DepoMed;

19  Abbott; Exela Pharma Sciences; Osmotica Pharmaceuticals; Avion.

20  **INTERROGATORY NO. 8**

21  Identify each civil, criminal, and/or administrative action to which YOU have been a

22  party during YOUR life.  "Identify" for purposes of this interrogatory means to state the name of

23  the matter, the name of the court or agency, the case/matter number assigned by the court or

24  agency, and your role (i.e., whether a plaintiff or defendant).

25  **RESPONSE TO INTERROGATORY NO. 8**

26  Plaintiff is able to recall and identify the following actions responsive to this

27  interrogatory:

28

-4-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO SPECIAL INTERROGATORIES OF DEFENDANT BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.**

1. Brenda Perry v. VITAS; San Francisco County Superior Court; No. 542332; Plaintiff

2. Brenda Perry v. Atria Senior Living; U.S. District Court, Northern District; No. 14-CV-04289; Plaintiff.

3. Brenda Perry v. King Pharmaceuticals; San Francisco County Superior Court; No. 506030; Plaintiff.

**INTERROGATORY NO. 9**

State the ten-digit number of each cellular telephone number YOU have maintained since YOUR employment with DEFENDANT began to the present date and IDENTIFY the service provider associated with each such number.

**RESPONSE TO INTERROGATORY NO. 9**

(415)730-4934; Verizon

**INTERROGATORY NO. 10**

State each mail address from which YOU sent or received e-mail from April 2017 through the present.

**RESPONSE TO INTERROGATORY NO. 10**

brendadp415@yahoo.com

**INTERROGATORY NO. 11**

IDENTIFY each HEALTHCARE PROVIDER from whom YOU received any treatment RELATED TO any physical and/or emotional condition that YOU contend was caused or exacerbated by any alleged conduct of DEFENDANTS.

**RESPONSE TO INTERROGATORY NO. 11**

None.

DATED: August 16, 2019

LAW OFFICES OF MICHAEL T. WELCH

By:_____
Michael Welch
Attorneys for Plaintiff
BRENDA PERRY

-5-

**PLAINTIFF'S SECOND AMENDED RESPONSES TO SPECIAL INTERROGATORIES OF DEFENDANT BOEHRINGER-INGELHEIM PHARMACEUTICALS, INC.**

## VERIFICATION

I, Brenda Perry, have read the foregoing Plaintiff's Second Amended Responses to Defendant's Special Interrogatories, and know the contents thereof, and certify under penalty of perjury that the same are true of my knowledge, except as to those matters which are stated on information and belief, and as to those matters I believe them to be true.

Dated: August 16, 2019

Brenda Perry

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON    **11/14/2019**
By    /s/ Jennifer Tannous
Deputy Clerk

1    MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
2    Ashley A. Baltazar, Bar No. 284921
One Market
3    Spear Street Tower
San Francisco, CA  94105-1596
4    Tel:    +1.415.442.1000
Fax:    +1.415.442.1001
5    eric.meckley@morganlewis.com
ashley.baltazar@morganlews.com

6

7    Attorneys for Defendant
BOEHRINGER INGELHEIM
8    PHARMACEUTICALS, INC. (erroneously sued as
"BOEHRINGER-INGELHEIM
9    PHARMACEUTICAL")

10    SUPERIOR COURT OF THE STATE OF CALIFORNIA

11    COUNTY OF SAN MATEO

12

13    BRENDA PERRY, and Individual,        Case No. 18CIV05717

14        Plaintiff,        **REQUEST FOR JUDICIAL NOTICE
IN SUPPORT OF DEFENDANT
15    vs.        BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC.'S
16    ASHFIELD HEALTHCARE, LLC, a business        MOTION TO COMPEL:
entity; BOEHRINGER-INGELHEIM
17    PHARMACEUTICAL, a business entity;        (1) FURTHER VERIFIED RESPONSE
NATE STYLES, an individual; and DOES 1-        TO RFP NO. 55 AND PRODUCTION
18    25, inclusive,        OF DOCUMENTS;**

19        Defendants.        **(2) COMPLIANCE WITH
PLAINTIFF'S RESPONSE TO RFP
20        NOS. 11, 14, AND 54; AND**

21        **(3) A PRIVILEGE LOG.**

22        Date:        January 14, 2020
Time:        9:00 a.m.
23        Dept:        1
Courtroom:    4C
24
Complaint Filed:  October 22, 2018
25        Trial Date:  None set

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

**NOTICE TO THE COURT, PLAINTIFF, AND ALL ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that pursuant to California Evidence Code Section 452(d), Defendant Boehringer-Ingelheim Pharmaceuticals, Inc. ("BIPI" or "Defendant") will, and hereby does, request that this Court take judicial notice of the following documents in connection with BIPI's Motion to Compel:

    1.     The December 10, 2010 Complaint filed in the Superior Court of the State of California in and for the County of San Francisco captioned *Brenda Perry v. King Pharmaceuticals et al.*, Case No. CGC-10-506030, which is attached hereto as **Exhibit A**;

    2.     The October 23, 2014 Complaint filed in the Superior Court of the State of California in and for the County of San Francisco captioned *Brenda Perry v. Vitas Innovative Hospice Care et al.*, Case No. CGC-14-542332, which is attached hereto as **Exhibit B**; and

    3.     The July 24, 2017 First Amended Complaint filed in the Superior Court of the State of California in and for the County of San Francisco captioned *Brenda Perry v. Atria Senior Living, Inc. et al.*, Case No. CFC-17-558466, which is attached hereto as **Exhibit C**.

California Evidence Code Section 452(d) authorizes the Court to take judicial notice of "records of (1) any court of this state or (2) any court of record of the United States or of any state of the United States." Because the aforementioned documents are court records, Defendant respectfully requests that the Court take judicial notice of each of them.

Dated: November 14, 2019               MORGAN, LEWIS & BOCKIUS LLP

By  _____
         Eric Meckley
         Ashley A. Baltazar

         Attorneys for Defendant
         BOEHRINGER INGELHEIM
         PHARMACEUTICALS, INC.
         (erroneously sued as
         "BOEHRINGER-INGELHEIM
         PHARMACEUTICAL")

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 109901163.1

1

REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S
MOTION TO COMPEL

Case No. 18CIV05717

# Exhibit A

SUMMONS ISSUED
FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

2010 DEC 10  AM 10: 13

CLERK OF THE COURT
BY:_____ D. STEPPE
     DEPUTY CLERK

CASE MANAGEMENT CONFERENCE SET

MAY 1 3 2011 - 9:AM

DEPARTMENT 212

1   Brenda Diane Perry
    445 Warren Drive #1
2   San Francisco, CA 94131
    Telephone: (415) 664-1946
3

4   Plaintiff
    Brenda Diane Perry

12          SUPERIOR COURT OF THE STATE OF CALIFORNIA

13               FOR THE COUNTY OF SAN FRANCISCO

1   BRENDA DIANE PERRY, an individual;       )   Case No. CGC - 10 - 506030
                                             )
2                  Plaintiff,                )   COMPLAINT BY PLAINTIFF
                                             )   BRENDA DIANE PERRY FOR
3        vs.                                 )   COMPENSATORY AND PUNITIVE
                                             )   DAMAGES FOR:
4   KING PHARMACEUTICALS a Pharmaceutical    )
    Corporation; MARK MARTIN, an individual; )   1. Gender Related Discrimination
5   MIKE SCHILK, an individual, and DOES 1   )      /Harassment in Violation of the Fair
    through 100, inclusive,                  )      Employment and Housing Act
6                                            )
                   Defendants.               )   2. Race Discrimination in Violation of the
7                                            )      Fair Employment And Housing Act
                                             )
8                                            )   3. Sexual Harassment in Violation of the
                                             )      Fair Employment And Housing Act
9                                            )
                                             )   4. Age Discrimination in Violation of the
10                                           )      Fair Employment and Housing Act
                                             )
11                                           )   5. Retaliation in Violation of the Fair
                                             )      Employment and Housing Act
12                                           )
                                             )   6. Wrongful Termination in Violation of
13                                           )      the Fair Employment and Housing Act
                                             )
14                                           )   7. Failure to Take Reasonable Steps to
                                             )      Prevent Harassment, Retaliation and
15                                           )      Discrimination in the Work Place in
                                             )      Violation of the Fair Employment and
16                                           )      Housing Act
17  _____     8. Failure to Promote and to Pay Equal
                                                    Pay to Females in Violation of
18                                                  California Labor Code Section 510

22          DEMAND FOR A JURY TRIAL

23

24

25

_____
                        COMPLAINT BY PLAINTIFF

1    Plaintiff FABIOLA OLEAS alleges:

2                              **THE PARTIES**

3        1.      This is a Complaint by Plaintiff Brenda Diane Perry (referred to as "Diane" or

4    "Plaintiff") against her ex-employer, KING PHARMACEUTICALS, INC. a Pharmaceutical

5    Corporation (referred to as "KING PHARMACEUTICALS" or

6    "Defendant"), and management employees, MARK MARTIN ("MARK MARTIN"), and MIKE

7    SCHILK  ("MIKE SCHILK"), individually (hereinafter collectively referred to as "Defendants")

8    for discrimination, harassment, retaliation, and California Labor Code violations. Plaintiff seeks

9    compensatory and punitive damages, and injunctive relief.

10       2.      At all times relevant to this Complaint, Plaintiff is and has been an individual

11   residing in the State of California.

12       3.      Plaintiff is informed and believes and on that basis alleges that defendant KING

13   PHARMACEUTICALS, her ex- employer, is a national corporation duly organized and existing

14   under and by virtue of the laws of the State of California, where the corporation also conducts its

15   business within the State of California where Plaintiff worked. KING PHARMACEUTICALS

16   INC. Headquarters is located at:   501 Fifth Street   Bristol, Tennessee 37620

17       4.      Plaintiff is informed and believes and on that basis alleges that defendant MARK

18   MARTIN, is and has been an individual residing in the County of San Diego, State of California.

19    MARK MARTIN was to be Plaintiff's New Regional Business Sales Director at KING

20   PHARMACEUTICALS during the relevant time periods.

21       5.      Plaintiff is informed and believes and on that basis alleges that defendant MIKE

22   SCHILK, is and has been an individual residing in the County of Contra Costa, State of

23   California.  MIKE SCHILK was Plaintiff's immediate supervisor during the relevant time

24   periods.

25       6.      Plaintiff does not know the true names and capacities, whether individual,

26   corporation or otherwise, of defendants Does 1-100, and therefore sues them by such fictitious

27   names.

28

                                   3

1    7.    Plaintiff is informed and believes and on that basis alleges that each of the Doe

2    defendants is in some manner responsible for the damages alleged by them in this Complaint.

3    8.    Plaintiff is informed and believes and on that basis alleges that at various times

4    alleged in this Complaint, each of the named and Doe defendants was the agent and/or employee

5    of each of the remaining co-defendants and, in doing the actions alleged in this Complaint, was

6    acting within the course and scope of said agency, employment and service with advance

7    knowledge, consent and/or ratification of each of the remaining defendants. The named and Doe

8    defendants are hereinafter referred to collectively in this Complaint as "Defendants."

9    9.    The acts committed by KING PHARMACEUTICALS and as described in this

10    Complaint were duly authorized and directed by its officers, directors and/or managing agents.

11    In addition, KING PHARMACEUTICALS participated in the acts of its employees and agents as

12    described in this Complaint, and ratified or accepted the benefits of such acts.

13                **FACTS COMMON TO ALL CAUSES OF ACTION**

14    10.    Plaintiff restates and incorporates by this reference as if fully set forth herein, each

15    and every allegation contained in paragraphs 1 to 9 of this Complaint.

16    11.    Plaintiff was a long term, approx. Four (4) years in addition to the approx. two

17    (2) to three (3) years added-in from Elan' Pharmaceuticals in which King Pharmaceuticals

18    purchased equaling approximately Seven (7) as an employee of KING PHARMACEUTICALS

19    assigned to Work as a Pharmaceutical District Sales Manager in the State of California. For

20    approximately the past seven (7) years, Plaintiff held the position of Pharmaceutical District

21    Sales Manager. In or about October 2005, inspired by KING PHARMACEUTICALS career

22    promotional opportunities developed and by the prospect of enhancing her career opportunities at

23    KING PHARMACEUTICALS, both in job title and salary, Plaintiff took part in the incentive

24    program and advancing her District in performance and sales thereby; routinely leading the

25    Region and Nation often times in her Performance and Sales.

26

27

28

1

2    12.    On or about late 2004 through 2007, Plaintiff would often approach MIKE

3    SCHILK about a promotion and higher salary. Each time MIKE SCHILK would refuse me

4    promotions and higher salaries he would provide others who performed lower throughout the

5    Region and Nation. Despite Plaintiff's frustrations in MIKE SCHILK,

6    her manager Failure to Promotion and to Pay Equal Pay to Plaintiff thereby; MIKE SCHILK was

7    in Violation of California Labor Code  Section 510 Violating Plaintiff's legal rights as a Female

8    employee. Plaintiff continued to  perform her job duties in order to continue being a Top

9    Performer on her job. Unfortunately, in 2007 the last time Plaintiff approached MIKE SCHILK

10   about promoting her and increasing her salary, MIKE SCHILK began to yell at Plaintiff, telling

11   Plaintiff that it will never happen. Plaintiff ask why and that she is a Top Performer, and has lead

12   his Region and the Nation in Sales so why not? MIKE SCHILK replied by yelling "it's not going

13   to happen and don't ask me again."

14      .

15       13.    From about 2004 through 2007 Plaintiff approached MIKE SCHILK to allow her

16   to work on Projects within his region and as opportunities became available throughout the

17   company however; MIKE SCHILK would refuse Plaintiff the opportunity however; MIKE

18   SCHILK would routinely allow all of Plaintiff's younger and male co-workers to work on

19   projects within the region and throughout the company. Whenever Plaintiff would ask to work on

20   the many projects that became available, MIKE SCHILK would not allow Plaintiff the

21   opportunities. This was Age and Gender Discrimination / Harassment in Violation of the Fair

22   Employment Act.

23       14.    In 2007 MARK MARTIN informed GREG KING (Human Resource Manager)

24   within KING PHARMACEUTICALS that he wanted to get rid of some of the Black Employees

25   with no issues and GREG KING (Human Resource Manager) gave him the ok. MARK MARTIN

26

27   and GREG KING worked in tandem to carry out this blatant discriminatory act base on Race and

28

1

2   Gender. All of the African American Female Employees within the Western United States of

3   America Employed at KING PHARMACEUTICALS Employment was terminated along with

4   the majority of Men of Color. Because of these there actions, this was Race and Gender related

5   Discrimination in Violation of the Fair Employment and Housing Act.  MARK MARTIN

6

7   communicated to other King Employees that he got rid of the "Black Girls" then, calling me and

8   the other African Female District Sales Manager by name, and that he got rid of some of the

9   "Blacks." The Race and Gender Discrimination Acts were reported by me. Also a District Sales

10  Manager KING PHARMACEUTICAL employee reported the Discrimination to GREG KING

11  and EDDY (Two Human Resource Managers on a three way call. The response by GREG KING

12

13  to the Sales Manager Employee was that" it doesn't matter now, because MARK MARTIN is no

14  longer with the company." These actions were a clear and deliberate act to be a party to and

15  cover-up Discrimination related to Race, Gender, Age and Wrongful Termination, Harassment

16  and Discrimination, Failure to Take Reasonable Steps to Prevent Harassment, Retaliation, and

17

18  Discrimination in the Work Place in Violation of the Fair Employment and Housing Act.

19      15.      Plaintiff suffered Sexual Harassment / Gender Discrimination MIKE SCHILK as

20  he would often use the word "Bitch" when referring to females. MIKE SCHILK while attending

21

22  a Tri-Regional in Los Angeles, California acted out on stage a sexual act in front of all those who

23  where in attendance of a talent night at the Tri-Regional Sales Meeting. MIKE SCHILK

24  encourages one of his male subordinates to dress-up as a African American Female, and having

25  the male representative place heavy padding in his Breast area to look like he had Huge Breast,

26  and padding his Butt area with heavy padding to create a Huge Butt then, had the representative

27

28

6

1

2    put a wig like item on his head to look like an African America female. When the dressing of the

3    male representative was completed to look like a Well Endowed African Female, they all got on

4    stage as the music played "You Got a Big Butt," by The Rap Artist -Sr. Lance Sr. Lott as MIKE

5    
6    SCHILK begin humping in a sexual motion at the representative's Huge Butt and Squeezing at

7    the Huge Breast of the representative on Stage creating a pattern that he was having Sex with a

8    will Endowed African American Female. The room was filled with KING PHARMACEUTICAL

9    employees looking on included DAN McCall, MIKE SCHILK'S boss's boss, and LES

10   POWELL, MIKE SCHILK'S boss.  Some KING EMPLOYEES laughed while others were in

11   
12   shock and disbelief that the female employees of KING PHARMACEUTICALS could be openly

13   subjected to this type of sexual harassment and discrimination. (This took place in Los Angeles,

14   CA at a Hotel on West Century Blvd). PLAINTIFF was subjected to and suffered Sexual

15   Harassment, Gender Discrimination, Race Discrimination, and the Company Failure to Take

16   
17   Reasonable Steps to Prevent Harassment, and Discrimination in the Work Place in Violation of

18   the Fair Employment and Housing Act.

19       16.    PLAINTIFF suffered Race Discrimination to by MIKE SCHILK at a Regional

20   Meeting / Christmas gathering in San Francisco, California at the Argonaut Hotel on Fisherman's

21   Warf. MIKE SCHILK had a recorded iPod song by Rap Artist - Konya West "Gold Digger, "to

22   
23   be played in his suite where the meeting / Christmas gathering took place. MIKE SCHILK

24   allowed the music to play as the lyrics repeated the word "NIGGER," as MIKE SCHILK

25   repeatedly sang along with the music and when the song got to the word "Nigger," MIKE

26   SCHILK WOULD place a strong emphases on the word "NIGGER," and would say "YOU ARE

27

28

1

2  NOT MESSING WITH A BROKE NIGGER," as MIKE SCHILK would laugh and look at me

3

4  whenever the song got to the word "NIGGER.". I got up, left out of the room and went into the

5  bathroom to keep from exploding and turning to tears somewhat. (This took place in San

6  Francisco, CA at the Argonaut Hotel on Fisherman's Warf). PLAINTIFF was Harassed and

7  Discriminated against due to her Race which was in Violation of the Fair Employment and

8  Housing Act, Failure to Take Reasonable Steps to Prevent Harassment, and Discrimination in the

9

10  Work Place in Violation of the Fair Employment and Housing Act.

11      17.      Plaintiff was Threatened and Intimidated by MIKE SCHILK to not report a co-

12  worker engaging in unlawfully obtaining funds from KING PHARMACEUTICALS.  MIKE

13

14  SCHILK called a meeting with his District Managers at The ADAGIO Hotel at 550 Geary Street

15  in San Francisco, Ca. MIKE SCHILK called his District Sales Managers to a breakfast meeting

16  in the hotel. As the PLAINTIFF attended the breakfast with at least four of her District Sales

17  Manager co-workers, one of the District Sales Managers seated at the table expressed concerns

18

19  about not having enough financial funding to conduct business for their District so, another

20  District Sales Manager and very close friend of MIKE SCHILK, openly shared how they were

21  getting extra money, stating that, they would get stacks of Taxi receipts and would write in the

22  money amounts on the Taxi Receipts what they wanted then, submit them whenever they want

23  extra money and that MIKE would approve the expense reports. Some of the money would be

24

25  used for the Manager's District for business and some for District Parties and gatherings. The

26  Manage said "MIKE knows about it," as the other Managers listen and looked on out of

27  disbelief. MIKE SCHILK immediately threatened all of us seated at the table by saying "None of

28

1    this is to leave this room, you guys understand?" Do you guys?" As Mike looked sternly at each

2    of his District Managers with threatening stares, who were hearing what he allowed the other

3    manager to do. The Manager who had initially expressed financial funding concerns about

4    conducting business for their District turned to MIKE SCHILK and asked, "Can we get money

5    this way?" MIKE told the Manager to "Hush." (This took place at ADAGIO Hotel inside of its

6
     Restaurant at our company's breakfast meeting in San Francisco, CA).

7

8                                    **FIRST CAUSE OF ACTION**
9                              **GENDER DISCRIMINATION/HARASSMENT**
          **IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**
10

11    **(Discrimination / Harassment Claim Against KING PHARMACEUTICALS and DOES 1-**
                            **100 Against all Defendants)**
12

13        18.    Plaintiff restates and incorporates by this reference as if fully set forth herein each

14    and every allegation contained within this Complaint.

15        19.    Defendants' conduct as described in this complaint constitutes discrimination and

16    harassment on the basis that Plaintiff is a female and was denied promotional opportunities, fair

17    wages, subjected to females being referred to with the use of derogatory names. Defendants

18    violated the Fair Employment and Housing Act and other state and federal statutes which

19    prohibit discrimination in employment, and including the California Constitution and the Civil

20    Rights Act, as amended.

21        20.    The discrimination and harassment by Defendants created a hostile, intimidating,

22    and oppressive work environment for Plaintiff, whereby the conditions of her employment were

23    adversely affected.  Moreover, the harassment and discrimination impeded Plaintiff's progress

24    and the enjoyment of her employment at KING PHARMACEUTICALS.

25

26        21.    Plaintiff has exhausted her administrative remedies by timely filing charges of

27    discrimination with the Department of Fair Employment and Housing. The department of Fair

28

                                            9

1  Employment and Housing issued to Plaintiff right to sue letters permitting her to file a private

2  lawsuit against Defendants.

3      22.    As a direct and proximate result of Defendants' discrimination and harassment,

4  Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of

5  this court, the exact amount to be proven at trial.  Such damages include:

6          a.    loss of salary and other valuable employment benefits;

7          b.    prejudgment interest and interest on the sum of damages at the legal rate;

8              and

9          c.    other consequential damages, including damages for shame, humiliation,

10             mental anguish and emotional distress caused by the conduct of

11             Defendants.

12     23.    In addition, Plaintiff is entitled to all Attorneys' fees in prosecuting this lawsuit,

13  pursuant to Government Code Section 12965 (b). And Plaintiff is entitled to all cost associated

14  with this lawsuit.

15     24    Further, because the wrongful acts against Plaintiff were carried out, authorized or

16  ratified by Defendants' directors, officers and/or managing agents, acting with malice, oppression

17  or fraud, or were deliberate, willful and in conscious disregard of the probability of causing

18  injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, Plaintiff

19  seeks punitive damages against Defendants, in order to deter them from such and similar conduct

20  in the future.

21

22              **SECOND CAUSE OF ACTION**

23          **RACE DISCRIMINATION IN VIOLATION OF
          THE FAIR EMPLOYMENT AND HOUSING ACT**

24          **(Against KING PHARMACEUTICALS and DOES 1-100)**

25

26     25.    Plaintiff restates and incorporates by this reference as if fully set forth herein each

27  and every allegation contained within this Complaint.

28     26.    Defendants' conduct towards Plaintiff as described in this Complaint violates

10

1   California's Fair Employment and Housing Act, in that Defendants Failure to Take Reasonable

2   Steps to Prevent Harassment, Retaliation and Discrimination in the Work Place in Violation of

3   the Fair Employment and Housing Act, and including the California Constitution and the Civil

4   Rights Act, as amended.

5       27.     Plaintiff has exhausted her administrative remedies by timely filing charges of

6   discrimination with the Department of Fair Employment and Housing.  The department of Fair

7   Employment and Housing issued to Plaintiff right to sue letters permitting her to file a private

8   lawsuit against Defendants.

9

10      28.     As a direct and proximate result of Defendants' failure to protect Plaintiff from

11  Race Discrimination, Plaintiff has sustained and will suffer damages in an amount within the

12  jurisdiction of this court, the exact amount to be proven at trial.  Such damages include:

13              a.      loss of salary and other valuable employment benefits;

14              b.      prejudgment interest and interest on the sum of damages at the legal rate;

15                      and

16              c.      other consequential damages, including damages for shame, humiliation,

17                      mental anguish and emotional distress caused by the conduct of

18                      Defendants.

19      29.     In addition, Plaintiff is entitled to all Attorneys' fees in prosecuting this lawsuit,

20  pursuant to Government Code Section 12965 (b). Also, Plaintiff is entitled to all cost prosecute

21  to this lawsuit.

22      30.     Because the wrongful acts against Plaintiff were carried out or ratified by

23  directors, officers and/or managing agents for KING PHARMACEUTICALS, acting with

24  malice, oppression or fraud, or were deliberate, willful and in conscious disregard of the

25  probability of causing injury to Plaintiff, as demonstrated by their actions and as described earlier

26  in this Complaint, Plaintiff seeks punitive damages against Defendants, in order to deter them

27  from such and similar conduct in the future.

28

**THIRD CAUSE OF ACTION**
**SEXUAL HARASSMENT IN VIOLATION**
**OF THE FAIR EMPLOYMENT AND HOUSING ACT**

**(Discrimination Claim Against KING PHARMACEUTICALS and DOES 1-100**
**Harassment Claim against all Defendants)**

31.    Plaintiff restates and incorporates by this reference as if fully set forth herein each and every allegation contained within this Complaint.

32.    Defendants' conduct as described in this complaint constitutes harassment and discrimination in violation of the Fair Employment and Housing Act and other state and federal statutes which prohibit discrimination in employment.

33.    The harassment and discrimination by Defendants created a hostile, intimidating, and oppressive work environment for Plaintiff, whereby the conditions of her employment were adversely affected. Moreover, the harassment and discrimination impeded Plaintiff's progress and the enjoyment of her employment at KING PHARMACEUTICALS.

34.    KING PHARMACEUTICALS knew or should have known of the harassment, the hostile work environment and discriminatory conduct against Plaintiff, but did nothing to stop or prevent the harassment and discrimination.

35.    Defendants' harassment and discrimination described in this Complaint violate the Fair Employment and Housing Act and other state and federal statutes which prohibit harassment and discrimination in employment, including the California Constitution and the Civil Rights Act, as amended.

36.    Plaintiff has exhausted her administrative remedies by timely filing charges of Discrimination with the Department of Fair Employment and Housing. The department of Fair Employment and Housing issued to Plaintiff right to sue letters permitting her to file a private lawsuit against Defendants.

37.    As a direct and proximate result of Defendants' failure protect Plaintiff from

12

1  sexual harassment at her place of employment, Plaintiff has sustained and will suffer damages in

2  an amount within the jurisdiction of this court, the exact amount to be proven at trial.  Such

3  damages include:

4          a.  loss of salary and other valuable employment benefits;

5          b.  prejudgment interest and interest on the sum of damages at the legal rate;

6             and

7          c.  other consequential damages, including damages for shame, humiliation,

8  mental anguish and emotional distress caused by the conduct of Defendants.

9      38.  In addition, Plaintiff is entitled to all Attorneys' fees in prosecuting this lawsuit,

10  pursuant to Government Code Section 12965 (b).

11      39.  Further, because the wrongful acts against Plaintiff were carried out, authorized or

12  ratified by Defendants' directors, officers and/or managing agents, acting with malice, oppression

13  or fraud, or were deliberate, willful and in conscious disregard of the probability of causing

14  injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, she seeks

15  punitive damages against Defendants, in order to deter them from such and similar conduct in the

16  future.

17

18  **FOURTH CAUSE OF ACTION**

19  **AGE DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

20  **(Against KING PHARMACEUTICALS, all Defendants and Dose 1-100)**

21

22      40.  Plaintiff restates and incorporates by this reference as if fully set forth herein each

23  and every allegation contained within this Complaint.

24      41.  Defendants' adverse actions against Plaintiff as described earlier in the complaint

25  constitutes unlawful Age Discrimination against Plaintiff.

26      42.  Plaintiff has exhausted her administrative remedies by timely filing charges of

27  discrimination with the Department of Fair Employment and Housing.  The department of Fair

28

13

1    Employment and Housing issued to Plaintiff right to sue letters permitting her to file a private

2    lawsuit against Defendants.

3        43.    As a direct and proximate result of Defendants' failure to protect Plaintiff from

4    Age discrimination, Plaintiff has sustained and will suffer damages in an amount within the

5    jurisdiction of this court, the exact amount to be proven at trial.  Such damages include:

6            a.    loss of salary and other valuable employment benefits;

7            b.    prejudgment interest and interest on the sum of damages at the legal rate;

8                  and

9            c.    other consequential damages, including damages for shame, humiliation,

10                 mental anguish and emotional distress caused by the conduct of

11                 Defendants.

12       44.    In addition, Plaintiff is entitled to all Attorneys' fees in prosecuting this lawsuit,

13   pursuant to Government Code Section 12965 (b). Plaintiff is also entitled to all cost in

14   prosecuting this lawsuit.

15       45.    Further, because the wrongful acts against Plaintiff were carried out, authorized or

16   ratified by Defendants' directors, officers and/or managing agents, acting with malice, oppression

17   or fraud, or were deliberate, willful and in conscious disregard of the probability of causing

18   injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, she seeks

19   punitive damages against Defendants, in order to deter them from such and similar conduct in the

20   future.

21

22                            **FIFTH CAUSE OF ACTION**
                   **RETALIATION IN VIOLATION OF THE FAIR EMPLOYMENT**
23                               **AND HOUSING ACT**

24

25                        **(Against all Defendants and Does 1-100)**

26       46.    Plaintiff restates and incorporates by this reference as if fully set forth herein each

27   and every allegation contained within this Complaint.

28

                                      14

1      47.     Defendants' adverse actions against Plaintiff as described earlier in the complaint

2   constitutes unlawful retaliation against Plaintiff.

3      48.     Plaintiff has exhausted her administrative remedies by timely filing charges of

4   discrimination with the Department of Fair Employment and Housing.  The department of Fair

5   Employment and Housing issued to Plaintiff right to sue letters permitting her to file a private

6   lawsuit against Defendants.

7      49.     As a direct and proximate result of Defendants' failure protect Plaintiff against

8   retaliation, Plaintiff has sustained and will suffer damages in an amount within the jurisdiction of

9   this court, the exact amount to be proven at trial.  Such damages include:

10             a.      loss of salary and other valuable employment benefits;

11             b.      prejudgment interest and interest on the sum of damages at the legal rate;

12                     and

13             c.      other consequential damages, including damages for shame, humiliation,

14                     mental anguish and emotional distress caused by the conduct of

15                     Defendants.

16     50.     In addition, Plaintiff is entitled all Attorneys' fees in prosecuting this lawsuit,

17   pursuant to Government Code Section 12965 (b). Plaintiff is also entitled to all cost associated

18   with prosecuting this lawsuit.

19     51.     Further, because the wrongful acts against Plaintiff were carried out, authorized or

20   ratified by Defendants' directors, officers and/or managing agents, acting with malice, oppression

21   or fraud, or were deliberate, willful and in conscious disregard of the probability of causing

22   injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, she seeks

23   punitive damages against Defendants, in order to deter them from such and similar conduct in the

24   future.

25

26                              **SIXTH CAUSE OF ACTION**

27                         **WRONGFUL TERMINATION**
                    **VIOLATION OF THE FAIR EMPLOYMENT**

28

15

**AND HOUSING ACT**

**(Against KING PHARMACEUTICALS, all Defendants and Does 1-100)**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

52.    Plaintiff restates and incorporates by this reference as if fully set forth herein each and every allegation contained within this Complaint.

53.    Plaintiff was discriminated against, harassment and retaliated against as described in this Complaint. KING PHARMACEUTICALS, Defendants and Does 1-100 failed and refused to take all reasonable steps necessary to prevent harassment, discrimination and retaliation from occurring.

54.    KING PHARMACEUTICALS, Defendants and Does 1-100 failed or refused to take appropriate steps to abate or prevent Wrongful Termination in the workplace by failing to effectively train its employees, supervisors, and managers regarding, race, gender, age, harassment, wrongful termination and discrimination, by failing to enforce policy against unlawful discrimination due to race, gender, age, retaliation, sexual harassment, wrongful termination and failing to thoroughly investigate complaints of harassment or discrimination, and failing to take prompt and appropriate disciplinary action against perpetrators of harassment, discrimination and wrongful termination. The conduct as described in this Complaint constitutes a violation of the Fair Employment and Housing Act.

55.    Plaintiff has exhausted her administrative remedies by timely filing charges that Defendants failed to prevent harassment and discrimination in the workplace, with the Department of Fair Employment and Housing. The department of Fair Employment and Housing issued to Plaintiff right to sue letters permitting her to file a private lawsuit against Defendants.

COMPLAINT BY PLAINTIFF

1

2      56.    As a direct and proximate result of the acts of Defendants, Plaintiff suffered and

3  continues to suffer severe emotional distress stemming from the harassment, discrimination, and

4  retaliation.  Plaintiff seeks general damages for her severe emotional distress and other

5  consequential damages in an amount not less than an amount within the jurisdiction of this court,

6  the exact amount to be proven at trial.

7      57.    In addition, pursuant to Government Code Section 12965(b), Plaintiff is entitled

8  to her attorney's fees in prosecuting this lawsuit.

9      58.    Because the wrongful acts against Plaintiff were carried out, authorized or ratified

10  by KING PHARMACEUTICAL's directors, officers and/or managing agents, acting with malice,

11  oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of

12  causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, she

13  seeks punitive damages against Defendants, in order to deter them from such and similar conduct

14  in the future.

15

16                   **SEVENTH CAUSE OF ACTION**

**FAILURE TO TAKE REASONABLE STEPS TO**

17  **PREVENT HARASSMENT AND DISCRIMINATION IN THE WORK PLACE**

**IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT**

18

19                          **(Govt. Code 12940 (k))**

20        **(Against KING PHARMACEUTICALS, DEFENDANTS and DOES 1-100)**

21      59.    Plaintiff restates and incorporates by this reference as if fully set forth herein each

22  and every allegation contained within this Complaint.

23      60.    Plaintiff was harassed, discriminated, retaliated against and wrongfully terminated

24  as described in this Complaint.  KING PHARMACEUTICALS, DEFENDANTS and DOES 1-

25  100 failed and refused to take all reasonable steps necessary to prevent harassment,

26  discrimination, retaliated and wrongfully termination from occurring.

27

28

17

1

2      61.    KING PHARMACEUTICALS, DEFENDANTS AND DOES 1-100 failed or

3  refused to take appropriate steps to abate or prevent sexual harassment, gender, race, age

4  discrimination, and wrongful termination in the workplace by failing to effectively train its

5  employees, supervisors, and managers regarding gender, race, age, sexual harassment, wrongful

6  termination, retaliation, discrimination and harassment, by failing to enforce policy against

7  unlawful gender, race, age, sexual harassment, wrongful termination, retaliation, discrimination

8  and harassment, failing to thoroughly investigate complaints of gender, race, age, sexual

9  harassment, wrongful termination, retaliation, discrimination and harassment, and failing to take

10  prompt and appropriate disciplinary action against perpetrators of gender, race, age, sexual

11  harassment, wrongful termination, retaliation, discrimination and harassment.

12      62.    The conduct as described in this Complaint constitutes a violation of Fair

13  Employment and Housing Act and Government Code Section 12940(k) and the California

14  Constitution and the Civil Rights Act, as amended.

15      63.    Plaintiff has exhausted her administrative remedies by timely filing charges that

16  Defendants failed to prevent harassment and discrimination in the workplace, with the

17  Department of Fair Employment and Housing.  The department of Fair Employment and

18  Housing issued to Plaintiff right to sue letters permitting her to file a private lawsuit against

19  Defendants.

20      64.    As a direct and proximate result of the acts of Defendants, the Plaintiff suffered

21  and continues to suffer severe emotional distress stemming from the harassment, discrimination,

22  and retaliation.  Plaintiff seeks general damages for her severe emotional distress and other

23  consequential damages in an amount not less than an amount within the jurisdiction of this court,

24  the exact amount to be proven at trial.

25      65.    In addition, pursuant to Government Code Section 12965(b), Plaintiff is entitled

26  all attorney fees in prosecuting this lawsuit. Plaintiff is also entitled to all cost associated to

27  prosecuting this lawsuit.

28

1

2      66.     Because the wrongful acts against Plaintiff were carried out, authorized or ratified

3    by KING PHARMACEUTICAL's directors, officers and/or managing agents, acting with malice,

4    oppression or fraud, or were deliberate, willful and in conscious disregard of the probability of

5    causing injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, she

6    seeks punitive damages against Defendants, in order to deter them from such and similar conduct

7    in the future.

8

9

10                              **EIGHTH CAUSE OF ACTION**
     **FAILURE TO PROMOTE and to PROVIDE EQUAL PAY TO FEMALES WAGES IN**
11   **VIOLATION OF CALIFORNIA LABOR CODE SECTION 510 AND PENALTIES**
     **PURSUANT TO LABOR CODE SECTION 226(a)**

12          **(Against KING PHARMACEUTICALS, DEFENDANTS and DOES 1-100)**

13

14      67.     Plaintiff restates and incorporates by this reference as if fully set forth herein each

15   and every allegation contained within this Complaint.

16      68.     Plaintiff was wrongfully denied promotional opportunities and equal pay as

17   described in this Complaint. KING PHARMACEUTICALS, DEFENDANTS and DOES 1-100

18   failed and refused to take all reasonable steps necessary to prevent harassment, discrimination,

19   from occurring.

20      69.     KING PHARMACEUTICALS, DEFENDANTS AND DOES 1-100 failed or

21   refused to take appropriate steps to abate or prevent discrimination and harassment in the

22   workplace by failing to effectively train its employees, supervisors, and managers regarding

23   discrimination and harassment, by failing to enforce policy against discrimination and

24   harassment, failing to thoroughly investigate complaints of discrimination and harassment, and

25   failing to take prompt and appropriate disciplinary action against perpetrators of discrimination

26   and harassment.

27

28

                                              19

1

2       70.     In addition, Plaintiff is entitled by statute to recover reasonable attorneys' fees,

3   costs of suit, and interest on the unpaid amounts pursuant to Labor Code sections 218.5 and

4   1194.

5       71.     Further, because the wrongful acts against Plaintiff were carried out, authorized or

6   ratified by Defendants' directors, officers and/or managing agents, acting with malice, oppression

7   or fraud, or were deliberate, willful and in conscious disregard of the probability of causing

8   injury to Plaintiff, as reflected by the actions as described earlier in this Complaint, she seeks

9   punitive damages against Defendants, in order to deter them from such and similar conduct in the

10  future.

11

12      **WHEREFORE, PLAINTIFF BRENDA DIANE PERRY PRAYS FOR JUDGMENT
    AGAINST DEFENDANTS, AND EACH OF THEM, AS FOLLOW**

13

14      A.      For economic damages according to proof;

15      B.      For general, special and incidental damages and amounts for emotional distress

16  according to proof;

17      C.      For punitive damages in an amount appropriate to punish Defendants for their

18  wrongful conduct and set an example for others;

19      D.      For prejudgment interest and interest on the sum of damages awarded to the

20  maximum extent permitted by law;

21      E.      For an injunction against discrimination, retaliation, and Labor Code violations in

22  the future and for restitution and disgorgement of all wages wrongfully retained by Defendants;

23      F.      For penalties pursuant to California Labor Codes as set forth in this Complaint;

24      G.      Creation of a Court supervised policy against discrimination, retaliation, and

25  Labor Code violations, and a policy against retaliation against employees who complain of

26  gender, race, sexual harassment, age discrimination and wrongful termination;

27      H.      Imposition of periodic reporting requirements on the Company;

28      I.      For reasonable attorneys' fees, court cost and other cost associated with this case

1   pursuant to Govt. Code Section 12965(b), Labor Code Sections 218.5, 1194, Code of Civil

2   Procedure § 1021.5, and all and any other applicable laws and statutes;

3        J.     For costs of suit herein incurred; and

4        K.     For such other and further relief as the Court deems proper.

5

6   Dated: December 9, 2010               Brenda Diane Perry, Plaintiff

7

8

9

10

11        **PLAINTIFF BRENDA DIANE PERRY DEMANDS A JURY TRIAL.**

12

13   Dated: December 9, 2010               Brenda Diane Perry, Plaintiff

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21

# Exhibit B

1   Michael T. Welch (#122630)
    LAW OFFICES OF MICHAEL T. WELCH
2   Four Embarcadero Center, 39ᵗʰ Floor
    San Francisco, California  94111
3   Telephone:   (415)399-1500
    Facsimile:   (415)399-0445
4
    Attorneys for Plaintiff
5   BRENDA DIANE PERRY

6

7

**F I L E D**

San Francisco County Superior Court

OCT 2 3 2014

CLERK OF THE COURT

BY: _____
                    Deputy Clerk

8               SUPERIOR COURT - STATE OF CALIFORNIA

9       COUNTY OF SAN FRANCISCO - UNLIMITED CIVIL JURISDICTION

10

11   BRENDA DIANE PERRY, an Individual,   )   CASE NO. **CGC-14-542332**
                                          )
12                      Plaintiff,         )   **COMPLAINT FOR EMPLOYMENT**
                                          )   **DISCRIMINATION - AGE, RACE;**
13        v.                              )   **FAILURE TO PREVENT**
                                          )   **DISCRIMINATION; RETALIATION;**
14   VITAS INNOVATIVE HOSPICE CARE, a     )   **WRONGFUL TERMINATION IN**
     business entity; VITAS SOLUTIONS, INC., a )  **VIOLATION OF PUBLIC POLICY;**
15   corporation; VITAS HEALTH SERVICES OF )   **DEFAMATION**
     CALIFORNIA, INC., a California corporation; )
16   VITAS HEALTHCARE  CORPORATION OF     )
     CALIFORNIA, a corporation; CHEMED    )
17   CORPORATION, a corporation; LISA     )
     COOPER, an Individual; DOES 1-50,    )   Jury Trial Demanded
18   inclusive,                           )
                                          )
19                      Defendants.        )
                                          )
20                                        )
                                          )
21   _____   )

22

23

24       Plaintiff BRENDA DIANE PERRY ("PERRY") alleges the following facts:

25       1.  Plaintiff PERRY is an individual presently residing in the County of San

     Francisco, in the State of California.
26
         2.  Defendant VITAS INNOVATIVE HOSPICE CARE ("VIHC") is, and at all
27
     times herein mentioned was, a corporation, which has its principal place of business in
28

---
                                     -1-

**COMPLAINT**

1   Florida, but which maintains offices and places of business in California, including San
2   Francisco County.

3       3. Defendant VITAS SOLUTIONS, INC. ("VSI") is, and at all times herein
4   mentioned was, a corporation, which maintains offices and places of business in California,
5   including San Francisco County.

6       4. Defendant VITAS HEALTH SERVICES OF CALIFORNIA ("VHSOC") is, and
7   at all times herein mentioned was, a California corporation, which has its principal place of
8   business and headquarters in California.

9       5. Defendant VITAS HEALTHCARE CORPORATION OF CALIFORNIA
10  ("VHCOC") is, and at all times herein mentioned was, a corporation, which plaintiff is
11  informed and believes, and thereon alleges, maintains offices and does business in
12  California.

13      6. Plaintiff is informed and believes, and thereon alleges, that defendant CHEMED
14  CORPORATION ("CHEMED") is, and at all times herein mentioned was, a corporation,
15  with its principal place of business in Ohio.

16      7. Plaintiff is informed and believes, and thereon alleges, that defendant LISA
17  COOPER is, and at all times herein mentioned was, an individual residing in the State of
18  California and in the San Francisco Bay Area.

19      8. Plaintiff is ignorant of the true names and capacities of defendants sued herein as
20  DOES 1 through 20, inclusive, and therefore sues those defendants by such fictitious
21  names. Plaintiff will amend this complaint to allege their true names and capacities when
22  they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the
23  fictitiously named defendants is responsible in some manner for the wrongful conduct
24  herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by
25  that conduct.

26      9. At all times herein mentioned, each of the defendants discussed above was and
27  is the agent, servant, representative and/or employee of each of the other defendants, and

28

-2-

**COMPLAINT**

1   all of the acts alleged to have been done by said defendants were done in the capacity of

2   and as agent for each of the other defendants.  Plaintiff also is informed and believes, and

3   thereon alleges, that there is a unity of interest, ownership and control, between and among

4   each of the above defendant business entities VIHC, VSI, VHSOC, VHCOC, CHEMED,

5   such that the separate personalities and status of each such company no longer exist, and

6   that if the acts of VSI, and any of the other defendant business entities, are treated as the

7   acts of each such defendant entity alone an inequitable result will follow, and that any

8   legally distinct or separate status between or among such defendant corporate entities

9   should be disregarded, and that each of the other defendant corporate entities, should be

10  considered, deemed, and held to be the "alter ego" of VSI, and each of the other defendant

11  corporate entities, and liable for the debts, obligations, and wrongful acts of VSI and each

12  other in the interests of justice.

13                     **FACTS COMMON TO ALL CAUSES OF ACTION**

14          10.   Defendants VIHC, VSI, VHSOC, and VHCOC all are related entities that

15  provide hospice services to patients who are nearing the end of their lives for various

16  medical reasons and/or from various medical conditions, and for whom curative or

17  therapeutic medical treatments and/or interventions are not available.  Together they

18  reportedly comprise the largest hospice company in the United States, and they receive the

19  majority of their funds and revenues from Medicare and/or similar state-paid agencies and

20  programs, such as MediCal.

21          11.   Plaintiff PERRY is a 61 year-old African-American woman.  Plaintiff was

22  initially hired by what she understood were two of the defendant entities, VIHC and VSI, in

23  September, 2012, as a sales representative to identify, develop and/or solicit business for

24  defendants' hospice services, with the ultimate objective of procuring patients for whom

25  defendants could provide hospice services and bill appropriate insurers and/or Medicare or

26  similar government / public agencies and programs.

27          12.   After accepting employment with defendants, plaintiff soon learned that her

28

-3-

**COMPLAINT**

1   position and sales opportunities were much less than had been described to her by

2   defendants. Although defendants had told plaintiff that she was assigned to and had sole

3   responsibility for the city of San Francisco as her sales territory, plaintiff soon discovered

4   that defendants had no authorized office in San Francisco, as had been represented to her.

5   Defendants then moved plaintiff to parts of the South Bay on an *ad hoc* basis, with no

6   assigned sales territory.

7       13. During this period, while plaintiff was accompanied by her manager, Diane

8   Simon, in a "ride-along" session for the purpose of observing and giving guidance to

9   plaintiff in her sales calls, Simon questioned plaintiff about her age. Plaintiff resisted and

10  attempted to avoid answering this improper inquiry, but Simon continued to press plaintiff

11  for that information. Plaintiff finally relented under this persistent questioning and

12  revealed that she was 59 years old. Simon then expressed surprise, stating that she didn't

13  realize that plaintiff was that old.

14      14. When defendants later returned plaintiff to her territory of San Francisco

15  (apparently after correcting previous violations that led to the prior closure or withdrawal

16  of the San Francisco office), plaintiff was subjected to several severe restrictions and

17  negative changes to her position and territory. Defendants prohibited plaintiff from calling

18  on many of the hospitals in the San Francisco territory that constituted the main sources of

19  referrals of hospice-eligible patients and potential business that plaintiff could develop and

20  procure. Defendants also reassigned a substantial portion of the San Francisco territory and

21  accounts that had been previously assigned solely to plaintiff to a newly hired female sales

22  representative, who is white, who was much younger than plaintiff, and who reportedly had

23  little sales experience compared to plaintiff. These changes severely limited the available

24  business opportunities to plaintiff, and greatly impaired her ability to meet her sales targets.

25      15. Plaintiff also became aware of what appeared to be improprieties in

26  defendants' business practices, including actions and instructions for procuring patients for

27  hospice customers. These included falsification of patient records, including falsifying the

28

-4-

**COMPLAINT**

1   names of referring physicians of patients for hospice care by the defendant entities.  They

2   also included the direct solicitation of patients for prospective hospice care, and/or their

3   family members or representatives, as well as pressure to obtain business from patients

4   who did not meet eligibility requirements either for hospice care and Medicare

5   reimbursement therefor, or for the classification or level of care for which defendants

6   desired to bill for Medicare reimbursement.

7        16.  After plaintiff raised concerns and objections regarding these and other actions

8   and treatment by defendants that plaintiff considered improper and/or unlawful, and filed a

9   complaint with the California Department of Fair Employment and Housing, defendants

10   subjected her to a series of adverse employment actions, including written performance

11   warnings followed by the termination of her employment, in June, 2014.

12                               **FIRST CAUSE OF ACTION**
                                  **(Employment Discrimination - Age)**
13              [Against defendants VIHC, VSI, VHSOC, VHCOC, and CHEMED]

14        17.  Plaintiff realleges and incorporates by reference, as though fully set forth, the

15   allegations in paragraphs 1 through 16 of the Complaint.

16        18.  At all times herein mentioned, defendants employed five or more persons, and

17   were subject to the provisions of Cal. Gov. Code Sec. 12940, *et seq.*, which prohibit the

18   defendants from discriminating against any employee on the basis of age.

19        19.  At all times herein mentioned, plaintiff was a member of a protected class

20   within the meaning of Gov. Code Sec. 12940, *et seq.* and 12926(b), *et seq.*, in that she was

21   over 40 years old.  At all material times herein, plaintiff satisfactorily performed her duties

22   and responsibilities for defendants, except to the extent that she was prevented from doing

23   so by the wrongful acts of defendants.

24        20.  Defendants engaged in a pattern of adverse employment actions against

25   plaintiff, including transferring plaintiff from her position to less desirable and

26   advantageous roles; reducing plaintiff's sales territory, job responsibilities and authority,

27   and reassigning substantial portions of her sales territory and accounts to others outside of

28

-5-

**COMPLAINT**

1 plaintiff's protected class; excluding her from activities and functions within her group in
2 which she should have been able to participate; denying her the opportunity to seek
3 advancement in the company; imposing on her an unwarranted job performance warning
4 that included the threatened termination of her employment and created a stigma that
5 materially reduced her future opportunities for advancement, as well as continuation of her
6 employment; and terminating her employment. Plaintiff is informed and believes, and
7 thereon alleges, that plaintiff's age was a principal motivating factor in defendants'
8 decision to engage in these adverse employment actions against plaintiff.

9     21. Within the time provided by law, plaintiff filed a complaint with the California
10 Department of Fair Employment and Housing, in compliance with these sections, and
11 received and served a right-to-sue letter.

12     22. As a direct and proximate result of defendants' willful discrimination against
13 plaintiff, plaintiff has suffered and continues to suffer damage, including substantial losses
14 in earnings and other employment benefits, along with extreme and severe mental anguish
15 and emotional distress. Plaintiff is thereby entitled to general and compensatory damages,
16 in an amount to be proved at trial, but not less than $1,000,000.

17     23. The foregoing acts of defendants were willful, malicious, fraudulent and
18 oppressive, and plaintiff is therefore entitled to an award of punitive damages.

19
20 **SECOND CAUSE OF ACTION**<br>**(Race Discrimination)**<br>[Against defendants VIHC, VSI, VHSOC, VHCOC, and CHEMED]
21
22     24. Plaintiff realleges and incorporates by reference, as though fully set forth, the
allegations in paragraphs 1 through 23.
23
24     25. At all times herein mentioned, defendants VSI and each of the other defendant
corporations and business entities employed five or more persons and were subject to Cal.
25
Gov. Code Sec. 12940, *et seq.*, which prohibited them from discriminating against any
26
employee on the basis of race.
27
    26. Plaintiff, an African-American female, is a member of a protected class under
28

-6-

**COMPLAINT**

1  the aforestated Government Code sections.  At all material times herein mentioned,

2  plaintiff satisfactorily performed her job duties at defendant VSI, and any other defendant

3  that acted as her employer.

4      27.  Plaintiff is informed and believes, and thereon alleges, that the adverse

5  employment actions and other wrongful conduct directed at plaintiff by VSI and the other

6  defendant entities constituted disparate treatment and discrimination against plaintiff, and

7  that plaintiff's gender was a substantial or principal motivating factor in defendant's

8  wrongful actions against plaintiff.  Such discrimination is in violation of Cal. Gov. Code

9  Sec. 12940, *et seq.*.

10     28.  As a direct and proximate result of defendants' unlawful discrimination and

11  related conduct against plaintiff, plaintiff has suffered and will continue to suffer damages,

12  including, without limitation, lost compensation and severe emotional distress, in an

13  amount to be proved at trial, but not less than $1 million.

14     29.  The above-stated acts of defendants were willful, fraudulent, malicious and

15  oppressive, and plaintiff is therefore entitled to an award of punitive damages against said

16  defendants.

17

18                         **THIRD CAUSE OF ACTION**
                          **(Failure to Prevent Discrimination)**
                   [Against defendants VIHC, VSI, VHSOC, and CHEMED]

19

20     30.  Plaintiff realleges and incorporates by reference, as though fully set forth, the

   allegations contained in paragraphs 1 through 29 of the Complaint.

21

22     31.  Under Gov. Code Sec. 12940(k), defendant VSI and the other corporate

23  defendants had an affirmative duty to prevent unlawful discrimination against plaintiff and

   similarly situated older and African-American employees, including use and enforcement

24

25  of reasonable procedures to prevent such discrimination and to take prompt and effective

   corrective measures and actions upon notice of any acts of age-related discrimination.

26

27     32.  Plaintiff is informed and believes, and thereon alleges, that defendants were on

   notice of instances and/or complaints of discriminatory and/or retaliatory conduct within

28

                                        -7-

                                    **COMPLAINT**

1   plaintiff's group and the company overall, and under the managing supervisors there, and

2   that defendant permitted such managers to continue to condone and/or participate in such

3   unlawful conduct against plaintiff, and other employees in her protected class.

4       33.   As a direct and proximate result of defendants' failure to prevent such

5   discriminatory conduct, plaintiff has suffered and continues to suffer damage, including

6   substantial losses in earnings and other employment benefits, along with severe mental

7   anguish and emotional distress.  Plaintiff is thereby entitled to general and compensatory

8   damages, as well as an award of attorney's fees as provided by statute, in an amount to be

9   proved at trial, but not less than $1,000,000.

10      34.   The foregoing acts of defendants were willful, malicious, fraudulent and

11  oppressive, and the plaintiff is therefore entitled to an award of punitive damages.

12                          **FOURTH CAUSE OF ACTION**
                                    **(Retaliation)**
13              [Against defendants VIHC, VSI, VHSOC, VHCOC, and CHEMED]

14      35.   Plaintiff realleges and incorporates by reference, as though fully set forth, the

15  allegations contained in paragraphs 1 through 34 of the Complaint.

16      36.   At relevant times herein, plaintiff engaged in one or more protected activities

17  by reporting to an appropriate manager and/or other personnel of defendant VSI and other

18  corporate defendants, acts of discriminatory conduct and disparate treatment directed

19  against her, including discrimination based on her age and/or race, by one or more

20  managers of defendant VSI, as well as filing a complaint with the Department of Fair

21  Employment and Housing ("DFEH"), and receiving and serving on defendant HP a right-

22  to-sue letter issued by the DFEH.

23      37.   Thereafter, and as a proximate result of plaintiff's above stated protected

24  activities and conduct, defendant subjected plaintiff to adverse employment actions,

25  including, without limitation, reduction and diminution in her authority and

26  responsibilities, unwarranted performance warnings, investigations, suspension, and

27  termination of her employment.

28

-8-

**COMPLAINT**

1      38.  Within the time provided by law, plaintiff filed a complaint with the California

2  Department of Fair Employment and Housing, in compliance with the above sections, and

3  received and served a right-to-sue letter.

4      39.  As a direct and proximate result of defendants' acts of retaliation, plaintiff has

5  suffered damages, including past and future lost income and benefits to which she was or

6  would have been entitled, and severe emotional distress, anxiety, and anguish, all in an

7  amount to be proved at trial, but not less than $1,000,000.

8      40.  The foregoing acts of defendants were willful, malicious and oppressive, and

9  plaintiff is therefore entitled to an award of punitive damages against defendant HP.

10                      **FIFTH CAUSE OF ACTION**
                **(Wrongful Termination in Violation of Public Policy)**
11              [Against defendants VIHC, VSI, VHSOC, VHCOC and CHEMED]

12      41.  Plaintiff realleges and incorporates by reference as though fully set forth, the

13  allegations contained in paragraphs 1 through 40 of the Complaint.

14      42.  At all relevant times herein mentioned, there existed fundamental and

15  established public policies as to the following matters, as codified by statutes: protection of

16  employees from discrimination or disparate treatment based on age, set forth in Cal. Gov.

17  Code Sec. 12940, *et seq.*; protection of employees from retaliation by an employer for

18  objecting to or reporting acts of unlawful discrimination, set forth in Cal. Gov. Code Sec.

19  12940, *et seq.;* protection of customers from business practices of employers that are

20  unfair, fraudulent, or unlawful, set forth in Cal. Bus. & Prof. Code Sec. 17200, *et seq.*;

21  prohibition of fraudulent alteration of patient medical records, set forth in Cal. Penal Code

22  Sec. 471.5, *et seq.*; requirements for eligibility of patients for hospice care paid through

23  Medicare, and to prevent Medicare fraud, set forth in, *inter alia*, 42 U.S.C. Sec. 1395, *et*

24  *seq.*, and 42 C.F.R. Sec. 418, *et seq.*; and prohibition of private companies from

25  fraudulently billing or seeking reimbursement from any agency of the United States

26  government, set forth in 31 U.S.C. Sec. 3729, *et seq.*

27      43.  Defendants have violated the aforestated public policies by taking adverse

28                                              -9-

**COMPLAINT**

1  employment actions against plaintiff, including terminating her employment, based on one

2  or more unlawful grounds, including actions by or reports to defendants as follows: (1)

3  plaintiff was subjected to discrimination based on her age, and/or race; (2) plaintiff

4  reported and objected to instances of discrimination and disparate treatment by defendant

5  against her on the basis of age and/or race; (3) plaintiff reported and objected to what she

6  reasonably believed were false, misleading, unfair, unlawful and/or fraudulent business

7  practices regarding customers or prospective customers of defendants, including alteration

8  of patient medical records; (4) plaintiff declined to engage in unlawful and improper direct

9  solicitation of prospective customers and patients, and/or their families or representatives,

10  as defendants directed sales employees to do; (5) plaintiff raised concerns regarding

11  defendants' efforts to solicit referral sources for prospective hospice patients and customers

12  that did not meet the required criteria under Medicare eligibility and/or reimbursement

13  requirements; and (6) plaintiff reported to defendants conduct by other sales employees of

14  defendants that plaintiff believed constituted fraudulent reimbursements or payments to

15  them directly or indirectly from Medicare.

16      44.   As a direct and proximate result of defendants' adverse actions against

17  plaintiff as above alleged, in violation of the public policies of the State of California,

18  plaintiff has suffered damages, including past and future lost income and benefits to which

19  she was entitled in her prior position at defendant VSI and other defendant entities that

20  purported to employ plaintiff, including front and back pay, bonuses and other benefits, and

21  damages from severe emotional distress, anxiety and anguish, all in an amount to be

22  proved at trial, but not less than $1,000,000.

23      45.   The foregoing acts of defendants were willful, malicious and oppressive, and

24  plaintiff is therefore entitled to an award of punitive damages against defendant.

### SIXTH CAUSE OF ACTION
**(Defamation)**
[Against defendant COOPER]

27      46.  Plaintiff realleges and incorporates by reference, as though fully set forth, the

-10-

1   allegations contained in paragraphs 1 through 45 of the Complaint.

2       45. Plaintiff is informed and believes, and thereon alleges, that defendant

3   COOPER published and communicated, in oral form, false and unprivileged statements of

4   alleged fact regarding plaintiff. Plaintiff is informed and believes, and thereon alleges, that

5   these false statements included statements that asserted or strongly implied that plaintiff

6   had failed to perform significant aspects of her job, and/or had violated company rules.

7       46. Plaintiff is informed and believes, and thereon alleges, that defendant

8   COOPER communicated these false statements to various persons, including other

9   employees of VSI, and that she caused such statements or statements of a similar nature to

10   be made to one or more prospective customers of VSI that plaintiff had called upon and/or

11   serviced as part of her job at VSI.

12       47. These false statements regarding plaintiff were of such a nature that they

13   naturally would, and did, injure plaintiff in her occupation, profession, or business, in that,

14   among other things, they stated or implied that plaintiff was not competent or trustworthy

15   to perform her job duties as a sales representative.

16       48. As a direct and proximate result of this defendant's wrongful, false and

17   defamatory statements and their publication to other persons, including employees and/or

18   prospective customers of defendant VSI, plaintiff has suffered damages, including severe

19   emotional distress, and injury to her professional reputation, all in an amount to be proved

20   at trial.

21       49. Plaintiff is informed and believes, and thereon alleges, that the above

22   defamatory statements were made with malice against plaintiff, and were intended to vex,

23   annoy or injure plaintiff, based on anger, hostility, and/or ill will toward plaintiff by

24   defendant COOPER. Plaintiff is informed and believes, and thereon alleges, that such

25   malice stems from and/or is indicated by the fact that plaintiff made complaints and

26   objections, including to VSI and to the California Department of Fair Employment and

27   Housing, that defendant COOPER had engaged in and/or caused discrimination and

28

-11-

**COMPLAINT**

1  retaliation against plaintiff, and other wrongful or retaliatory acts which followed from that

2  by defendant COOPER, including unwarranted disciplinary actions.

3      50.  The foregoing acts were willful, malicious and oppressive, and plaintiff is

4  therefore entitled to an award of punitive damages.

5      WHEREFORE, plaintiff requests a jury trial, and prays for relief as follows:

6      1.  For general damages in an amount to be proved at trial, but not less than

7  $1,000,000;

8      2.  For consequential and special damages, in an amount to be proved at trial;

9      3.  For punitive damages;

10      4.  For attorney's fees and costs of suit; and

11      5.  For such other and further relief as the Court may deem just and proper.

13                          LAW OFFICES OF MICHAEL T. WELCH

16  Dated: October 17, 2014          By: _____
17                              Michael T. Welch
                                Attorney for Plaintiff
18                              BRENDA DIANE PERRY

-12-

**COMPLAINT**

# Exhibit C

1  Michael T. Welch (#122630)
   Scott Love (#233755)
2  LAW OFFICES OF MICHAEL T. WELCH
   Four Embarcadero Center, 39th Floor
3  San Francisco, California 94111
   Telephone:    (415)399-1500
4  Facsimile:     (415)399-0445

   **ELECTRONICALLY**
   **F I L E D**
   Superior Court of California
   County of San Francisco

5  Attorneys for Plaintiff
   BRENDA PERRY

   **07/24/2017**
   Clerk of the Court
   BY:DAVID YUEN
   Deputy Clerk

6

7

8               SUPERIOR COURT - STATE OF CALIFORNIA

9        COUNTY OF SAN FRANCISCO - UNLIMITED CIVIL JURISDICTION

10

11  BRENDA PERRY, an Individual,              )   CASE NO.  CGC-17-558466
                                             )
12                      Plaintiff,            )   **FIRST AMENDED COMPLAINT FOR**
                                             )   **WRONGFUL TERMINATION IN**
13       v.                                  )   **VIOLATION OF PUBLIC POLICY;**
                                             )   **INTENTIONAL INFLICTION OF**
14  ATRIA SENIOR LIVING, INC., a corporation; )  **EMOTIONAL DISTRESS**
    CHRISTINE YEDICA, an Individual; DOES 1- )
15  50, inclusive,                           )
                                             )
16                      Defendants.          )
                                             )   Jury Trial Demanded
17                                           )
                                             )
18                                           )

19  ─────────────────────────────────

20

21       Plaintiff BRENDA PERRY ("PERRY") alleges the following facts:

22       1. Plaintiff PERRY is an individual presently residing in the County of San

23  Francisco, in the State of California.

24       2. Defendant ATRIA SENIOR LIVING, INC. ("ATRIA") is, and at all times

25  herein mentioned was, a corporation, which has its principal place of business in Kentucky,

26  but which maintains offices and places of business in California, including San Francisco

27  County.

28                                   -1-

                         **FIRST AMENDED COMPLAINT**

3. Defendant CHRISTINE YEDICA ("YEDICA") is an individual who resides in the State of California, in a county that is presently unknown to plaintiff.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1 through 20, inclusive, and therefore sues those defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when they are ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named defendants is responsible in some manner for the wrongful conduct herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by that conduct.

**FIRST CAUSE OF ACTION**
**(Wrongful Termination in Violation of Public Policy)**
[Against defendant ATRIA SENIOR LIVING, INC.]

5. Plaintiff realleges and incorporates by reference as though fully set forth, the allegations contained in paragraphs 1 through 4 of the Complaint.

6. At all relevant times herein mentioned, there existed fundamental and established public policies as to the following matters, as codified by statutes: protection of elderly persons from elder abuse, including physical abuse or mental suffering or neglect, by someone having care or custody of the elderly person, set forth in Cal. Welf. & Inst. Code Sec. 15610, *et seq.*; requirements for reporting of suspected elder abuse, and protection of persons who report it to regulatory agencies or authorities, set forth in Cal. Welf. & Inst. Code Sec. 15630, *et seq.*; protection of employees from employer retaliation for disclosing, or because the employer believes that the employee disclosed or may disclose, information to a government agency if the employee has reasonable cause to believe that the information discloses violation of a statute or regulation, set forth in Cal. Labor Code Sec. 1102.5; and protection of persons from business practices of companies that are unfair, fraudulent, or unlawful, set forth in Cal. Bus. & Prof. Code Sec. 17200, *et seq.*.

7. Defendant ATRIA has violated the aforestated public policies by taking adverse

-2-

**FIRST AMENDED COMPLAINT**

1  employment actions against plaintiff, including cessation of her employment, based on one

2  or more unlawful grounds, including actions by or reports to defendant as follows: (1)

3  plaintiff reported to defendant actual, suspected or perceived instances of elder abuse by

4  managers of defendant; (2) plaintiff reported and objected to defendant regarding

5  misleading business practices of defendant toward or regarding customers / residents,

6  and/or their families, including, without limitation, misrepresentations and concealment

7  regarding the conditions and habitability of apartments and other facilities and amenities of

8  senior communities; and (3) plaintiff reported to government agencies actual, suspected or

9  perceived instances of elder abuse by managers and/or employees of defendant ATRIA.

10      8.  As a direct and proximate result of defendants' adverse actions against plaintiff

11  as above alleged, in violation of the public policies of the State of California, plaintiff has

12  suffered damages, including past and future lost income and benefits to which she was

13  entitled in her prior position at defendant ATRIA, including front and back pay, bonuses

14  and other benefits, and damages from severe emotional distress, anxiety and anguish, all in

15  an amount to be proved at trial, but not less than $400,000.

16      9.  The foregoing acts of defendants were willful, malicious and oppressive, and

17  plaintiff is therefore entitled to an award of punitive damages against defendant.

18                        **SECOND CAUSE OF ACTION**
             **(Intentional Infliction Of Emotional Distress)**

19               [Against defendant CHRISTINE YEDICA]

20      10.  Plaintiff realleges and incorporates by reference, as though fully set forth, each

21  of the allegations contained in paragraphs 1 through 9 of the First Amended Complaint.

22      11.  After plaintiff reported that a prospective resident had been shown a room that

23  was in illegal condition in violation of habitability requirements under applicable statutes

24  and regulations governing assisted living and senior care facilities in California, defendant

25  YEDICA engaged in extreme and outrageous conduct toward plaintiff, including angrily

26  confronting plaintiff, making aggressive, menacing and threatening physical gestures, and

27  screaming threatening statements that she would retaliate against or exact retribution from

28  

**FIRST AMENDED COMPLAINT**

1  plaintiff, including harming plaintiff financially for reporting misconduct by YEDICA.

2  12. The above outrageous conduct by YEDICA was outside of and greatly in

3  excess of any "normal" risk or incident of the employment relationship between plaintiff

4  and ATRIA and/or YEDICA. YEDICA's also intended, by that conduct, to cause, or

5  recklessly disregarded the probability of causing, severe emotional distress to plaintiff,

6  based both on her conduct and by her relationship or claimed relationship of authority or

7  apparent authority over plaintiff, and ability to carry out threats of improper retaliatory

8  actions against plaintiff.

9  13. As a proximate result of the actions of YEDICA, plaintiff experienced

10  emotional distress, which became severe and virtually debilitating in bouts during the late

11  summer and early autumn of 2015, and thereby suffered damages in an amount to be

12  determined at trial.

13  WHEREFORE, plaintiff requests a jury trial, and prays for relief as follows:

14  1. For general damages in an amount to be proved at trial, but not less than

15  $1,000,000;

16  2. For consequential and special damages, in an amount to be proved at trial;

17  3. For punitive damages;

18  4. For attorney's fees and costs of suit; and

19  5. For such other and further relief as the Court may deem just and proper.

20  LAW OFFICES OF MICHAEL T. WELCH

21

22  Dated: July 20, 2017        By:_____

23                              Michael T. Welch
                               Attorney for Plaintiff
24                              BRENDA PERRY

25

26

27

28
                              -4-

Electronically
**FILED**
By Superior Court of California, County of San Mateo
ON    11/14/2019
By    /s/ Jennifer Tannous
Deputy Clerk

1   MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
2   Ashley A. Baltazar, Bar No. 284921
One Market
3   Spear Street Tower
San Francisco, CA 94105-1596
4   Tel:   +1.415.442.1000
Fax:   +1.415.442.1001
5   eric.meckley@morganlewis.com
ashley.baltazar@morganlews.com
6
Attorneys for Defendant
7   BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC. (erroneously sued as
8   "BOEHRINGER-INGELHEIM
PHARMACEUTICAL")
9

10                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                                    COUNTY OF SAN MATEO

12

| | |
|---|---|
| 13   BRENDA PERRY, and Individual, | Case No. 18CIV05717 |
| 14                    Plaintiff, | **DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PURSUANT TO C.R.C. 3.1345** |
| 15              vs. | |
| 16   ASHFIELD HEALTHCARE, LLC, a business entity; BOEHRINGER-INGELHEIM PHARMACEUTICAL, a business entity; NATE STYLES, an individual; and DOES 1-25, inclusive, | Date:         January 14, 2020 |
| 17 | Time:         9:00 a.m. |
| 18 | Dept.:        1 |
| 19                    Defendants. | Courtroom:    4C |
| 20 | Complaint Filed: October 22, 2018 |
| 21 | Trial Date: None Set |

22

23

24

25

26

27

28

Case No. 18CIV05717
SEPARATE STATEMENT ISO DEFENDANT'S MOTION TO COMPEL PURSUANT TO C.R.C 3.1345

Pursuant to California Rule of Court 3.1345, Defendant BOEHRINGER INGELHEIM

PHARMACEUTICALS, INC. submits this separate statement in support of its motion to compel

discovery from Plaintiff.

**REQUESTS FOR WHICH A FURTHER RESPONSE SHOULD BE COMPELLED**

**Request for Production No. 55:**

All DOCUMENTS that RELATE TO any lawsuits, complaints, charges, grievances, or

other legal or equitable claims made by YOU, or made by others on YOUR behalf, against any

employer, other than this ACTION.

"The terms 'RELATE TO,' 'RELATING TO,' and 'RELATED TO' shall mean to refer,

relate, constitute, evidence, or reference.'"

**Plaintiff's Second Amended Response to Request for Production No. 55:**

Plaintiff herein incorporates by reference each and every one of the General Objections set

forth above, and plaintiff's response is precisely subject to, and without waiver of, the foregoing

objections.  Plaintiff further objects that this request is overbroad, unduly burdensome, and

oppressive, and seeks documents that are protected by attorney-client privilege, and/or not

reasonably calculated to lead to the discovery of admissible evidence, and which are protected by

plaintiff's rights of privacy and confidentiality.

**Reason Why the Court Should Compel Further Response to Request for Production No. 55:**

C.C.P. section 2031.210 provides:

(a) The party to whom a demand for inspection, copying, testing, or sampling has been

directed shall respond separately to each item or category of item by any of the following:

> (1) A statement that the party will comply with the particular demand for
> inspection, copying, testing, or sampling by the date set for the inspection,
> copying, testing, or sampling pursuant to paragraph (2) of subdivision (c) of
> Section 2031.030 and any related activities.
> (2) A representation that the party lacks the ability to comply with the demand for
> inspection, copying, testing, or sampling of a particular item or category of item.
> (3) An objection to the particular demand for inspection, copying, testing, or
> sampling.

Here, as explained more fully below, Plaintiff's responses to RFPs are incomplete and

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1                                        Case No. 18CIV05717
SEPARATE STATEMENT ISO DEFENDANT'S MOTION TO COMPEL PURSUANT TO C.R.C 3.1345

1    evasive and fail to comply with the C.C.P.'s requirements.

2          Request for Production No. 55 seeks "All DOCUMENTS that RELATE TO any lawsuits,

3    complaints, charges, grievances, or other legal or equitable claims made by YOU, or made by

4    others on YOUR behalf, against any employer, other than this ACTION."   Plaintiff's latest

5    verified response to this RFP does not contain a statement that Plaintiff will comply with the

6    Request or a statement that he is unable to comply.  Baltazar Decl. ¶ 16, Exh. 15.

7          Rather than agree to comply with this RFP, Plaintiff asserts meritless objections[1]:

8    "Plaintiff herein incorporates by reference each and every one of the General Objections set forth

9    above, and plaintiff's response is precisely subject to, and without waiver of, the foregoing

10   objections.  Plaintiff further objects that this request is overbroad, unduly burdensome, and

11   oppressive, and seeks documents that are protected by attorney-client privilege, and/or not

12   reasonably calculated to lead to the discovery of admissible evidence, and which are protected by

13   plaintiff's rights of privacy and confidentiality."  Baltazar Decl. ¶ 16, Exh. 15.

14         Despite the fact that these objections are meritless, Defendant agreed to narrow its request

15   to include only the pleadings and discovery requests and responses propounded in such lawsuits.

16   Baltazar Decl. ¶ 18, Exh. 18.  Plaintiff, however, served further amended responses, which were

17   *unverified* and did not comport with the Parties' agreement.  *See* C.C.P. § 2031.250 (requiring a

18   party to "sign the response under oath."); *see also Appleton v. Sup.Ct.,* 206 Cal.App.3d 632, 636

19   (1998) (acknowledging that an unverified response is equivalent to no response at all).  Plaintiff

20   ignored BIPI's repeated efforts to meet and confer regarding this response, necessitating this

21   motion. Baltazar Decl. ¶¶ 18-19.

22         The scope of discovery is very broad.  A party may obtain discovery on any matter

23   reasonably calculated to lead to the discovery of admissible evidence. *See generally Darbee v.*

24   *Super. Ct.,* 208 Cal.App.2d 680, 688 (1962). The Courts have gone on to explain that information

25   is relevant if it might reasonably assist a party in evaluating a case, preparing for trial, or

26   facilitating settlement. *Stewart v. Colonial Western Agency, Inc.* 87 Cal.App.4th 1006, 1013

27

28

---

[1] After a timely motion to compel has been filed, the burden is on the responding party to justify any objection or failure to answer fully.  Weil & Brown, *Civil Procedure Before Trial*, § 8:1179 (citing *Coy v. Super. Ct. of Contra Costa County*, 58 Cal.2d 210, 220-221 (1962)).

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

2                                   Case No. 18CIV05717
SEPARATE STATEMENT ISO DEFENDANT'S MOTION TO COMPEL PURSUANT TO C.R.C 3.1345

(2001); *Gonzalez v. Super Ct.,* 33 Cal.App.4th 1539, 1546 (1995). As explained more fully below, the documents requested by BIPI are relevant to, among other things, Plaintiff's emotional distress damages and the ability for BIPI to assess and challenge Plaintiff's credibility.

In the instant case, Plaintiff claims to have suffered from "severe emotional distress" and seeks damages for such distress. *See* First Amended Complaint ¶¶ 27, 32, 41.  RFP No. 55 seeks documents related to other lawsuits Plaintiff filed against other employers.  Baltazar Decl. ¶ 15.  In response to Special Interrogatory No. 8, Plaintiff identified that she filed three other lawsuits prior to her employment with Ashfield.  Baltazar Decl. ¶ 20, Exh. 20.  Documents responsive to RFP No. 55, which include the pleadings, discovery requests and responses, and deposition transcripts from these lawsuits, likely contain information about the emotional injuries Plaintiff claims to have experienced at the hands of her prior employers and her treatment for such injuries.  Such information is directly relevant, especially where Plaintiff claims to have suffered severe emotional distress due to Defendants' actions and seeks to recover damages for such injuries. *See Wallis v. Superior Ct.,* 160 Cal.App.3d 1109, 1119-20 (1984) (to establish a prima facie case for intentional infliction of emotional distress, a plaintiff must show, among other things "actual and proximate causation of emotional distress by the defendant's outrageous conduct.").  In this instance, if Plaintiff experienced the same emotional distress at the hands of her prior employers, it calls into question the extent to which Defendants caused her emotional distress.  Accordingly, these documents are directly relevant to the issue of Plaintiff's emotional distress damages.

Information regarding the credibility of a witness, particularly a party, is directly relevant and discoverable for impeachment purposes. Cal. Evid. Code §§780(c), 780(f), 1101(c).  Documents responsive to this request will contain information relevant to Plaintiff's credibility.  Plaintiff is the quintessential "serial litigant" -- she has sued four (4) employers over the span of 8 years for identical causes of action and seeking identical damages.  RJN ¶¶ 1-3, Exh. A-C.  Information from these prior lawsuits certainly serves to bolster BIPI's defenses that whenever Plaintiff loses any job she responds by filing a "shake down" lawsuit in which she alleges that her former employer and supervisors harassed, discriminated, and retaliated against her.  Her pattern

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

3

Case No. 18CIV05717
SEPARATE STATEMENT ISO DEFENDANT'S MOTION TO COMPEL PURSUANT TO C.R.C 3.1345

1   of suing anytime her employment involuntary ends constitutes evidence suggesting her

2   accusations are not credible.

3   **REQUESTS FOR WHICH THE COURT SHOULD COMPEL COMPLIANCE**

4   If the responding party *agrees* to comply with a C.C.P. § 2031.010 demand but fails to do

5   so, compliance may be compelled on appropriate motion.  C.C.P. § 2031.320.  All that need to be

6   shown to prevail on a motion to compel compliance is the responding party's failure to comply as

7   agreed.  C.C.P. § 2031.320(a); *see Standon Co., Inc. v. Sup. Ct. (Kim),* 225 Cal.App.3d 898, 903

8   (1990).

9   **Request for Production No. 11:**

10  All DOCUMENTS that RELATE TO YOUR scheduled work hours during YOUR

11  employment with the CORPORATE DEFENDANTS.

12  "The terms 'RELATE TO,' 'RELATING TO,' and 'RELATED TO' shall mean to refer,

13  relate, constitute, evidence, or reference.'"

14  **Plaintiff's Second Amended Response Request to Production No. 11[2]:**

15  Plaintiff herein incorporates by reference each and everyone [SIC] of the General

16  Objections set forth above, and plaintiff's response to this request is expressly subject to, and

17  without waiver of, each of those General Objections.  Plaintiff further objects that this request is

18  unduly vague and ambiguous.  Subject to and without waiving the foregoing objections, plaintiff

19  will produce any documents in her possession, custody, or control that are responsive to her

20  understanding of this request.

21  **Reason Why the Court Should Grant Further Response to Request for Production No. 11:**

22  Plaintiff's response to Request for Production No. 11 included an agreement to comply

23  with this request in full.  Despite this agreement, Plaintiff has not produced documents related to

24  her scheduled work hours during her employment. Baltazar Decl. ¶ 16.  Accordingly, the Court

25  should compel compliance with this request.

26  **Request for Production No. 14:**

27  ────────────────

28  [2] Plaintiff's unverified initial response and amended response to Request for Production No. 11 are identical to Plaintiff's Second Amended Response to Request for Production No. 11.  In the interest of avoiding repetition, BIPI does not include these responses herein.

4

Case No. 18CIV05717

1        All DOCUMENTS that RELATE TO the COMPENSATION that YOU received from the

2  CORPORATE DEFENDANTS, including but not limited to, pay statements, time sheets,

3  COMPENSATION policies, W-2 forms, income tax returns and other records, whether filed

4  individually or jointly with any other PERSON during YOUR alleged employment with the

5  CORPORATE DEFENDANTS.

6        "The terms 'RELATE TO,' 'RELATING TO,' and 'RELATED TO' shall mean to refer,

7  relate, constitute, evidence, or reference."

8        "The term 'COMPENSATION' shall mean damages, wages, penalties, interest, and

9  restitution."

10  **Plaintiff's Second Amended Response Request to Production No. 14[3]:**

11        Plaintiff herein incorporates by reference each and every one of the General Objections set

12  forth above, and plaintiff's response to this request is expressly subject to, and without waiver of,

13  each of those General Objections.  Plaintiff further objects that this request violates plaintiff's

14  rights of privacy and confidentiality, and the taxpayer privilege. Subject to and without waiving

15  these objections, plaintiff will produce any documents (other than privileged income tax returns

16  and schedules) in her possession, custody, or control that are responsive to this request.

17  **Reason Why the Court Should Grant Further Response to Request for Production No. 14:**

18        Plaintiff's response to Request for Production No. 14 included an agreement to comply

19  with this request in full.  Despite this agreement, Plaintiff has produced only a single printout

20  from ADP's portal that shows a summary of the pay she received from Ashfield.  Baltazar Decl. ¶

21  16.  She has not, however, produced copies of her wage statements or W-2s, which bear directly

22  on the issue of her alleged lost wages.  Baltazar Decl. ¶ 16.  Accordingly, the Court should

23  compel compliance with this request.

24  **Request for Production No. 54:**

25        All DOCUMENTS that RELATE TO any employment YOU obtained from September

26  2017 to the present including, but not limited to, any offer letters, and DOCUMENTS evidencing

27

28

---

[3] Plaintiff's unverified initial response and amended response to Request for Production No. 14 are identical to Plaintiff's Second Amended Response to Request for Production No. 14.  In the interest of avoiding repetition, BIPI does not include these responses herein.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

5

Case No. 18CIV05717

SEPARATE STATEMENT ISO DEFENDANT'S MOTION TO COMPEL PURSUANT TO C.R.C 3.1345

1    the COMPENSATION and benefits YOU received from any employer.

2        "The terms 'RELATE TO,' 'RELATING TO,' and 'RELATED TO' shall mean to refer,

3    relate, constitute, evidence, or reference.'"

4        "The term 'COMPENSATION' shall mean damages, wages, penalties, interest, and

5    restitution."

6    **Plaintiff's Second Amended Response to Request for Production No. 54[4]:**

7        Plaintiff herein incorporates by reference each and every one of the General Objections set

8    forth above, and plaintiff's response to this request is expressly subject to, and without waiver of,

9    each of those General Objections.  Plaintiff further objects that this request seeks documents that

10   are protected by plaintiff's rights of privacy and confidentiality. Subject to and without waiver of

11   the foregoing objections, plaintiff will produce any documents in her possession, custody, or

12   control that are responsive to this request.

13   **Reason Why the Court Should Grant Further Response to Request for Production No. 54:**

14       Plaintiff seeks damages to compensate her for lost wages. First Amended Complaint ¶¶

15   27, 37.   However, "[a] plaintiff has a duty to mitigate damages and cannot recover losses it

16   could have avoided through reasonable efforts." *Thrifty-Tel, Inc. v. Bezenek,* 46 Cal.App.4th

17   1559, 1568 (1996).  The doctrine of mitigation of damages limits the amount of damages

18   recoverable.  *State Dept. of Health Services v. Super. Ct. (McGinnis),* 31 Cal.4th 1026, 1043

19   (2003).  Plaintiff's efforts to locate work, the work obtained, and payments she received in

20   exchange for such work are directly relevant to Plaintiff's efforts to mitigate damages and the

21   amount of her alleged lost wages.  *See Parker v. Twentieth Century-Fox Film Corp.,* 3 Cal.3d at

22   181-182 (1970)(burden is on defendant to show comparable employment was available, that

23   plaintiff failed to obtain such employment, and the amount the employee earned or might have

24   earned).  Plaintiff's response to Request for Production No. 54 included an agreement to comply

25   with this request in full.  Despite this agreement, Plaintiff has not produced a single document

26   related to any employment she obtained after she stopped providing services to BIPI. Baltazar

---

[4] Plaintiff's unverified initial response and amended response to Request for Production No. 54
are identical to Plaintiff's Second Amended Response to Request for Production No. 54.  In the
interest of avoiding repetition, BIPI does not include these responses herein.

1   Decl. ¶ 16.  Such information is directly relevant to the issue of whether Plaintiff adequately

2   mitigated her damages.  Accordingly, the Court should compel compliance with this request.

3   Dated: November 14, 2019                    MORGAN, LEWIS & BOCKIUS LLP

4

5                                               By _____

6                                                   Eric Meckley
                                                    Ashley A. Baltazar

7                                                   Attorneys for Defendant
                                                    BOEHRINGER INGELHEIM
8                                                   PHARMACEUTICALS, INC.
                                                    (erroneously sued as
9                                                   "BOEHRINGER-INGELHEIM
                                                    PHARMACEUTICAL")
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

7                                               Case No. 18CIV05717
SEPARATE STATEMENT ISO DEFENDANT'S MOTION TO COMPEL PURSUANT TO C.R.C 3.1345

Electronically
**RECEIVED**
11/14/2019

**CLERK OF THE SUPERIOR COURT**
**SAN MATEO COUNTY**

1   MORGAN, LEWIS & BOCKIUS LLP
Eric Meckley, Bar No. 168181
2   Ashley A. Baltazar, Bar No. 284921
One Market
3   Spear Street Tower
San Francisco, CA 94105-1596
4   Tel:    +1.415.442.1000
Fax:    +1.415.442.1001
5   eric.meckley@morganlewis.com
ashley.baltazar@morganlews.com
6
Attorneys for Defendant
7   BOEHRINGER INGELHEIM
PHARMACEUTICALS, INC. (erroneously sued as
8   "BOEHRINGER-INGELHEIM
PHARMACEUTICAL")
9

10              SUPERIOR COURT OF THE STATE OF CALIFORNIA

11                         COUNTY OF SAN MATEO

12

| | |
|---|---|
| 13   BRENDA PERRY, and Individual, | Case No. 18CIV05717 |
| 14            Plaintiff, | **[PROPOSED] ORDER GRANTING DEFENDANT BOEHRINGER** |
| 15            vs. | **INGELHEIM PHARMACEUTICALS, INC.'S MOTION TO COMPEL:** |
| 16   ASHFIELD HEALTHCARE, LLC, a business entity; BOEHRINGER-INGELHEIM | **(1) FURTHER VERIFIED RESPONSE TO RFP NO. 55 AND PRODUCTION** |
| 17   PHARMACEUTICAL, a business entity; NATE STYLES, an individual; and DOES 1- | **OF DOCUMENTS;** |
| 18   25, inclusive, | **(2) PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH** |
| 19            Defendants. | **PLAINTIFF'S RESPONSE TO RFP NOS. 11, 14, AND 54; AND** |
| 20 | |
| 21 | **(3) A PRIVILEGE LOG** |
| 22 | Date:         January 14, 2020 |
| 23 | Time:         9:00 a.m. Courtroom:  Dept. 1, Courtroom 4C |
| 24 | Complaint Filed:  October 22, 2018 Trial Date:  None set |

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 108334850.1

**[PROPOSED] ORDER**

On January 14, 2020, this matter came before the undersigned on Defendant Boehringer-Ingelheim Pharmaceuticals, Inc.'s Motion to Compel Further Responses to Requests for Production of Documents, Further Documents, and Privilege Log ("Motion to Compel"). The Court, after considering all papers submitted by the Parties in support of and in opposition to BIPI's Motion to Compel and argument of counsel, hereby GRANTS Defendant Boehringer Ingelheim Pharmaceuticals, Inc.'s Motion to Compel as follows:

Plaintiff is ordered to provide a code compliant response to Request for Production No. 55 indicating that she will produce all pleadings, discovery requests and responses, and deposition transcripts in her possession, custody, or control and produce all such responsive documents no later than January 20, 2020.

Plaintiff is further ordered to produce all documents responsive to BIPI's Requests for Production Nos. 11, 14, and 54 no later than January 20, 2020.

Plaintiff is further ordered to produce a privilege log identifying all documents withheld on the basis of privilege along with sufficient information for BIPI to evaluate the legitimacy and applicability of any asserted privilege(s) no later than January 20, 2020.

**IT IS SO ORDERED.**

Dated: _____

_____
Superior Court Judge

Morgan, Lewis &
Bockius LLP
Attorneys at Law
San Francisco

DB1/ 108334850.1

1
[PROPOSED] ORDER

Case No. 18CIV05717

Electronically
**FILED**
by Superior Court of California, County of San Mateo
ON    **11/14/2019**
By    **/s/ Jennifer Tannous**
Deputy Clerk

1   MORGAN, LEWIS & BOCKIUS LLP
    Eric Meckley, Bar No. 168181
2   Ashley A. Baltazar, Bar No. 284921
    One Market
3   Spear Street Tower
    San Francisco, California  94105-1596
4   Telephone:  +1.415.442.1000
    Facsimile:   +1.415.442.1001
5   eric.meckley@morganlewis.com
    ashley.baltazar@morganlewis.com
6
    Attorney for Defendant
7   BOEHRINGER INGELHEIM
    PHARMACEUTICALS, INC. (erroneously sued as
8   BOEHRINGER-INGELHEIM PHARMACEUTICAL,
    INC.)
9
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
10
                            COUNTY OF SAN MATEO
11

12
    BRENDA PERRY, an Individual,              Case No. 18CIV05717
13
                    Plaintiff,               **PROOF OF SERVICE**
14
            vs.
15
    ASHFIELD HEALTHCARE, LLC, a business      Complaint Filed:  October 22, 2018
16  entity; BOEHRINGER-INGELHEIM
    PHARMACEUTICAL, a business entity;
17  NATE STYLES, an individual; and DOES 1-
    25, inclusive,
18
                    Defendants.
19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
 BOCKIUS LLP
 ATTORNEYS AT LAW
  SAN FRANCISCO
                                                        Case No. 18CIV05717
DB1/ 107917001.1                    PROOF OF SERVICE

I, Robin Onaka, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within entitled action. My business address is One Market, Spear Street Tower, San Francisco, CA 94105-1596. On November 14, 2019, I served a copy of the within document(s):

**1. DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.S' NOTICE OF MOTION AND MOTION TO COMPEL: (1) FURTHER VERIFIED RESPONSE TO RFP NO. 55 AND PRODUCTION OF DOCUMENTS; (2) PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH PLAINTIFF'S RESPONSE TO RFP NOS. 11, 14, AND 54; AND (3) A PRIVILEGE LOG;**

**2. DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.S' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO COMPEL: (1) FURTHER VERIFIED RESPONSE TO RFP NO. 55 AND PRODUCTION OF DOCUMENTS; (2) PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH PLAINTIFF'S RESPONSE TO RFP NOS. 11, 14, AND 54; AND (3) A PRIVILEGE LOG;**

**3. DECLARATION OF ASHLEY A. BALTAZAR IN SUPPORT OF DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S MOTION TO COMPEL: (1) FURTHER VERIFIED RESPONSE TO RFP NO. 55 AND PRODUCTION OF DOCUMENTS; (2) PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH PLAINTIFF'S RESPONSE TO RFP NOS. 11, 14, AND 54; AND (3) A PRIVILEGE LOG;**

**4. REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S MOTION TO COMPEL: (1) FURTHER VERIFIED RESPONSE TO RFP NO. 55 AND PRODUCTION OF DOCUMENTS; (2) PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH PLAINTIFF'S RESPONSE TO RFP NOS. 11, 14, AND 54; AND (3) A PRIVILEGE LOG;**

**5. DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S SEPARATE STATEMENT IN SUPPORT OF MOTION TO COMPEL PURSUANT TO C.R.C. 3.1345; and,**

**6. [PROPOSED] ORDER GRANTING DEFENDANT BOEHRINGER INGELHEIM PHARMACEUTICALS, INC.'S MOTION TO COMPEL: (1) FURTHER VERIFIED RESPONSE TO RFP NO. 55 AND PRODUCTION OF DOCUMENTS; (2) PRODUCTION OF DOCUMENTS IN COMPLIANCE WITH PLAINTIFF'S RESPONSE TO RFP NOS. 11, 14, AND 54; AND (3) A PRIVILEGE LOG.**

☐     by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒     by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐     by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

1
PROOF OF SERVICE

Case No. 18CIV05717

1  ☐  by causing to be personally delivered the document(s) listed above to the person(s)
2     at the address(es) set forth below.

3  ☐  by transmitting via e-mail or electronic transmission the document(s) listed above
4     to the person(s) at the e-mail address(es) set forth below.

5  Michael T. Welch                                    *Attorneys for Plaintiff Brenda Perry*
   Law Offices of Michael T. Welch
6  Four Embarcadero Center, 14th Floor
7  San Francisco, California 94111
   Tel: +1.415.426.5691
8  Fax: +1.415.399.0445
                                                        *Attorneys for Defendant*
9  Rebecca Benhuri                                      *Ashfield Healthcare, LLC*
   Littler Mendelson, P.C.
10 333 Bush Street, 34th Floor
   San Francisco, CA  94104
11 Tel: +415.433.1940
12 Fax: +415.399.8490

13

14      I am readily familiar with the firm's practice of collection and processing correspondence
   for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same
15 day with postage thereon fully prepaid in the ordinary course of business.  I am aware that on
   motion of the party served, service is presumed invalid if postal cancellation date or postage
16 meter date is more than one day after date of deposit for mailing in affidavit.

17      Executed on November 14, 2019, at San Francisco, California.  I declare that I am
   employed in the office of a member of the bar of this court at whose direction the service was
18 made.

19                                    _____
20                                              Robin Onaka

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB1/ 107917001.1

2
PROOF OF SERVICE

Case No. HG15796893